1

THE HONORABLE RICARDO S. MARTINEZ

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9         FOR THE WESTERN DISTRICT OF WASHINGTON

10                      AT SEATTLE

11   UTHERVERSE GAMING LLC,                    Case No. 2:21-cv-00799-RSM-TLF

12                       Plaintiff,       **ANSWER TO COMPLAINT FOR
                                          PATENT INFRINGEMENT AND**
13          v.                            **COUNTERCLAIMS**

14   EPIC GAMES, INC.,

15                      Defendant.

16

17

18

19

20

21

22

23

24

25

26

27

28   ANSWER TO COMPLAINT FOR PATENT           **Durie Tangri LLP**, 217 Leidesdorff Street,
     INFRINGEMENT AND COUNTERCLAIMS           San Francisco, CA, Tel: 415-362-6666
     (CASE NO. 2:21-CV-00799-RSM-TLF)

Defendant Epic Games, Inc. ("Epic") hereby answers the Complaint of Plaintiff Utherverse Gaming LLC ("Utherverse") as follows.  All allegations not specifically admitted herein are denied.

## I.    INTRODUCTION

1.    Epic admits that Utherverse has asserted claims of patent infringement in this action.  Epic denies the remaining allegations in this paragraph.

2.    Denied.

3.    Denied.

4.    Epic lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

5.    Epic admits that it is a video game and software developer, that it developed a popular multiplayer cross-platform game called Fortnite, and that Fortnite includes a competitive PvP game called "battle royale" and a game mode called "party royale."  Epic further admits that Fortnite hosted in-game events featuring Marshmello, Travis Scott, and a movie trailer premiere for the Star Wars movie the Rise of Skywalker.  Epic denies the remaining allegations in this paragraph.

6.    Epic admits that Fortnite has more than 350 million registered accounts and that the millions of Fortnite players have collectively logged billions of hours of gameplay.  Epic denies the remaining allegations in this paragraph, and specifically denies that it has committed any acts of patent infringement in this district or anywhere else.

7.    Admitted.

## II.    THE PARTIES

8.    Epic lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and, on that basis, denies them.

9.     Epic admits that it is a corporation organized and existing under the laws of the State of Maryland, and that it has an office at 10400 NE 4th Street Suite 800, Bellevue, Washington 98004.

### III.    JURISDICTION AND VENUE

10.     Epic admits that Utherverse purports to bring this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.*, and that subject matter jurisdiction is proper in this Court for matters of patent infringement.  Epic specifically denies that it has committed any acts of patent infringement in this district or anywhere else.

11.     Epic specifically denies that it has committed any acts of patent infringement in this district or anywhere else.

12.     Epic admits, for the purposes of this action only, that venue is proper in this Court.  Epic specifically denies that it has committed any acts of patent infringement in this district or anywhere else.

13.     Epic admits that it has an office in this district, and that it has maintained an office in this district since 2012.  Epic admits that Exhibit C appears on its face to be a gamesindustry.biz article containing the recited quotations.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the truth or accuracy of the information contained in the gamesindustry.biz article, and, on that basis, denies them.

14.     Epic admits that its Bellevue office employs more than 80 people, and that some of these employees work on software or tools related to the Fortnite product.  Epic does not partner with any third party to develop Fortnite or its other titles, though like most developers it outsources certain work to contractors while maintaining creative control.  Certain of Epic's subsidiaries have conducted development work on behalf of other game developers on a work-for-hire basis, though these commitments are not a part of Epic's ongoing business and have been wound down.  Epic denies the remaining allegations of this paragraph.

## IV.    FACTS

15.    Epic admits that U.S. Patent No. 8,276,071 is titled "Multi-Instance, Multi-User Animation Platforms" and states on its face that it was issued on September 25, 2012.  Epic denies that the '071 patent is valid and enforceable.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

16.    Epic admits that U.S. Patent No. 8,812,954 is titled "Multi-Instance, Multi-User Virtual Reality Spaces" and states on its face that it was issued on August 19, 2014.  Epic denies that the '954 patent is valid and enforceable.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

17.    Epic admits that U.S. Patent No. 9,123,157 is titled "Multi-Instance, Multi-User Virtual Reality Spaces" and states on its face that it was issued on September 1, 2015.  Epic denies that the '157 patent is valid and enforceable.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

18.    Epic admits that U.S. Patent No. 9,724,605 is titled "Method, System and Apparatus of Recording and Playing Back an Experience in a Virtual Worlds System" and states on its face that it was issued on August 8, 2017.  Epic denies that the '605 patent is valid and enforceable.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

19.    Epic admits that the '071, '954 and '157 patents are part of the same family of patents and share substantially the same specification.  Epic further admits that the '157 patent is a continuation of the '954 patent, and that the '954 patent is a continuation of the '071 patent. Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS - 3
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

20.    Epic admits that the '605 patent is not in the same family of patents as the '071, '954 and '157 patents.  Epic denies that the '605 patent "relates to a second family of patents" as there are currently no other issued patents in the same family as the '605 patent.  Epic further denies that the '605 patent is "directed generally to playing back an experience in a virtual worlds system" as the '605 patent purports to be directed generally to playing back a **recorded** experience in a virtual worlds system.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and, on that basis, denies them.

21.    Paragraph 21 does not contain any allegation of fact and, therefore, no answer is required.

22.    Epic admits that Exhibit H appears on its face to be a Financial Post article containing the recited quotations.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the truth or accuracy of the information contained in the Financial Post article, and, on that basis, denies them.

23.    Epic admits that the quoted material appears in the specification of the '071 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

24.    Epic admits that the quoted material appears in the specification of the '071 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material..

25.    Epic specifically denies the allegations in this paragraph to the extent that they purport to describe drawbacks or features common to all virtual reality games, or all virtual reality games that existed by early 2007.  Epic admits that the quoted material appears in the specification of the '071 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

26.    Epic admits that computer processing speed, network bandwidth, and server and client capacity are factors that are considered when designing some games. Epic admits that the quoted material appears in the specification of the '071 patent. Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

27.    Epic admits that the quoted material appears in the specification of the '071 patent. Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

28.    Epic admits that game designers generally want to minimize undesired experiences for players, provide interesting in-game opportunities and experiences, and accommodate increasing numbers of players, which must be weighed among many other considerations. Epic admits that the quoted material appears in the specification of the '071 patent. Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

29.    Denied.

30.    Denied.

31.    Epic admits that the quoted material appears in the specification of the '071 patent. Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

32.    Epic admits that the quoted material appears in the specification of the '071 patent. Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

33.    Epic admits that the quoted material appears in the specification of the '071 patent. Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

34.    Epic admits that the quoted material appears in the specification of the '071 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

35.    Epic admits that the quoted material appears in the specification of the '071 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

36.    Epic admits that claim 1 of the '157 patent recites the cited material.  Epic denies the remaining allegations in this paragraph.

37.    Denied.

38.    Denied.

39.    Epic admits that the quoted material appears in the specification of the '605 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.  Epic specifically denies that the '605 patent discloses an embodiment in which a player may "record a state of a VRU environment so that the users may log out of the VRU and, upon their return, resume an activity at the point where they left off," as this passage appeared in a description of the prior art, not in a description of the claimed invention.

40.    Epic admits that the quoted material appears in the specification of the '605 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

41.    Epic admits that the quoted material appears in the specification of the '605 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

42.    Epic admits that the quoted material appears in the specification of the '605 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

43.    Epic admits that the quoted material appears in the specification of the '605 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

44.    Epic admits that claim 1 of the '605 patent recites the cited material.  Epic denies the remaining allegations in this paragraph.

45.    Denied.

46.    Epic admits that the quoted statements appear in the cited documents and are accurate within the context the statements were made.  Epic denies the remaining allegations in this paragraph.

47.    Epic admits that the quoted statement appears in the cited document.  Epic admits that cosmetic items and emotes related to Travis Scott were available for purchase.  Epic denies the remaining allegations in this paragraph, including to the extent that they assert the truth or accuracy of statements made in the cited article.

48.    Denied.

49.    Epic admits that the quoted material appears in the prosecution history of the '071 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

50.    Epic admits that the quoted material appears in the prosecution history of the '157 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

51.    Epic admits that the quoted material appears in the prosecution history of the '157 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

52.    Epic admits that the quoted material appears in the prosecution history of the '157 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

53.    Epic admits that the quoted material appears in the prosecution history of the '157 patent.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted material.

54.    Denied.

55.    Denied.

56.    Epic admits that it developed Fortnite, and that Fortnite is an online video game that was released in 2017.  Epic admits that Fortnite has multiple game modes, including Fortnite Battle Royale, Fortnite Save the World, and Fortnite Creative.  Epic admits that Fortnite currently has over 350 million registered accounts, that it had over 250 million registered accounts in March 2019, and that it had over 125 million registered accounts in May 2018.  Epic denies the remaining allegations in this paragraph.

57.    Epic admits that the network architecture supporting Fortnite permits large numbers of players to attend Fortnite's events, and that the players and their avatars are divided among multiple instances of the Fortnite game world hosting the event.  Epic denies that Fortnite employs parallel dimensions as described by the Asserted Patents.  Epic denies the remaining allegations in this paragraph.

58.    Epic admits that Fortnite has hosted large-scale events.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the quoted fandom.com website.

59.    Epic admits that Fortnite hosted an event featuring music from the artist Marshmello in February of 2019.  Epic further admits that over ten million players attended the event, and that the players and their avatars were divided among multiple instances of the Fortnite game world hosting the Marshmello concert.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

60.    Epic admits that Exhibit P appears on its face to be an internet article from The Verge, and that the article purports to describe the Marshmello event hosted by Fortnite.  Epic

denies the allegations in this paragraph to the extent that they assert the truth or accuracy of the statements made in the article from The Verge.

61.    Epic admits that Fortnite hosted an event in December 2019 for the premiere of a trailer for The Rise of Skywalker and that this event featured certain elements from the Star Wars universe.  Epic denies the remaining allegations in this paragraph.

62.    Epic admits that Exhibits Q and R appear on their face to be articles from Forbes and The Verge, and that the articles purport to describe the Star Wars event hosted by Fortnite. Epic denies the allegations in this paragraph to the extent that they assert the truth or accuracy of the statements made in the cited articles.

63.    Epic admits that Fortnite hosted multiple events featuring music from the artist Travis Scott in April of 2020.  Epic further admits that millions of players attended the events, and that the players and their avatars were divided among multiple instances of the Fortnite game world hosting the events.  Epic denies the remaining allegations in this paragraph.

64.    Denied.

65.    Epic admits that Exhibit S appears on its face to be an NME article containing the information described.  Epic lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph, including the truth or accuracy of the information contained in the NME article, and, on that basis, denies them.

66.    Denied.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### INFRINGEMENT OF THE '071 PATENT

67.    Paragraph 67 does not contain any allegation of fact and, therefore, no answer is required.

68.    Denied.

69.    Admitted.

70.    Denied.

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS - 9
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

71.    Epic admits that the Marshmello concert employed a three-dimensional virtual environment through which player avatars could move.  Epic denies the remaining allegations of this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

72.    Epic admits that more than ten million players attended the Marshmello event and that the players and their avatars were assigned to one of multiple instances of the Fortnite game world hosting the event.  Epic denies the remaining allegations in this paragraph.

73.    Admitted.

74.    Denied.

75.    Epic admits that millions of players attended the Marshmello event and that the players and their avatars were assigned to one of multiple instances of the Fortnite game world hosting the event.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

76.    Denied.

77.    Admitted.

78.    Denied.

79.    Epic admits that players attending the Marshmello concert could view the concert at different angles depending on the position of their avatars within the virtual environment. Epic denies the remaining allegations of this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

80.    Denied.

81.    Admitted.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Epic admits that it does not have a license to the '071 patent from Utherverse Gaming.  Epic denies the remaining allegations in this paragraph.

86.     Denied.

## SECOND CAUSE OF ACTION
## INFRINGEMENT OF THE '954 PATENT

87.     Paragraph 87 does not contain any allegation of fact and, therefore, no answer is required.

88.     Denied.

89.     Admitted.

90.     Denied.

91.     Epic admits that the Marshmello concert employed a three-dimensional virtual environment.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

92.     Epic admits that more than ten million players attended the Marshmello event and that the players and their avatars were assigned to one of multiple instances of the Fortnite game world hosting the event.  Epic denies the remaining allegations in this paragraph.

93.     Admitted.

94.     Denied.

95.     Epic admits that players participating in the Marshmello event were assigned to one of multiple instances of the Fortnite game world hosting the event.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

96.     Denied.

97.     Admitted.

98.     Denied.

99.     Epic admits that the quoted material appears in Exhibit T and is accurate within the context of that article.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the content of the cited YouTube videos.

100.     Admitted.

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

101.    Denied.

102.    Denied.

103.    Denied.

104.    Epic admits that it does not have a license to the '954 patent from Utherverse Gaming.  Epic denies the remaining allegations in this paragraph.

105.    Denied.

### THIRD CAUSE OF ACTION
### INFRINGEMENT OF THE '157 PATENT

106.    Paragraph 106 does not contain any allegation of fact and, therefore, no answer is required.

107.    Denied.

108.    Admitted.

109.    Denied.

110.    Epic admits that the Marshmello concert employed a three-dimensional virtual environment.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

111.    Epic admits that more than ten million players attended the Marshmello event and that the players and their avatars were assigned to one of multiple instances of the Fortnite game world hosting the event.  Epic denies the remaining allegations in this paragraph.

112.    Admitted.

113.    Denied.

114.    Epic admits that players participating in the Marshmello event were assigned to one of multiple instances of the Fortnite game world hosting the event.  Epic denies the remaining allegations in this paragraph, including as to the truth or accuracy of the content of the cited YouTube video.

115.    Denied.

116.    Admitted.

117.    Denied.

118.    Denied.

119.    Denied.

120.    Epic admits that it does not have a license to the '157 patent from Utherverse Gaming.  Epic denies the remaining allegations in this paragraph.

121.    Denied.

## FOURTH CAUSE OF ACTION
## INFRINGEMENT OF THE '605 PATENT

122.    Paragraph 122 does not contain any allegation of fact and, therefore, no answer is required.

123.    Denied.

124.    Admitted.

125.    Denied.

126.    Denied.

127.    Admitted.

128.    Denied.

129.    Denied.

130.    Admitted.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Admitted.

135.    Denied.

136.    Denied.

137.    Admitted.

138.    Denied.

139.    Denied.

140.    Denied.

141.    Denied.

142.    Epic admits that it does not have a license to the '605 patent from Utherverse Gaming.  Epic denies the remaining allegations in this paragraph.

143.    Denied.

## VI.    PRAYER FOR RELIEF

Epic denies that Utherverse is entitled to any of the relief requested in the section of the Complaint entitled "Prayer for Relief," or to any relief in any form from either the Court or from Epic.  Epic respectfully requests that the Court enter judgment in its favor and against Utherverse on all of Utherverse's claims, deny each of Utherverse's prayers for relief, find this case exceptional pursuant to 35 U.S.C. § 285, and award Epic its costs, attorneys' fees, and any other further relief deemed appropriate by the Court.

## VII.    DEMAND FOR JURY TRIAL

Utherverse's request for a jury trial includes no allegations and, therefore, requires no response.

## VIII.    ADDITIONAL DEFENSES

Epic asserts the following defenses.  Epic does not concede that it bears the burden of proof as to any of the defenses asserted.  Discovery has not yet begun and, therefore, Epic has not yet collected and reviewed all of the information and materials that may be relevant to the matters and issues herein.  Accordingly, Epic reserves the right to amend, modify, or expand these defenses and to take further positions as discovery proceeds in this case.

### FIRST AFFIRMATIVE DEFENSE

### *(Invalidity of the '071 patent)*

One or more of the claims of the '071 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art.  Further, one or more of the claims the '071 patent fail to meet the requirements of 35 U.S.C. § 101.  Further, one or more of

the claims of the '071 patent fail to meet the requirements of 35 U.S.C. § 112, including because they are indefinite, lack written description, and/or are not enabled.

### SECOND AFFIRMATIVE DEFENSE

*(Non-infringement of the '071 patent)*

Epic has not infringed, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '071 patent.

### THIRD AFFIRMATIVE DEFENSE

*(Invalidity of the '954 patent)*

One or more of the claims of the '954 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art. Further, one or more of the claims the '954 patent fail to meet the requirements of 35 U.S.C. § 101. Further, one or more of the claims of the '954 patent fail to meet the requirements of 35 U.S.C. § 112, including because they are indefinite, lack written description, and/or are not enabled.

### FOURTH AFFIRMATIVE DEFENSE

*(Non-infringement of the '954 patent)*

Epic has not infringed, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '954 patent.

### FIFTH AFFIRMATIVE DEFENSE

*(Invalidity of the '157 patent)*

One or more of the claims of the '157 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art. Further, one or more of the claims the '157 patent fail to meet the requirements of 35 U.S.C. § 101. Further, one or more of the claims of the '157 patent fail to meet the requirements of 35 U.S.C. § 112, including because they are indefinite, lack written description, and/or are not enabled.

1

2

### SIXTH AFFIRMATIVE DEFENSE

*(Non-infringement of the '157 patent)*

3

4

Epic has not infringed, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '157 patent.

5

6

### SEVENTH AFFIRMATIVE DEFENSE

*(Invalidity of the '605 patent)*

7

8

9

10

11

One or more of the claims of the '605 patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art.  Further, one or more of the claims the '605 patent fail to meet the requirements of 35 U.S.C. § 101.  Further, one or more of the claims of the '605 patent fail to meet the requirements of 35 U.S.C. § 112, including because they are indefinite, lack written description, and/or are not enabled.

12

13

### EIGHTH AFFIRMATIVE DEFENSE

*(Non-infringement of the '605 patent)*

14

15

Epic has not infringed, and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '605 patent.

16

17

### NINTH AFFIRMATIVE DEFENSE

*(Prosecution History Estoppel)*

18

19

20

21

22

23

24

25

Utherverse is estopped, based on statements, representations, and admissions made in the specification of the patent applications, made during prosecution of the patents applications that led to the Asserted Patents, and/or made during prosecution of related applications, from asserting that the claims of the Asserted Patents are infringed by Epic, or by Epic's products or services, either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise.  For example, during prosecution of the '605 patent, the applicant distinguished the invention from the prior art by asserting that "the instant invention allows users to participate in *past events* (in other words, travel back in time) and participate in a recorded experience," thus

26

27

28

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS - 16
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

making clear that a playable experience that was not a recording of a past event would not infringe the claims.

## TENTH AFFIRMATIVE DEFENSE

### *(Limitation on Costs)*

Utherverse is not entitled to costs and its costs are limited under 35 U.S.C. § 288.

## ELEVENTH AFFIRMATIVE DEFENSE

### *(Limitation on Damages)*

Utherverse's claims for damages are statutorily limited by 35 U.S.C. § 287, including by Utherverse's failure to comply with the marking statute under 35 U.S.C. § 287.

## <u>COUNTERCLAIMS</u>

Epic Gaming, Inc., by and through its undersigned counsel, brings these counterclaims against Utherverse Gaming LLC and alleges as follows:

## I.     NATURE OF THE ACTION

1.      Epic brings these counterclaims for declaratory judgment of invalidity and non-infringement of United States Patent Nos. 8,276,071 (the "'071 Patent"), 8,812,954 (the "'954 Patent"), 9,123,157 (the "'157 Patent"), and 9,724,605 (the "'605 Patent") (collectively, the "Asserted Patents"), arising pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq. and the patent laws of the United States, 35 U.S.C. § 1, et seq.

## II.     THE PARTIES

2.      Counterclaim-Plaintiff Epic Gaming, Inc. ("Epic") is corporation organized and existing under the laws of State of Maryland, with its principal place of business at 620 Crossroads Boulevard, Cary, North Carolina.

3.      Upon information and belief, Counterclaim-Defendant Utherverse Gaming LLC ("Utherverse") is a Delaware limited liability company with a place of business at 1740 Broadway, 15th Floor, New York, New York, 10019.

### III.    JURISDICTION AND VENUE

4.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.

5.     This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6.     This Court has personal jurisdiction over Utherverse because it has consented and submitted itself to such jurisdiction by filing claims for patent infringement of the Asserted Patents in this district.

7.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and § 1400 because a substantial part of the events giving rise to these counterclaims, including the filing of the underlying case against Epic, occurred in this District.

### IV.    COUNTERCLAIMS

### FIRST COUNTERCLAIM
### (Non-Infringement of U.S. Patent No. 8,276,071)

8.     Epic incorporates herein by reference the contents of each of the preceding paragraphs of its Counterclaims.

9.     Utherverse has asserted claims against Epic for infringement of the '071 patent, creating a valid and justiciable controversy within the meaning of 28 U.S.C. § 2201. In particular, Utherverse has accused certain events hosted by Epic's videogame Fortnite, including events featuring Travis Scott, Marshmello, and a Star Wars trailer premiere (the "Fortnite Events"), of infringing the '071 patent.

10.     Epic has not infringed and does not infringe any claim of the '071 patent, either directly or indirectly, literally or under the doctrine of equivalents.

11.     Epic does not infringe any claim of the '071 patent because the Fortnite Events do not practice at least the following '071 claim limitations: (1) "modeling . . . a plurality of parallel dimensions in a computer memory" and equivalent variations thereof; (2) "limits that are defined by at least one model of a three dimensional object"; (3) "a unique subset of the plurality of

avatars"; (4) "so as to prevent over-population of any one of the parallel dimensions by avatars" and equivalent variations thereof; (5) a "computer" and "computer memory"; (6) "at least a portion of each of the plurality of parallel instances and avatars populated therein"; and (7) a "common space".

12.    Epic does not infringe any method claim of the '071 patent because Amazon Web Services, a third party, performs at least one step in each claimed method, and Epic does not direct and control Amazon Web Services.

13.    Epic does not infringe any system claim of the '071 patent because it does not make, use, sell, offer to sell, import, or otherwise make available any system that performs all of the required steps.

14.    Epic does not induce infringement of the '071 patent because: (1) no relevant party directly infringes or infringed the '071 patent; (2) Epic does not and did not encourage any party to use the Fortnite Events in a manner that infringes the '071 patent; and (3) Epic does not and did not have specific intent to induce infringement of the '071 patent.

15.    Epic does not contribute to infringement of the '071 patent because: (1) no relevant party directly infringes or infringed the '071 patent using Epic's software; (2) Epic did not have knowledge of the '071 patent until Utherverse filed its complaint; (3) Epic did not have knowledge of infringement of the '071 patent at any relevant time; and (4) the Fortnite Events have substantial non-infringing uses.

16.    A judicial determination of non-infringement is necessary and appropriate so that Epic may ascertain its rights regarding the '071 patent.

## SECOND COUNTERCLAIM
### (Invalidity of U.S. Patent No. 8,276,071)

17.    Epic incorporates herein by reference the contents of each of the preceding paragraphs of its Counterclaims.

18.    The claims of the '071 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to,

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art; 35 U.S.C. § 101 as failing to recite patent-eligible subject matter, and 35 U.S.C. § 112, as the claims are indefinite, lack written description, and/or are not enabled.

19.    In particular, the claims of the '071 patent are anticipated and/or obvious in view of, for example, U.S. Patent No. 9,555,334 ("Bernard"); prior art publications "Learning Through Game Modding" by Magy El-Nasr, "Network Software Architectures for Real-Time Massively-Multiplayer Online Games" by Roger McFarlane, "Massive Multiplayer Online Game Architectures" by Martijn Moraal, "Scaling Online Games on the Grid" by Jens Müller, and "Enabling Player-Created Online Worlds with Grid Computing and Streaming" by Philip Rosedale; and video game systems Guild Wars, World of Warcraft, and Second Life.

20.    The claims of the '071 patent are invalid under 35 U.S.C. § 101 because they are directed to the abstract idea of grouping players of a multiplayer game into duplicate environments to prevent overpopulation.  The asserted claims do not specify any novel technical means of achieving that goal, including any novel server or network architecture or any novel programming to permit the creation of multiple parallel dimensions of a virtual world with the characteristics and in the circumstances specified in the claims.

21.    The claims of the '071 patent are invalid under 35 U.S.C. § 112 because, for example, the specification of the '071 patent fails to enable a person of skill in the art to practice certain claim limitations, including the "common space" and "template space" limitations, and fails to provide objective boundaries for at least the "display including at least a portion of each of the plurality of parallel dimensions and avatars populated therein" and "modeling occupancy" limitations.

22.    Epic is entitled to a declaration by the Court that each claim of the '071 patent is invalid.

1

2

### THIRD COUNTERCLAIM
### (Non-Infringement of U.S. Patent No. 8,812,954)

3        23.    Epic incorporates herein by reference the contents of each of the preceding

4  paragraphs of its Counterclaims.

5        24.    Utherverse has asserted claims against Epic for infringement of the '954 patent,

6  creating a valid and justiciable controversy within the meaning of 28 U.S.C. § 2201.  In

7  particular, Utherverse has accused certain events hosted by Epic's videogame Fortnite, including

8  events featuring Travis Scott, Marshmello, and a Star Wars trailer premiere (the "Fortnite

9  Events"), of infringing the '954 patent.

10       25.    Epic has not infringed and does not infringe any claim of the '954 patent, either

11 directly or indirectly, literally or under the doctrine of equivalents.

12       26.    Epic does not infringe any claim of the '954 patent because the Fortnite Events do

13 not practice at least the following '954 claim limitations: (1) "modeling, in a computer memory,

14 multiple parallel instances" and equivalent variations thereof; (2) "multi-dimensional avatars";

15 (3) "a unique subset of the plurality of avatars"; (4) "generating an additional parallel instance . .

16 . based on detecting an increase in a number of a plurality of client devices" and equivalent

17 variations thereof; (5) a "computer" and "computer memory"; (6) a "common space"; (7) "at

18 least a portion of each of the plurality of parallel instances and avatars populated therein"; and

19 (8) "a communication channel between avatars populating different ones of the plurality of

20 parallel instances."

21       27.    Epic does not infringe any method claim of the '954 patent because Amazon Web

22 Services, a third party, performs at least one step in each claimed method, and Epic does not

23 direct and control Amazon Web Services.

24       28.    Epic does not infringe any system claim of the '954 patent because it does not

25 make, use, sell, offer to sell, import, or otherwise make available any system that performs all of

26 the required steps.

27

28

29.    Epic does not induce infringement of the '954 patent because: (1) no relevant party directly infringes or infringed the '954 patent; (2) Epic does not and did not encourage any party to use the Fortnite Events in a manner that infringes the '954 patent; and (3) Epic does not and did not have specific intent to induce infringement of the '954 patent.

30.    Epic does not contribute to infringement of the '954 patent because: (1) no relevant party directly infringes or infringed the '954 patent using Epic's software; (2) Epic did not have knowledge of the '954 patent until Utherverse filed its complaint; (3) Epic did not have knowledge of infringement of the '954 patent at any relevant time; and (4) the Fortnite Events have substantial non-infringing uses.

31.    A judicial determination of non-infringement is necessary and appropriate so that Epic may ascertain its rights regarding the '954 patent.

### FOURTH COUNTERCLAIM
### (Invalidity of U.S. Patent No. 8,812,954)

32.    Epic incorporates herein by reference the contents of each of the preceding paragraphs of its Counterclaims.

33.    The claims of the '954 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art; 35 U.S.C. § 101 as failing to recite patent-eligible subject matter, and 35 U.S.C. § 112, as the claims are indefinite, lack written description, and/or are not enabled.

34.    In particular, the claims of the '954 patent are anticipated and/or obvious in view of, for example, U.S. Patent No. 9,555,334 ("Bernard"); prior art publications "Learning Through Game Modding" by Magy El-Nasr, "Network Software Architectures for Real-Time Massively-Multiplayer Online Games" by Roger McFarlane, "Massive Multiplayer Online Game Architectures" by Martijn Moraal, "Scaling Online Games on the Grid" by Jens Müller, and "Enabling Player-Created Online Worlds with Grid Computing and Streaming" by Philip Rosedale; and video game systems Guild Wars, World of Warcraft, and Second Life.

35.    The claims of the '954 patent are invalid under 35 U.S.C. § 101 because they are directed to the abstract idea of grouping players of a multiplayer game into duplicate environments to prevent overpopulation.  The asserted claims do not specify any novel technical means of achieving that goal, including any novel server or network architecture or any novel programming to permit the creation of multiple parallel dimensions of a virtual world with the characteristics and in the circumstances specified in the claims.

36.    The claims of the '954 patent are invalid under 35 U.S.C. § 112 because, for example, the specification of the '954 patent fails to enable a person of skill in the art to practice certain claim limitations, including the "common space" and "communication channel between avatars populating different ones of the plurality of parallel instances" limitations, and fails to provide objective boundaries for at least the "display including at least a portion of each of the plurality of parallel dimensions and avatars populated therein," and "multi-dimensional avatar" limitations.

37.    Epic is entitled to a declaration by the Court that each claim of the '954 patent is invalid.

### FIFTH COUNTERCLAIM
### (Non-Infringement of U.S. Patent No. 9,123,157)

38.    Epic incorporates herein by reference the contents of each of the preceding paragraphs of its Counterclaims.

39.    Utherverse has asserted claims against Epic for infringement of the '157 patent, creating a valid and justiciable controversy within the meaning of 28 U.S.C. § 2201.  In particular, Utherverse has accused certain events hosted by Epic's videogame Fortnite, including events featuring Travis Scott, Marshmello, and a Star Wars trailer premiere (the "Fortnite Events"), of infringing the '157 patent.

40.    Epic has not infringed and does not infringe any claim of the '157 patent, either directly or indirectly, literally or under the doctrine of equivalents.

ANSWER TO COMPLAINT FOR PATENT
INFRINGEMENT AND COUNTERCLAIMS - 23
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

41.     Epic does not infringe any claim of the '157 patent including because the Fortnite Events do not practice at least the following '157 claim limitations: (1) "modeling, in a computer memory, multiple parallel instances" and equivalent variations thereof; (2) "multi-dimensional avatars"; (3) "a unique subset of the plurality of avatars"; (4) a "computer" and "computer memory"; (5) a "common space"; and (6) "a communication channel between avatars populating different ones of the plurality of parallel instances."

42.     Epic does not infringe any method claim of the '157 patent because Amazon Web Services, a third party, performs at least one step in each claimed method, and Epic does not direct and control Amazon Web Services.

43.     Epic does not infringe any system claim of the '157 patent because it does not make, use, sell, offer to sell, import, or otherwise make available any system that performs all of the required steps.

44.     Epic does not induce infringement of the '157 patent because: (1) no relevant party directly infringes or infringed the '157 patent; (2) Epic does not and did not encourage any party to use the Fortnite Events in a manner that infringes the '157 patent; and (3) Epic does not and did not have specific intent to induce infringement of the '157 patent.

45.     Epic does not contribute to infringement of the '157 patent because: (1) no relevant party directly infringes or infringed the '157 patent using Epic's software; (2) Epic did not have knowledge of the '157 patent until Utherverse filed its complaint; (3) Epic did not have knowledge of infringement of the '157 patent at any relevant time; and (4) the Fortnite Events have substantial non-infringing uses.

46.     A judicial determination of non-infringement is necessary and appropriate so that Epic may ascertain its rights regarding the '157 patent.

## SIXTH COUNTERCLAIM
### (Invalidity of U.S. Patent No. 9,123,157)

47.     Epic incorporates herein by reference the contents of each of the preceding paragraphs of its Counterclaims.

48.     The claims of the '157 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art; 35 U.S.C. § 101 as failing to recite patent-eligible subject matter, and 35 U.S.C. § 112, as the claims are indefinite, lack written description, and/or are not enabled.

49.     In particular, the claims of the '157 patent are anticipated and/or obvious in view of, for example, U.S. Patent No. 9,555,334 ("Bernard"); prior art publications "Learning Through Game Modding" by Magy El-Nasr, "Network Software Architectures for Real-Time Massively-Multiplayer Online Games" by Roger McFarlane, "Massive Multiplayer Online Game Architectures" by Martijn Moraal, "Scaling Online Games on the Grid" by Jens Müller, and "Enabling Player-Created Online Worlds with Grid Computing and Streaming" by Philip Rosedale; and video game systems Guild Wars, World of Warcraft, and Second Life.

50.     The claims of the '157 patent are invalid under 35 U.S.C. § 101 because they are directed to the abstract idea of grouping players of a multiplayer game into duplicate environments to prevent overpopulation.  The asserted claims do not specify any novel technical means of achieving that goal, including any novel server or network architecture or any novel programming to permit the creation of multiple parallel dimensions of a virtual world with the characteristics and in the circumstances specified in the claims.

51.     The claims of the '157 patent are invalid under 35 U.S.C. § 112 because, for example, the specification of the '157 patent fails to enable a person of skill in the art to practice certain claim limitations, including the "common space" and "communication channel between avatars populating different ones of the plurality of parallel instances" limitations, and fails to provide objective boundaries for at least the "multi-dimensional avatars" limitation.

52.     Epic is entitled to a declaration by the Court that each claim of the '157 patent is invalid.

1

2

## SEVENTH COUNTERCLAIM
### (Non-Infringement of U.S. Patent No. 9,724,605)

3      53.    Epic incorporates herein by reference the contents of each of the preceding

4  paragraphs of its Counterclaims.

5      54.    Utherverse has asserted claims against Epic for infringement of the '605 patent,

6  creating a valid and justiciable controversy within the meaning of 28 U.S.C. § 2201.  In

7  particular, Utherverse has accused certain events hosted by Epic's videogame Fortnite, including

8  an event featuring Travis Scott (the "Fortnite Events"), of infringing the '605 patent.

9      55.    Epic has not infringed and does not infringe any claim of the '605 patent, either

10  directly or indirectly, literally or under the doctrine of equivalents.

11      56.    Epic does not infringe any claim of the '605 patent because the Fortnite Events do

12  not practice at least the following '605 claim limitations: (1) "retrieving a recorded experience

13  file from memory, the recorded experience file having been generated by saving an initial scene

14  state and saving subsequent changes . . ."; (2) "playing back the recorded experience file by

15  rendering . . . objects of the initial scene state in the new instance, including one or more avatars,

16  and rendering updates to the initial scene state"; (3) "automatically transporting the one or more

17  avatars to a different new instance of the scene"; (4) "a threshold event . . . compris[ing] when a

18  maximum capacity of avatars has been reached"; (5) a "threshold number of users waiting to

19  view the recorded experience"; and (6) "automatically chang[ing] to a difference scene based

20  upon occurrence of a threshold event."

21      57.    Epic does not infringe any method claim of the '605 patent because Amazon Web

22  Services, a third party, performs at least one step in each claimed method, and Epic does not

23  direct and control Amazon Web Services.

24      58.    Epic does not infringe any system claim of the '605 patent because it does not

25  make, use, sell, offer to sell, import, or otherwise make available any system that performs all of

26  the required steps.

27

28

ANSWER TO COMPLAINT FOR PATENT                     **Durie Tangri LLP**, 217 Leidesdorff Street,
INFRINGEMENT AND COUNTERCLAIMS - 26                San Francisco, CA, Tel: 415-362-6666
(CASE NO. 2:21-CV-00799-RSM-TLF)

59.     Epic does not induce infringement of the '605 patent because: (1) no relevant party directly infringes or infringed the '605 patent; (2) Epic does not and did not encourage any party to use the Fortnite Events in a manner that infringes the '605 patent; and (3) Epic does not and did not have specific intent to induce infringement of the '605 patent.

60.     Epic does not contribute to infringement of the '605 patent because: (1) no relevant party directly infringes or infringed the '605 patent using Epic's software; (2) Epic did not have knowledge of the '605 patent until Utherverse filed its complaint; (3) Epic did not have knowledge of infringement of the '605 patent at any relevant time; and (4) the Fortnite Events have substantial non-infringing uses.

61.     A judicial determination of non-infringement is necessary and appropriate so that Epic may ascertain its rights regarding the '605 patent.

### EIGHTH COUNTERCLAIM
### (Invalidity of U.S. Patent No. 9,724,605)

62.     Epic incorporates herein by reference the contents of each of the preceding paragraphs of its Counterclaims.

63.     The claims of the '605 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art; 35 U.S.C. § 101 as failing to recite patent-eligible subject matter, and 35 U.S.C. § 112, as the claims are indefinite, lack written description, and/or are not enabled.

64.     In particular, the claims of the '605 patent are anticipated and/or obvious in view of, for example, U.S. Patent No. 9,364,743 ("Miura"); Patent Application Nos. US 2008/0268961 ("Brook"), US 2012/0021827 ("Raitt"), and WO 2008/104782 ("Sony"); prior art publications "Applications of Temporal Links: Recording and Replaying Virtual Environments" by Chris Greenhalgh, "Temporal Links: Recording and Replaying Virtual Environments" by Chris Greenhalgh, and "Developing Your Own Replay System" by Cyrille Wagner; and video game systems MASSIVE-3 and Starcraft II.

65.    The claims of the '605 patent are invalid under 35 U.S.C. § 101 because they are directed to the abstract idea of replaying an interactive experience in an instanced environment. The asserted claims do not specify any novel technical means of achieving that goal, including any novel server or network architecture or any novel programming to permit replaying an interactive experience in an instanced environment, beyond the recitation of routine, conventional, and plainly non-novel technique of object state recording.  The specification does not recite any challenges inherent in performing object state recording in an instanced environment, and the claims do not recite any solution to any such problem; they simply combine the abstract idea of instancing (including creating a new instance when one fills up) with the abstract idea of replay.

66.    The '605 patent claims are invalid under 35 U.S.C. § 112 because, for example, the specification of the '605 patent (1) fails to enable a person of skill in the art to practice certain claim limitations; and (2) fails to provide objective boundaries for certain claim limitations, including, with respect to both (1) and (2), the "automatically transporting the one or more avatars to a different new instance of the scene, upon occurrence of a threshold event" limitation.

67.    Epic is entitled to a declaration by the Court that each claim of the '605 patent is invalid.

## V.    PRAYER FOR RELIEF

WHEREFORE, Epic prays for the following relief:

    a.    A judgment declaring non-infringement of the Asserted Patents;

    b.    A judgment declaring that the Asserted Patents are invalid;

    c.    A judgment declaring that this case is exceptional pursuant to 35 U.S.C. § 285 and an award to Epic of its costs and attorneys' fees; and

    d.    Such other relief as the Court deems just and proper.

1

## VI.    JURY DEMAND

2        Epic demands a jury trial on all issues and claims so triable.

3

Dated:  January 18, 2022

4

5                                    By: *s/ Eugene Novikov*
                                    _____
                                        Eugene Novikov (*pro hac vice*)
6                                        enovikov@durietangri.com
                                        Mark A. Lemley (*pro hac vice*)
7                                        mlemley@durietangri.com
                                        Timothy C. Saulsbury (*pro hac vice*)
8                                        tsaulsbury@durietangri.com
                                        Bethany D. Bengfort (*pro hac vice*)
9                                        bbengfort@durietangri.com
                                        Matthaeus Martino-Weinhardt (*pro hac vice*)
10                                       mweinhardt@durietangri.com
                                        Nari E.C. Ely (*pro hac vice*)
11                                       nely@durietangri.com
                                        DURIE TANGRI LLP
12                                       217 Leidesdorff Street
                                        San Francisco, CA 94111
13                                       Telephone:    (415) 362-6666
                                        Facsimile:     (415) 236-6300
14
                                        Attorneys for Defendant
15                                       EPIC GAMES, INC.

16

17   Dated:  January 18, 2022

18                                   By: *s/ Antoine M. McNamara*
                                    _____
                                        Antoine M. McNamara (WSBA No. 41701)
19                                       Christina J. McCullough (WSBA No. 47147)
                                        PERKINS COIE LLP
20                                       1201 Third Avenue, Suite 4900
                                        Seattle, WA 98101-3099
21                                       Telephone:    206-359-8000
                                        Facsimile:     206-359-9000
22                                       Email: AMcNamara@perkinscoie.com
                                        Email: CMcCullough@perkinscoie.com
23
                                        Attorneys for Defendant
24                                       EPIC GAMES, INC.

25

26

27

28   ANSWER TO COMPLAINT FOR PATENT                    **Durie Tangri LLP**, 217 Leidesdorff Street,
     INFRINGEMENT AND COUNTERCLAIMS - 29                San Francisco, CA, Tel: 415-362-6666
     (CASE NO. 2:21-CV-00799-RSM-TLF)

1

## <u>CERTIFICATE OF SERVICE</u>

2
   I hereby certify that on January 18, 2022 the within document was filed with the Clerk of
3
the Court using CM/ECF which will send notification of such filing to the attorneys of record in
4
this case.

5
                                          *s/ Eugene Novikov*
6                                         EUGENE NOVIKOV

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
ANSWER TO COMPLAINT FOR PATENT          **Durie Tangri LLP**, 217 Leidesdorff Street,
INFRINGEMENT AND COUNTERCLAIMS - 30     San Francisco, CA, Tel: 415-362-6666
(CASE NO. 2:21-CV-00799-RSM-TLF)