THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>EPIC GAMES, INC.,<br><br>                Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**MOTION FOR ISSUANCE OF LETTER ROGATORY**<br><br>NOTE ON MOTION CALENDAR:<br><br>April 22, 2022 |

MOTION FOR ISSUANCE OF LETTER ROGATORY
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street, San Francisco, CA, Tel: 415-362-6666

**TABLE OF CONTENTS**

Page

I. BACKGROUND ...................................................................................................................1

II. ARGUMENT .......................................................................................................................3

III. CONCLUSION .....................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Barnes & Noble, Inc. v. LSI Corp.*,
 No. C 11-02709 EMC LB, 2012 WL 1808849 (N.D. Cal. May 17, 2012) ...............................4

*Cadent Ltd. v. 3M Unitek Corp.*,
 232 F.R.D. 625 (C.D. Cal. 2005) ..........................................................................................2

*In re Cedar Shake & Shingle Antitrust Litig.*,
 No. 2:19-cv-00288-MJP, 2020 WL 39144 (W.D. Wash. Jan. 2, 2020) ....................................4

*Google Inc. v. Rockstar Consortium U.S. LP*,
 No. C13-5933 CW, 2014 WL 8735114 (N.D. Cal. Oct. 3, 2014) ...........................................4

*Intel Corp. v. Advanced Micro Devices, Inc.*,
 542 U.S. 241 (2004) ..............................................................................................................3

*Masimo Corp. v. Sotera Wireless*,
 No. 19-cv-1100-BAS (NLS), 2020 WL 6822823 (S.D. Cal. Nov. 19, 2020) ..........................4

*Pesch v. Indep. Brewers United Corp.*,
 No. C-13-05317 DMR, 2014 WL 5106985 (N.D. Cal. Oct. 10, 2014) ....................................4

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*,
 853 F.3d 1370 (Fed. Cir. 2017) .............................................................................................5

*United States v. Staples*,
 256 F.2d 290 (9th Cir. 1958) ................................................................................................3

**Statutes**

28 U.S.C. § 1781(a)(2) ..............................................................................................................3

28 U.S.C. § 1781(b)(2) ..............................................................................................................1

35 U.S.C. § 287 .........................................................................................................................5

**Rules**

Fed. R. Civ. P. 26 ..................................................................................................................2, 4

Fed. R. Civ. P. 28 ......................................................................................................................1

Fed. R. Civ. P. 30(b)(1) .............................................................................................................2

MOTION FOR ISSUANCE OF LETTER
ROGATORY - ii
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

Defendant Epic Games, Inc. hereby moves this Court, pursuant to Federal Rule of Civil Procedure 28 and 28 U.S.C. § 1781(b)(2), for an order authorizing the issuance of a Letter of Request addressed to the appropriate judicial authority of British Columbia, Canada seeking documentary evidence and testimony from the inventors of the asserted patents and from the company that developed the alleged inventions and to which the patents where initially issued. Epic seeks this relief because important evidence relevant to the issues in this case—including infringement and validity of the asserted patents, as well as the proper measure of damages, if any—is located in British Columbia, where the inventors and the original patentee all reside. Defendant asks this Court to request the judicial authority of British Columbia to assist in obtaining the documentary evidence and testimony requested herein by executing three original copies of the letter of request attached as Exhibit A to this motion.

I.   BACKGROUND

Plaintiff Utherverse Gaming LLC filed this action against Epic Games, Inc. on June 11, 2021, alleging infringement of United States Patent Nos. 8,276,071, 8,812,954, 9,123,157, and 9,724,605 (collectively, the "Asserted Patents"). ECF No. 1. Plaintiff alleges that Epic infringes the Asserted Patents by holding certain live virtual special events in *Fortnite*, a virtual world where people connect, meet, play, talk, compete, dance, or attend concerts and cultural events. Epic denies that it infringes the Asserted Patents and alleges that the Asserted Patents are invalid in view of various prior art and because they claim subject matter not eligible for patenting under U.S. patent law. Plaintiff denies that the patents are invalid.

The Asserted Patents were issued between September 25, 2012 and August 8, 2017. Each of the patents was initially assigned to Utherverse Digital Inc., a British Columbia corporation headquartered in Vancouver, where at least two of the named inventors were employed. *See* Exs. 1, 2[1] (LinkedIn bio, Utherverse Digital "Management Team" website). Utherverse Digital describes itself as "a social network of interconnected virtual worlds" that

---

[1] Exhibits 1-8 are exhibits to the co-filed declaration of Matthaeus Martino-Weinhardt.

MOTION FOR ISSUANCE OF LETTER ROGATORY - 1
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street, San Francisco, CA, Tel: 415-362-6666

offers "opportunities for people to meet, play and work together regardless of their physical location." Ex. 3 (Utherverse Digital homepage). Importantly, Plaintiff is a holding company that appears to bear no formal corporate relationship to Utherverse Digital.

The inventors of the patents—crucial witnesses in this case—are in Canada. The named inventors of the '071, '954, and '157 patents are Brian Shuster and Gary Shuster. The named inventors of the '605 patent are Brian Shuster and Aaron Burch. According to Plaintiff's initial disclosures provided under Federal Rule of Civil Procedure 26 in this action, Messrs. Shuster and Mr. Burch reside in British Columbia. Ex. 4. Further, according to Plaintiff's interrogatory responses, while Brian Shuster is currently a member of Plaintiff's Board of Managers, neither Gary Shuster nor Mr. Burch currently hold or have ever held a position as Plaintiff's officers, directors, or managing agents, *see* Ex. 5 at 2 (Plaintiff's Response to Interrogatory No. 10), meaning that Plaintiff is not required to produce them for deposition without a subpoena under Fed. R. Civ. P. 30(b)(1), *see Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 n.1 (C.D. Cal. 2005).

Epic tried to avoid motion practice. On September 16, 2021, counsel for Epic reached out to counsel for Plaintiff, asking whether Plaintiff's counsel also represented the inventors, and whether the named inventors would be made available for deposition and their files searched in response to requests for production. *See* Ex. 6 at 8-9 (9/16/21 email). Plaintiff's counsel confirmed that they represented the named inventors, but declined to voluntarily produce documents from their files or to make them available for deposition; they instead agreed to supplement Plaintiff's initial disclosures to provide the named inventors' addresses for service-of-process purposes. *Id.* at 8 (9/27/21 email), 6 (11/9/21 email). Counsel for Epic later sought to confirm that Plaintiff's counsel likewise represents the inventors' company, Utherverse Digital, and whether Utherverse Digital had a different position concerning producing documents or appearing for deposition voluntarily, but did not hear from Plaintiff's counsel one way or the other on the subject. *See id.* at 6 (2/4/22 email). Epic therefore moved forward with this request

for international discovery.

Epic is filing this motion on a Friday motion calendar instead of an unopposed motion under Local Civil Rule 7(d)(1) because Plaintiff does not agree that it is unopposed. When asked whether it opposes this request, Plaintiff stated that it "has no position about the motion." Ex. 6 at 3-4 (3/19/22 email). As part of its attempt to meet and confer, Epic repeatedly invited Plaintiff to weigh in on the substance of the request attached as Exhibit A, but Plaintiff declined to provide any substantive input, instead simply saying that it "takes no position on the motion." *See id.* at 3 (3/20/22 email). Based on that representation, Epic then sought to confirm that "Utherverse Gaming does not object to Epic Games filing the motion as unopposed." *See id* at 3 (3/28/22 Martino-Weinhardt email). However, Plaintiff responded that this "assumption is incorrect" and "reiterates that it takes no position on the motion." *Id.* at 2 (3/28/22 Springer email). Plaintiff did not clarify what it means to say that it is not taking a position on the motion, and is not opposing the motion, but that the motion is nonetheless not "unopposed." *Id.* at 1.

## II. ARGUMENT

Epic requests that the Court issue letters rogatory to the appropriate authorities in Canada to allow Epic to take essential discovery concerning the conception and reduction to practice of the claimed inventions, the extent to which its inventors and the company at which they worked ever managed to practice those inventions commercially, the prosecution of the asserted patents, and other important information that can only be obtained from the individuals and the company that originated the patents-in-suit.

A letter rogatory is a written request sent by a domestic court to a foreign court requesting the production of evidence from witnesses residing within the foreign court's jurisdiction for use in a pending action. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 n.1 (2004). United States district courts have the inherent authority to issue letters rogatory. *See United States v. Staples*, 256 F.2d 290, 292 (9th Cir. 1958); *see also* 28 U.S.C. § 1781(a)(2) (authorizing the transmittal of letters rogatory directly from a United States court to

a foreign court). Because Canada is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, domestic courts generally use letters rogatory to obtain evidence from Canadian jurisdictions. *See, e.g.*, *Google Inc. v. Rockstar Consortium U.S. LP*, No. C13-5933 CW, 2014 WL 8735114, at *2 (N.D. Cal. Oct. 3, 2014) (issuing letter rogatory to obtain evidence from Canada); *In re Cedar Shake & Shingle Antitrust Litig.*, No. 2:19-cv-00288-MJP, 2020 WL 39144, at *2-3 (W.D. Wash. Jan. 2, 2020) (same).

The decision to issue a letter rogatory is a matter of discretion and is governed by the liberal discovery standards of Fed. R. Civ. P. 26. *See Google*, 2014 WL 8735114, at *1-2; *see also Pesch v. Indep. Brewers United Corp.*, No. C-13-05317 DMR, 2014 WL 5106985, at *2 (N.D. Cal. Oct. 10, 2014). Accordingly, a request to issue a letter rogatory is properly granted where the evidence sought is relevant and discoverable. *Google*, 2014 WL 8735114, at *1; *see also Masimo Corp. v. Sotera Wireless,* No. 19-cv-1100-BAS (NLS), 2020 WL 6822823, at *1 (S.D. Cal. Nov. 19, 2020) ("Courts routinely issue letters rogatory where the movant makes a reasonable showing that the evidence sought may be material, or may lead to the discovery of material evidence."). In determining whether to issue letters rogatory, "the Court will not ordinarily weigh the evidence to be elicited," *In re Cedar Shake*, 2020 WL 39144, at *1, nor "attempt to predict whether that evidence will actually be obtained," *Barnes & Noble, Inc. v. LSI Corp.*, No. C 11-02709 EMC LB, 2012 WL 1808849, at *2 (N.D. Cal. May 17, 2012). Rather, the party opposing an application for letters rogatory must show "good cause" for the court to deny the application. *Masimo*, 2020 WL 6822823, at *1.

Here, Epic seeks the sort of foundational material that would be the centerpiece of discovery in any ordinary patent case, and would not require active court assistance were the relevant third parties located domestically (or were they willing to voluntarily produce documents and appear for deposition). The work of the inventors and their company on developing the claimed inventions, on attempting to commercialize them, and on obtaining the patents-at-issue, is highly relevant to all of the major issues to be decided at trial. It is relevant to

infringement because the inventors' own conception of what they invented will bear on the plausibility of the infringement theory Plaintiff will present at trial.  It is also relevant to invalidity for multiple reasons, including because Plaintiff in this case has refused to confirm a specific priority date to which it will contend the asserted claims are entitled, instead providing only a "no later than" date and leaving open the possibility that the inventors will attempt to "swear behind" prior art (by then alleging an earlier priority date) for at least some of the patents. *See* Ex. 7 at 9-10 (Plaintiff's response to Interrogatory No. 7).  Indeed, confirming the need for this discovery, Plaintiff recently stated in a letter that "further detail about conception and reduction to practice was in the possession of third parties, and that Utherverse Gaming [the Plaintiff] likely did not have additional information in its possession at this time from which it could provide greater specificity."  Ex. 8 at 6 (4/4/2022 Deming letter).  Finally, discovery from the inventors and their company is relevant to damages, because the inventors' and their employer's own attempt to make and commercialize the claimed invention—and their eventual decision to sell the patents to the Plaintiff—are relevant to the invention's value and to the terms of any hypothetical negotiation, as well as to other issues such as marking.  *See* 35 U.S.C. § 287; *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017) (failure to mark embodying products leads to limitation on damages).

What is more, Plaintiff listed the inventors on its initial disclosures, providing notice that it will rely on their testimony at trial. Ex. 4 at 2-3.  Plaintiff has also advised that its counsel represent the inventors in connection with this case, ***and*** that the inventors (and, as far as Epic can determine, Utherverse Digital) will not voluntarily produce documents or appear for deposition.  Ex. 6 at 8 (9/27/21 email), 6 (11/9/21 email).  Thus, Plaintiff presumably has unfettered access to the documents and information Epic seeks, and absent the issuance of letters rogatory, could pick and choose what to disclose and use at trial without having to produce other relevant (potentially damaging) documents and information.  By contrast, Epic can only get access to these relevant documents and information via compulsory process with this Court's

MOTION FOR ISSUANCE OF LETTER ROGATORY - 5
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street, San Francisco, CA, Tel: 415-362-6666

assistance.

The issuance of the requested letters rogatory would not be contrary to Canadian public policy, nor present an undue burden on the parties from whom evidence is sought, particularly in view of their indisputable relevance to the trial in this action. Any documents and testimony the parties provide will be subject to this Court's protective order, ECF No. 67, and Epic is prepared to reimburse them for all reasonable and documented costs associated with providing the requested discovery.

### III.     CONCLUSION

For the foregoing reasons, Epic respectfully requests that the Court approve, date, sign, and seal the proposed Letters Rogatory, filed concurrently with this motion.

Dated: April 7, 2022

By:  *s/ Matthaeus Martino-Weinhardt*
Matthaeus Martino-Weinhardt (*pro hac vice*)
mweinhardt@durietangri.com
Mark A. Lemley (*pro hac vice*)
mlemley@durietangri.com
Timothy C. Saulsbury (*pro hac vice*)
tsaulsbury@durietangri.com
Bethany D. Bengfort (*pro hac vice*)
bbengfort@durietangri.com
Nari E.C. Ely (*pro hac vice*)
nely@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666 /
Facsimile: (415) 236-6300

By:  *s/ Antoine McNamara*
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000

Attorneys for Defendant
EPIC GAMES, INC.

# CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2022 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Antoine M. McNamara*
Antoine M. McNamara