1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE WESTERN DISTRICT OF WASHINGTON

10                       AT SEATTLE

| | |
|---|---|
| 11  UTHERVERSE GAMING LLC, | Case No. 2:21-cv-00799-RSM-TLF |
| 12            Plaintiff, | **REQUEST FOR INTERNATIONAL** |
| | **JUDICIAL ASSISTANCE (LETTER** |
| 13      v. | **ROGATORY)** |
| 14  EPIC GAMES, INC., | |
| 15            Defendant. | |
| 16 | |

17

18

19

20

21

22

23

24

25

26

27

28

TO THE SUPREME COURT OF BRITISH COLUMBIA:

The United States District Court for the Western District of Washington presents its compliments to the Supreme Court of British Columbia and requests judicial assistance to compel the attendance of witnesses at an oral deposition in British Columbia and the production of documents to be used at trial this Court in the above-captioned matter.  This Court requests the assistance described herein as necessary in the interests of justice and directs this request to the appropriate Judicial Authority in the Province of British Columbia, Canada.

I.    SUMMARY OF ACTION

Plaintiff Utherverse Gaming LLC ("Utherverse Gaming") filed this action against Epic Games, Inc. ("Epic") on June 11, 2021, alleging infringement of United States Patent Nos. 8,276,071, 8,812,954, 9,123,157, and 9,724,605 (collectively, the "Asserted Patents").  Utherverse Gaming alleges that Epic infringes the Asserted Patents by holding certain live virtual special events in the online video game *Fortnite*.  Epic denies that it infringes the Asserted Patents and alleges that the Asserted Patents are invalid in view of various prior art and because they claim subject matter not eligible for patenting under U.S. patent law.  Utherverse Gaming denies that the patents are invalid.

The Asserted Patents were issued between September 25, 2012 and August 8, 2017.  Each of the patents was initially assigned to Utherverse Digital Inc. ("Utherverse Digital"), a British Columbia corporation headquartered in Vancouver.  Utherverse Digital describes itself as "a social network of interconnected virtual worlds" that offers "opportunities for people to meet, play and work together regardless of their physical location."[1]

The named inventors of the '071, '954, and '157 patents are Brian Shuster and Gary Shuster.  The named inventors of the '605 patent are Brian Shuster and Aaron Burch.  According to disclosures provided under Federal Rule of Civil Procedure 26 in this action, Messrs. Shuster and Mr. Burch reside in British Columbia.  Further, according to Utherverse Gaming's interrogatory responses, while Brian Shuster is currently a member of Utherverse Gaming's Board of Managers, neither Gary Shuster nor Mr. Burch currently hold or have ever held a position as Utherverse Gaming officers, directors, or managing

---

[1] https://www.utherverse.net/index.html

REQUEST FOR INTERNATIONAL JUDICIAL
ASSISTANCE (LETTER ROGATORY)- 1
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

agents.

Utherverse Gaming is a U.S. corporation organized under the laws of Delaware. According to its certificate of formation, attached hereto as Exhibit A-1, Utherverse Gaming was formed on October 22, 2020. According to information filed with the U.S. Patent and Trademark Office, the Asserted Patents were assigned by Utherverse Digital to Utherverse Gaming on December 21, 2020.

## II.   ASSISTANCE REQUIRED

This request seeks assistance in obtaining documents from Brian Shuster, and in obtaining documents and testimony from Gary Shuster, Aaron Burch, and Utherverse Digital. This Court has jurisdiction under the Federal Rules of Civil Procedure to order discovery, including depositions of witnesses upon oral examination and production of documents from any person regarding any matter which is relevant to the subject matter of the pending action. This Court requests that the proper judicial authorities of British Columbia authorize legal process to compel these individuals to produce documents and/or provide deposition testimony as set forth below for potential use at trial in this litigation. The requests for specific documents and testimony are posed subject to any valid claim of privilege that these individuals may assert.

This Court further requests that the proper judicial authorities of British Columbia cause the depositions to be recorded in writing by a qualified court reporter, to cause the recordings of the depositions to be authenticated, to allow the depositions to be videotaped, and to cause the authenticated records to be delivered to Utherverse Gaming and Epic's counsel. It is hereby requested that Epic's representatives be granted the option to have the testimony videotaped by a qualified videographer. The original transcripts of the testimony, and if the testimony is videotaped, the videotapes, should be returned to Epic's representatives for retention and production at the time of trial.

### A.     Relevance of Requested Materials and Testimony

Messrs. Shuster and Burch are the only three named inventors on the Asserted Patents, who have been identified on Utherverse Gaming's Initial Disclosures as individuals who have information relevant to Utherverse Gaming's claims and defenses. Epic contends that as the sole inventors, Messrs. Shuster and Burch have key documents and information concerning the conception, reduction to practice, and scope of the claimed inventions, as well as the prosecution of the Asserted Patents, and that their

1    testimony and documents are likely to be central to trial in this action.

2         Utherverse Digital was the technology company for which the allegedly inventive work

3    underlying the Asserted Patents was performed.  Epic contends that Utherverse Digital therefore is

4    likewise likely to have key documents and information concerning the conception, reduction to practice,

5    and scope of the claimed inventions, the prosecution of the Asserted Patents as well as information

6    concerning any systems or products embodying the Asserted Patents that were made, marketed, or

7    attempted to be made or marketed by Utherverse Digital (which may be relevant to Epic's invalidity

8    defenses at trial, as well as Utherverse Gaming's damages demand).  Epic contends that Utherverse

9    Digital is also likely to have information about the licensing of and/or attempts to license the Asserted

10   Patents and related patents, the circumstances of the transfer or sale of the Asserted Patents to Utherverse

11   Gaming, comparable licenses relevant to the damages analysis in this case, as well as any valuation of the

12   Asserted Patents or inventions claimed therein that may have been performed in the course of

13   prosecution, licensing, and sale or transfer of the patents.  As employees and/or officers of Utherverse

14   Digital at or around the time of invention, Messrs. Shuster and Mr. Burch may also have some of these

15   documents and information in their individual capacities.  Epic contends that these documents and

16   testimony are important to establishing its claims and defenses at trial.

17        **B.      Inability to Obtain Requested Materials and Testimony Without Judicial Assistance**

18        Under Federal Rule of Civil Procedure 30, because Mr. Brian Shuster is a managing agent of

19   Utherverse Gaming, Utherverse Gaming must produce him for deposition on notice and without a

20   subpoena.  (Accordingly, this Request does not seek Mr. Brian Shuster's deposition.)  However, though

21   he is represented by Utherverse Gaming's counsel, he is not required to collect and produce documents in

22   his possession, custody or control in his personal capacity in response to Epic's requests absent

23   compulsory process, and Utherverse Gaming's counsel has indicated he will not do so.  Mr. Brian

24   Shuster being a Canadian resident, he is not readily subject to this Court's compulsory process for

25   obtaining relevant documents.

26        Because Mr. Gary Shuster and Mr. Burch are not officers, directors, or managing agents, the

27   Federal Rules of Civil Procedure do not provide a mechanism for Epic to obtain their depositions without

28   a subpoena, and Utherverse Gaming's counsel (who also represent Mr. Shuster and Mr. Burch) have

indicated that they will not appear voluntarily.  As with Mr. Brian Shuster, Mr. Gary Shuster and Mr. Burch are likewise not required to collect and produce documents in their personal possession, custody, or control absent compulsory process, and Utherverse Gaming's counsel has indicated they will not do so.  Being Canadian residents, Mr. Gary Shuster and Mr. Burch are not readily subject to this Court's compulsory process for obtaining relevant documents and deposition testimony.

As a third party to this action, Utherverse Digital need not produce documents or a witness to testify on its behalf in this litigation without a subpoena, and Utherverse Gaming's counsel, who represents Utherverse Digital, has indicated that Utherverse Digital will not do so.  As a Canadian corporation with no formal U.S. presence, Utherverse Digital is not subject to this Court's compulsory process for obtaining relevant documents and deposition testimony.

### C.    Protection of Confidential Information

This Court has entered a Protective Order in this Action, which is attached as Exhibit A-2 to this Request.  The Protective Order enables those producing documents or providing testimony in this litigation, including third parties, to designate that material confidential and thereby obligate the receiving parties to comply with its terms against disclosure.

### D.    Reciprocity

Pursuant to 28 U.S.C. § 1782, this Court stands ready to extend similar assistance to the Courts of the Province of British Columbia in like cases.

### E.    Reimbursement of Costs

Epic, through its counsel at Durie Tangri LLP, are willing to provide reimbursement of reasonable costs incurred in executing this Letter Rogatory, if necessary and requested by the judicial authorities of Canada.

## REQUESTS FOR DISCOVERY

This request calls for the production of documents in the possession or control of each witness as set forth below.  This request also calls for each witness to provide deposition testimony concerning the topics set forth below.  In the case of Utherverse Digital, this request calls for Utherverse Digital to designate a knowledgeable witness to provide deposition testimony on behalf of the company concerning the topics set forth below.

### F.    DEFINITIONS

The term "Asserted Patent" means any of United States Patent Nos. 8,276,071, 8,812,954, 9,123,157, and 9,724,605.

The term "Related Patent" means any patent that claims priority to an Asserted Patent or to any patent or application to which an Asserted Patent also claims priority, or any foreign counterpart or equivalent of an Asserted Patent.

### G.    WITNESSES, DOCUMENTS, AND TOPICS

**1.    Brian Mark Shuster**
**2701-565 Smithe Street**
**Vancouver, BC V6B 0E4**

Documents are requested from Mr. Shuster as follows:

a.    All documents concerning the conception, reduction to practice, development, or testing of the alleged inventions described or claimed in the Asserted Patents.

b.    All documents that evidence failings in the art preceding the conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents.

c.    All documents concerning the assignment of any right, title, or interest in any of the Asserted Patents or Related Patents.

d.    All documents concerning the sale of the Asserted Patents to Utherverse Gaming LLC.

e.    All communications with Utherverse Gaming LLC concerning any actual, potential, contemplated, or proposed transaction or involving or relating to the Asserted Patents or Related Patents.

f.    All documents concerning any licenses to the Asserted Patents or Related Patents or attempts to license the Asserted Patents or Related Patents.

g.    All documents concerning any efforts to enforce the Asserted Patents or Related patents, including via demand letter or litigation.

h.    All documents concerning the prosecution of the patent applications from which the Asserted Patents issued or to which they claim priority.

i.     All documents relating to any assertion by any third party other than the U.S. Patent and Trademark Office that an Asserted Patent or Related Patent is invalid, unenforceable, and/or not infringed.

j.     All documents relating to any "objective indicia of non-obviousness" applying to the Asserted Patents, such as industry praise for the claimed invention, failure of others to create the claimed invention, or commercial success of the claimed invention.

k.     All documents concerning any efforts or plans to monetize the Asserted Patents or Related Patents.

l.     All documents concerning attempts by Mr. Shuster or Utherverse Digital, Inc. to build or implement a product or system embodying or practicing any of the inventions claimed in the Asserted Patents.

m.     Documents sufficient to show the structure, function, and operation of any product or system or contemplated product or system described in request [l].

n.     Documents sufficient to show the commercial success or lack thereof of any product or system described in request [l].

o.     The results of any search for potential prior art to the Asserted Patents or Related Patents.

p.     All documents concerning any valuation (formal or informal) of the Asserted Patents or Related Patents, alone or as part of a broader portfolio or broader transaction.

q.     Documents sufficient to show Mr. Shuster's financial interest in this litigation, if any.

r.     Documents sufficient to determine the amounts of money received by Mr. Shuster as a result of any arrangement with Utherverse Gaming LLC concerning the Asserted Patents or Related Patents.

**2.     Gary Stephen Shuster**
**2705-1201 Marinaside Crescent**
**Vancouver, BC V6Z 2V2**

Documents are requested from Mr. Shuster as follows:

a.     All documents concerning the conception, reduction to practice, development, or testing of the alleged inventions described or claimed in the Asserted Patents.

b.     All documents evidencing failings in the art preceding the conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents.

c.     All documents concerning the assignment of any right, title, or interest in any of the Asserted Patents or Related Patents.

d.     All documents concerning the sale of the Asserted Patents to Utherverse Gaming LLC.

e.     All communications with Utherverse Gaming LLC concerning any actual, potential, contemplated, or proposed transaction or involving or relating to the Asserted Patents or Related Patents.

f.     All documents concerning any licenses to the Asserted Patents or Related Patents or attempts to license the Asserted Patents or Related Patents.

g.     All documents concerning any efforts to enforce the Asserted Patents or Related patents, including via demand letter or litigation.

h.     All documents concerning the prosecution of the patent applications from which the Asserted Patents issued or to which they claim priority.

i.     All documents relating to any assertion by any third party other than the U.S. Patent and Trademark Office that an Asserted Patent or Related Patent is invalid, unenforceable, and/or not infringed.

j.     All documents relating to any "objective indicia of non-obviousness" applying to the Asserted Patents, such as industry praise for the claimed invention, failure of others to create the claimed invention, or commercial success of the claimed invention.

k.     All documents concerning any efforts or plans to monetize the Asserted Patents or Related Patents.

l.     All documents concerning attempts by Mr. Shuster or Utherverse Digital, Inc. to build or implement a product or system embodying or practicing any of the inventions claimed in the Asserted Patents.

m.      Documents sufficient to show the structure, function, and operation of any product or system or contemplated product or system described in request [l].

n.      Documents sufficient to show the commercial success or lack thereof of any product or system described in request [l].

o.      The results of any search for potential prior art to the Asserted Patents or Related Patents.

p.      All documents concerning any valuation (formal or informal) of the Asserted Patents or Related Patents, alone or as part of a broader portfolio or broader transaction.

q.      Documents sufficient to show Mr. Shuster's financial interest in this litigation, if any.

r.      Documents sufficient to determine the amounts of money received by Mr. Shuster as a result of any arrangement with Utherverse Gaming LLC concerning the Asserted Patents or Related Patents.

Testimony is requested from Mr. Shuster on the following topics:

a.      The conception, reduction to practice, development, or testing of the alleged inventions described or claimed in the Asserted Patents, and Mr. Shuster's role in or contribution to the above.

b.      Failings in the art preceding the conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents.

c.      The negotiation, circumstances, and terms of any assignment of any right, title, or interest in any of the Asserted Patents or Related Patents.

d.      Communications with Utherverse Gaming LLC concerning any actual, potential, contemplated, or proposed transaction or involving or relating to the Asserted Patents or Related Patents.

e.      The negotiation, circumstances, and terms of any licenses to the Asserted Patents or Related Patents.

f.      Any attempts to license the Asserted Patents or Related Patents.

g.      Any efforts to enforce the Asserted Patents or Related patents, including via

demand letter or litigation.

        h.     Any efforts or plans to monetize the Asserted Patents or Related Patents.

        i.     The prosecution of the patent applications from which the Asserted Patents issued or to which they claim priority.

        j.     Any assertion by any third party other than the U.S. Patent and Trademark Office that an Asserted Patent or Related Patent is invalid, unenforceable, and/or not infringed.

        k.     Any "objective indicia of non-obviousness" applying to the Asserted Patents, such as industry praise for the claimed invention, failure of others to create the claimed invention, or commercial success of the claimed invention.

        l.     The nature of Utherverse Digital, Inc.'s business, Mr. Shuster's role or involvement in that business, an identification of any products and systems Utherverse Digital, Inc. has made or marketed, and its success or lack thereof.

        m.     Attempts by Mr. Shuster or Utherverse Digital, Inc. to build or implement a product or system embodying or practicing any of the inventions claimed in the asserted patents.

        n.     The structure, function, and operation of any product or system or contemplated product or system described in request [l].

        o.     The commercial success or lack thereof of any product or system described in request [l].

        p.     Any search for potential prior art to the Asserted Patents or Related Patents and the results of that search.

        q.     Any valuation (formal or informal) of the Asserted Patents or Related Patents, alone or as part of a broader portfolio or broader transaction.

        r.     Mr. Shuster's financial interest in this litigation, if any.

        s.     The amounts of money received by Mr. Shuster as a result of any arrangement with Utherverse Gaming LLC concerning the Asserted Patents or Related Patents.

        **3.     Aaron Burch**
              **4041 Derby Court**
              **Port Coquitlam, BC V3B6M3**

1     Documents are requested from Mr. Burch as follows:

2          a.     All documents concerning the conception, reduction to practice, development, or

3     testing of the alleged inventions described or claimed in the Asserted Patents.

4          b.     All documents evidencing failings in the art preceding the conception and

5     reduction to practice of the alleged inventions described or claimed in the Asserted Patents.

6          c.     All documents concerning the assignment of any right, title, or interest in any of

7     the Asserted Patents or Related Patents.

8          d.     All documents concerning the sale of the Asserted Patents to Utherverse Gaming

9     LLC.

10         e.     All communications with Utherverse Gaming LLC concerning any actual,

11    potential, contemplated, or proposed transaction or involving or relating to the Asserted Patents or

12    Related Patents.

13         f.     All documents concerning any licenses to the Asserted Patents or Related Patents

14    or attempts to license the Asserted Patents or Related Patents.

15         g.     All documents concerning any efforts to enforce the Asserted Patents or Related

16    patents, including via demand letter or litigation.

17         h.     All documents concerning the prosecution of the patent applications from which

18    the Asserted Patents issued or to which they claim priority.

19         i.     All documents relating to any assertion by any third party other than the U.S.

20    Patent and Trademark Office that an Asserted Patent or Related Patent is invalid, unenforceable, and/or

21    not infringed.

22         j.     All documents relating to any "objective indicia of non-obviousness" applying to

23    the Asserted Patents, such as industry praise for the claimed invention, failure of others to create the

24    claimed invention, or commercial success of the claimed invention.

25         k.     All documents concerning any efforts or plans to monetize the Asserted Patents or

26    Related Patents.

27         l.     All documents concerning attempts by Mr. Burch or Utherverse Digital, Inc. to

28    build or implement a product or system embodying or practicing any of the inventions claimed in the

Asserted Patents.

    m. Documents sufficient to show the structure, function, and operation of any product or system or contemplated product or system described in request [l].

    n. Documents sufficient to show the commercial success or lack thereof of any product or system described in request [l].

    o. The results of any search for potential prior art to the Asserted Patents or Related Patents.

    p. All documents concerning any valuation (formal or informal) of the Asserted Patents or Related Patents, alone or as part of a broader portfolio or broader transaction.

    q. Documents sufficient to show Mr. Burch's financial interest in this litigation, if any.

    r. Documents sufficient to determine the amounts of money received by Mr. Burch as a result of any arrangement with Utherverse Gaming LLC concerning the Asserted Patents or Related Patents.

  Testimony is requested from Mr. Burch on the following topics:

    a. The conception, reduction to practice, development, or testing of the alleged inventions described or claimed in the Asserted Patents, and Mr. Burch's role in or contribution to the above.

    b. Failings in the art preceding the conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents.

    c. The negotiation, circumstances, and terms of any assignment of any right, title, or interest in any of the Asserted Patents or Related Patents.

    d. Communications with Utherverse Gaming LLC concerning any actual, potential, contemplated, or proposed transaction or involving or relating to the Asserted Patents or Related Patents.

    e. The negotiation, circumstances, and terms of any licenses to the Asserted Patents or Related Patents.

    f. Any attempts to license the Asserted Patents or Related Patents.

g.      Any efforts to enforce the Asserted Patents or Related patents, including via demand letter or litigation.

h.      Any efforts or plans to monetize the Asserted Patents or Related Patents.

i.      The prosecution of the patent applications from which the Asserted Patents issued or to which they claim priority.

j.      Any assertion by any third party other than the U.S. Patent and Trademark Office that an Asserted Patent or Related Patent is invalid, unenforceable, and/or not infringed.

k.      Any "objective indicia of non-obviousness" applying to the Asserted Patents, such as industry praise for the claimed invention, failure of others to create the claimed invention, or commercial success of the claimed invention.

l.      The nature of Utherverse Digital, Inc.'s business, Mr. Burch's role or involvement in that business, an identification of any products and systems Utherverse Digital, Inc. has made or marketed, and its success or lack thereof.

m.      Attempts by Mr. Burch or Utherverse Digital, Inc. to build or implement a product or system embodying or practicing any of the inventions claimed in the asserted patents.

n.      The structure, function, and operation of any product or system or contemplated product or system described in request [l].

o.      The commercial success or lack thereof of any product or system described in request [l].

p.      Any search for potential prior art to the Asserted Patents or Related Patents and the results of that search.

q.      Any valuation (formal or informal) of the Asserted Patents or Related Patents, alone or as part of a broader portfolio or broader transaction.

r.      Mr. Burch's financial interest in this litigation, if any.

s.      The amounts of money received by Mr. Burch as a result of any arrangement with Utherverse Gaming LLC concerning the Asserted Patents or Related Patents.

**4.      Utherverse Digital, Inc.**
**1040 Hamilton St., Suite 201**
**Vancouver, BC V6B 2R9**

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

Documents are requested from Utherverse Digital, Inc. as follows:

a.     All documents concerning the conception, reduction to practice, development, or testing of the alleged inventions described or claimed in the Asserted Patents.

b.     All documents evidencing failings in the art preceding the conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents.

c.     All documents concerning the assignment of any right, title, or interest in any of the Asserted Patents or Related Patents.

d.     All documents concerning the sale of the Asserted Patents to Utherverse Gaming LLC.

e.     All communications with Utherverse Gaming LLC concerning any actual, potential, contemplated, or proposed transaction or involving or relating to the Asserted Patents or Related Patents.

f.     All documents concerning any licenses to the Asserted Patents or Related Patents or attempts to license the Asserted Patents or Related Patents.

g.     Any patent license agreement to which Utherverse Digital, Inc. is a party.

h.     All documents concerning any efforts to enforce the Asserted Patents or Related patents, including via licensing demand or litigation.

i.     All documents concerning the prosecution of the patent applications from which the Asserted Patents issued or to which they claim priority.

j.     All documents relating to any assertion by any third party other than the U.S. Patent and Trademark Office that an Asserted Patent or Related Patent is invalid, unenforceable, and/or not infringed.

k.     All documents relating to any "objective indicia of non-obviousness" applying to the Asserted Patents, such as industry praise for the claimed invention, failure of others to create the claimed invention, or commercial success of the claimed invention.

l.     All documents concerning any efforts or plans to monetize the Asserted Patents or Related Patents.

m.     All documents concerning any attempts by Utherverse Digital, Inc. to build or

implement a product or system embodying or practicing any of the inventions claimed in the Asserted Patents.

        n.      Documents sufficient to identify any products to which Utherverse Digital Inc. holds a license under the Asserted Patents.

        o.      Documents sufficient to show the structure, function, and operation of any product or system or contemplated product or system described in requests [m] and [n].

        p.      Documents sufficient to show the commercial success or lack thereof of any product or system described in requests [m] and [n].

        q.      The results of any search for potential prior art to the Asserted Patents or Related Patents.

        r.      All documents concerning any valuation (formal or informal) of the Asserted Patents or Related Patents, alone or as part of a broader portfolio or broader transaction.

        s.      Documents sufficient to show quarterly revenues, costs, profits, and losses associated with any product made or marketed by Utherverse Digital, Inc. involving one or more massively multiplayer online digital worlds.

        t.      Documents sufficient to show Utherverse Digital, Inc.'s financial interest in this litigation, if any.

        u.      Documents sufficient to determine the amounts of money received by Utherverse Digital, Inc. as a result of any arrangement with Utherverse Gaming LLC concerning the Asserted Patents or Related Patents.

        Testimony is requested from Utherverse Digital, Inc. concerning its corporate knowledge, if any, on the following topics:

        a.      The conception, reduction to practice, development, or testing of the alleged inventions described or claimed in the Asserted Patents.

        b.      Failings in the art preceding the conception and reduction to practice of the alleged inventions described or claimed in the Asserted Patents.

        c.      The negotiation, circumstances, and terms of any assignment of any right, title, or

interest in any of the Asserted Patents or Related Patents.

       d.     Communications with Utherverse Gaming LLC concerning any actual, potential, contemplated, or proposed transaction or involving or relating to the Asserted Patents or Related Patents.

       e.     The negotiation, circumstances, and terms of any licenses to the Asserted Patents or Related Patents.

       f.     The negotiation, circumstances, and terms of any patent license agreement to which Utherverse Digital, Inc. is a party.

       g.     Any attempts to license the Asserted Patents or Related Patents.

       h.     Any efforts to enforce the Asserted Patents or Related patents, including via demand letter or litigation.

       i.     Any efforts or plans to monetize the Asserted Patents or Related Patents.

       j.     The prosecution of the patent applications from which the Asserted Patents issued or to which they claim priority.

       k.     Any assertion by any third party other than the U.S. Patent and Trademark Office that an Asserted Patent or Related Patent is invalid, unenforceable, and/or not infringed.

       l.     Any "objective indicia of non-obviousness" applying to the Asserted Patents, such as industry praise for the claimed invention, failure of others to create the claimed invention, or commercial success of the claimed invention.

       m.     The nature of Utherverse Digital, Inc.'s business, an identification of any products and systems Utherverse Digital, Inc. has made or marketed, and its success or lack thereof.

       n.     Attempts by Utherverse Digital, Inc. to build, or implement a product or system embodying or practicing any of the inventions claimed in the Asserted Patents.

       o.     An identification of any products to which Utherverse Digital, Inc. holds a license under the Asserted Patents.

       p.     The structure, function, and operation of any product or system or contemplated product or system described in requests [n] and [o].

       q.     The commercial success or lack thereof of any product or system described in requests [n] and [o].

r.      Any search for potential prior art to the Asserted Patents or Related Patents and the results of that search.

s.      Any valuation (formal or informal) of the Asserted Patents or Related Patents, alone or as part of a broader portfolio or broader transaction.

t.      The meaning and correct interpretation of any financial documents produced by Utherverse Digital, Inc. in response to the above document requests.

u.      The amounts of money received by Utherverse Digital, Inc. as a result of any arrangement with Utherverse Gaming LLC concerning the Asserted Patents or Related Patents.

v.      The extent to which Utherverse Digital, Inc. competes with Epic Games, the market in which Utherverse Digital, Inc. competes with Epic Games, and the products with respect to which Utherverse Digital, Inc. competes with Epic Games.

w.      Utherverse Digital, Inc.'s financial interest in this litigation, if any.


Dated this 18th day of May, 2022

_Theresa L. Fricke_

_____

HONORABLE THERESA L. FRICKE
UNITED STATES MAGISTRATE JUDGE