THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING, LLC, | CASE NO. 2:21-cv-00799 |
| Plaintiff, | |
| | **STIPULATED** |
| v. | **PROTECTIVE ORDER** |
| EPIC GAMES, INC., | **NOTE ON MOTION** |
| | **CALENDAR: MARCH 15, 2022** |
| Defendant. | |

1.   PURPOSES AND LIMITATIONS

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.    "CONFIDENTIAL" MATERIAL

"CONFIDENTIAL" material shall include documents and tangible things produced or otherwise exchanged that contain or reflect information that is confidential, proprietary and/or commercially sensitive, in particular:

    i.      information about the producing party's product development, design, or specifications for products or services made available to third parties;

    ii.      information the producing party is obligated by law or by contract to maintain in confidence;

    iii.      accounting/financial information, books, and records that are not made public;

    iv.      sales information about commercial products that are not made public, including information on pricing and sales volumes;

    v.      customer information and data;

    vi.      business and marketing plans, strategies, analyses, or surveys;

    vii.      information on producing party's competitors and competitive environment;

    viii.      contracts and agreements or any draft, negotiations, or summaries thereof;

    ix.      information that is subject to the privacy interest of any individual (e.g., medical records, financial information, etc.).

3.    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material is CONFIDENTIAL material that includes extremely commercially sensitive information, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Such information shall include but is not limited to trade secrets; confidential research and development; any non-public financial, technical, marketing, pricing and revenue information; and any other commercially sensitive trade secret information.

4.    "HIGHLY CONFIDENTIAL – SOURCE CODE" MATERIAL

"HIGHLY CONFIDENTIAL – SOURCE CODE" material is CONFIDENTIAL material that includes confidential source code and associated comments, revision histories, and other accompanying documentation contained within source code files, disclosure of which to another

party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means. The restrictions herein on confidential source code do not apply to publicly-available source code (e.g., code available as open source code).

5. SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

6. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

6.1 Basic Principles. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. CONFIDENTIAL material may be disclosed only to the categories of persons and under the conditions described in this agreement. CONFIDENTIAL material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

6.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a) the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c) experts, consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)      the court, court personnel, and court reporters and their staff;

(e)      copy or imaging services or e-discovery vendors retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.3      <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Materials</u>.  Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials only to:

(a)      the receiving party's counsel of record in this action (but not employees, officers, or affiliates of a Party), as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)      experts, consultants, and mock jurors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)      the court, court personnel, and court reporters and their staff;

(d)      copy or imaging services or e-discovery vendors retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

6.4     Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE ONLY" Materials. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any HIGHLY CONFIDENTIAL – SOURCE CODE materials pursuant to Section 8.5 of this Order only to:

(a)     the receiving party's counsel of record in this action (but not employees, officers, or affiliates of a party), as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     up to four experts or consultants to whom disclosure is reasonably necessary for this litigation, who have been specifically designated by the receiving party to receive HIGHLY CONFIDENTIAL – SOURCE CODE materials, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court, court personnel, and court reporters, provided that the court reporters have agreed to keep the material confidential under the terms of this Agreement;

(d)     at their depositions or on the witness stand, employees of the producing party who authored or are otherwise familiar with the HIGHLY CONFIDENTIAL – SOURCE CODE materials and/or who have been designated by the producing party to provide testimony about the HIGHLY CONFIDENTIAL – SOURCE CODE materials.

Notwithstanding the above, a receiving party may include excerpts of HIGHLY CONFIDENTIAL – SOURCE CODE material in pleadings, exhibits, expert reports, and discovery materials in accordance with the procedures set forth in Section 10.6 below.

In no event will contract attorneys be given access to HIGHLY CONFIDENTIAL – SOURCE CODE material.

6.5     Procedures for Approving or Objecting to Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" material:

(a)     Unless otherwise ordered by the court or agreed to in writing by the

designating party, a party that seeks to disclose to an expert or consultant any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to paragraph 6.3(b) or 6.4(b) first must make a written request to the designating party that (1) identifies what category of information, whether it is "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE," that the receiving party seeks permission to disclose to the expert or consultant, (2) sets forth the full name of the expert or consultant and the city and state of his or her primary residence, (3) attaches a copy of the expert or consultant's current resume, (4) identifies the expert or consultant's current employer(s), (5) to the extent non-confidential and not privileged, identifies each person or entity from whom the expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b)     A party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject protected material to the identified expert or consultant unless, within 7 days of delivering the request, the party receives a written objection from the designating party.  Any such objection must set forth in detail the grounds on which it is based.

(c)     A party that receives a timely written objection must meet and confer with the designating party to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the party seeking to make the disclosure to the expert or consultant may seek a conference with the Court pursuant to the Court's Order at Dkt. No. 19 and, if necessary, file a motion as provided in Local Civil Rule 7 seeking permission from the court. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the expert or consultant is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the designating party for its refusal to approve the disclosure.  In any such proceeding, the party opposing disclosure to the expert or consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the protected material to its expert or consultant.

(d)     This section does not apply to disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" material pursuant to paragraph 6.3(b) to jury consultants, mock trial consultants, or mock jurors.

6.6     <u>Filing Confidential Material</u>.  Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted.  When the filing party intends to file information designated as confidential by another party, at least 24 hours before the filing, the filing party shall reasonably identify the material to be filed, discussed, or referenced.  Within 24 hours of receipt of the identification, the designating party must confirm in writing that a motion to seal is warranted, provide a redacted copy of the material that can be filed without sealing, or remove the confidential designation.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.  It will be the responsibility of the designating party to file a response that satisfies the requirements of Local Civil Rule 5(g)(3)(B).

7.     <u>DESIGNATING PROTECTED MATERIAL</u>

7.1     <u>Exercise of Restraint and Care in Designating Material for Protection</u>.  Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material,

documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

7.2    Manner and Timing of Designations.    Except as otherwise provided in this agreement (see, e.g., second paragraph of paragraph 7.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (e.g., paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains confidential material.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has indicated which material it would like copied and produced.  During the inspection and before the designation, all the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or, for source code related materials, "HIGHLY CONFIDENTIAL – SOURCE CODE."  After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

thereof, qualify for protection under this Order.  Then, before producing the specified documents, the producing party must affix the appropriate designation in the manner described above.

(b)    Testimony given in deposition or in other pretrial proceedings: the parties and any participating non-parties may identify on the record, during the deposition or other pretrial proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  The parties shall treat each transcript containing testimony as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY until 15 days after receiving the final transcript.  Any party or non-party may, within fifteen days after receiving the final transcript of the deposition or other pretrial proceeding, designate the transcript, portions thereof, or exhibits thereto, as confidential.  If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the designation "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" as appropriate.  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

7.3    <u>Inadvertent Failures to Designate</u>.  Inadvertent or unintentional production of documents, information or material without a confidentiality designation shall not be deemed a waiver in whole or in part of a claim for confidential treatment.  Any party that produces material qualifying for confidential treatment under this order without designating it, may request destruction of that material by notifying the receiving party after the producing party becomes aware of the disclosure, and providing replacement material that is properly designated.  The receiving party shall then destroy all copies of the material that does not bear the correct designation.

8.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

8.1    <u>Timing of Challenges</u>.  Any party or non-party may challenge a designation of confidentiality at any time.  A party does not waive its right to challenge a confidentiality

designation by electing not to mount a challenge promptly after the original designation is disclosed.

8.2 <u>Meet and Confer</u>. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

8.3 <u>Judicial Intervention</u>. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

9. <u>PROSECUTION BAR</u>

Absent written consent from the producing party, any individual who receives access to HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY material or HIGHLY CONFIDENTIAL – SOURCE CODE material shall not be involved in the prosecution of patents or patent applications directed to interactive entertainment, virtual worlds, or game engines, including without limitation the patents asserted in this action and any patent or application claiming priority to or otherwise related to the patents asserted in this action, before any foreign or domestic agency, including the United States Patent and Trademark Office ("the Patent Office"). For purposes of this paragraph, "prosecution" includes drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims. To avoid any doubt, this paragraph does not preclude an individual from representing a party challenging or defending a patent before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte

reexamination or inter partes review or reexamination)—however, in the case where the individual is defending a patent before a domestic or foreign agency, while that individual may participate in the defense of the patent, that individual may not suggest, review, direct, or prepare any claim amendments. This Prosecution Bar shall begin when access to the Highly Confidential Attorneys' Eyes Only material or Highly Confidential Source Code material is first received by the affected individual and shall end two (2) years after the receiving individuals involvement with this action ends or two (2) years after final termination of this action, whichever comes first.

10.    SOURCE CODE

10.1    To the extent production of confidential source code becomes necessary in this case, a producing party may designate confidential source code as "HIGHLY CONFIDENTIAL – SOURCE CODE" in accordance with paragraph 4 above.

10.2    Access to a party's confidential source code shall be provided only to approved individuals pursuant to paragraph 6.4, on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) will be connected to a printer (printouts shall be made as specified in paragraph 10.7 below). The stand-alone computer(s) shall have an external mouse and an additional monitor both to be provided by or at the expense of the receiving party. The stand-alone computer(s) will be placed in a secured room at the corporate offices of the producing party, at the office of the producing party's outside counsel, or other location as agreed upon by the parties. The producing party shall make its best effort to make a breakout room available within a reasonable distance to the secured room where the receiving party may use the internet and personal electronic devices. No recordable media, recordable devices, computers, cell phones, or other electronic devices may be brought into the secured room. The person(s) conducting the confidential source code review for the receiving party shall be permitted to take notes relating to the confidential source code, but the notes may not include any verbatim copying of the confidential source code into the notes. In addition, all such notes will be taken on bound (spiral or other type of permanently bound) paper notebooks. The receiving party may not bring loose paper or other paper that can be used in a printer into the secure room. No copies of all or any

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

portion of the confidential source code may leave the room in which the confidential source code is inspected except as otherwise provided herein. The producing party shall also be entitled to have a person who is not an attorney visually monitor, from outside of the secured room, the receiving party's actions in the secured room to ensure compliance with the provisions of this agreement governing confidential source code, provided, however, that said person shall not be permitted to view, from outside the secured room, the screen of the stand-alone computer(s), shall not be permitted to view any work product generated by the receiving party's representative(s), and the producing party shall not install any keystroke or other monitoring software on the stand-alone computer(s).

10.3    The receiving party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:30 a.m. through 5:30 p.m. local time. However, upon reasonable notice from the receiving party, the producing party shall make reasonable efforts to accommodate the receiving party's request for access to the stand-alone computer(s) outside of normal business hours. The parties agree to cooperate in good faith such that maintaining the producing party's confidential source code at its corporate offices or other location agreed to by the parties shall not unreasonably hinder the receiving party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The parties likewise agree to cooperate in good faith to avoid the necessity to conduct inspections over weekends and holidays unless necessary, and shall meet and confer concerning any such requests.

10.4    The producing party shall provide the receiving party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced confidential source code on the stand-alone computer(s).

10.5    The producing party will produce confidential source code in computer searchable format on the stand-alone computer(s) as described above.

10.6    A receiving party may include excerpts of confidential source code in a pleading, exhibit, expert report, infringement contentions, discovery document, deposition transcript, other Court document, provided that such materials are appropriately marked under this Order, restricted

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

to those who are entitled to have access to them as specified in paragraph 6.4, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. To the extent portions of confidential source code are quoted or reproduced in a document pursuant to the above, confidential source code not cited or relied upon must be redacted and, either (1) the entire document will be stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted or reproduced confidential source code will be separately stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

10.7    The stand-alone computer(s) shall be equipped with a high-speed laser printer (with commercially reasonable printing speeds) to print copies of the confidential source code. The receiving party shall be permitted to print a reasonable number of pages of confidential source code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the confidential source code other than electronically as set forth in paragraph (a) in the first instance. Printouts shall be designated and clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE." Printouts shall be limited to 500 total pages of source code, with no contiguous block greater than 50 pages. The receiving party may request to print additional pages or longer contiguous blocks beyond the aforementioned limits and the parties will meet and confer in good faith regarding such a request. If an agreement cannot be reached, the burden shall be on the receiving party to demonstrate that such printed portions are no more than is reasonably necessary for a permitted purpose and not merely printed for the purposes of review and analysis elsewhere. Printed source code pages shall not be removed from the secured room by the receiving party, but shall instead be left in the secured room at the end of the review day. Within three (3) business days of the review day on which the pages were printed, the producing party shall either raise an objection in accordance with this paragraph or else Bates-stamp the printed pages, label them "HIGHLY CONFIDENTIAL – SOURCE CODE," and produce them. The receiving party's outside counsel may make no more than two (2) additional paper copies of any portions of the confidential source code, not including copies attached to court filings or used at depositions or attached to expert reports. The receiving party shall be permitted to print the folder structures, if

any, containing the confidential source code, including the filenames contained therein. Such printout of the folder structure shall be clearly labeled "HIGHLY CONFIDENTIAL – SOURCE CODE," and such printout shall not count against the aforementioned page limits.

10.8    The receiving party shall maintain a log of all paper copies of the confidential source code including the names of the custodian(s) or location(s) where the paper copies are stored when the paper copies are not in use. No more than a total of ten (10) individuals identified by the receiving party shall have access to the printed portions of confidential source code (except insofar as such code appears in any court filing or expert report). The receiving party shall provide a copy of this log to the producing party upon request.

10.9    No additional written or electronic copies of confidential source code beyond the additional copies provided in paragraph 10.7 shall be made without prior written consent of the producing party, except as provided in paragraphs 10.6 through 10.8 above and as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

10.10    Proper identification of all authorized persons shall be provided prior to any access to the secure room or the computer(s) containing confidential source code. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States or, by the government of the United States. Access to the secure room or the confidential source code computer(s) may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification until such proper identification is provided.

10.11    If the receiving party's outside counsel, consultants, experts, or any other authorized person obtain printouts or photocopies of confidential source code, the receiving party shall ensure that such outside counsel, consultants, experts, or person keeps the printouts or photocopies in a secured locked area in the offices of such outside counsel. The receiving party may also temporarily keep the printouts or photocopies in a secured location under lock and key at: (i) the Court for any proceedings(s) relating to the confidential source code, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the confidential

source code are taken, for the dates associated with the deposition(s); and (iii) any secure intermediate location reasonably necessary to transport the printouts or photocopies.

10.12   A producing party's confidential source code may only be transported by the receiving party at the direction of outside counsel, on paper via secure and reliable hand carry. Confidential source code may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet except as provided in paragraph 10.6 above and as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically.

10.13   The producing party shall install a reasonable number of non-redundant commercially available software tools of the receiving party's choice for viewing and searching confidential source code on the confidential source code computers at the requested date and time of inspection, provided, however, that such other software tools are in compliance with all of the terms, conditions, and protections herein.   Software tools may include, but are not limited to, Eclipse, Microsoft Visual Studio, Source-Navigator, PowerGrep, ExamDiff Pro, Understand, Notepad++, Windows GREP, dtSearch, Beyond Compare, Crimson Editor, or similar programs. In no event shall the receiving party use said software tools to compile the confidential source code or otherwise attempt to execute the confidential source code.   At least five (5) business days in advance of the inspection, the receiving party must provide the producing party with the software tool(s) either via a CD or DVD containing such software tool(s) or directions for downloading the software tool(s).   The receiving party is responsible for the cost of and for obtaining any necessary licenses for any such software tool(s).   The software tool(s) provided by the receiving party shall not be modified by the producing party prior to or after installation; and

10.14   The receiving party's outside counsel and retained experts or consultants otherwise allowed to view confidential source code shall be entitled to take notes relating to the confidential source code provided, however, that no one may copy confidential source code into said notes. No provision in this Protective Order gives the producing party the right to inspect or review any notes and/or other work product of the receiving party.   However, if the producing party has good cause to believe that the provisions of this Protective Order have been violated, then the producing

**Durie Tangri LLP**, 217 Leidesdorff Street,
San Francisco, CA, Tel: 415-362-6666

party may request that the Court conduct an in-camera review of said notes.

11.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," OR "HIGHLY CONFIDENTIAL – SOURCE CODE," that party must:

(a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement;

(c)     not produce the designating party's confidential material until either: (1) the designating party provides its consent in writing; (2) fourteen days has passed since the notification to the designating party without any response from the designating party; or (3) if the designating party objects and indicates that it intends to seek a protective order shielding the designated material from production, the request has been resolved against the designating party;

(d)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

12.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED
MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  The producing party must provide a privilege log for the clawed back material within five (5) days of giving notice to the receiving party of the inadvertent production and claim of privilege.  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

14.  MATERIAL PRODUCED BY THIRD PARTIES

Third parties who produce documents in this litigation, whether pursuant to subpoena or voluntarily, may designate documents in accordance with this Agreement, and documents so designated shall receive the full protection of this Agreement as if produced by one of the parties to this matter.

15.  NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof.  Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  March 15, 2022                                Respectfully submitted,

                                              By:    /s/ Jessica M. Andrade
                                                     Jessica M. Andrade (WSBA No. 39297)
                                                     **POLSINELLI PC**
                                                     1000 Second Avenue, Suite 3500
                                                     Seattle, WA  98104
                                                     Tel:  206-393-5400
                                                     Fax: 206-393-5401
                                                     Email: jessica.andrade@polsinelli.com

                                                     Mark Deming (*pro hac vice*)
                                                     **POLSINELLI PC**
                                                     150 N. Riverside Place, Suite 3000
                                                     Chicago, IL  60606
                                                     Tel:  312-819-1900
                                                     Fax: 312-819-1901
                                                     Email: mdeming@polsinelli.com

*Of Counsel:*                                        Enes Ovcina (*pro hac vice*)
                                                     **POLSINELLI PC**
Colby B. Springer (admitted *pro hac vice*)          1000 Louisiana Street, Suite 6400
Melenie Van (admitted *pro hac vice*)                Houston, TX  77002
**POLSINELLI LLP**                                   Tel:  713-374-1600
Three Embarcadero Center, Suite 2400                 Fax: 713-374-1601
San Francisco, CA  94111                             Email: eovcina@polsinelli.com
Tel:  415-248-2100
Fax: 415-248-2101                                    Attorneys for Plaintiff
Email: cspringer@polsinelli.com                      UTHERVERSE GAMING LLC
Email: mvan@polsinelli.com

Dated: March 15, 2022

By: */s/ Matthaeus Martino-Weinhardt*

Matthaeus Martino-Weinhardt (*pro hac vice*)
mweinhardt@durietangri.com

Mark A. Lemley (*pro hac vice*)
mlemley@durietangri.com
Eugene Novikov (*pro hac vice*)
enovikov@durietangri.com
Timothy C. Saulsbury (*pro hac vice*)
tsaulsbury@durietangri.com
Bethany D. Bengfort (*pro hac vice*)
bbengfort@durietangri.com
Nari E.C. Ely (*pro hac vice*)
nely@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorneys for Defendant
EPIC GAMES, INC.

Dated: March 15, 2022

By: */s/ Antoine M. McNamara*

Antoine M. McNamara (WSBA No. 41701)
Christina J. McCullough (WSBA No. 47147)
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000
Email: AMcNamara@perkinscoie.com
Email: CMcCullough@perkinscoie.com

Attorneys for Defendant
EPIC GAMES, INC.

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

DATED: _____March 21, 2022_____

Theresa L. Fricke
United States Magistrate Judge

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on _____ in the case of *Utherverse Gaming, LLC v. Epic Games Inc.*, Case No. 2:21-cv-00799-RSM-TLF. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____