1

THE HONORABLE RICARDO S. MARTINEZ

2

THE HONORABLE THERESA L. FRICKE

3

4

5

6

7

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE WESTERN DISTRICT OF WASHINGTON

10

AT SEATTLE

11 | UTHERVERSE GAMING LLC, | Case No. 2:21-cv-00799-RSM-TLF

12 | Plaintiff, | **UTHERVERSE GAMING LLC'S MOTION TO COMPEL AMAZON WEB SERVICES, INC.'S COMPLIANCE WITH SUBPOENA**

13 | v.

14 | EPIC GAMES, INC.,

15 | Defendant. | **NOTE ON MOTION CALENDAR: DECEMBER 2, 2022**

16 | | **ORAL ARGUMENT REQUESTED**

17

18

19

20

21

22

23

24

25

26



MOTION TO COMPEL DISCOVERY
CASE NO. 2:21-CV-00799-RSM-TLF

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

## I.    INTRODUCTION

Pursuant to Federal Rules of Civil Procedure 26 and Local Civil Rule 37, Plaintiff Utherverse Gaming LLC ("Plaintiff" or "Utherverse Gaming") moves for an Order compelling third-party Amazon Web Services, Inc. ("AWS") to produce non-privileged documents and things responsive and a witness pursuant to Utherverse Gaming's Subpoena to Testify and Produce Documents (the "Subpoena") (**Exhibit A**).  AWS has been directly implicated by Defendant Epic Games, Inc. ("Defendant" or "Epic Games") as being one or more of the true infringing entity, performing a substantial number of the infringing steps, and/or otherwise providing the infringing instrumentality.  Epic Games makes this implication through its non-infringement contentions as required under the local rules.  Utherverse Gaming should be allowed discovery of AWS to verify or otherwise disprove the contentions of Defendant Epic Games.  The discovery requested of third-party AWS is even more paramount given Defendants Epic Games' refusal to provide the necessary production of documents and information to substantiate its claim.  The Court has already ordered (relative another motion, *see* ECF 119) that production of certain information be made from third-parties such as AWS.

## II.    LOCAL RULE 37 CERTIFICATION

Pursuant to Federal Rule of Civil Procedure 37(a)(1) and Local Civil Rule 37(a)(1), counsel for Utherverse Gaming engaged in conferrals with counsel for AWS discussing the topics of document requests and deposition testimony contained in the Subpoena.  These efforts included:

- AWS' objections sent on June 9. **Exhibit B**.
- Meet and confer on June 21. **Exhibit C**.
- AWS' email sent on June 21. *Id.*
- Utherverse Gaming's letter sent on July 1. **Exhibit D**.
- Utherverse Gaming's email sent on July 11. **Exhibit C**.
- Meet and confer on July 25. **Exhibit E**.
- Utherverse Gaming's email sent on July 25. *Id.*

MOTION TO COMPEL DISCOVERY - 1
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

- AWS' email sent on August 1. **Exhibit F**.

- Utherverse Gaming's letter sent on August 3. **Exhibit G**.

- Utherverse Gaming's letter sent on September 23. **Exhibit H**.

- Utherverse Gaming's email sent on October 3. **Exhibit I**

- AWS' email sent on October 7 along with AWS' production of redacted AWS agreements. *Id*.

- Utherverse Gaming's email sent on October 12 and 19. *Id*.

- AWS' email sent on October 26. Id.

- Utherverse Gaming's email sent on October 31. *Id*.

Counsel was not able to resolve this discovery dispute. Utherverse Gaming now respectfully requests the assistance of this Court.

## III.    FACTUAL BACKGROUND

This patent infringement lawsuit alleges Epic Games' infringement of United States patent numbers 8,276,071 (the "'071 Patent"); 8,812,954 (the "'954 Patent"); 9,123,157 (the "'157 Patent"); and 9,724,605 (the "'605 Patent").[1]  *See, e.g.*, ECF 1 at ¶¶ 5-7.  The Asserted Patents relate to technologies used by Epic Games to conduct virtual concerts and events within the Fortnite platform.  *See, e.g.*, *id.* at ¶¶ 67-86.  These concert events attract tens of millions of users and involve significant technical and financial investment.  *Id.* at ¶¶ 55-66.  These events include but are not limited to the February 2019 Marshmello concert, December 2019 Star Wars Event, April 2020 Travis Scott concert, and August 2021 Ariana Grande Concert ("Multi-Instance Events").  *Id.*; *see also* **Exhibit A**.

On December 21, 2021, Epic Games served its non-infringement contentions and accompanying charts.  Epic Games thrice amended its non-infringement contentions and accompanying charts on May 9, June 15, and September 2, 2022.  Epic Games denies that it

---

[1] The '071, '954, and '157 Patents are collectively referred to as the "Multi-instance, Multi-user Animation Platform ("MMAP") Patents; the MMAP Patents and the '605 Patent are collectively referred to as the "Asserted Patents."

1   performs various steps of the Asserted Patents to the extent that AWS as separate identity performs

2   those steps.  **Exhibit K** at Exhibits A-N.  Epic Games further states that instances of the Multi-

3   Instance Events were generated using AWS cloud computing networking architecture and software

4   and that the assigning of avatars to instances occurred solely on the AWS backend.  *Id*.  As

5   discovery is well under way in the underlying litigation, Utherverse Gaming has diligently sought

6   information relevant to the litigation so that it can efficiently prosecute its case.  As one of Epic

7   Games' partners that provides the computing networking architecture and software behind the

8   Accused Events, AWS' statements and knowledge are relevant to the disputed issues in the

9   underlying litigation.

10       On May 27, 2022, Utherverse Gaming served its Subpoena to Testify and Produce

11  Documents on AWS. **Exhibit J**.  On June 9, 2022, AWS sent Utherverse Gaming objections to

12  the Subpoena. **Exhibit B**.  On June 21, 2022, Utherverse Gaming and AWS had a meet and confer

13  to discuss AWS' objections.  **Exhibit C**.  On July 1, 2022, Utherverse Gaming sent a letter to AWS

14  containing public information on how Epic Games partners with AWS to host Epic Games'

15  products, including the Multi-Instance Events.  **Exhibit D**.  On July 11, 2022, Utherverse Gaming

16  sent AWS Epic Games' Second-Amended Non-Infringement Charts after Epic Games had

17  redacted the charts so that the charts may be viewed by AWS outside counsel.  **Exhibit C**. On July

18  25, 2022, Utherverse Gaming and AWS had a further meet and confer wherein Utherverse Gaming

19  offered to work with AWS to narrow the scope of the Subpoena requests and/or target specific

20  AWS custodians and develop search terms that would produce responsive documents and

21  communications.    **Exhibit E**.  AWS maintained its objections and requested the contact

22  information for Epic Games' counsel to try and better understand the context of Utherverse

23  Gaming's Request.  *See id.* After having had the opportunity to speak to Epic Games' counsel, on

24  August 1, 2022, AWS reiterated the reservations it had to each of Utherverse Gaming's nine

25  subpoena requests and demanded Utherverse Gaming identify what it has specifically requested

26  from Epic Games and when.  **Exhibit F**.  On August 3, 2022, Utherverse Gaming sent AWS a

MOTION TO COMPEL DISCOVERY - 3
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400

letter addressing AWS' reservations regarding each subpoena requests. **Exhibit G**. Utherverse Gaming also sent AWS a copy of Epic Games' Responses and Objections to Utherverse Gaming's First Set of RFPs and identified the exact RFPs relevant to the Subpoena. *Id*.

Additionally, Utherverse Gaming sent a letter to Epic Games addressing deficiencies in Epic Games' non-infringement theory and failure to produce responsive documents related to AWS despite Utherverse Gaming's prior RFPs and in light of the public information on the relationship of Epic Games and AWS related to the Multi-Instance Events. *See* **Exhibit L**. To obviate any further delays on production of any responsive documents related to AWS, Utherverse Gaming served Epic Games with a third set of RFPs directed specifically at documents related to AWS. *See id*. After Utherverse Gaming and Epic Games further engaged in the discovery process, the Court indicated that since Utherverse Gaming has already initiated the process of issuing subpoenas to Epic Games' third-party partners, it would be unduly cumulative and duplicative to compel Epic Games to produce the same documents that Utherverse Gaming would be able to discover through other sources. ECF 119 (September 19, 2022 Order) at 9:14-10:22. Therefore, AWS is the sole source for such communications responsive to this request regardless of whether such communications are also within Epic Games' possession, custody, or control. In light of the Court's September 19, 2022 Order, Utherverse Gaming sent AWS a letter on September 23, 2022 for those outstanding items requested in its Subpoena. **Exhibit H**.

Utherverse Gaming followed up on October 3. **Exhibit I**. AWS responded on October 7 and provided redacted AWS agreements and indicated these agreements were designated "Highly Confidential – Attorneys' Eyes Only." *Id*. On October 12 and after a review of the agreements, Utherverse Gaming requested unredacted versions of the agreements as it appeared pricing information and other relevant information was redacted. *Id*. Utherverse Gaming ensured that the documents would be protected by the Protective Order in this case. ECF 67. After hearing no response, Utherverse Gaming sent a follow up on October 19. Counsel for AWS did not respond until October 26; only to state that they will discuss with Amazon. *Id*. Yet, having received no

1    further correspondence, Utherverse Gaming sent another follow up on October 31.

2          AWS has not provided a response. AWS has not indicated its willingness to cooperate with

3    Utherverse Gaming regarding the search, collection, and production of non-privileged, responsive

4    documents despite Utherverse Gaming's multiple offers to work together.  Utherverse Gaming

5    should be allowed the discoverable information given Epic Games' representations and the prior

6    September 19, 2022 Order of the Court.  AWS should be ordered to produce the relevant, non-

7    privileged documents that Utherverse Gaming has requested through its Subpoena.

8    **IV.    LEGAL STANDARD**

9          "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any

10    party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

11    "[T]he importance of the discovery in resolving the issues, and whether the burden or expense of

12    the proposed discovery outweighs its likely benefit" is taken into consideration.  *Id.*  District courts

13    "have broad discretion to manage discovery and to control the course of litigation under Federal

14    Rule of Civil Procedure 16."  *Hunt v. Cnty. of Orange*, 672 F.3d 606, 616 (9th Cir. 2012); *LHF*

15    *Prods., Inc. v. Farwell*, No. C16-1017RSM, 2016 WL 6948394, at *1 (W.D. Wash. Nov. 28,

16    2016).  Rule 45(a)(1)(A)(iii) provides that a subpoena may be issued commanding a person to

17    "testify; produce designated documents, electronically stored information, or tangible things in

18    that person's possession, custody or control; or permit the inspection of premises."  Rule 34(c)

19    provides that "a nonparty may be compelled to produce documents and tangible things or to permit

20    an inspection" while Rule 30(a) states that "[a] party may, by oral questions, depose any person,

21    including a party, without leave of court."

22          "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to

23    disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4).  "A party seeking discovery may move for

24    an order compelling an answer, . . . production, or inspection." Fed. R. Civ. P. 37(a)(3)(B)(iii),

25    (iv).  "Once the party seeking discovery has established the request meets this relevancy

26    requirement, the party opposing discovery has the burden of showing that the discovery should be

1  prohibited, and the burden of clarifying, explaining or supporting its objections." *Leyva v. Allstate*

2  *Fire & Cas. Ins. Co.*, 2:21-CV-987-RSM-DWC, 2022 WL 2046220, at *1 (W.D. Wash. June 7,

3  2022) (citations and internal quotation marks omitted). "[T]he party resisting discovery [] carries

4  a 'heavy burden of showing' why a request for discovery should be denied." *Whitman v. State*

5  *Farm Life Ins. Co.*, 3:19-CV-06025-BJR, 2020 WL 5526684, at *2 (W.D. Wash. Sept. 15, 2020)

6  (quoting *Blankenship v. Hearst*, 519 F.2d 418, 429 (9th Cir. 1975)).  Pursuant to Rule 26, the Court

7  will limit the extent of discovery if it determines that the discovery sought is unreasonably

8  duplicative, can be obtained from some other more convenient source, or if the burden of the

9  proposed discovery outweighs its likely benefit.  *Cen Com Inc. v. Numerex Corp*., No. C17-0560

10  RSM, 2018 WL 1737943, at *2 (W.D. Wash. Apr. 11, 2018) (citing Fed. R. Civ. P. 26(b)(2)(C)).

11  **V.    ARGUMENT**

12  **A.    Utherverse Gaming's Requests for Production are Proper**

13       Utherverse Gaming's discovery requests are narrowly tailored to the issues of this case.

14  Utherverse Gaming's requests for production seek:

15       **REQUEST FOR PRODUCTION NO. 1**: All agreements related to all Multi-Instance
16       Events conducted by You with Defendant, and any communications exchanged between
         the parties relating to such agreements, including but not limited to the negotiation of
17       such agreements, the exchange of drafts of such agreements, and the money or other
         compensation (monetary, in kind, or otherwise) received by You as a direct or indirect
18       result of such agreements.

19       **REQUEST FOR PRODUCTION NO. 2**: Documents related to the conception,
         creation, design, development, and/or execution of all Multi-Instance Events conducted
20       by You with Defendant.

21       **REQUEST FOR PRODUCTION NO. 3**: Documents sufficient to identify Your role in
         the conception, creation, design, development, and/or execution of all Multi-Instance
22       Events conducted by You with Defendant.

23       **REQUEST FOR PRODUCTION NO. 4**: Documents sufficient to identify the technical
24       infrastructure, tools, and/or services provided and/or utilized by You involved in all
         Multi-Instance Events conducted by You with Defendant.

25       **REQUEST FOR PRODUCTION NO. 5**: Documents sufficient to show the
26       organization of the technical infrastructure, tools, and/or services provided and/or utilized

by You involved in all Multi-Instance Events conducted by You with Defendant, including but not limited to the relation of the technical infrastructure, tools, and/or services to each other.

**REQUEST FOR PRODUCTION NO. 6**: Documents sufficient to identify the technical infrastructure, tools, and/or services provided and/or utilized by any third party involved in all Multi-Instance Events conducted by You with Defendant.

**REQUEST FOR PRODUCTION NO. 7**: Documents sufficient to show the number of unique participants in each of the Multi-Instance Events conducted by You with Defendant.

**REQUEST FOR PRODUCTION NO. 8**: All device usage logs, access logs, error logs, web server logs, or any other documents that record information regarding all Multi-Instance Events conducted by You with Defendant, including records of session times and durations, lengths of service, and types of services utilized.

**REQUEST FOR PRODUCTION NO. 9**: All communications or correspondence between You and any third party regarding any and all of the Multi-Instance Events conducted by You with Defendant.

Utherverse Gaming's deposition topics are:

1.  The terms of Your agreement with Defendant related to the Multi-Instance Events conducted by You with Defendant.

2.  The decision to conduct the Multi-Instance Events with Defendant.

3.  Your role in the conception, creation, design, development, and/or execution of the Multi-Instance Events conducted by You with Defendant.

4.  The technical infrastructure, tools, and/or services provided and/or utilized by You involved in the Multi-Instance Events conducted by You with Defendant.

5.  The benefits received by You as a direct or indirect result of conducting the Multi-Instance Events with Defendant.

6.  Participation of users in the Multi-Instance Events conducted by You with Defendant.

These tailored requests are directly relevant to the claims and defenses at issue in this case. The requested document production and witness testimony are necessary for Utherverse Gaming to prepare expert reports. AWS must immediately produce the same.

POLSINELLI

MOTION TO COMPEL DISCOVERY - 7
CASE NO. 2:21-CV-00799-RSM-TLF

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

**B.        AWS' Objections are Unfounded**

AWS' main objections to the Subpoena can be summarized in three points: (1) lack of adequate showing of relevance of the information being sought as to any issue in the litigation involving the parties, or any showing that the request is proportional to the needs of the case; (2) failure to reduce the burden on AWS as a non-party regarding documents and information detailing the relationship between AWS and Epic Games because it should be readily available from Epic Games; and (3) information that is internal to AWS' technical infrastructure or architecture is confidential and highly proprietary. These are addressed accordingly below.

**1.        Information Being Sought From AWS Is Highly Relevant To This Case**

AWS objected to the Subpoena on the basis that the Subpoena seeks information that is not relevant to any issue in this litigation involving the parties or that the Subpoena's requests are not proportional to the needs of this case. **Exhibit B** at 3:15-18. Counsel for AWS further stated that it is unclear how information and practices wholly internal to nonparty AWS are relevant to the claims or defenses in this lawsuit. **Exhibit C**. On the contrary, the information being sought is highly relevant to this litigation because Epic Games has specifically identified AWS as a separate entity performing various steps of the Asserted Patents related to "computer" and "computer memory." **Exhibit K** at Exhibits A-N. Epic Games stated that instances of the Multi-Instance Events were generated using AWS cloud computing networking architecture and software and that the assigning of avatars to instances occurred solely on the AWS backend. *Id*. Based on AWS' own press releases, AWS has admitted the following:

- "Epic Games leverages innovation on AWS to deliver its wildly successful Fortnite online game to more than 250 million players worldwide while driving 100 times the growth in just 12 months." **Exhibit M** (https://pages.awscloud.com/fortnite-case-study.html).

- "AWS technology and services enable everything from the worldwide game-server fleet, backend services, and databases to a real-time analytics pipeline and processing systems that support millions of concurrent players." *Id*.

1

- "Epic Games recently ran an event on AWS where the company invited all Fortnite players to join the game and watch a *one-time global event that lasted for only several minutes*. The event generated a rush of players into the game that was unprecedented for Epic Games, and the capacity that AWS provided enabled the company to run that event without any serious problems, ensuring game servers were available to all who wanted to participate. In addition, ***Epic Games is using AWS analytics services such as Amazon Kinesis Streams and Amazon Elastic MapReduce (Amazon EMR)*** to ingest and analyze the billions of events generated by the game and social media interaction so that the company can assess design decisions, identify player sentiment, and adjust key elements of the game. ***Epic Games will also be able to simplify the management of its infrastructure during peak times using Amazon Elastic Container Services for Kubernetes (Amazon EKS), and is looking to leverage the Amazon ML Solutions Lab to incorporate machine learning into its games.***" **Exhibit N** (https://press.aboutamazon.com/news-releases/news-release-details/epic-games-goes-all-aws) (emphasis added).

- "Epic Games….Building on Amazon Web Services (AWS) and ***using services such as Amazon Elastic Compute Cloud (Amazon EC2)***, the company delivers cutting-edge entertainment experiences that delight ***millions of concurrent players all over the world***. On AWS, Epic Games automatically scales compute capacity to meet constant fluctuations in player demand, supporting up to 30 times load during peak times while reducing operational costs using Savings Plans." **Exhibit O** (https://aws.amazon.com/solutions/case-studies/epic-games/) (emphasis added).

Not only did AWS admit that it helps to deliver Epic Games' videogame *Fortnite* to players, but AWS also admitted that it was engaged in those one-time global events that generated millions of player attendance – such events like the Multi-Instance Events. Furthermore, during the AWS re:Invent conference in 2018, Chris Dyl, Director of Platform at Epic Games, discussed Epic Games' use of the following AWS cloud platforms, services, and analytics: Amazon Virtual Private Cloud (VPC), Amazon Elastic Container Service (ECS), Amazon SHS, Amazon Aurora, Amazon Simple Queue Service (SQS), Amazon Elastic Load Balancing (ELB), AWS Device Farm, Amazon GuardDuty, AWS Key Management Service (KMS), Amazon Simple Storage Service (S3), Amazon Athena, Amazon Elastic MapReduce (EMR), Amazon Kinesis, Amazon EMR, and Amazon DynamoDB. *See* https://aws.amazon.com/solutions/case-studies/EPICGames/.

**POLSINELLI**

MOTION TO COMPEL DISCOVERY - 9
CASE NO. 2:21-CV-00799-RSM-TLF

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1    Given Epic Games' contention suggesting that AWS performs various elements of the

2    Asserted Patents and AWS' own public admissions that Epic Games uses AWS to host *Fortnite*

3    and the Multi-Instance Events, AWS' objection that the sought-after information and documents

4    are irrelevant is overtly weak.  Utherverse Gaming's Subpoena requests are narrowly tailored to

5    target AWS ***and*** the Multi-Instance Events conducted with Epic Games.  Agreements; conception;

6    creation; design; development; execution; technical infrastructure tools, and services; user

7    participation; and communication related to the Multi-Instance Events are plainly relevant to the

8    patent infringement claims of this case.  The Court should grant Utherverse Gaming's Motion to

9    Compel.

10          **2.      The Benefit of Discovery Outweighs The Burden On AWS, As A Non-Party**

11          AWS objected to the Subpoena on the basis that Utherverse Gaming failed to take

12    reasonable efforts to reduce the burden and expense on nonparty Amazon. **Exhibit B** at 2:1-3:10.

13    AWS further states that certain information sought is in the possession, custody, or control of the

14    parties to the litigation, or from publicly available sources.  *Id.*  However, during the July 21 meet

15    and confer, besides AWS' argument that agreements detailing the relationship between AWS and

16    Epic Games would be readily available from Epic Games, AWS failed to address how all the other

17    requested documents would be readily available from Epic Games. **Exhibit C**.  Both Epic Games

18    and AWS has publicly admitted that *Fortnite* and the Multi-Instance Events are supported by AWS

19    platforms and services.  *See supra* section V(A).  Those AWS platforms and services utilized by

20    Epic Games to conduct the Multi-Instance Events are solely operated by AWS.  Epic Games would

21    not possess those internal and/or third-party documents, information, and communication

22    regarding how the different AWS platforms and services are operated and utilized within AWS to

23    conduct the Multi-Instance Events that Epic Games. In light of the Court's September 19, 2022

24    Order stating that since Utherverse Gaming has already initiated the process of issuing subpoenas

25    to Epic Games' third-party partners, it would be unduly cumulative and duplicative to compel Epic

26    Games to produce the same documents that Utherverse Gaming would be able to discover through

1   the third-party sources. Therefore, the Court should not find that the document and information

2   sought by the Subpoena to be unreasonably duplicative and/or can be obtained from a more

3   convenient source.

4           3.      **AWS' Confidential and Highly Proprietary Information Would Be**
                    **Protected By The Protective Order Entered Into This Case**
5

6           AWS objected to the Subpoena on the basis that the Subpoena is an improper request for

7   confidential, proprietary or trade secret information and further stated that AWS will strongly resist

8   production of information that is wholly internal to AWS' technical infrastructure or architecture

9   on the same basis. **Exhibits B, C**.  However, AWS' concern can easily be cured.  On March 21,

10  2022, the Court granted Utherverse Gaming and Epic Games' stipulated Protective Order.  ECF

11  67.   Utherverse Gaming had attached the Protective Order to its Subpoena to AWS.  **Exhibit A** at

12  Attachment C.  Courts have previously denied motions to quash subpoenas on the grounds that the

13  information being sought would reveal confidential information.  *See Stein v. I 5 Exteriors Inc.*,

14  No. 3:21-CV-5093-DWC, 2021 WL 4902518, at *4 (W.D. Wash. Sept. 15, 2021); *McEnroe v.*

15  *Microsoft Corp.*, No. CV-09-5053-LRS, 2010 WL 11618341, at *3 (E.D. Wash. Oct. 22, 2010).

16  Any information responsive to the subpoena deemed to be confidential can easily be safeguarded

17  by a protective order in a case.  *Stein*, 2021 WL 4902518, at *4.  The producing party can mark

18  the subject documents "confidential" under the protective order.  *McEnroe*, 2010 WL 11618341,

19  at *3.  Similarly, the Court here should also deny AWS' objections in withholding documents on

20  the basis that the information contains confidential, proprietary or trade secret information as the

21  information could be easily guarded by the Protective Order.

22  **VI.     CONCLUSION**

23          For the foregoing reasons, Utherverse Gaming requests that the Court grant its Motion to

24  Compel production of AWS' non-privileged, responsive documents and things and a witness

25  pursuant to Utherverse Gaming's Subpoena.

26

MOTION TO COMPEL DISCOVERY - 11
CASE NO. 2:21-CV-00799-RSM-TLF

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

1     DATED this 7th day of November, 2022          Respectfully submitted,

2

3                                                       */s/ Jessica M. Andrade*
                                               By:    Jessica M. Andrade (WSBA No. 39297)
4                                                     **POLSINELLI PC**
                                                      1000 Second Avenue, Suite 3500
5                                                     Seattle, WA  98104
                                                      Tel:  206-393-5400
6                                                     Fax:  206-393-5401
                                                      Email:  jessica.andrade@polsinelli.com
7
                                                      *Of Counsel*:
8
                                               By:    <u>Colby B. Springer</u>
9                                                     Colby B. Springer (admitted *pro hac vice*)
                                                      **POLSINELLI LLP**
10                                                    Three Embarcadero Center, Suite 2400
                                                      San Francisco, CA  94111
11                                                    Tel:  415-248-2100
                                                      Fax: 415-248-2101
12                                                    Email:  cspringer@polsinelli.com

13                                             By:    <u>Mark T. Deming</u>
                                                      Mark T. Deming (admitted *pro hac vice*)
14                                                    **POLSINELLI PC**
                                                      150 N. Riverside Place, Suite 3000
15                                                    Chicago, IL  60606
                                                      Tel:  312-819-1900
16                                                    Fax: 312-819-1901
                                                      Email:  mdeming@polsinelli.com
17
                                               By:    <u>Melenie Van</u>
18                                                    Melenie Van (admitted *pro hac vice*)
                                                      **POLSINELLI LLP**
19                                                    2049 Century Park East, Suite 2900
                                                      Los Angeles, CA 90067
20                                                    Tel:     (310) 229-1355
                                                      Fax:    (415) 276-8959
21                                                    Email:  mvan@polsinelli.com

22                                                    Attorneys for Plaintiff
                                                      UTHERVERSE GAMING LLC
23

24

25

26



MOTION TO COMPEL DISCOVERY - 12                              1000 SECOND AVENUE, SUITE 3500
CASE NO. 2:21-CV-00799-RSM-TLF                          SEATTLE, WA  98104 • Tel: 206-393-5400

1

## **CERTIFICATE OF SERVICE**

2

3          I hereby certify that on November 7, 2022 the within document was filed with the Clerk

4     of the Court using CM/ECF which will send notification of such filing to the attorneys of record

     in this case.

5
                                                        */s/ Jessica M. Andrade*
6                                              Jessica M. Andrade (WSBA No. 39297)

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26