UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC, | Case No. C21-799-RSM-TLF |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| EPIC GAMES INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Utherverse Gaming LLC ("Utherverse")'s Motion for Reconsideration. Dkt. #137. The Court requested and has reviewed a response brief from Defendant Epic Games Inc. ("Epic"). Dkt. #145.

On October 20, 2022, the Court issued its Claims Construction Order. Dkt. #133. Only two of the many terms to be construed are now at issue. The Court adopted Epic's construction of the "avatar" term: a computer-generated figure in a virtual environment that represents and is operated by a human player. For the term "multi-dimensional avatar," the Court adopted a construction found in the specifications of several patents: "an avatar 'that has a multi-instance presence in more than one dimension.'" Dkt. #133 at 12.

Utherverse now argues the Court's construction reflects manifest error because it "incorrectly imports limitations from the specification into the claims" and "impermissibly

ORDER DENYING MOTION FOR RECONSIDERATION - 1

reads specific embodiments into the claims when the claim language is broader than such embodiments." Dkt. #137 at 5.

"Motions for reconsideration are disfavored." LCR 7(h)(1). "The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." *Id*. "The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling." LCR 7(h)(2).

The Court agrees with Epic's characterization of the instant Motion: Utherverse fails to identify any material fact or controlling law that the Court "overlooked or misapprehended" that would have led to a "manifest error," and instead improperly asks the Court to rethink what it has already thought through—rightly or wrongly. *See* Dkt. #145 at 4.

As to "multi-dimensional avatar," Utherverse argues that "[w]hat the Court erroneously referred to as an 'exact definition [in the specification]' is nothing more than a singular 'example[]' of an avatar that 'has a multi-instance presence in more than one dimension.'" *Id*. at 6 (citing, *inter alia*, Aug. 16, 2022, Hearing Transcript at 52:19-20). Utherverse cites the Court's words "exact definition" at the Markman Hearing, but the Court's written Order states that this construction is found "in a clear reference" or a "clear description," not a definition. Dkt. #133 at 12. In any event, the Court is relying on language in the specification. Utherverse instead asks the Court to focus on surrounding language in the claims, an argument that has been heard previously. The Court agrees with Epic that the above "clear reference" relied on by the Court is "the only portion of the specification that plausibly describes the term." Dkt.

ORDER DENYING MOTION FOR RECONSIDERATION - 2

#145 at 5.  Further, Epic is correct that "Utherverse's preferred reading of this claim language (that a multi-dimensional avatar is 'capable of existing in more than one dimension') would read out the term 'multi-dimensional' entirely."  *Id*. (citing Dkt. #76 at 12).  Utherverse has failed to demonstrate manifest error and the Court declines to otherwise revisit its construction of this term.

Regarding the term "avatar," Utherverse repeats previous arguments and states that "the Court's construction requiring representation and operation by a human player fails to 'read the claims in view of the full specification.'"  Dkt. #137 at 8 (citing *SanDisk Corp. v. Memorex Products, Inc.*, 415 F.3d 1278, 1285 (Fed. Cir. 2005)).  But the Court's Order explicitly relied on language in the specification and claims which describe avatars as operated by human players and distinguish, even in the same sentence, between an "automated entity or person" and "avatars operated by other players."  Dkt. #133 at 10.  The Court adequately responded to the references to "robot avatar" and "bot avatar" with the stpatement "[t]he adjective 'robot' in the patents does not water down the definition of avatar to the point of including non-player characters, it merely reads as an oxymoron reasonably interpreted by one skilled in the art as a non-player character rather than an avatar." *Id*. at 11.  Robot and bot are synonymous.  The Court also found that "Utherverse's construction is inconsistent with how an ordinary artisan would understand the term 'avatar,' a ubiquitous term used in gaming for decades."  *Id*.  Utherverse fails to demonstrate that any of this constitutes manifest error or that the Court must adopt its preferred construction.  Utherverse seeks to have the Court revisit its prior rulings in favor of its analysis.  The Court finds no error in its prior rulings.

ORDER DENYING MOTION FOR RECONSIDERATION - 3

Accordingly, having considered Utherverse's Motion, Epic's Response, and the remainder of the record, the Court hereby finds and ORDERS that the Motion for Reconsideration, Dkt. #137, is DENIED.

DATED this 15th day of November, 2022.

*[signature]*

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE