The Honorable Ricardo S. Martinez
The Honorable Theresa L. Fricke

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UTHERVERSE GAMING LLC,

                    Plaintiff,

        v.

EPIC GAMES, INC.,

                    Defendant.

Case No. 2:21-cv-00799-RSM-TLF

**AMAZON WEB SERVICES, INC.'S OPPOSITION TO UTHERVERSE GAMING LLC'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA**

AWS' OPPOSITION TO UTHERVERSE'S MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

## I.    INTRODUCTION

The Court should deny Utherverse's motion to compel ("Motion") because the parties have no active dispute. *After filing its Motion* Utherverse finally articulated narrowed, specific requests to AWS. The parties have since been working together to refine those requests while AWS searches for and produces responsive documents. Utherverse's Motion, however, remains based on the wholly incorrect contention that the parties are at an impasse preventing AWS from conducting a search. AWS raised this discrepancy with Utherverse and has repeatedly asked Utherverse to withdraw its Motion to correct the record. Utherverse has refused, despite raising no objection to the scope of AWS's search efforts. AWS therefore files this response to a stale and mooted motion, essentially updating the Court on AWS' ongoing investigation and production. Given the lack of any remaining discovery dispute Utherverse's Motion should be denied as moot.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Utherverse's Subpoena and Meet and Confers.

On May 27, 2022, in an apparent effort to support its patent infringement claims against Epic Games, Inc. ("Defendant" or "Epic"), Utherverse issued an exceptionally broad and vague subpoena (the "Subpoena") to Amazon Web Services, Inc. ("AWS") seeking to obtain information regarding "Multi-Instance Events conducted by [AWS] with [Epic]." On June 9, 2022, AWS timely served objections. *See* Declaration of Ben Byer ("Byer Decl.") ¶ 2, Ex. A. Utherverse and AWS subsequently met and conferred by phone, electronic mail, and letter. *See generally, id.* ¶ 3-4, Ex. B-C. Given the indiscriminate nature of Utherverse's Subpoena requests, AWS reasonably requested that Utherverse first pursue party discovery with Epic rather than seeking voluminous discovery from nonparty AWS. *See id.* ¶ 3-4, Ex. B-C. AWS also provided its legal authority for same. *See id.* In addition, AWS directed Utherverse to a plethora of information published by AWS that explains in detail the technical aspects of EC2

AWS' OPPOSITION TO UTHERVERSE'S  MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF - 1

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

instancing, and repeatedly urged Utherverse to identify what—if any—additional information it sought from AWS.  *See id.* ¶ 3-5, Ex. B-D.[1]

**B.      Utherverse's Motion to Compel and Subsequent Narrowed Requests**

Utherverse did not meaningfully respond to AWS' requests and made only superficial efforts to identify what, if any, information it sought that was unavailable from Epic or publicly available sources, such as AWS's website.  Instead, Utherverse filed the instant Motion taking the same stance that puzzled AWS for months.  *See* ECF No. 141.   Utherverse's Motion simply repeats each request from its Subpoena and ordains them "proper" and "tailored."  *See id.* at p. 6-7.  It then cites to a litany of news articles apparently verifying the relationship between AWS and Epic – an issue AWS has never disputed.  *See id.* at p. 8-10.  Yet the Motion does *not* identify the actual information the Subpoena seeks from AWS that Utherverse cannot obtain from Epic or publicly available sources.

Nevertheless, AWS met and conferred with Utherverse in an attempt to resolve the Motion.  *See* Byer Decl. ¶ 5, Ex. D.  Finally, in a letter dated November 21, 2022, Utherverse clearly articulated narrowed, specific requests to AWS – three days prior to Thanksgiving.  *See id.* ¶ 6, Ex. E (hereafter, the "Thanksgiving Discovery Letter").

**C.      Current Status of Discovery**

AWS has worked cooperatively with Utherverse to craft a search for responsive information.  *See generally id.* ¶ 5-8, Ex. D-G.  As part of that process, AWS has produced the unredacted operative agreements between AWS and Epic, committed to produce responsive information collected from two seemingly relevant workspaces, committed to produce responsive archived email correspondence, and timely communicated to Utherverse that AWS' attempts to recover certain archived materials, including cost and usage reporting outside the

---

[1] *See e.g., "*AWS Architecture Blog, Category: Amazon EC2," *available at*: *Amazon EC2 | AWS Architecture Blog*; *"*AWS Architecture Center, Reference architecture examples and diagrams," available at: Reference Architecture Examples and Best Practices (amazon.com); "Amazon EC2, Secure and resizable compute capacity for virtually any workload," *available at:*  Secure and resizable cloud compute – Amazon EC2 – Amazon Web Services; "Amazon EC2 Features," *available at:*  Amazon EC2 Features - Amazon Web Services*;* "Amazon Elastic Compute Cloud Documentation," *available at:* Amazon Elastic Compute Cloud Documentation.

AWS' OPPOSITION TO UTHERVERSE'S  MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF - 2

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1   standard retention period, are still in progress.  *See id.* ¶ 8, Ex. G.

2          **1.      Request No. 1 (AWS-Epic Agreements)**

3          AWS understands it has fully satisfied this request for production.  *See id.*  On October

4   7, 2022, a month prior to the Motion, AWS produced the operative agreements between AWS

5   and Epic, with certain commercially sensitive information redacted.  *See id.* ¶ 8, n.1, Ex. G.  On

6   November 22, 2022, AWS produced unredacted versions of those agreements, as requested.

7   *See id.* ¶ 8, Ex. G.  Utherverse has not raised any objection or otherwise suggested AWS's

8   production was deficient.  *See id.* ¶ 9.

9          **2.      Requests Nos. 2-6 (Internal Documents Specific to Accused Events)**

10         The Thanksgiving Discovery Letter clarified that these requests sought only "internal

11  documents that AWS has specific to the Accused Events." *See id.* ¶ 8, Ex. G.  AWS

12  investigated and subsequently informed Utherverse that the vast majority of this material would

13  fall outside of AWS' document retention period.  *See id.*  However, AWS identified two

14  historic workspaces that it believes correlate to two of the four Accused Events (Star Wars

15  Event: December 14, 2019 ("Star Wars Event") and Travis Scott Concert Series:  April 23 –

16  April 25, 2020 ("Travis Scott Event").  *See id.*  AWS has collected the material from those

17  workspaces, is in the process of reviewing it, and has committed to producing responsive

18  information to Utherverse as soon as possible.  Utherverse has not raised any objection to the

19  scope of AWS's search in response to these requests.  *See id.* ¶ 9.  AWS is unaware of any

20  remaining dispute regarding these requests. *See id.*

21         **3.      Requests Nos. 7-8 (Access and Usage Logs and Cost Data)**

22         The Thanksgiving Discovery Letter clarified that these requests sought just "device

23  usage and access logs along with cost data that would be able to show the expansion and

24  contraction of the different services used by Epic during the Accused Events: Marshmello

25  Concert: February – February 3, 2019 ("Marshmello Event"), Star Wars Event, Travis Scott

26  Event, and Ariana Grande Concert Series: August 6 – August 8,2021 ("Ariana Grande

27  Event"))." *See id.* ¶ 8, Ex. G.  AWS investigated and informed Utherverse that it keeps cost

AWS' OPPOSITION TO UTHERVERSE'S  MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF - 3

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

1    and usage data available going back 12 months, and that the Accused Events (which range in

2    time from early 2019 to mid-2021) exceed that retention period.  *See id.*  Nonetheless, AWS

3    identified a technical resource who believes it may be possible to restore older data from an

4    archive.  *See id.*  AWS informed Utherverse that it was in the process of investigating that

5    process and committed to providing the information to the extent it is recoverable.  *See id.*

6    Utherverse has not raised any objections to the scope of AWS's search in response to these

7    requests.  *See id.* ¶ 9.  AWS is unaware of any remaining dispute regarding these requests. *See*

8    *id.*

9    ### 4.    Request No. 9 (Communications and Correspondence)

10        The Thanksgiving Discovery Letter articulated the substance of communications that

11    Utherverse was seeking from AWS.  *See id.* ¶ 8, Ex. G.  AWS had already relayed to

12    Utherverse the limitations of its email retention but agreed to investigate other possible avenues

13    of communication.  *See id.*  AWS investigated and informed Utherverse that in addition to

14    email, Epic used the messaging app Slack to communicate with AWS.  *See id.*  However, AWS

15    understands that Epic created and managed the Slack workspace so, although AWS had the

16    ability to send and receive messages, AWS employees cannot export historic messages from

17    the app.  *See id.*  AWS understands that those Slack communications could only be obtained (if

18    at all) from Epic.  *See id.*  AWS further informed Utherverse that although email

19    communications regarding the Accused Events generally fell outside of AWS' standard

20    retention policy, it had located one employee who archived some emails with Epic that may

21    have responsive material regarding the Star Wars Event, Travis Scott Event, and Ariana Grande

22    Event.  *See id.*  Amazon is in the process of collecting that material.  *See id.*  AWS committed

23    to Utherverse that once it has collected the material, it will ascertain the volume of documents

24    within the relevant date ranges and provide an updated estimate regarding its anticipated

25    production time.  *See id.*  Utherverse has not raised any objections to the scope of AWS's

26    search in response to this request.  *See id.* ¶ 9.  AWS is unaware of any remaining dispute

27    regarding this request.  *See id.*

AWS' OPPOSITION TO UTHERVERSE'S  MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF - 4

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

**5.      Deposition Demand**

Although Utherverse's Subpoena includes a deposition demand that it references in its Motion to Compel, Utherverse did not include a deposition demand in its narrowed requests. *See* ECF No. 141; Byer Decl. ¶ 6, Ex. E.  Utherverse has not since raised its deposition demand and AWS is unaware of any remaining dispute regarding this request. *See id.* ¶ 10.

**D.      Utherverse's Refusal to Withdraw its Moot Motion**

AWS has informed Utherverse that it is unaware of any remaining dispute with Utherverse. *See id.* ¶ 11, Ex. H.  Utherverse has not raised any objection to the scope of AWS's search or collection and review efforts. *See generally, id.*  AWS requested that Utherverse withdraw its Motion. *See id.*  Utherverse refused, instead indicating it would be willing to continue re-noting its already moot Motion. *See id.*  AWS reiterated that the Motion does not accurately describe the current state of discovery and cannot grasp the utility of pursuing a discovery motion when no current dispute exists. *See id.*  Utherverse did not identify any ripe dispute for the Court but refused to withdraw the Motion. *See id.*

**III.     ARGUMENT**

**A.      The Court Should Deny Plaintiff's Motion Because it is Moot and No Remaining Dispute Exists.**

Utherverse's post-filing articulation of what its Subpoena actually seeks, as well as AWS's ongoing search efforts—***to which Utherverse has raised no objection***—render the pending Motion moot.  Rather than acknowledge that agreement on search parameters and ongoing document production are dispositive developments, Utherverse continues to pursue its Motion – which merely rearticulates the overbroad and vague requests initially set forth in its Subpoena.  Indeed, the Motion could not provide the Court this critical information because Utherverse waited until ***after filing its Motion*** before finally providing AWS with specific, targeted requests for information.  Since that time, a mere two weeks ago (and straddling the Thanksgiving holiday) AWS has produced the requested agreements between AWS and Epic, committed to producing responsive information collected from two workspaces it located, committed to producing responsive archived email correspondence it located, and

AWS' OPPOSITION TO UTHERVERSE'S  MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF - 5

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

communicated that AWS is currently attempting to recover potentially archived cost and usage information. Utherverse has not raised any objection to these ongoing efforts, or suggested they are deficient. Yet despite multiple requests, Utherverse has refused to withdraw its Motion or identify any remaining dispute.

Utherverse's ongoing pursuit of its Motion violates the spirit of Federal Rule 37 which requires that a movant have a good faith basis for seeking court intervention. *See* Fed. R. Civ. P. 37(a)(1); *Elec. Mirror, LLC v. Avalon Glass & Mirror Co.*, No. 16-0665-RAJ, 2018 WL 3862250, at \*1 (W.D. Wash. Aug. 14, 2018) (articulating that the purpose of LCR 37 is to "minimize waste of judicial time and resources on issues that could have been resolved amongst the parties" and that "the Court has low tolerance for gamesmanship in discovery matters."). In light of AWS' prompt attention to Utherverse's narrowed discovery requests and commitment to produce documents, Utherverse cannot claim *any* basis for involving the Court at this time (much less a good faith basis). *See Advanced Hair Restoration, LLC v. Hair Restoration Centers, LLC*, No. C17-709-RSM, 2018 WL 828213, at \*1 (W.D. Wash. Feb. 12, 2018) (denying motion to compel for failure to comply with LCR 37 where counsel was still "in the process of making a production and still trying to resolve any disputes without court intervention").

Dispositive developments have simply mooted the Motion, leaving *no ripe dispute* for the Court to resolve. The Motion reflects neither the current status of discovery nor AWS' efforts to quickly investigate Utherverse's belatedly narrowed requests. To the extent information responsive to Utherverse's narrowed requests has been identified, AWS has already produced or agreed to produce same, or is still actively in the process of retrieving and reviewing documents. *See e.g., Guirguis v. U.S. Bank Nat'l Ass'n as Tr. for GSR Mortg. Loan Tr. 2006-4F Mortg. Pass-Through Certificate Series 2006-4F*, No. C18-1456-JCC, 2019 WL 5535720, at \*2 (W.D. Wash. Oct. 25, 2019) (denying motion to compel as premature where the parties had not yet reached an impasse). *Bennett v. Home Servicing Corp.*, No. C06-874MJP,

AWS' OPPOSITION TO UTHERVERSE'S MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF - 6

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax

2007 WL 3010427, at *1 (W.D. Wash. Oct. 12, 2007) (same); *Beasley v. State Farm Mut. Auto. Ins. Co.*, No. C13-1106-RSL, 2014 WL 1268709, at *2 (W.D. Wash. Mar. 25, 2014) (same).

Finally, Utherverse's proposal to perpetually re-note its Motion is procedurally flawed as re-noting cannot make its already stale Motion ripe again.  AWS has already produced or agreed to produce available documents responsive to Utherverse's belatedly narrowed discovery requests.  Even if some hypothetical future dispute arose, the pending Motion does not identify or address it, and re-noting could not cure that.  Instead, re-noting a stale motion would force AWS to respond in the first instance without the time the local rules provide for discovery motions, and without a fully articulated record on which to respond.  This gamesmanship does not comply with the letter or spirit of the local rules dictating the timing of motions.  See L.C.R. 7.  The Court should therefore deny Utherverse's Motion.

## III.    CONCLUSION

For the foregoing reasons, AWS respectfully requests that the Court deny Utherverse's motion in its entirety.

DATED this 5th day of December, 2022.


DAVIS WRIGHT TREMAINE LLP


By: *s/ Benjamin J. Byer*
     Benjamin J. Byer, WSBA #38206
     Ramie O. Snodgrass, WSBA #40689
920 Fifth Avenue, Ste. 3300
Seattle, WA 98104-1610
Tel: 206.622.3150
Fax: 206.757.7700
Email: benbyer@dwt.com
Email: ramiesnodgrass@dwt.com

**Attorneys for Non-Party**
**Amazon Web Services, Inc.**

AWS' OPPOSITION TO UTHERVERSE'S  MOTION TO COMPEL
Case No. 2:21-cv-00799-RSM-TLF - 7

Davis Wright Tremaine LLP
920 Fifth Avenue
Seattle, WA 98104-1610
206.622.3150 main · 206.757.7700 fax