THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                Plaintiff,<br><br>  v.<br><br>EPIC GAMES, INC.,<br><br>                Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**JOINT STATUS REPORT AND DISCOVERY PLAN**<br><br>Date:    March 8, 2023 |

Per the Court's minute order of February 23, 2023 (Dkt. No. 183), Plaintiff Utherverse Gaming, LLC ("Plaintiff" or "Utherverse") and Defendant Epic Games, Inc. ("Defendant" or "Epic") (collectively, the "Parties") submit this joint status report and discovery plan detailing the Parties' views of their outstanding discovery obligations and a plan to work cooperatively to resolve any disputes prior to the close of discovery on June 9, 2023.

I.  **WRITTEN DISCOVERY**

The Parties have served and responded to written discovery. The deadline to serve additional written discovery prior to the close of discovery is May 10, 2023.

The Parties have worked cooperatively to resolve issues related to written discovery. For example, the parties have met and conferred concerning Defendant's interrogatories no. 5 and 15, seeking, respectively, the factual bases for Plaintiff's damages contentions, and the bases for Plaintiff's disputes with Defendant's invalidity contentions. Plaintiff has committed to providing a further supplementation by March 31.

The parties identify potential disputes currently known to them as follows:

A.  **Plaintiff's issues:**

The parties have met and conferred about the sufficiency of Plaintiff's infringement contentions and the timing of their supplementation. Plaintiffs contend that document productions by Defendant were deficient and that source code and various related files were unavailable, incomplete, or otherwise presented without the requisite development environment. These concerns have been the subject of numerous discovery conferences and status reports since June 2022.

Defendant remedied the bulk of those issues in February 2023. Plaintiff agreed with Defendant to provide a first supplemental set of infringement contentions in early March 2023

reflecting revised positions in view of the Court's claim construction decision. Those revised positions included a reduction in asserted claims and further explanation of infringement positions given the claim construction order, including references to certain Epic produced documents. Plaintiff agreed to provide a further supplemental set of infringement contentions, inclusive of citations to source code and other files from the Epic-produced IDE and corresponding documentation in late March 2023.

Plaintiff provided its first supplemental infringement contentions on March 3, 2023. On March 7, 2023, Defendant sent correspondence outlining alleged deficiencies with the supplemental infringement contentions. Plaintiff is assessing Defendant's position, which on initial review appears to be more accurately characterized as a dispute about the merits of the parties' respective positions. Plaintiff will continue to meet and confer with Defendant as appropriate ahead the further requested supplementation, which the parties agree will be by March 24, 2023.

B.  **Defendant's issue:**

On March 3, 2023, Plaintiff provided supplemental infringement contentions, purportedly to address the claim construction order that the Court issued on October 20, 2022. The supplementation comes more than a year after Defendant first pointed out substantial deficiencies in Plaintiff's contentions on January 26, 2022. Even now, nearly two years into this litigation and following extensive document discovery and source code review, Plaintiff has not provided contentions that map all of the limitations of the asserted claims, as construed by the Court, onto the accused virtual events in the *Fortnite* game world. On March 7, Defendant identified to Plaintiff several examples of limitations that their latest contentions leave unmapped. To pick just one example to illustrate, all asserted claims of the asserted '605 patent require "instantiating . . . a new instance of a scene," and then "automatically transporting"

certain player avatars to "a *different* new instance of the scene" when a maximum capacity of avatars in the new instance of the scene has been reached. Plaintiff's contentions simply ignore the "different new instance of the scene" limitation, saying nothing at all about how avatars are supposedly transported from one new instance of the scene to a different new instance of the scene. Notably, Defendant raised this deficiency in its earliest correspondence on the subject in January 2022.

Plaintiff had previously committed to a further supplementation of its infringement contentions to provide source code citations before the end of this month. Because the purpose of infringement contentions is to "allow the defendant to pin down the plaintiff's theories of liability ... thus confining discovery and trial preparation to information that is pertinent to the theories of the case," Defendant is asking Plaintiff to commit to mapping each limitation of each asserted claim onto the accused *Fortnite* events in that contemplated further supplementation. *Corus Realty Holdings, Inc. v. Zillow Grp., Inc.*, No. C18-0847JLR, 2020 WL 488545, at *5 (W.D. Wash. Jan. 30, 2020). The parties are continuing to confer on this issue.

## II.     PRODUCTION OF DOCUMENTS AND THINGS

Both parties have substantially completed their document productions, and Defendant has produced source code and related asset files for *Fortnite* and the accused events. Additionally, certain third parties, including the inventors of the asserted patents and their operating company, Utherverse Digital, Inc. ("Utherverse Digital"), have produced documents pursuant to subpoenas from Defendant. The parties have raised perceived deficiencies in each other's productions—and are working cooperatively to resolve them.

The parties identify potential disputes currently known to them as follows.

**A.     Plaintiff's issues:**

1. Plaintiff identified missing data from the sets of financial data provided by Defendant. Defendant stated it is investigating the issue and will produce any missing data reasonably ahead of related fact depositions and the deadline for opening expert reports.

2. Plaintiff identified missing technical documents that were "linked" within already-produced technical documents. Defendant stated it is investigating these documents and will provide Plaintiff with a written response by March 10, 2023, regarding what documents will be produced and what, if any, documents Defendant is refusing to produce.

3. Plaintiff requested supplemental production of log files related to AWS EC2 Services. Defendant requested further clarification as to what files are being requested. Plaintiff provided further detail on March 8, 2023. The parties will continue to meet and confer as necessary.

**B.     Defendant's issues:**

1. Third-party inventor Aaron Burch, who is represented by Plaintiff's counsel in this matter, has produced very few documents responsive to Defendant's subpoena, and counsel for Mr. Burch has indicated that his custodial files may have been deleted after he left Utherverse Digital in 2019. Because other documents produced in this case show that Utherverse Digital was anticipating litigation on Mr. Burch's patents in 2019, Defendant is concerned that this may reflect spoliation of evidence. Defendant is conferring with Plaintiff's counsel about whether Mr. Burch's files were deleted and, if so, when. Counsel has committed to provide a response on these issues. Defendant may bring this issue to the Court's attention after having a further opportunity to confer with Plaintiff's counsel.

2. Defendant is continuing to confer with Plaintiff's counsel about production by Utherverse Digital of technical documents or source code sufficient to show the functionality of

products that may have embodied the patents-in-suit.  To date, Utherverse Digital has produced no source code; however, Counsel will be making source code available for inspection, and the parties are conferring concerning the logistics of the review of that code.  Further, the amount of technical documentation their production contains is inconsistent with testimony indicating that a substantial portion of the development of the relevant software was done by outside contractors, who would at a minimum need statement of work-type documents outlining what they were to code on behalf of Utherverse Digital.  Counsel has committed to confirm whether there are additional technical documents yet to be produced.   Defendant will continue to confer with Plaintiff's counsel on this issue.

   3. Plaintiff, the inventors, and Utherverse Digital appear to have asserted privilege over across-the-table communications leading to the sale agreement through which Plaintiff acquired the asserted patents.  Defendant disagrees with the privilege claim, as the common interest exception does not apply to across-the-table communications in advance of any agreement between the parties.  *Rembrandt Pat. Innovations, LLC v. Apple Inc.*, No. C 14-05093WHA, 2016 WL 427363, at *7 (N.D. Cal. Feb. 4, 2016).  As of Plaintiff's latest response on this issue on March 7, 2023, it appears that the parties are at an impasse, and Defendant is evaluating whether to bring a motion to compel.

## III. DEPOSITIONS

   The Parties have noticed and have begun taking depositions; they have also agreed to exchange Rule 30(b)(6) notices by the close of business on Friday, March 10, 2023; they do not anticipate difficulty completing the necessary depositions before the close of discovery.  The Parties identify potential disputes currently known to them as follows.

**A.   Plaintiff's issues**

1. Plaintiff has thus far noticed the depositions of three employees identified by Defendant as custodians of records:

| Name | Title | Types of information under custodian's control |
|---|---|---|
| Matt Weissinger | VP Marketing | Documents relating to the marketing of the accused virtual concert events |
| Brian Boyle | Controller | Documents related to the financial statements and other financial information related to the accused virtual concert events |
| Darren Clary | Director, Player Insights | Documents relating to user metrics in connection with accused products |

Defendant provided an agreed date for the deposition of Mr. Weissinger. Defendant has not yet confirmed Mr. Boyle's date, and in view of Defendant's anticipated supplementation of financial data, Plaintiff has requested Mr. Boyle's availability later in March 2023.

As to Mr. Clary, Defendant has taken the position that he is a senior employee that was not a custodian of Defendant's financial and analytic data, and that in view of his alleged seniority and lack of connection to the case, he is not an appropriate deponent. Defendant has proposed to identify an alternate witness to testify as to user metric information, and to further provide another alternate witness that would testify as to large volumes of financial data that had been produced. Plaintiff will consider those proposals and the parties will meet and confer as necessary.

2. Defendant's issues 2 through 4 below related to dispute with third-parties Utherverse Digital, Inc., Brian Shuster, and Gary Shuster. Although those third-parties are represented by the same counsel as Plaintiff, they are different and distinct parties. Plaintiff does not have the authority to speak for those parties in this report, and any disputes Defendant has

JOINT STATUS REPORT AND DISCOVERY PLAN - 6
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

with those parties should be raised directly with each of them in whichever jurisdiction may be appropriate in each case.

B.  **Defendant's issues**

1.  Plaintiff has noticed the deposition of a high-level employee, Darren Clary, not identified on Defendant's initial disclosures. Mr. Clary is Defendant's Director of Insights and Analytics. Defendant has indicated that Mr. Clary is likely not the right witness to testify concerning the metrics and transactional data produced in this case. Defendant has indicated that it will propose an alternative deponent who is best-positioned to testify on these issues once Plaintiff provides its Rule 30(b)(6) notice, so that Defendant has a clearer sense of what testimony Plaintiff is seeking. The parties are continuing to confer on this issue.

2.  On September 28, 2022, Defendant obtained an order from the Superior Court of British Columbia ordering that the inventors' operating company, Utherverse Digital, produce a corporate representative to provide testimony on certain topics. Utherverse Digital had notice and an opportunity to appear in the Canadian proceedings and declined to do so, thereby waiving, at a minimum, any objections to producing a witness prepared to testify on the full scope of the requested topics. Utherverse Digital, through Plaintiff's counsel, has indicated that it will not meet that obligation, and Defendant may seek further relief through the Canadian courts or this Court as appropriate.

3.  During the deposition of one of the inventors,[1] Brian Shuster, Plaintiff's counsel asserted privilege and instructed the witness not to answer concerning basic facts and circumstances surrounding a crucial agreement between Utherverse Digital and third parties that

---

[1] Both Brian and Gary Shuster are represented by Plaintiff's counsel and, through Plaintiff's counsel, stipulated to this Court's jurisdiction over the subpoenas served on them in this action and their obligations thereunder. ECF No. 125.

led to those third parties disclaiming inventorship in at least one of the asserted patents. The basis for the objection was that the information being sought was conveyed to the deponent by his counsel. Because the attorney-client privilege protects communications and not facts, *Upjohn Co. v. United States*, 449 U.S. 383, 395 (1981), Defendant intends to seek a further deposition of Mr. Shuster to question him concerning the full non-privileged facts and circumstances pertaining to the agreement in question. As of the latest response on this issue from Plaintiff's counsel on March 7, 2023, it appears that the parties are at an impasse, and Defendant is evaluating whether to bring a motion to compel.

4.   During the deposition of another of the inventors, Gary Shuster, Plaintiff's counsel asserted privilege and instructed the witness not to answer concerning across-the-table negotiation communications of the sort addressed above in Defendant's item 3 under "Documents." Defendant intends to seek a further deposition of Mr. Shuster to elicit information about those non-privileged discussions. As of the latest response on this issue from Plaintiff's counsel on March 7, 2023, it appears that the parties are at an impasse, and Defendant is evaluating whether to bring a motion to compel.

## IV.   MEDIATION

### A.   Plaintiff's Position

Plaintiff's position is that mediation will be most productive following the close of discovery but prior to summary judgment briefing.

### B.   Defendant's Position

Defendant's position is that in view of the parties' respective views about the strength of this case, a mediation will be most productive following summary judgment briefing. Accordingly, Defendant proposes a mediation deadline be set for 21 days after the filing of summary judgment reply briefs in this matter.

## V.  CONCLUSION

The Parties agree that they will conclude the meet and confer process as to any issues currently pending and will note any motions to compel on the motion calendar no later than June 2, 2023, as provided by the Local Rules and the scheduling order (Dkt. No. 131).

DATED this 8th day of March, 2023

Respectfully submitted,

*/s/ Colby B. Springer*

By: Jessica M. Andrade (WSBA No. 39297)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA  98104
Tel:  206-393-5400
Fax: 206-393-5401
Email:  jessica.andrade@polsinelli.com

*Of Counsel*:

*Colby B. Springer*
Colby B. Springer (admitted *pro hac vice*)
Miya Yusa (admitted *pro hac vice*)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
Tel:  415-248-2100
Fax: 415-248-2101
Email:  cspringer@polsinelli.com
Email:  myusa@polsineilli.com

By: *Melenie Van*
Melenie Van (admitted *pro hac vice*)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel:    (310) 229-1355
Fax:   (415) 276-8959
Email:  mvan@polsinelli.com

*Mark T. Deming*
Mark T. Deming (admitted *pro hac vice*)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL  60606
Tel:  312-819-1900
Fax: 312-819-1901
Email:  mdeming@polsinelli.com

By: *Jonathan Spivey*
Jonathan Spivey (admitted *pro hac vice*)
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Tel.:    (713) 374-1600
Fax:    (713) 374-1601
Email:  jspivey@polsinelli.com

**Attorneys for Plaintiff
UTHERVERSE GAMING LLC**

JOINT STATUS REPORT AND DISCOVERY PLAN - 9
(Case No. 2:21-cv-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

Dated: March 8, 2023

By: */s/Eugene Novikov*
Eugene Novikov (*pro hac vice*)
Enovikov@mofo.com
Timothy C. Saulsbury (*pro hac vice*)
Tsaulsbury@mofo.com
Bethany D. Bengfort (*pro hac vice*)
Bbengfort@mofo.com
Matthaeus Martino-Weinhardt (*pro hac vice*)
MmartinoWeinhardt@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    415-268-7000
Facsimile:    415-268-7522

Dated: March 8, 2023

By: */s/Antoine M. McNamara*
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:    206-359-8000
Facsimile:    206-359-9000

*Attorneys for Defendant Epic Games, Inc.*