UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>　　　　　　　Plaintiff,<br>　　v.<br>EPIC GAMES INC,<br><br>　　　　　　　Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION FOR LEAVE TO FILE INFRINGEMENT CONTENTIONS<br><br>NOTED FOR JULY 28, 2023 |

This matter comes before the Court on plaintiff's motion for leave to file infringement contentions. Dkt. 209. The parties have briefed the issues presented. Dkt. 209, 210 (with exhibits A-E), 227, 228 (with exhibits 1-10), 244, 244-1. Having considered the briefs, the hearings, and the balance of the record, the Court should grant plaintiff's motion.

FACTUAL AND PROCEDURAL BACKGROUND

The complaint alleges that Epic Games, Inc. is a video game and software developer that published Fortnite, an online video game, and infringed the Asserted Patents by using the claimed inventions to host large scale events such as a movie trailer (December 2019) and concerts featuring avatars of musical performers Marshmello (February 2019) and Travis Scott (April 2020). Dkt 1 at 16,19-28, 37-48.

REPORT AND RECOMMENDATION ON PLAINTIFF'S
MOTION FOR LEAVE TO FILE INFRINGEMENT
CONTENTIONS - 1

1  Defendant filed counterclaims alleging noninfringement and invalidity of plaintiff's
2  Asserted Patents. Dkt. 58, Defendant's Answer and Counterclaims, at 15-29.
3       On November 2, 2021, plaintiff served defendant with an initial Disclosure of
4  Asserted Claims and Infringement Contentions Under LPR 120. Dkt. 210, Decl. of Colby
5  Springer, at 1, ¶ 1; Dkt. 228, Declaration of Matthaeus Martino-Weinhardt, Dkt. 228-1
6  (Exhibit 1). On May 27, 2022, defendant informed plaintiff that the Fortnite source code
7  would be made available for inspection pursuant to the parties' agreed protective order.
8  Dkt. 101-1, May 27, 2022 email (Exhibit 5), at 121. Defendant stated that plaintiff's
9  consultants reviewed the Fortnite source code from June 27, 2022 to July 1, 2022, from
10 July 5, 2022 to July 8, 2022 and on July 22, 2022. Dkt. 103, Declaration of Matthaeus
11 Martino-Weinhardt, at 2. Defendant's counsel stated, by email on June 1, 2022 "as you
12 note, we have made available our source code, which will constitute the bulk of the
13 evidence relating to Plaintiff's infringement allegations." Dkt. 101-1, June 1, 2022 email
14 (Exhibit 8) at 132. Plaintiff contended that the source code production had been
15 deficient. Dkt. 101, Motion to Compel, at 8-9; Dkt. 101-1, letter of July 8, 2022 (Exhibit
16 15), at 158-159.. Pursuant to Rule 26(b)(1) the Court granted in part and denied in part
17 plaintiff's motion to compel, defining the scope of discovery concerning those requests.
18 Dkt. 119, 122.
19      The parties continued their negotiations, engaged in multiple meet-and-confer
20 sessions, and the source code review process that started in September 2022
21 continued to progress in February and March, 2023. Dkt. 189, Joint Status Report and
22 Discovery Plan; Dkt. 196, 197 (discovery status conference). The plaintiff's first
23 amended contentions were served on March 3, 2023. Dkt. 189; Dkt. 210, Decl. of Colby
24
25

1  Springer, at 3, ¶ 6; Dkt. 228, Matthaeus Martino-Weinhardt, Decl., Dkt. 228-3 (Ex. 3),
2  Dkt. 235-1 (sealed). Defendant asserted that plaintiff should "commit to mapping each
3  limitation of each asserted claim onto the Fortnite events in that contemplated further
4  supplementation." Dkt. 189 at 4. As of March 8, 2023, the parties were continuing to
5  meet and confer on the issue. *Id.*

6  Plaintiff served the second amended contentions on March 24, 2023. Dkt. 210,
7  Springer Decl. at 4, ¶ 10, Dkt. 210-1 at 14; see Dkt. 227 at 13; Dkt. 228, Matthaeus
8  Martino-Weinhardt, Decl., Dkt. 228-4 (Ex. 4), Dkt. 235-2 (sealed). In a status conference
9  on March 30, 2023 (Dkt. 197 at 15), plaintiff's counsel confirmed that "[i]n sort of a two-
10 week time frame, we finished our code review. . . . [and] [w]e served the next set of
11 infringement contentions."

12 Epic contends that plaintiff had much of the "new" information referenced in the
13 second amended contentions several months before it submitted the new amendments,
14 and -- even though there was general agreement between the parties that second
15 amended contentions may be appropriate -- their agreement did not include a timeline
16 for service and filing of the second amended contentions. Dkt. 227 at 10-14. Epic also
17 argues that non-source-code asset files are a small portion of the plaintiff's proposed
18 amendments to the infringement contentions. Dkt. 227, at 5, 12. Defendant argues it
19 would be prejudiced if the second amended contentions are allowed, because "Epic has
20 spent countless hours preparing witnesses, locating documents, and building its
21 defenses against the infringement theories that Utherverse asserted in its original
22 contentions." Dkt. 227 at 14-18.

23                                   DISCUSSION

The Western District of Washington Local Patent Rules direct the parties to crystallize their theories of the case and require early notice of infringement contentions. Local Patent Rule 124; *see REC Software USA, Inc., v. Bamboo Solutions Corp.,* No. C11-0554 JLR, 2012 WL 3527891 at *3 (W.D. Wash. Aug. 15, 2012). If a party brings a motion and shows good cause, the Court may exercise discretion to allow amendment of infringement contentions. *Id.*; *MEMC Elec. Materials, Inc. v. Mitsubishi Materials Silicon Corp.,* 420 F.3d 1369, 1380 n.5 (Fed. Cir. 2005). Among the reasons that may justify an amendment are "a claim construction by the Court different from that proposed by the party seeking amendment" and "recent discovery of nonpublic information" even with diligent efforts. Local Patent Rule 124. The reason for the rule is "decidedly conservative, and designed to prevent the 'shifting sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lily Computer Inc.,* 211 F.R.D. 360, 367 (N.D. Cal. 2002) (citation omitted).

The moving party bears the burden of proof on diligence. *MLC Intellectual Property, LLC v. Micron Technology, Inc.,* No. 14-cv-03657-SI, 2019 WL 978766 at *1 (N.D. Cal. Feb. 28, 2019). Two steps are considered by the Court when analyzing whether a party has been diligent: "(1) diligence in discovering the basis for amendment; ad (2) diligence in seeking amendment once the basis for amendment has been discovered." *Monolithic Power Sys., Inc. v. Silergy Corp.,* No. 14-1745-VC (KAW), 2015 WL 5440674, at *2 (N.D. Cal. Sept. 15, 2015). Only if the moving party shows diligence would the Court consider whether there has been prejudice. *MLC Intellectual Property, LLC v. Micron Technology, Inc.*, at *2.

NOTED FOR JULY 28, 2023 - 4

In this situation, the record shows plaintiff has pursued discovery of source code, beginning the review during September 2022 and finishing in March 2023. The parties have reviewed the discovery, and sought follow up discovery, for example, the plaintiff pursued review of non-public Unreal Engine assets and integrated development environment (IDE) that allowed a fuller review of defendant's source code, for the allegedly infringing products. It is undisputed that plaintiff served proposed second amended infringement contentions on March 2 and 24, 2023. Dkt. 210, Springer Decl. at 4, ¶ 10; Dkt. 228, Declaration of Matthaeus Martino-Weinhardt, at 2, ¶¶ 4,5, at 3, ¶ 15; Dkt. 228-3; Dkt. 228-4. Review of the IDE was necessary because the opinions of plaintiff's expert, Dr. Rosenberg, relied on more than source code alone. Dr. Rosenberg also needed to review blueprints, sequence files, and other native assets that would only be accessible within the IDE. Dkt. 244-1, Declaration of Dr. Rosenberg.

Plaintiff asserts that Epic's expert, Benjamin Ellinger, refers to the original, first, and second amended infringement contentions in the defendant's expert report of April 14, 2023. Dkt. 210, Springer Decl. at 5, ¶ 13. Plaintiff filed its motion for leave to amend the infringement contentions on May 11, 2023, after a meet-and-confer with defense counsel on May 3, 2023. *Id.* at 5, ¶ 14. The close of discovery was scheduled for June 9, 2023. Dkt. 131. The defendant had at least six weeks of notice (starting March 24, 2023) before the plaintiff's motion to amend infringement contentions was filed on May 11.

Plaintiff served the initial infringement contentions in November 2021, and after conducting discovery – including discovery and inspection of source code, and IDE – the plaintiff served the proposed amendments in March 2023. The fact that the

amendments were not agreed to is not dispositive; the plaintiff thought they would be able to reach agreement with the defendant but as it turns out, that did not occur. As to both the discovery of facts, and the process of seeking amendment, the Court should find that plaintiff has not been dilatory.

Regarding whether defendant was prejudiced, there has been no showing that plaintiff was delaying or trying to hide information; instead, it appears plaintiff was being thorough in reviewing the source code; and they reviewed related asset files and took depositions to ensure they had sufficient information to support and clarify the amendments. *See Synchronoss Technologies, Inc. v. Dropbox Inc.,* No. 4:16-cv-00119-HSG (KAW), 2018 WL 5619743 (N.D. Cal. 10-29-2018) (discovery of source code led to additional allegations and Court allowed the amendment of pleadings to include new invalidity contentions by defendant, finding the plaintiff had not been sufficiently prejudiced despite delay). The defendant's expert report apparently considered the plaintiff's first and second amended contentions – this shows the defendant has received sufficient notice of the plaintiff's possible amendments, even if they did not agree to support the plaintiff's motion to amend the infringement contentions.

## CONCLUSION

On this record, the Court should hold that Utherverse has met its burden to show it has been diligent under Local Patent Rule 124. There has not been prejudice to the defendant, and the Court should grant plaintiff's motion for leave to amend the infringement contentions.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also*

1  Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for
2  purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can
3  result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474
4  U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations
5  omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is
6  directed to set the matter for consideration on July 28, 2023, as noted in the caption.

   The Clerk is directed to send a copy of this order to each party.

   Dated this 10th day of July, 2023.

   *Theresa L. Fricke*
   _____
   Theresa L. Fricke
   United States Magistrate Judge