1

2

3

4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

5

6   UTHERVERSE GAMING LLC,

7                                Plaintiff,

8        v.

9   EPIC GAMING, INC.,

10                               Defendant.

11

12

Case No. 2:21-cv-00799-RSM-TLF

REDACTED REPORT AND
RECOMMENDATION ON
DEFENDANT'S MOTION TO
AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER
ON MOTION TO EXCLUDE
UNTIMELY INFRINGEMENT
THEORIES

NOTED FOR JULY 28, 2023

13   **A.  Motion to Amend Answer and Counterclaims**

14        Defendant Epic Gaming moves for leave to amend the Answer and

15   Counterclaims. Dkt. 236, 240 (sealed). The motion has been fully briefed, and the Court

16   heard oral argument. Dkt 236, 237, 240 (sealed), 253, 254, 255 (sealed), 256 (sealed),

17   262, 263. For the reasons discussed below, the motion should be granted.

18        Under Western District of Washington Local Patent Rule 124, "Amendment of . .

19   .the Invalidity Contentions may be made only by order of the Court upon a timely

20   showing of good cause." According to Civil Rule (LCR) 15, a party making a motion to

21   amend a pleading must show how the proposed amended pleading differs from the

22   operative pleading; to identify the proposed changes, the party must indicate

23   amendments "by bracketing or striking through the text to be deleted and underlining or

24   highlighting the text to be added."

25   REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 1

1    Epic has submitted its motion in compliance with LCR 15. Dkt. 236-2, at 18-19

2    (Twelfth Affirmative Defense), 20-22 (Thirteenth Affirmative Defense); 26-27 (Second

3    Counterclaim, invalidity contentions, paragraphs 22 through 24); 36-39 (Ninth

4    Counterclaim).

5        Epic moves the Court for an order allowing it to amend the Answer and

6    Counterclaims, based on an assertion of invalidity (Second Counterclaim, Twelfth

7    Affirmative Defense) for failure to accurately name the inventors of the subject matter.

8    See Dkt. 236-2, Epic's proposed Amended Answer to Complaint for Patent Infringement

9    and Counterclaims, at 18-19, 26-27.

10       Epic also moves the Court for an order allowing it to add an affirmative defense

11   and counterclaim of unenforceability of the '071 Patent based on allegedly inequitable

12   conduct. See Dkt. 236-2, Epic's proposed Amended Answer to Complaint for Patent

13   Infringement and Counterclaims, at 20-22 (Thirteenth Affirmative Defense), 36-39 (Ninth

14   Counterclaim).

15       Utherverse objects that the motion is untimely, argues that the proposed

16   amendments should be rejected as unsupported by sufficient factual allegations, and

17   contends that the claim of inequitable conduct was pled with insufficient particularity.

18   Dkt. 253, 255, Plaintiff's Opposition to Defendant's Motion to Amend Answer and

19   Counterclaims, at 7-13.

20       Under Fed. R. Civ. P. 16, if a party moves to amend a pleading after the deadline

21   established in a scheduling order, they must show good cause – i.e., the pretrial

22   schedule could not "reasonably be met despite the diligence of the party seeking the

23

24

25   REDACTED REPORT AND RECOMMENDATION ON
     DEFENDANT'S MOTION TO AMEND ANSWER AND
     COUNTERCLAIMS; AND ORDER ON MOTION TO
     EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 2

1  extension" -- for modifying the scheduling order. *Johnson v. Mammoth Recreations,*

2  *Inc.,* 975 F.2d 604, 609 (9th Cir. 1992).

3        According to Federal Rule of Civil Procedure 15(a), after an initial period for

4  amendment as of right, pleadings may be amended only with the opposing party's

5  written consent or by leave to the court. Leave to amend should be freely given when

6  justice so requires. Fed. R. Civ. P. 15(a)(2); *Desertrain v. City of Los Angeles*, 754 F.3d

7  1147, 1154 (9th Cir. 2014) ("[T]his policy is to be applied with extreme liberality."). When

8  a party seeks leave to amend after the responsive pleading has been filed, leave should

9  be granted unless the amendment would cause undue delay, prejudice to an opposing

10  party, is futile, or is sought in bad faith. *Johnson,* 975 F.2d at 607.

11        In this case, the Court should hold that under Fed. R. Civ. P. 15 and 16 the

12  amendment should be allowed. The parties engaged in extensive electronic discovery;

13  after taking depositions, the defendant promptly brought this motion and did not act in a

14  dilatory manner. A party may reasonably confirm factual allegations concerning the

15  inequitable conduct defense by conducting discovery, before amending their pleadings,

16  because Fed. R. Civ. P. 9(b) requires pleading this defense with particularity. *Advanced*

17  *Cardiovascular Sys. v. Scimed Life Sys,* 989 F. Supp. 1237, 1247 (N.D. Cal. 1997).

18        Facts asserted in support of the counterclaims and affirmative defenses alleged

19  in the proposed Amended Answer and Counterclaims (Dkt. 236-1), are accepted as true

20  and construed in the light most favorable to defendant; the pleading must contain

21  sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft* v.

22  Iqbal, 556 U.S. 662, 678 (2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

23

24

25  REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 3

1    (2007)). The Court is not required to accept legal conclusions couched as factual

2    allegations. *Ashcroft v. Iqbal,* at 678-679.

3          An amendment is futile if the proposed amendment itself would not survive

4    dismissal. *See, e.g., Gardner v. Martino*, 563 F.3d 981, 992 (9th Cir. 2009) (claim would

5    be futile because First Amendment protected speech could not, as a matter of law, be

6    the basis for a proposed amendment). Under Fed. R. Civ. P. 8(c), the pleading of an

7    affirmative defense must "give [] plaintiff fair notice of the defense." *See Garcia v.*

8    *Salvation Army,* 918 F.3d 997, 1008 (9th Cir. 2019) (internal citations omitted); *see also,*

9    *Anticancer Inc. v. Xenogen Corp.,* 248 F.R.D. 278, 282-283 (S.D. Cal. 2007) (applying

10   the *Twombly* standard of plausibility, to patent invalidity and unenforceability claims and

11   affirmative defenses); *TwinStrand Biosciences, Inc. v. Guardant Health, Inc.,* No. 21-

12   1126-GBW-SRF, 2023 WL 1860186 at *3 (D. Delaware 2-9-2023) (a cause of action for

13   patent invalidity under a theory of failure to identify the actual inventors is analyzed

14   under Fed. R. Civ. P. 8, rather than the heightened pleading standard of Fed. R. Civ. P.

15   9(b)).

16         A heightened pleading standard, under Fed. R. Civ. P. 9(b), applies to the

17   allegations that the patent is unenforceable due to inequitable conduct. *Exergen Corp.*

18   *v. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326-1327 (Fed. Cir. 2009). The inequitable

19   conduct defense is "entirely equitable in nature, and thus not an issue for a jury to

20   decide." *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.,* 225 F.3d 1315, 1318

21   (Fed. Cir. 2000).

22         Under Rule 201 of the Federal Rules of Evidence, the district court may notice an

23   adjudicative fact if it is "not subject to reasonable dispute"; this test is satisfied if the fact

24

25   REDACTED REPORT AND RECOMMENDATION ON
     DEFENDANT'S MOTION TO AMEND ANSWER AND
     COUNTERCLAIMS; AND ORDER ON MOTION TO
     EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 4

1  is "generally known" or "can be accurately and readily determined from sources whose

2  accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2). The district

3  court may take judicial notice of matters of public record without converting a motion to

4  dismiss into a motion for summary judgment. *Lee v. City of Los Angeles,* 250 F.3d 668,

5  688-689 (9th Cir. 2001). But the Court may not resolve disputes of fact or take notice of

6  disputed facts that exist in documents that are subject to judicial notice. *Kohja v.*

7  *Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999-1001(9th Cir. 2018).

8          The Court may take judicial notice of patents and documents from file history of a

9  patent, and the Court's documents, because they are documents within a public record

10  and a court filing. *See Khoja*, 899 F.3d at 1001; *Biggs v. Terhune*, 334 F.3d 910, 915

11  n.3, 916 (9th Cir. 2003) (overruled in part on unrelated grounds by *Hayward v. Marshall*,

12  603 F.3d 546, 555 (9th Cir. 2010)); *Audionics System, Inc. v. AAMP of Florida, Inc.,* No.

13  CV 12-10763 MMM (JEMx), 2013 WL 12129652 at *1 - *8 (C.D. Cal. 11-19-2013)

14  (analyzing case law concerning whether an affirmative defense has been properly pled,

15  and whether the affirmative defense of inequitable conduct -- with respect to failure to

16  accurately identify the inventors -- should be stricken for failure to state a claim and

17  whether amendment should be allowed, in a patent case).

18                  1. Failure to list inventor.

19          The law of inventorship "requires only that a co-inventor make a contribution to

20  the conception of the subject matter of the claim." *Eli Lilly & Co. v. Aradigm Corp.,* 376

21  F.3d 1352, 1361-1362 (Fed. Cir. 2004). Inventorship is a question of law that is

22  premised on underlying questions of fact. *Id.*  at 1362-1363. The contribution to the

23

24

25  REDACTED REPORT AND RECOMMENDATION ON
   DEFENDANT'S MOTION TO AMEND ANSWER AND
   COUNTERCLAIMS; AND ORDER ON MOTION TO
   EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 5

conception of the invention must have been a contribution "in some significant manner". *Plastipak Packaging, Inc. v. Premium Waters, Inc.,* 55 F.4th 1332, 1340 (Fed. Cir. 2022).

The Federal Court Bar Association's Jury Instructions for Patent Cases set forth the following elements the defendant must prove to successfully establish invalidity. The jury considers whether the patent "fails to meet the requirement that all of the actual inventors, and only the actual inventors, be named as inventors in the patent." FCBA Model Patent Jury Instructions, B.4.3d, model instruction on inventorship, at 52 (May 2020). "To be an inventor one must make a significant contribution to the conception of at least one of the claims of the patent [even if that claim has not been alleged to be infringed]. Whether the contribution is significant in quality is measured against the scope of the full invention." Id.

"Merely helping with experimentation, by carrying out the inventor's instructions, also does not make someone an inventor. What is required is some significant contribution to the idea claimed. Persons may be inventors even if they do not make the same type or amount of contribution, and even if they do not contribute to the subject matter of each claim of the patent. Persons may be joint or co-inventors even though they do not physically work together, but they must have some open line of communication during or at approximately the time of their inventive effort." Id.

The term "conception" means "[t]he complete mental part of the inventive act when the inventor forms a definite and permanent idea of an invention someone else could make without undue experimentation. Conception must be capable of proof, as by drawings, disclosure to another, etc." Id., part C., Glossary, at 76.

REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 6

The term "claim" means "[e]ach claim of a patent is a concise, formal definition of an invention and appears at the end of the specification in a separately numbered paragraph. In concept, a patent claim marks the boundaries of the patent in the same way that a legal description in a deed specifies the boundaries of land, i.e., similar to a landowner who can prevent others from trespassing on the bounded property, the inventor can prevent others from using what is claimed. . .." Id.

The Court should hold that defendant has pled sufficient facts to put plaintiff on notice of the claim of invalidity based on failure to identify inventors. The defendant has asserted that Robert Flesch and William Andrew were involved with and made significant contributions to the claims, creative work concerning functions and unique features of the '071 Patent, that are material to the dispute in this case. These assertions of fact are not phrased as legal conclusions – defendant has set forth sufficient assertions of fact to assert an invalidity claim based on failure to identify inventors.

The defendant's proposed amended pleading asserts that "Flesch and Andrew conceived of and developed at least the 'instancing' functionality that the '071 patent attempts to claim as 'modeling . . . a plurality of parallel dimensions in a computer memory,' that allows avatars to "populate different ones of the parallel dimensions." Dkt. 236-1 at 18. Defendants allege that, before the '071 Patent application was filed in 2009 by Gary and Brian Shuster, Flesch and Andrew had previously "conceived of and developed" a codebase as a product of their Prototerra company. Defendants allege that the Shusters omitted Flesch and Andrew from the list of inventors for the '071 Patent, even though they hired Flesch and Andrew to work on the codebase that later

REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 7

became the '071 Patent, Flesch and Andrew were listed as inventors on the precursor

American and Canadian patent application(s), and they knew the codebase of

Prototerra was a major contribution to the '071 Patent. Id.  at 19.

Because the Court is considering the motion to amend under a "fair notice" and

"plausibility" standard, *Ashcroft v. Iqbal,* at 678, plaintiff's assertions about evidence in

the Court's adjudicative record – arguing futility by disputing the defendant's allegations

of facts concerning invalidity of the '071 Patent for failure to identify inventors, and

arguing the merits based on disputes of fact -- would not be appropriate to the inquiry.

*Kohja v. Orexigen Therapeutics, Inc.,* 899 F.3d 988, 999-1001 (9th Cir. 2018).

To analyze whether any amendment would be futile, the Court accepts the

assertions of fact as true for purposes of the analysis under Fed. R. Civ. P. 12(b)(6).

*Ashcroft v. Iqbal*, at 678. Invalidity must be proved by clear and convincing evidence –

the jury "must be left with a clear conviction that the claim is invalid." FCBA Model

Patent Jury Instructions, B.4.1, model instruction on invalidity burden of proof, at 37

(May 2020); citing, Microsoft Corp. v i4i Limited Partnership, 564 U.S. 91 (2011).

Allegations in a counterclaim "must plausibly suggest an entitlement to relief" and must

contain "sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir.

2011). In this case, Epic has alleged more than legal conclusions, has not used

boilerplate language, and has provided sufficient factual assertions to give Utherverse

fair notice of the basis for the claims that every inventor was not listed in the '071

Patent.

REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 8

2. Unenforceable patent, based on allegations of inequitable conduct.

To state a claim of inequitable conduct, the party must plead, under Fed. R. Civ. P. 9, with particularity the "the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. V. Wal-Mart Stores, Inc.,* 575 F.3d 1312, 1326-1328 (Fed. Cir. 2009).

The party must plead the facts in detail and describe what the person allegedly did that was inequitable, and how the person allegedly perpetrated the inequitable conduct. *Id,* at 1327. The party asserting this defense must show "the patentee acted with the specific intent to deceive the PTO." *Therasense, Inc. v. Becton, Dickinson and Co.,* 649 F.3d 1276, 1290 (Fed. Cir. 2011) (en banc).

The party asserting the defense "must prove by clear and convincing evidence that the applicant knew of the reference, knew that it was material, and made a deliberate decision to withhold it." *Id*. Materiality is separate from specific intent; failure to disclose an inventor is material information because the patent examiners are required to reject applications if improper inventorship is found. *PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.,* 225 F.3d 1315, 1321-1322 (Fed. Cir. 2000). This equitable defense "expands discovery into corporate practices before patent filing and disqualifies the prosecuting attorney from the patentee's litigation team." *Therasense,* 649 F.3d at 1288.

Allegations of specific deceptive intent may be alleged generally and may be based on circumstantial evidence. *Exergen,* 575 F.3d at 1327, 1328, n.5. An individual who no longer has ownership rights is not disqualified as a possible inventor; inventorship and ownership are distinct. FCBA Model Patent Jury Instructions, B.4.3d,

REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 9

model instruction on inventorship, at 52 (May 2020); *DeCurtis LLC v. Carnival Corporation,* No. 20-22945-Civ-SCOLA/TORRES, 2021 WL 7539904, at *14, Report and Recommendation adopted as modified, 2021 WWL 1540518 (April 20, 2021).

Allegations of inequitable conduct will survive analysis for futility, under Fed. R. Civ. P. 12(b)(6), only if the facts asserted allow the court to make a reasonable inference that a particular person knew of invalidating information being withheld from the PTO, with specific intent to deceive the PTO. *Delano Farms Co. v. California Table Grape Com'n,* 655 F.3d 1337, 1350 (Fed. Cir. 2011). Inequitable conduct is an allegation that, if found by a jury to be proved as to any single claim in the patent, may result in a remedy that renders the entire patent unenforceable. *Therasense, Inc.*, 649 F.3d at 1288. Moreover, prevailing on the defense of inequitable conduct may make a case "exceptional" and may potentially lead to an award of attorneys' fees under 35 U.S.C. § 285. *Id.,* at 1289.

In this case, Epic asserts sufficient facts to state a claim under Fed. R. Civ. P. 9 regarding whether "the applicant knew of the [information about inventorship], knew that it was material, and made a deliberate decision to withhold it." *Therasense, Inc.*, 649 F.3d at 1290. Materiality of the information has been plausibly alleged in the amended pleading. Dkt. 236-2 at 26-27, ¶¶ 22-24; at 37, ¶¶ 71-73.

The assertions of fact regarding specific intent to deceive also meet the plausibility standard. The assertions describe circumstances where Mr. Flesch and Mr. Andrew were initially included as inventors in applications that eventually led to the '071 patent, but in later iterations they were not named as inventors. Dkt. 236-2 at 26-27, ¶¶ 22-24; at 37, ¶¶ 71-73. The defendant also alleges a series of events regarding the

plaintiff's conduct toward Mr. Flesch and Mr. Andrew suggesting that plaintiff may have been less than forthcoming about inventorship and what they contributed to the patent. *Id.*

In the context of a summary judgment motion, the Court would consider whether specific intent to deceive was the single most reasonable inference. See Ohio Willow Wood Co. v. Alps South, LLC, 735 F.3d 1333, 1351 (Fed. Cir. 2013) ("specific intent to commit inequitable conduct may be inferred from indirect and circumstantial evidence. . .. [but] deceptive intent must be 'the single most reasonable inference drawn from the evidence" (internal citations omitted)). Yet, at this stage of the litigation, the Court should apply the plausibility standard and hold that the defendants have alleged sufficient facts to allow the amended pleading to go forward. *Delano Farms Co. v. California Table Grape Com'n,* 655 F.3d 1337, 1350 (Fed. Cir. 2011); *see also, Maquet Cardiovascular LLC v. Abiomed, Inc.*, 627 F. Supp.3d 54, 67 (D. Mass. 2022) (allegation that a co-inventor was listed on an application for a patent that eventually led to the patents at issue, was plausible -- to show the allegedly missing inventor "appears to have provided essential support" and the patentee "was obliged to disclose their contributions to the PTO").

**B. Motion To Exclude Untimely Infringement Theories**

Defendant moves the Court to exclude infringement theories that have allegedly been untimely asserted. Dkt. 231, 232; see also, Dkt. 235 (sealed). The motion has been fully briefed. Dkt. 258, 260 (sealed), 261 (sealed), 267. For the reasons discussed below, defendant's motion is denied.

The plaintiff's infringement contentions (ICs) must be specific enough "to provide reasonable notice to the defendant why the plaintiff believes it has a 'reasonable chance of proving infringement'". *Shared Memory Graphics LLC v. Apple, Inc.,* 812 F. Supp. 2d 1022, 1025 (N.D. Cal. 2010) (*quoting, View Ing'g, Inc. v Robotic Vision Sys., Inc.,* 208 F.3d 981, 986 (Fed. Cir. 2000). The ICs "do not need to include direct proof or direct evidence of infringement." *AntiCancer, Inc. v. Pfizer, Inc.,* 769 F.3d 1323, 1338 (Fed. Cir. 2014).

In this case, the defendant argues that plaintiff is asserting a new theory for infringement contentions, because plaintiff's expert, Dr. Rosenberg, discusses the "lobby" where a player begins their gaming experience. Dkt. 231 at 8-9. Defendant seeks to exclude the following pages, sections, and paragraphs of Dr. Rosenberg's expert report:

Dkt. 232, Decl. of Matthaeus Martino-Weinhardt, Ex. 1, Expert Report of Craig Rosenberg, Ph.D., (redacted); Dkt. 235 (sealed), at: pp. 6-7, Section 11.6, p. 14, Section 12.2 (last paragraph); p. 15, Section 12.3 (last paragraph); pp. 17-18, Section 12.4 (last paragraph); p.19, Section 12.5 (last paragraph); pp. 20-21, Section 12.6 (last paragraph); p. 23. Section 13.1 (last paragraph); p. 25, Section 13.3 (last paragraph); pp. 27-28, Section 13.4 (last paragraph); p. 29, section 13.5 (last paragraph); p. 32, Section 14.2 (last paragraph); p. 34, Section 14.3 (last paragraph); p. 36, Section 14.4 (last paragraph); p. 38 (Section 14.5 (last paragraph); p. 41, Section 15.2 (last paragraph); p. 43, Section 15.3 (last paragraph); p. 45, Section 15.4 (last paragraph); p. 46, Section 15.5 (last paragraph); p. 48, Section 16.5 (first sentence of the first full paragraph on this page); pp. 50-51, Section 16.5 (last half of final sentence starting on

1    page 50 – sentence concludes on page 51); p. 53, Section 16.5.1 (paragraph labeled

2    (3)); p. 56, Section 17.5 (first sentence of second full paragraph); p. 59, Section 17.5,

3    second full paragraph, last half of the sentence); p. 64, section 17.5 (paragraph labeled

4    (3)).

5         Plaintiff asserts their theory is not altered. Instead, according to plaintiff, their

6    expert is discussing evidence that supports an existing theory – the lobby is part of how

7    the matchmaking function works and it is therefore connected to the matchmaking

8    function. Plaintiff contends this is not a new theory, because the plaintiff has

9    consistently identified the matchmaking function as a theory of infringement. Dkt. 258,

10   Plaintiff's Response, at 10.

11        The Court reviewed the excerpts of the expert report, Dkt. 232, Decl. of

12   Matthaeus Martino-Weinhardt, Dkt. 232-1, Expert Report of Craig Rosenberg, Ph.D.,

13   (redacted); Dkt. 235 (sealed). The Court also reviewed (regarding the '071 and '605

14   patents) the plaintiff's Complaint (Dkt. 1, Complaint at 22-28, 37-48, Dkt. 1-4, 1-7);

15   infringement contentions (Dkt. 232-3, 232-4, 232-5, and Dkt. 235-2 (sealed)); the

16   Court's Order re: Claims Construction, and Order Denying Plaintiff's Motion for

17   Reconsideration (Dkt. 133, 146).

18        The Order re: Claims Construction does not address the lobby specifically, but it

19   does refer to "space" and "common space". Dkt. 133 at 11-12. The Court found that the

20   parties agreed the term "space" is an area or portion of a virtual environment. Dkt. 133

21   at 11, ll. 16-18. The Court adopted Utherverse's construction of the term "common

22   space", and determined the intrinsic record supported that construction: "'[in] an

23   embodiment of the inventions, a defined area or portion of multiple dimensions may be

24

25   REDACTED REPORT AND RECOMMENDATION ON
     DEFENDANT'S MOTION TO AMEND ANSWER AND
     COUNTERCLAIMS; AND ORDER ON MOTION TO
     EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 13

1   visible to, and/or interact with, other parts or members of the dimensions. '071:5:24-26'

2   The specification otherwise clearly provides the basis for the Utherverse Gaming

3   construction." *Id.* at 11; see also, Dkt. 76, Utherverse brief re: claims construction, and

4   "common space" term, at 13-15.

5         For example, the expert report of Dr. Rosenberg, discussing Claim 1, makes

6   reference to ██████████████████████████████████████

7   ███████████████████████████████████████████

8   ██████ Dkt. 235, at 7, Section 11.6. With respect to Claim 8, and the "common space"

9   that is part of Claim 8, Dr. Rosenberg's report refers to ████████████████

10   ███████████████████████████████████

11   ███████████████████████████████████████████

12   ██████. *See e.g.,* Dkt. 235, Section 12.5, pp. 18-19. ████████████

13   ███████████████████████████████████████████

14   ███████████████ And, the "space" or "common space" as discussed by the

15   Court's Claim Construction Order, Dkt. 133 at 11-12, is consistent with Dr. Rosenberg's

16   description of the lobby.

17         Therefore, the Court finds the factual record does not support defendant's

18   argument that plaintiff's expert is inserting a new theory. The portions of plaintiff's expert

19   report that have been identified by the defendant's motion will not be stricken. These

20   paragraphs and sentences merely identify the way the lobby connects with the

21   matchmaking function and there is no indication that the expert witness report is being

22   used as a vehicle to add a new contention theory. As plaintiff argues in the response,

23   Dkt. 258, 260 (sealed) at 6, the infringement contentions identified the matchmaking

24

25   REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 14

1    function (e.g., Dkt. 232-3 at 21, 26, 38-39, 60; Dkt. 232-4 at 21-22, 35-36, 39; Dkt. 235-5

2    (sealed) at 8-10, 40, 50-52, 80, 83-86, 97-98, 109-114, 144, 149, 151-154, 168, 177-

3    180) and through the discovery depositions of individuals with technical knowledge the

4    plaintiff acquired more clarity about the connection between the lobby and the

5    matchmaking function. *See, e.g.*, Dkt. 261-6, Sealed Deposition of Mark Imbriaco, at 3-

6    5. Therefore, the information included in the expert report reflects the infringement

7    contentions, and clarity provided by additional discovery.

8       **C.  Conclusion**

9       The Court recommends that defendant's motion for leave to amend should be

10    GRANTED.

11      The Court orders defendant's motion to exclude untimely infringement theories is

12    DENIED.

13      Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall

14    have fourteen (14) days from service of this report to file written objections to the report

15    and recommendation on defendant's motion to amend the answer and counterclaims.

16    *See also* Fed. R. Civ. P. 6. Any objections to the Magistrate Judge's non-dispositive

17    order on the motion to exclude untimely infringement theories are also due by July 28,

18    2023. *See* Fed. R. Civ. P. 72(a).

19      Failure to file objections will result in a waiver of those objections for purposes of

20    *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a

21    waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140,

22    142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

23

24

25    REDACTED REPORT AND RECOMMENDATION ON
      DEFENDANT'S MOTION TO AMEND ANSWER AND
      COUNTERCLAIMS; AND ORDER ON MOTION TO
      EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 15

Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 28, 2023, as noted in the caption.

The Clerk is directed to send a copy of this order to each party.

Dated this 10th day of July, 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

REDACTED REPORT AND RECOMMENDATION ON
DEFENDANT'S MOTION TO AMEND ANSWER AND
COUNTERCLAIMS; AND ORDER ON MOTION TO
EXCLUDE UNTIMELY INFRINGEMENT THEORIES - 16