THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>EPIC GAMES, INC.,<br><br>                Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**UTHERVERSE GAMING LLC'S ANSWER TO EPIC GAMES, INC'S AMENDED COUNTERCLAIM** |

Plaintiff/Counterclaim-Defendant Utherverse Gaming LLC ("Utherverse Gaming") hereby submits this Answer to the Amended Counterclaim (ECF No. 287, Amended Answer to Complaint for Patent Infringement and Counterclaims, pp. 21-38 ("Amended Counterclaim")) of Defendant/Counterclaim-Plaintiff Epic Games, Inc. ("Epic").

Each of the paragraphs below correspond to the same-numbered paragraphs in the Amended Counterclaim. Utherverse Gaming denies all allegations in the Amended Counterclaim, whether express or implied, that are not specifically admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Utherverse Gaming denies that Epic is entitled to the relief requested or any other relief.

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 1
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

Utherverse Gaming responds to the Amended Counterclaim as follows:

## I. NATURE OF THE ACTION

1. Utherverse Gaming admits that the Amended Counterclaim purports to set forth counterclaims for declaratory judgment of invalidity and non-infringement of United States Patent Nos. 8,276,071 (the "'071 Patent"), 8,812,954 (the "'954 Patent"), 9,123,157 (the "'157 Patent"), and 9,724,605 (the "'605 Patent"), arising pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*. and the patent laws of the United States, 35 U.S.C. § 1, *et seq*. The allegations in Paragraph 1 of the Amended Counterclaim otherwise sets forth legal conclusions to which no response is required. Except as expressly admitted herein, Utherverse Gaming denies the allegations arising out of the counterclaims referenced in Paragraph 1 of the Amended Counterclaim.

## II. THE PARTIES

2. Utherverse Gaming is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 2 of the Amended Counterclaim concerning the principal place of business of Epic and therefore Utherverse Gaming denies those allegations. Utherverse Gaming admits that Epic is a corporation organized and existing under the laws of the State of Maryland.

3. Utherverse Gaming admits that Utherverse Gaming LLC is a limited liability company organized and existing under the laws of the State of Delaware, with a principal place of business at 1740 Broadway, 15th Floor, New York, New York 10019.

## III. JURISDICTION AND VENUE

4. Utherverse Gaming admits that the Amended Counterclaim purports to set forth an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. Utherverse Gaming denies that Epic is entitled to any requested relief thereunder.

5. Utherverse Gaming admits that this Court has subject matter jurisdiction over this

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 2
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

action pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6. The allegations in Paragraph 6 of the Amended Counterclaim include legal conclusions to which no response is required. Utherverse Gaming does not otherwise contest the personal jurisdiction of the Western District of Washington.

7. Utherverse Gaming admits that a substantial part of the events giving rise to the Amended Counterclaim occurred in this District, including the filing of the underlying action against Epic for infringement of the Asserted Patents.

## IV.   COUNTERCLAIMS

### FIRST COUNTERCLAIM
### (Non-Infringement of U.S. Patent No. 8,276,071)

8. Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer.

9. Utherverse Gaming admits that it has asserted claims against Epic Games for infringement of the '071 Patent. Utherverse Gaming has accused certain events hosted by Epic's videogame Fortnite, including events featuring Travis Scott, Marshmello, and a Star Wars trailer premiere, of infringing the '071 Patent. Utherverse Gaming also contends that subsequent events including a performance by Ariana Grande infringe the '071 Patent and that other similar events are likely to infringe in the future (all of the foregoing collectively referred to as the "Fortnite Events"). The remainder of Paragraph 9 of the Amended Counterclaim are legal conclusions to which no response is required. Except as expressly admitted herein, Utherverse Gaming denies any other allegation contained in Paragraph 9 of the Amended Counterclaim.

10. The allegations in Paragraph 10 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 10 of the Amended Counterclaim.

11. The allegations in Paragraph 11 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 3
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

1  Gaming denies the allegations contained in Paragraph 11 of the Amended Counterclaim.

      12.     The allegations in Paragraph 12 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 12 of the Amended Counterclaim, including but not limited to the suggestion that Epic avoids liability because a third party commits an element of the otherwise infringing activity at issue and that Epic is not responsible for the same.

      13.     The allegations in Paragraph 13 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 13 of the Amended Counterclaim.

      14.     The allegations in Paragraph 14 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 14 of the Amended Counterclaim.

      15.     The allegations in Paragraph 15 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 15 of the Amended Counterclaim.

      16.     The allegations in Paragraph 16 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 16 of the Amended Counterclaim.

**SECOND COUNTERCLAIM**
**(Invalidity of U.S. Patent No. 8,276,071)**

      17.     Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer to the Amended Counterclaim.

      18.     The allegations in Paragraph 18 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 18 of the Amended Counterclaim.

      19.     The allegations in Paragraph 19 of the Amended Counterclaim are legal

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 4
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 19 of the Amended Counterclaim.

20. The allegations in Paragraph 20 of the Amended Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 20 of the Amended Counterclaim.

21. The allegations in Paragraph 21 of the Amended Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 21 of the Amended Counterclaim.

22. The allegations in Paragraph 22 and its accompanying footnote 4 of the Amended Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 22 and its accompanying footnote 4 of the Amended Counterclaim, including but not limited to the suggestion that aspects of the claims of the '071 Patent were conceived and reduced to practice by Robert Flesch and William Andrew, either as part of contract work that Flesch and Andrew performed for Brian and Gary Shuster's company Utherverse Inc. or otherwise.

23. The allegations in Paragraph 23 of the Amended Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 23 of the Amended Counterclaim, including but not limited to the suggestion that Flesch and Andrew conceived of and developed the instancing functionality in the '071 Patent.  Epic's Amended Counterclaim states in footnote 5, referenced in Paragraph 23, "Epic makes these allegations without asserting that Flesch and Andrew were the first to do instancing,"[1] therefore, it does not follow that Flesch and Andrew conceived of and/or developed any instancing functionality.  Utherverse Gaming admits that in

---

[1] Epic previously admitted in this litigation that instancing functionality "was well known in the video game world by 2005," further discrediting its allegation that Flesch and/or Andrew "conceived of and developed" instancing functionality.  *See* Defendant Epic Games, Inc.'s Motion to Dismiss for Failure to State a Claim, ECF No. 34, p. 16, n. 4.

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 5
CASE NO. 2:21-CV-00799-RSM-TLF



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

2005 Brian and Gary Shuster contracted with Flesch and Andrew and their company Prototerra, Inc. to develop software for non-party Utherverse Digital's Red Light Center, but denies the suggestion that the Prototerra codebase, any customization or modification to the Prototerra codebase, or any other result of the contracted work performed by Flesch and/or Andrew is the equivalent of the '071 Patent's "modeling . . . a plurality of parallel dimensions in a computer memory," "assigning ones of a plurality of avatars within the computer memory so that each of the plurality of avatars populates a respective one of the parallel dimensions," and "animating . . . avatars populating different ones of the parallel dimensions."  The remainder of the allegations of Paragraph 23 of the Amended Counterclaim are denied.  Flesch and Andrew were each deposed in this matter in April 2023 and testified under oath that neither was an inventor of nor contributed to any of the claims of the '071 Patent.

24. Utherverse Gaming admits that Flesch and Andrew were listed as co-inventors along with Brian and Gary Shuster on provisional patent application no. 60/893,531 (the "'531 provisional"), to which the '071 Patent claims priority, and that Flesch and Andrew were listed as co-inventors along with Brian and Gary Shuster on Canadian application no. CA2685353 and PCT patent application no. WO/2008/109798.  All other allegations in Paragraph 24 of the Amended Counterclaim are denied, including but not limited to the suggestion that the Shusters or anyone on their behalf filed any false affidavits with the Canadian Intellectual Property Office or otherwise.

25. The allegation in Paragraph 25 of the Amended Counterclaim is a legal conclusion to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegation contained in Paragraph 25 of the Amended Counterclaim.

### THIRD COUNTERCLAIM
### (Non-Infringement of U.S. Patent No. 8,812,954)

26. Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer to the Amended Counterclaim.

27-34. Utherverse Gaming admits that it previously asserted claims against Epic for

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 6
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

infringement of the '954 Patent. On February 16, 2023, the Parties filed a Joint Stipulated Motion for Entry of Judgment of Non-Infringement of U.S. Patent Nos. 8,812,954 and 9,123,157 and Dismissal without Prejudice of Related Affirmative Defenses and Counterclaims (ECF No. 179), in which, *inter alia*, Epic stipulated and agreed to the dismissal without prejudice of its Third Counterclaim. The Court accepted the Parties' stipulation and dismissed Epic's counterclaims pertaining to the '954 and '157 Patents on April 20, 2023 (ECF No. 199). Thus, Epic's Third Counterclaim is no longer active. The Parties have reserved all appellate rights arising from this action, including the right to appeal the Court's Claim Construction Order. Accordingly, Utherverse Gaming reserves the right to amend its answer to this counterclaim should issues related to the '954 Patent be revived. To the extent that a response is required to Paragraphs 27-34 of the Amended Counterclaim, Utherverse Gaming otherwise denies the allegations contained in Paragraphs 27-34.

**FOURTH COUNTERCLAIM**
**(Invalidity of U.S. Patent No. 8,812,954)**

35. Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer to the Amended Counterclaim.

36-40. On February 16, 2023, the Parties filed a Joint Stipulated Motion for Entry of Judgment of Non-Infringement of U.S. Patent Nos. 8,812,954 and 9,123,157 and Dismissal without Prejudice of Related Affirmative Defenses and Counterclaims (ECF No. 179), in which, *inter alia*, Epic stipulated and agreed to the dismissal without prejudice of its Fourth Counterclaim. The Court accepted the Parties' stipulation and dismissed Epic's counterclaims pertaining to the '954 and '157 Patents on April 20, 2023 (ECF No. 199). Thus, Epic's Fourth Counterclaim is no longer active. The Parties have reserved all appellate rights arising from this action, including the right to appeal the Court's Claim Construction Order. Accordingly, Utherverse Gaming reserves the right to amend its answer to this counterclaim should issues related to the '954 Patent be revived. To the extent that a response is required to Paragraphs 36-40 of the Amended Counterclaim, Utherverse Gaming denies the allegations contained in Paragraphs 36-40.



**FIFTH COUNTERCLAIM**
**(Non-Infringement of U.S. Patent No. 9,123,157)**

41. Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer to the Amended Counterclaim.

42-49. Utherverse Gaming admits that it previously asserted claims against Epic for infringement of the '157 Patent. On February 16, 2023, the Parties filed a Joint Stipulated Motion for Entry of Judgment of Non-Infringement of U.S. Patent Nos. 8,812,954 and 9,123,157 and Dismissal without Prejudice of Related Affirmative Defenses and Counterclaims (ECF No. 179), in which, *inter alia*, Epic stipulated and agreed to the dismissal without prejudice of its Fifth Counterclaim. The Court accepted the Parties' stipulation and dismissed Epic's counterclaims pertaining to the '954 and '157 Patents on April 20, 2023 (ECF No. 199). Thus, Epic's Fifth Counterclaim is no longer active. The Parties have reserved all appellate rights arising from this action, including the right to appeal the Court's Claim Construction Order. Accordingly, Utherverse Gaming reserves the right to amend its answer to this counterclaim should issues related to the '157 Patent be revived. To the extent that a response is required to Paragraphs 42-49 of the Amended Counterclaim, Utherverse Gaming otherwise denies the allegations contained in Paragraphs 42-49.

**SIXTH COUNTERCLAIM**
**(Invalidity of U.S. Patent No. 9,123,157)**

50. Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer to the Amended Counterclaim.

51-55. On February 16, 2023, the Parties filed a Joint Stipulated Motion for Entry of Judgment of Non-Infringement of U.S. Patent Nos. 8,812,954 and 9,123,157 and Dismissal without Prejudice of Related Affirmative Defenses and Counterclaims (ECF No. 179), in which, *inter alia*, Epic stipulated and agreed to the dismissal without prejudice of its Sixth Counterclaim. The Court accepted the Parties' stipulation and dismissed Epic's counterclaims pertaining to the '954 and '157 Patents on April 20, 2023 (ECF No. 199). Thus, Epic's Sixth Counterclaim is no

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 8
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

longer active. The Parties have reserved all appellate rights arising from this action, including the right to appeal the Court's Claim Construction Order. Accordingly, Utherverse Gaming reserves the right to amend its answer to this counterclaim should issues related to the '157 Patent be revived. To the extent that a response is required to Paragraphs 51-55 of the Amended Counterclaim, Utherverse Gaming denies the allegations contained in Paragraphs 51-55.

### SEVENTH COUNTERCLAIM
### (Non-Infringement of U.S. Patent No. 9,724,605)

56. Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer to the Amended Counterclaim.

57. Utherverse Gaming admits it has asserted claims against Epic for infringement of the '605 Patent. Utherverse Gaming has accused certain events hosted by Epic's videogame Fortnite, including events featuring Travis Scott, of infringing the '605 Patent. Utherverse Gaming also contends that subsequent events including a performance by Ariana Grande infringe the '605 Patent and that other similar events are likely to infringe in the future. The remainder of Paragraph 57 of the Amended Counterclaim are legal conclusions to which no response is required. Except as expressly admitted herein, Utherverse denies any other allegation contained in Paragraph 57 of the Amended Counterclaim.

58. The allegations in Paragraph 58 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 58 of the Amended Counterclaim.

59. The allegations in Paragraph 59 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 59 of the Amended Counterclaim.

60. The allegations in Paragraph 60 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 60 of the Amended Counterclaim, including but not limited to the suggestion that Epic avoids liability because a third party commits an element

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 9
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

of the otherwise infringing activity at issue and that Epic is not responsible for the same.

61. The allegations in Paragraph 61 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 61 of the Amended Counterclaim.

62. The allegations in Paragraph 62 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 62 of the Amended Counterclaim.

63. The allegations in Paragraph 63 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 63 of the Amended Counterclaim.

64. The allegations in Paragraph 64 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 64 of the Amended Counterclaim.

**EIGHTH COUNTERCLAIM**
**(Invalidity of U.S. Patent No. 9,724,605)**

65. Utherverse Gaming incorporates herein by reference the contents of each of the preceding Paragraphs of its Answer to the Amended Counterclaim.

66. The allegations in Paragraph 66 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 66 of the Amended Counterclaim.

67. The allegations in Paragraph 67 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 67 of the Amended Counterclaim.

68. The allegations in Paragraph 68 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 68 of the Amended Counterclaim.

69. The allegations in Paragraph 69 of the Amended Counterclaim are legal

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 10
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 69 of the Amended Counterclaim.

70. The allegations in Paragraph 70 of the Amended Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 70 of the Amended Counterclaim.

**NINTH COUNTERCLAIM**
**(Unenforceability of U.S. Patent No. 8,276,071 for Inequitable Conduct)**

71. The allegations in Paragraph 71 and its accompanying footnote 6 of the Amended Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 71 and its accompanying footnote 6 of the Amended Counterclaim, including but not limited to the suggestion that Brian and Gary Shuster "deliberately misled" or "lied" to the USPTO regarding inventorship of U.S. Patent Application No. 12/554,744 (the "'744 Application").

72. The allegations in Paragraph 72 of the Amended Counterclaim are legal conclusions to which no response is required.  To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 72 of the Amended Counterclaim, including but not limited to the suggestion that Flesch and Andrew conceived of and developed the instancing functionality in the '071 Patent. Epic's Amended Counterclaim states in footnote 7, referenced in Paragraph 72, "Epic makes these allegations without asserting that Flesch and Andrew were the first to do instancing,"[2] therefore, it does not follow that Flesch and Andrew conceived of and/or developed any instancing functionality. Utherverse Gaming admits that in 2005 Brian and Gary Shuster contracted with Flesch and Andrew and their company Prototerra, Inc. to develop software for non-party Utherverse Digital's Red Light Center, but denies the suggestion that the Prototerra codebase, any customization or modification to the Prototerra

---

[2] Epic previously admitted in this litigation that instancing functionality "was well known in the video game world by 2005," further discrediting its allegation that Flesch and/or Andrew "conceived of and developed" instancing functionality.  *See* Defendant Epic Games, Inc.'s Motion to Dismiss for Failure to State a Claim, ECF No. 34, p. 16, n. 4.

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 11
CASE NO. 2:21-CV-00799-RSM-TLF



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

codebase, or any other result of the contracted work performed by Flesch and/or Andrew is the equivalent of the '071 Patent's "modeling . . . a plurality of parallel dimensions in a computer memory," "assigning ones of a plurality of avatars within the computer memory so that each of the plurality of avatars populates a respective one of the parallel dimensions," and "animating . . . avatars populating different ones of the parallel dimensions." The remainder of the allegations of Paragraph 72 of the Amended Counterclaim are denied. Flesch and Andrew were each deposed in this matter in April 2023 and testified under oath that neither was an inventor of nor contributed to any of the claims of the '071 Patent.

73. The allegations in Paragraph 73 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 73 of the Amended Counterclaim, including but not limited to the suggestion that Flesch and/or Andrew made any contribution to the subject matter claimed in the '071 Patent.

74. Paragraph 74 of the Amended Complaint includes legal conclusions to which no response is required. Utherverse Gaming admits that Flesch and Andrew were listed as co-inventors along with Brian Shuster and Gary Shuster on the '531 provisional application and that the '071 Patent claims priority to the '531 provisional. Utherverse Gaming admits that Flesch and Andrew were also listed as co-inventors on Canadian application no. CA2685353 and PCT application no. WO/2008/109798 but denies that those applications are "substantially identical" to the '071 Patent. Utherverse Gaming denies the remainder of the allegations in Paragraph 74.

75. The allegations in Paragraph 75 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 75 of the Amended Counterclaim, including but not limited to the suggestion that Brian and/or Gary Shuster paid Flesch and Andrew any sum of money for the purpose of securing signatures on declarations regarding inventorship of the '071 Patent or as an inducement related to a prospective buyer having identified an alleged gating issue

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 12
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

concerning inventorship.

76. The allegations in Paragraph 76 of the Amended Counterclaim are legal conclusions to which no response is required. To the extent a response is required, Utherverse Gaming denies the allegations contained in Paragraph 76 of the Amended Counterclaim.

## V.  RESPONSE TO EPIC'S PRAYER FOR RELIEF

Utherverse Gaming denies that Epic is entitled to any of the relief that it seeks in the Prayer for Relief and further denies that Epic is entitled to any relief whatsoever against Utherverse Gaming. Utherverse Gaming asks the Court to deny any and all of the relief requested by Epic in its Amended Counterclaim. Further, and to the extent that the Amended Counterclaim's Prayer for Relief includes any factual allegations, Utherverse Gaming denies those allegations.

## VI.  JURY DEMAND

Utherverse Gaming admits that the Amended Counterclaim sets forth a demand for trial by jury. Utherverse Gaming likewise demands a trial by jury on all issues so triable.

## VII.  AFFIRMATIVE DEFENSES

### First Affirmative Defense

Epic's Amended Counterclaim, in whole or in part, fails to state a cause of action upon which relief may be granted.

## VIII.  PRAYER FOR RELIEF

Wherefore, Utherverse Gaming respectfully requests that this Court enter judgment in its favor and against Epic as follows:

a) a judgment and order that Epic's Amended Counterclaim is denied in its entirety;

b) a judgment, order, and award of the relief requested in Utherverse Gaming's Complaint; and

c) such other and further relief the Court deems just and proper.

UTHERVERSE GAMING LLC'S ANSWER TO
THE AMENDED COUNTERCLAIM - 13
CASE NO. 2:21-CV-00799-RSM-TLF

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400

1 | DATED this 17th day of August, 2023

Respectfully submitted,

*/s/ Emily C. McNally*

By:  Emily C. McNally (WSBA No. 60710)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA  98104
Tel:  206-393-5400
Fax: 206-393-5401
Email:  emcnally@polsinelli.com

*Of Counsel:*

Colby B. Springer (admitted pro hac vice)
Miya Yusa (admitted pro hac vice)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
Tel:  415-248-2100
Fax: 415-248-2101
Email:  cspringer@polsinelli.com
Email:  myusa@polsinelli.com

Melenie Van (admitted pro hac vice)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel:     (310) 229-1355
Fax:    (415) 276-8959
Email:  mvan@polsinelli.com

Mark T. Deming (admitted pro hac vice)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL  60606
Tel:  312-819-1900
Fax: 312-819-1901
Email:  mdeming@polsinelli.com

Jonathan Spivey (admitted pro hac vice)
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Tel.: (713) 374-1600
Fax: (713) 374-1601
Email: jspivey@polsinelli.com

Attorneys for Plaintiff
UTHERVERSE GAMING LLC

