THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                          Plaintiff,<br><br>    v.<br><br>EPIC GAMES, INC.,<br><br>                          Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**DEFENDANT EPIC GAMES, INC.'S MOTION TO STAY PENDING EX PARTE REEXAMINATION**<br><br>NOTE ON MOTION CALENDAR:<br>Date:    October 20, 2023 |

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ...................................................................................................................1

II.   FACTUAL BACKGROUND ................................................................................................1

III.  LEGAL STANDARD ...........................................................................................................3

     A.    *Ex Parte* Reexamination ...........................................................................................3

     B.    Motions to Stay District Court Litigation Pending *Ex Parte* Reexamination..........3

IV.  ARGUMENT ........................................................................................................................4

     A.    Factor 1: A Stay Will Greatly Simplify the Issues Before the Court.......................4

     B.    Factor 2: The Stage of Litigation Warrants a Stay .................................................7

     C.    Factor 3: Utherverse Will Not be Unduly Prejudiced by a Stay .............................8

V.   CONCLUSION...................................................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amazon.com, Inc. v. Uniloc USA, Inc.*,
   No. C17-1307JLR, 2018 WL 9633490 (W.D. Wash. Feb. 15, 2018) .......................................4

*Brit. Telecomms. PLC v. IAC/InterActiveCorp*,
   No. 18-cv-366-WCB, 2020 WL 5517283, (D. Del. Sept. 11, 2020) ......................................7

*Docusign Inc. v. RPost Commc'ns Ltd.*,
   No. C13-735-MJP, 2014 WL 2178234 (W.D. Wash. May 23, 2014) ......................................4

*Ethicon LLC v. Intuitive Surgical, Inc.*,
   No. 17-cv-871-LPS, 2019 WL 1276029 (D. Del. Mar. 20, 2019)...........................................8

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988)..............................................................................................3

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
   721 F.3d 1330 (Fed. Cir. 2013)...........................................................................................3, 4

*Gould v. Control Laser Corp.*,
   705 F.2d 1340 (Fed. Cir. 1983)...........................................................................................4, 5

*Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*,
   No. C08-184JLR, 2009 WL 357902 (W.D. Wash. Feb. 9, 2009) ..........................................8

*KLA-Tencor Corp. v. Nanometrics, Inc.*,
   No. C 05-03116 JSW, 2006 WL 708661 (N.D. Cal. Mar. 16, 2006) .....................................9

*Motiva, LLC v. Nintendo Co.*,
   No. 10-cv-0349-RSL, 2010 WL 9589141 (W.D. Wash. June 11, 2010).............................5, 8

*Network Appliance Inc. v. Sun Microsystems Inc.*,
   No. 07-cv-6053-EDL, 2008 WL 2168917 (N.D. Cal. May 23, 2008)..................................5, 7

*New World Med. Inc. v. MicroSurgical Tech. Inc.*,
   No. 22-cv-01621-RAJ, 2021 WL 952456, (W.D. Wash. Feb. 18, 2021),
   *report and recommendation adopted*, No. 22-cv-1621-RAJ, 2021 WL 949382
   (W.D. Wash. Mar. 12, 2021) ..................................................................................................5

*Pac. Bioscience Lab'ys v. Nutra Luxe MD, LLC*,
   No. C10-0230JLR, 2011 WL 65947 (W.D. Wash. Jan. 10, 2011).......................................8, 9

*Polaris Innovations Ltd. v. Kingston Tech. Co.*,
   No. 8:16-cv-00300-CJC-RAO, 2016 WL 7496740 (C.D. Cal. Nov. 17, 2016) .......................4

*Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*,
   No. 2:19-cv-225, 2021 WL 121154 (E.D. Tex. Jan. 13, 2021) ...............................................8

*Smartflash LLC v. Apple Inc.*,
   621 F. App'x 995 (Fed. Cir. 2015) .......................................................................................7

*Supercell Oy v. Rothschild Digit. Media Innovations*, LLC,
   No. 15-cv-1119-JLR, 2016 WL 9226493 (W.D. Wash. July 28, 2016) ...................................6

*TC Tech. LLC v. Sprint Corp.*,
   No. 16-cv-153-WCB, 2021 WL 4521045 (D. Del. Oct. 4, 2021) ........................................5, 7

*WAG Acquisition, LLC v. Flying Crocodile, Inc.*,
   No. 2:19-cv-1278-BJR, 2021 WL 6693829 (W.D. Wash. Dec. 28, 2021).........................6, 8, 9

*XR Commcns, LLC v. D-Link Sys., Inc.*,
   No. 17-cv-596-DOC, 2022 WL 17371071 (C.D. Cal. Oct. 26, 2022).......................................7

**Other Authorities**

Local Patent Rule 121 ...............................................................................................................2

MPEP § 2261 .............................................................................................................................9

MPEP § 2686.04 ........................................................................................................................9

MPEP § 2773 .............................................................................................................................9

## I.       INTRODUCTION

Defendant Epic Games, Inc. ("Epic") respectfully requests that the Court stay these proceedings pending the conclusion of reexamination proceedings ordered by the United States Patent and Trademark Office (the "PTO").  As explained further below, the PTO recently determined that all asserted claims of one of the two remaining patents-in-suit, the '071 Patent, are invalid over the prior art.  Given this determination, there is a substantial likelihood that the '071 Patent claims will be canceled or amended, obviating the need for trial or summary judgment on these claims because a canceled claim cannot be infringed and an amended claim cannot be infringed prior to the date of amendment.  Because every event that Plaintiff Utherverse Gaming, LLC ("Utherverse") accuses of infringement has already taken place, this means that the reexamination will likely dispose of the '071 Patent entirely.  In fact, in 79.1% of reexamination proceedings, all of the challenged claims are canceled or amended.[1]  Even in the unlikely event the claims are ultimately upheld, the PTO's determinations regarding the scope of the claims and the disclosures of the prior art would benefit the Court and the parties and simplify any remaining issues.  Utherverse will not be prejudiced by a stay because it neither makes products nor competes with Epic.  If it were to ultimately prevail, the only harm to Utherverse from a stay would be the time value of money over the duration of the stay, which is fully compensable with monetary damages.  Accordingly, a stay pending conclusion of the reexamination would benefit the parties and the Court by improving efficiency and simplifying the case.

## II.      FACTUAL BACKGROUND

On June 11, 2021, Utherverse filed a complaint alleging that Epic infringed U.S. Patent Nos. 8,276,071 (the "'071 Patent"), 8,812,954 (the "'954 Patent"), 9,123,157 (the "'157 Patent")

---

[1] *See* Exhibit 1 to the Declaration of Bethany D. Bengfort in Support of Motion to Stay Pending Ex Parte Reexamination ("Bengfort Decl.") at 2 (noting that certificates issue with all claims canceled in 13.1% of proceedings and with claim changes in 66% of proceedings).

and 9,724,605 (the "'605 Patent") (collectively, the "Asserted Patents").[2]  Dkt. 1.  On December

1, 2021, Epic served invalidity contentions on Utherverse identifying prior art to the Asserted

Patents pursuant to Local Patent Rule 121.  Bengfort Decl. ¶ 3, Ex. 2 at 11.  This prior art

included U.S. Patent No. 9,555,334 B2 ("Bernard"), WO 2008/104782 A2 ("Sony"), and the

video game systems *World of Warcraft* and *Guild Wars*.  *Id.* at 2-4.

Nine days later, on December 10, 2021, Utherverse disclosed Bernard and Sony to the

Examiner of three pending patent applications related to the '071, '954, and '157 Patents (the

"Related Applications") in the PTO.  *See* Bengfort Decl. ¶ 4 Ex. 3 at 6, ¶ 5 Ex. 4 at 1.  Nine

months after that, between September 19-21, 2022, the Examiner issued final rejections of the

claims of the Related Applications over the prior art.  *Id.* ¶¶ 6-8, Exs. 5-7.  The prior art cited by

the Examiner in the rejections included Bernard, Sony, an online video ("c0ncept") documenting

a user's exploration of a particular area in *World of Warcraft*, and a user manual for *Guild Wars*

("Guild Wars").  *Id.*

One month later, on October 20, 2022, the Court issued its claim construction order.

Dkt. 133.  On November 1, 2022, Epic sent Utherverse a letter requesting that Utherverse drop

its infringement allegations for the Asserted Patents (including the '071, '954, and '157 Patents)

in view of the Court's constructions.  Bengfort Decl. ¶ 9, Ex. 8 at 2-3.  On November 3, 2022,

Utherverse filed a motion for reconsideration of the Court's claim construction order, which the

Court denied on November 15, 2022.  Dkt. 137, 146.  Following the Court's denial of

reconsideration, the parties engaged in discussions about whether and how Utherverse would

withdraw its claims for infringement.  Bengfort Decl. ¶ 10, Ex. 9.  On February 16, 2023, the

parties filed a joint stipulation as to non-infringement of the '954 and '157 Patents.  Dkt. 179.

On March 14, 2023, Epic filed an *ex parte* reexamination request asking the PTO to

reassess the validity of several claims of the '071 Patent (collectively, the "Challenged Claims"),

---

[2] The complaint also alleged that Epic infringed U.S. Patent Nos, 8,812,954 (the "'954 Patent") and 9,123,157 (the "'157 Patent"), but the Court entered judgment of non-infringement of these patents pursuant to the parties' stipulation on April 20, 2023.  Dkt. 199.

EPIC MOTION FOR STAY - 2
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

including claims 8 and 10, the only '071 Patent claims remaining in this action.  Bengfort Decl.

¶ 4, Ex. 3 at 1.  In the request, Epic argued that the Challenged Claims were also unpatentable in

view of Bernard, Sony, c0ncept, and Guild Wars for the many of the same reasons that the

Examiner articulated in its final rejections of the Related Applications, which contained

substantially similar claims.  *Id.* at 1, 6-9.  On April 20, 2023, the PTO granted Epic's request

and ordered reexamination of the Challenged Claims.  *Id.* ¶ 11, Ex. 10 at 1.

On September 18, 2023, the PTO issued an Office Action in the reexamination

proceedings rejecting all Challenged Claims as unpatentable over Bernard, Sony, and c0ncept,

after which Epic promptly filed this motion.  *Id.* ¶ 12, Ex. 11 at 1.

## III.    LEGAL STANDARD

### A.    *Ex Parte* Reexamination

*Ex parte* reexamination is "a curative proceeding meant to correct or eliminate

erroneously granted patents."  *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1338

(Fed. Cir. 2013).  If a patent claim "is determined to be invalid in reexamination, the

reexamination statute requires the Director of the PTO to cancel [the] claim" once all appeals

have been exhausted.  *Id.* at 1339.  The cancellation of claims is "binding in concurrent

infringement litigation," and thus "if the [patentee's] claims were canceled in the reexamination,

[it] would eliminate the need to try the infringement issue."  *Id.* at 1339-40 (quoting *Slip Track

Sys., Inc. v. Metal Lite, Inc.*, 159 F.3d 1337, 1341 (Fed. Cir. 1998)) (alterations in original).  In

addition, if "the claim is amended during reexamination to render the claim valid, no suit can be

maintained for the period prior to the validating amendment."  *Id.* at 1339.  Accordingly, "if the

PTO confirms the original claim in identical form, a suit based on that claim may continue, but if

the original claim is cancelled or amended to cure invalidity, the patentee's cause of action is

extinguished and the suit fails."  *Id.*

### B.    Motions to Stay District Court Litigation Pending *Ex Parte* Reexamination

District courts "have inherent power to manage their dockets and stay proceedings,

including the authority to order a stay pending conclusion of a PTO reexamination."  *Ethicon,*

1  *Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (internal citation omitted).  District

2  courts "in the Ninth Circuit 'often grant stays . . . in light of the 'liberal policy in favor of

3  granting motions to stay proceedings pending the outcome of [PTO] reexamination or reissuance

4  proceedings.'" *Amazon.com, Inc. v. Uniloc USA, Inc.*, No. C17-1307JLR, 2018 WL 9633490, at

5  *1 (W.D. Wash. Feb. 15, 2018) (quoting *Roche Molecular Sys., Inc. v. Cepheid*, No. C-14-3228-

6  EDL, 2015 WL 124523, at *3 (N.D. Cal. Jan. 7, 2015)).  When determining whether to grant a

7  stay, "courts generally consider three factors: 1) whether a stay will simplify the issues in

8  question; 2) the stage of litigation*, i.e.* whether discovery is complete and whether a trial date has

9  been set; and 3) whether a stay would unduly prejudice the non-moving party." *Docusign Inc. v.

10  RPost Commc'ns Ltd.*, No. C13-735-MJP, 2014 WL 2178234, at *1 (W.D. Wash. May 23,

11  2014).  The three factors "are not exhaustive, however, as the decision whether to order a stay

12  must be based on the totality of the circumstances." *Polaris Innovations Ltd. v. Kingston Tech.

13  Co.*, No. 8:16-cv-00300-CJC-RAO, 2016 WL 7496740, at *1 (C.D. Cal. Nov. 17, 2016).

14  **IV.    ARGUMENT**

15      The totality of the circumstances demonstrates that a stay is warranted in this case

16  because each of the three factors (simplification of the case, the stage of litigation, and the

17  prejudice to Utherverse) weighs in favor of a stay.  *See Docusign*, 2014 WL 2178234, at *1.

18      **A.    Factor 1: A Stay Will Greatly Simplify the Issues Before the Court**

19      Resolution of the reexamination proceedings will simplify the issues presented to this

20  Court.  If the PTO maintains its determination that the claims as drafted are invalid, it will

21  eliminate the need for a trial on the '071 Patent, because every asserted claim will be either

22  canceled or amended and Utherverse's "cause of action [will be] extinguished." *Fresenius*, 721

23  F.3d at 1340; *see also Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983)

24  (stating that "one purpose of the reexamination procedure is to eliminate trial [in district court] of

25  that issue (when the claim is canceled)").  Cancelation or amendment is the most likely outcome

26  in this reexamination.  According to PTO statistics, all reexamined claims are amended or

27  canceled in 79.1% of instituted reexamination proceedings.  Bengfort Decl. ¶ 2, Ex. 1 at 2; *see*

28  EPIC MOTION FOR STAY - 4
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

*also TC Tech. LLC v. Sprint Corp.*, No. 16-cv-153-WCB, 2021 WL 4521045, at \*6 (D. Del. Oct. 4, 2021) ("What the statistics show is that following reexamination, roughly 80 percent of the reexamined claims are either canceled or amended.").  The likelihood that the claims are ultimately canceled or amended in this case is even higher because the PTO has already issued an Office Action in the reexamination rejecting the Challenged Claims as invalid over the prior art.  Bengfort Decl. ¶ 12, Ex. 11; *see also TC Tech*, 2021 WL 4521045, at \*5 (granting stay because "the examiner has already rejected all the asserted claims in a non-final office action" and thus "it is even more unlikely . . . that the claims will ultimately be confirmed by the examiner"); *Network Appliance Inc. v. Sun Microsystems Inc.*, No. 07-cv-6053-EDL, 2008 WL 2168917, at \*4 (N.D. Cal. May 23, 2008) (granting stay where "the PTO already issued an initial office action rejecting all sixty-three claims of the [] patent, indicating that claim cancellation or modification is at least somewhat likely for these claims").

Even in the unlikely event that one or both claims are ultimately upheld, the reexamination will still simplify the issues to be tried in this case by "providing the district court with the expert view of the PTO."  *Gould*, 705 F.2d at 1342 (noting that stays of district court proceedings pending reexamination proceedings "preserve[]" the "purpose of the reexamination statute" by permitting the PTO to determine "an issue (patent claim validity) involved in the dispute before the district court").  In particular, "the parties and the Court [will] benefit from the PTO's expert analysis of the validity and the proper scope of the patent's claims."  *Motiva, LLC v. Nintendo Co.*, No. 10-cv-0349-RSL, 2010 WL 9589141, at \*1 (W.D. Wash. June 11, 2010).  The Court will also have the benefit of knowing the "positions taken by [the] patent owner during [the] proceeding," which "become part of the patent's prosecution history, and can therefore, inform and materially affect the claim interpretations."  *New World Med. Inc. v. MicroSurgical Tech. Inc.*, No. 22-cv-01621-RAJ, 2021 WL 952456, at \*3 (W.D. Wash. Feb. 18, 2021), *report and recommendation adopted*, No. 22-cv-1621-RAJ, 2021 WL 949382 (W.D. Wash. Mar. 12, 2021).  Accordingly, after the reexamination has concluded the Court will have

1    the benefit of the PTO's guidance and the patent owner's positions on claim scope in making its

2    validity and infringement determinations, which will also simplify the proceedings.

3         The '605 Patent is not involved in the reexamination proceedings, but this does not weigh

4    against a stay.  The standard for determining whether a stay is warranted "is simplification of the

5    district court case, not complete elimination of it."  *WAG Acquisition, LLC v. Flying Crocodile,*

6    *Inc.*, No. 2:19-cv-1278-BJR, 2021 WL 6693829, at *3 (W.D. Wash. Dec. 28, 2021).  Courts in

7    this district have granted stays even where only some of the asserted patents or claims were

8    subject to reexamination.  *See id.* (granting stay where one of the asserted patents was not

9    involved in the reexamination proceedings); *see also Supercell Oy v. Rothschild Digit. Media*

10   *Innovations*, LLC, No. 15-cv-1119-JLR, 2016 WL 9226493, at *4 (W.D. Wash. July 28, 2016)

11   (noting prior rejection of patentee's argument that to "simplify the issues . . . the outcome of the

12   reexamination must finally resolve all issues in the litigation" and granting stay even though not

13   all asserted claims were involved in PTO proceedings).  As described above, the reexamination

14   proceeding is likely to completely eliminate (or at least substantially simplify) Utherverse's

15   claims for the '071 Patent, one of only two patents asserted in this case.

16        Moreover, the reexamination proceedings on the '071 Patent are likely to simplify issues

17   with respect to the '605 Patent as well.  For purposes of trial, Utherverse treats the inventions in

18   the '605 and '071 Patents as coextensive—its damages expert, Michele Riley, does not separate

19   damages between the patents in her analysis.  *See, e.g.*, Dkt. 310-1 ¶¶ 305-358.  In addition, at

20   issue in the reexamination proceeding is a prior art reference—Sony—that Epic has also asserted

21   against the '605 Patent.  Bengfort Decl. ¶ 4, Ex. 3 at 1-2.  As Utherverse has acknowledged, the

22   '605 and '071 Patents both purport to claim improvements on prior art virtual reality

23   environments that addressed population constraints "by replicating virtual areas through

24   'instancing.'"  Dkt. 38 at 4.  A key validity issue for both patents is what Sony discloses with

25   respect to this instancing functionality.  *See* Bengfort Decl. ¶ 4, Ex. 3 at 10-13, Ex. 12 ¶¶ 377-

26   385, ¶¶492-495.  The PTO's determinations in the reexamination regarding what Sony does and

27

28

1    does not disclose will therefore be material to both the '605 and the '071 Patents, and its findings

2    on these issues will simplify the entire case.[3]

3          **B.      Factor 2: The Stage of Litigation Warrants a Stay**

4          The current stage of litigation also weighs in favor of a stay.  Although discovery is

5    complete, no trial date has been set.  *See* Dkt. 291.  Dispositive-motion briefing is underway but

6    not finished.  *Id.*  All of the dispositive motions that have been filed involve issues that will

7    either be mooted or simplified by the reexamination.  *See* Dkt. 308 (moving for summary

8    judgment of infringement of the '071 Patent); Dkt. 300 (moving for summary judgment of non-

9    infringement and invalidity of the '071 Patent).  Moreover, as the court explained in *Brit.*

10   *Telecomms. PLC v. IAC/InterActiveCorp,* "the most burdensome parts of the case for the parties

11   and the court—preparation for trial, going through the trial process, and engaging in post-trial

12   motions practice—all lie in the future."  No. 18-cv-366-WCB, 2020 WL 5517283, at *6 (D. Del.

13   Sept. 11, 2020) (granting stay pending reexamination after the close of fact discovery and less

14   than two months before trial); *see also Smartflash LLC v. Apple Inc.*, 621 F. App'x 995, 1005

15   (Fed. Cir. 2015) (holding that the district court abused its discretion when it denied a stay after

16   dispositive motions but prior to trial, explaining that "[d]espite the substantial time and effort

17   already spent in this case, the most burdensome task is yet to come").

18         Courts frequently grant stays pending PTO proceedings after discovery is complete but

19   before trial.  *See id.*; *see also XR Commcns, LLC v. D-Link Sys., Inc.,* No. 17-cv-596-DOC, 2022

20   WL 17371071, at *1 (C.D. Cal. Oct. 26, 2022) (granting stay even though "fact discovery is

21   complete and a trial date has been set" because invalidation of one of the two patents asserted in

22   the case "would greatly simplify the issues in question and trial of the case"); *TC Tech.*, 2021

23   WL 4521045, at *7 (granting stay pending reexamination six weeks before trial and following

24   rulings on dispositive motions); *AGIS Software Dev. LLC v. Google LLC*, No. 2:19-cv-361, 2021

25

26   _____

      [3] If the Court disagrees that a full stay is warranted, Epic is also amenable to a partial stay of the
27   case for just the '071 Patent. *See Network Appliance*, 2008 WL 2168917, at *4 (granting partial
      stay where "most of the contested patents" were not involved in reexamination proceedings).

28
      EPIC MOTION FOR STAY - 7                                    **Morrison & Foerster LLP**, 425 Market Street,
      (CASE NO. 2:21-CV-00799-RSM-TLF)                            San Francisco, CA, Tel: 415-268-7000

WL 465424, at *3 (E.D. Tex. Feb. 9, 2021) (granting stay pending reexamination after completion of discovery and pretrial briefing because "there remain significant resources yet to be expended by the parties"); *Ramot At Tel Aviv Univ. Ltd. v. Cisco Sys., Inc.*, No. 2:19-cv-225, 2021 WL 121154, at *2 (E.D. Tex. Jan. 13, 2021) (same); *Ethicon LLC v. Intuitive Surgical, Inc.*, No. 17-cv-871-LPS, 2019 WL 1276029, at *2 (D. Del. Mar. 20, 2019) (granting stay even though "the case is at an advanced stage" because "the case is at an efficient pausing point" and "any weight given to this factor is outweighed by the likelihood that the issues for trial will be simplified by a stay").  Although discovery is complete, no trial date has been set, the Court has not yet expended resources resolving dispositive motions addressing the '071 Patent, and the parties and the Court have yet to expend the significant resources associated with trial preparation and trial.  A stay is therefore appropriate and warranted at this stage of the case.

### C.      Factor 3: Utherverse Will Not be Unduly Prejudiced by a Stay

Utherverse will not be unduly prejudiced if these proceedings are stayed pending the results of reexamination.

*First*, Utherverse is a patent-licensing company that does not make any products and does not compete with Epic.  *See* Dkt. 301-21 at UG00007014.  Courts "have consistently found that a patent licensor cannot be prejudiced by a stay because monetary damages provide adequate redress for infringement."  *Implicit Networks, Inc. v. Advanced Micro Devices, Inc.*, No. C08-184JLR, 2009 WL 357902, at *3 (W.D. Wash. Feb. 9, 2009); *see also WAG Acquisition*, 2021 WL 6693829, at *3 (noting that "potential prejudice resulting from a stay is of less concern in cases where, as here, the parties are not competitors"), *Motiva*, 2010 WL 9589141, at *2 ("[B]ecause Motiva does not sell any products, the parties are not direct competitors, so any resulting harm can be compensable in damages.").  Accordingly, Utherverse cannot demonstrate that it will be unduly prejudiced by any delay.

*Second*, "[c]ourts have repeatedly held that the delay inherent in the reexamination process does not, by itself, constitute undue prejudice."  *Pac. Bioscience Lab'ys v. Nutra Luxe MD, LLC*, No. C10-0230JLR, 2011 WL 65947, at *4 (W.D. Wash. Jan. 10, 2011) (citing *Implicit*

*Networks*, 2009 WL 357902, at \*3).  This is particularly so because reexamination proceedings are conducted "with special dispatch" and "further expedite[d]" if a concurrent district court "litigation is stayed pending reexamination."  *Id.* (citing MPEP §§ 2261, 2686.04).  And if the claims are confirmed, the delay will be minimal because, as the patent owner, only Utherverse has "the ability to appeal decisions on the pending request[] for *ex parte* reexamination."  *WAG*, 2021 WL 6693829, at \*3 (citing MPEP § 2773).

      ***Third,*** Utherverse cannot show that Epic's request for reexamination or stay is due to "dilatory motives or tactics."  *See KLA-Tencor Corp. v. Nanometrics, Inc.*, No. C 05-03116 JSW, 2006 WL 708661, at \*3 (N.D. Cal. Mar. 16, 2006) ("[C]ourts also consider evidence of dilatory motives or tactics, such as when a party unduly delays in seeking reexamination of a patent.").  As explained in Section II, *supra*, Epic's request for reexamination of the '071 Patent claims was prompted by the Examiner's rejection of substantially similar claims in the three Related Applications.  Bengfort Decl. ¶ 4, Ex. 3 at 1, 6-9.  These rejections happened between September 19-21, 2022.  Bengfort Decl. ¶¶ 6-8.  At the time, these rejections were also relevant to two other Asserted Patents (the '157 and '954 Patents), which are in the same family as the '071 Patent and also contain substantially similar claims.  *See* Dkt. 1 ¶ 19, Dkt. 49 at 2-5.  Between November 2022 and February 2023, however, the parties were involved in discussions regarding whether Utherverse would drop certain claims or patents (including the '071, '157, and '954 Patents) in view of the Court's October 20, 2022 claim construction order, thus mooting the need for a reexamination request on those claims or patents.  Bengfort Decl. ¶ 10, Ex. 9.  Epic diligently pursued these discussions, frequently following up with Utherverse's counsel until the parties filed a stipulation to non-infringement of the '157 and '954 Patents on February 16, 2023.  *Id.*; *see also* Dkt. 179.  Following the stipulation, Epic promptly filed its request for reexamination of the '071 Patent on March 14, 2023.  Bengfort Decl. ¶ 4.  Epic then promptly moved for a stay after the Examiner issued an Office Action rejecting the '071 Patent claims on September 18, 2023.

1

**V.     CONCLUSION**

2      As it currently stands, the Patent Office has rejected all of the asserted claims from the

3  '071 Patent.  Thus, it is nearly certain that those claims will ultimately be canceled or amended,

4  preventing Utherverse from recovering damages from Epic based on those claims.  Forcing the

5  Court and the parties to exert significant time and resources litigating claims that are likely

6  doomed would be a wasted effort.  As a patent licensing entity, Utherverse is not prejudiced

7  because it can be compensated for any delay through money damages.  Epic respectfully requests

8  that the Court stay the current proceedings pending the outcome of the reexamination

9  proceedings on the '071 Patent ordered by the PTO.

10

11  Dated:  October 4, 2023                     I certify that this memorandum contains 3,514 words, in
                                                compliance with the Local Civil Rules.
12

13
                                    By:_____/s/ Bethany D. Bengfort_____
14                                          Bethany D. Bengfort (*pro hac vice*)
                                            BBengfort@mofo.com
15                                          Daralyn J. Durie (*pro hac vice*)
                                            DDurie@mofo.com
16                                          Eugene Novikov (*pro hac vice*)
                                            ENovikov@mofo.com
17                                          Timothy C. Saulsbury (*pro hac vice*)
                                            TSaulsbury@mofo.com
18                                          Eric C. Wiener (*pro have vice)*
                                            EWiener@mofo.com
19                                          Matthaeus Martino-Weinhardt (*pro hac vice*)
                                            MMartinoWeinhardt@mofo.com
20                                          MORRISON & FOERSTER LLP
                                            425 Market Street
21                                          San Francisco, CA 94105
                                            Telephone:    415-268-7000
22                                          Facsimile:    415-268-7522

23                                          Katherine E. McNutt (*pro hac vice*)
                                            KMcNutt@mofo.com
24                                          MORRISON & FOERSTER LLP
                                            707 Wilshire Boulevard, Suite 6000
25                                          Los Angeles, CA 90017-3543
                                            Telephone:    213-892-5200
26                                          Facsimile:    213-892-5454

27

28

EPIC MOTION FOR STAY - 10                              **Morrison & Foerster LLP**, 425 Market Street,
(CASE NO. 2:21-CV-00799-RSM-TLF)                          San Francisco, CA, Tel: 415-268-7000

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

Dated:  October 4, 2023          By: _____ */s/ Antoine M. McNamara* _____
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:     206-359-8000
Facsimile:     206-359-9000

*Attorneys for Defendant Epic Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 4, 2023 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Bethany D. Bengfort*
BETHANY D. BENGFORT
