UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UTHERVERSE GAMING, INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>EPIC GAMES, INC.,<br><br>        Defendants. | Case No. 2:21-cv-799-RSM-TLF<br><br>ORDER DENYING MOTION TO STAY |

**INTRODUCTION**

This matter comes before the Court on defendant's Motion to Stay Pending Ex Parte Reexamination, Dk. 318. Plaintiff filed a response, opposing the motion. Dkt. 320. Defendant filed a reply brief, Dkt. 328. The Court held oral argument. Dkt. 345. Having considered the briefing of the parties and the record in this matter, the defendant's motion is denied.

**DISCUSSION**

When a claim is canceled as a result of a reexamination under 35 U.S.C. § 307(a), cancellation of the claim would be binding on the Court in any concurrent infringement litigation on that claim. *Fresenius USA, Inc., v. Baxter Intern., Inc.,* 721 F.3d 1330, 1339-1340 (Fed. Cir. 2013), *cert. denied,* 572 U.S. 1115 (2014). "[A]ny pending litigation in which the claims are asserted becomes moot." *Id.,* at 1340.

ORDER DENYING MOTION TO STAY - 1

1   "Courts have inherent power to manage their dockets and stay proceedings,
2 including the authority to order a stay pending conclusion of a PTO reexamination."
3 *Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (internal citations
4 omitted). Though a stay is never required, it may be "particularly justified where the
5 outcome of the reexamination would be likely to assist the court in determining patent
6 validity and, if the claims were canceled in the reexamination, would eliminate the need
7 to try the infringement issue." *In re Cygnus Telecomms. Tech., LLC, Patent Litig.,* 385
8 F.Supp.2d 1022, 1023 (N.D. Cal. 2005) (citing *Gould v. Control Laser Corp.,* 705 F.2d
9 1340, 1342 (Fed. Cir. 1983)). "[A]n auxiliary function [of the reexamination] is to free the
10 court from any need to consider prior art without the benefit of the PTO's initial
11 consideration." *In re Etter,* 756 F.2d 852, 857 ( Fed. Cir. 1985).
12   When the USPTO is conducting a reexamination, the district court has discretion
13 to stay judicial proceedings; the district court considers: "(1) whether a stay will simplify
14 the issues in question and the trial of the case, (2) whether discovery is complete and
15 whether a trial date has already been set, and (3) whether a stay will unduly prejudice or
16 present a clear tactical disadvantage to the non-moving party." *Pacific Bioscience*
17 *Laboratories, Inc. v. Pretika Corp.,* 760 F.Supp. 2d 1061, 1063 (W.D. Wash. 2011); *see*
18 *also, Murata Mach. USA v. Daifuku Co.,* 830 F.3d 1357, 1362 (Fed. Cir. 2016) (in
19 addition to the three factors, the district court may review the totality of circumstances
20 when deciding whether a stay is appropriate). The patent reexamination statute was
21 intended to provide the federal court with the USPTO's expertise on the analysis of
22 claims, and of prior art, and would potentially inform the court's claim construction
23 regardless of whether the USPTO upholds, or cancels, all or some of the claims. *See,*
24
25

*Ethicon, Inc. v. Quigg,* 849 F.2d 1422, 1428 (Fed. Cir. 1988) ("even if reexamination did not lead to claim amendment or cancellation, it could still provide valuable analysis to the district court").

A.  Stage of the Proceedings

The first factor – whether discovery is complete and whether a trial date has been set – weighs against staying this case. Although a trial date has not been set, discovery has been complete since June 9, 2023. The Court has held numerous discovery and case management conferences since the inception of this case. Further, the parties' summary judgment briefs and Daubert motions are noted for November 10, 2023.

Stays pending reexamination are routinely granted for cases in the *initial* stages of litigation. *See Target Therapeutics, Inc. v. SciMed Life Sys., Inc.,* 33 U.S.P.Q.2d 2022, 2023 (N.D.Cal.1995) (finding that the absence of "significant discovery" or "substantial expense and time ... invested" in the litigation weighed in favor of staying the litigation); *Pactool Int'l Ltd. v. Dewalt Indus. Tool Co.,* No. C06-5367BHS, 2008 WL 312677, at *1-2 (W.D.Wash. Feb.1, 2008) (beginning stage of litigation weighed in favor of granting a stay).

The Court acknowledges that the outcome of Epic's reexamination request may impact the current claim construction. However, *if* it becomes necessary for the parties to file an amended claim construction motion, they can bring that motion before District Judge Ricardo Martinez. In any type of litigation, there is always a possibility of events occurring that may alter the course of a case – that, in and of itself, is not a reason to stay a case in anticipation of an uncertain course of events.

ORDER DENYING MOTION TO STAY - 3

B. Simplification of the Issues and Trial of the Case

Where the *ex parte* reexamination will address all of the claims at issue in the litigation, there is some probability that the reexamination will simplify the issues in question, and the trial of the case. *AT & T Intellectual Prop. I v. Tivo, Inc.,* 774 F.Supp.2d 1049, 1053 (N.D. Cal. 2011). In this case, the ex parte reexamination does not address all of the claims at issue in this litigation. Epic's reexamination request addresses only one of the *two* patents at issue here.

In any case, there are other considerations. First, an *ex parte* proceeding is not necessarily final, because *ex parte* proceedings allow for appeals to the Patent Trial and Appeal Board ("PTAB"), and subsequently to the United States Court of Appeals for the Federal Circuit. *See* 35 U.S.C. §§ 134 and 141. The Court is unable to predict or estimate how much time could elapse waiting for the parties to work through the appeals process.

Further, unlike an *inter partes* proceeding that imposes an estoppel on third-party requesters, in *ex parte* reexaminations, the fact that the PTO might decide an issue one way does not bar any party from arguing the contrary position in court.

Finally, a court is not required to stay patent litigation simply because parallel PTO proceedings have been instituted. *Vikase Corp. v. Am. Nat. Can Co.*, 261 F.3d 1316, 1328 (Fed. Cir. 2001).*See also Ethicon v. Quigg,* 849 F.2d 1422, 1428, 7 USPQ2d 1152, 1157 (Fed.Cir.1988) ("challenging validity in a court and requesting PTO reexamination 'are concepts not in conflict'") (quoting *In re Etter,* 756 F.2d 852, 857, 225 USPQ 1, 4 (Fed.Cir.1985) (en banc)). The inquiry by the PTO is different from the

Court's legal framework. *See, Avago Technologies Fiber IP (Singapore) Pte. Ltd. V. IPtronics Inc.,* No. 10-cv-02863-EJD, 2011 WL 3267768 at *4 (N.D. Cal., Jul 28, 2011).

Taking these considerations into account, the Court concludes the second factor weighs against a stay in this case. The *ex parte* reexamination procedure, unlike the *inter partes* procedure, takes longer, and addresses more limited aspects of the case. *See Interwoven, Inc. v. Vertical Computer Systems, Inc.,* No. C 10-04645 RS, 2012 WL 761692 at *3 (N.D. Cal., March 8, 2012).

C. Prejudice and Disadvantage

Long delays in this litigation, if the Court were to grant a stay for the duration of the reexamination process, would cause business disadvantages to Utherverse, the non-moving party. Even under these circumstances, where Utherverse is a patent-licensing company and is therefore not a direct competitor of Epic, Utherverse would suffer from business prejudice as a result of the substantial delay from the reexamination process. Staying this case would place in limbo the status of the patents at issue and this litigation would remain uncertain for an undefined, lengthy, period of time. Therefore, the Court finds this factor weighs against granting Epic's motion to stay.

**CONCLUSION**

Considering the relevant factors, and the litigation in context, the Court hereby DENIES Epic's Motion to Stay Pending *Ex Parte* Reexamination.

Dated this 25th day of October, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

ORDER DENYING MOTION TO STAY - 6