THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC, | Case No. 2:21-cv-00799-RSM-TLF |
| Plaintiff, | **PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO EXCLUDE CERTAIN OPINIONS AND TESTIMONY OF BENJAMIN ELLINGER** |
| v. | |
| EPIC GAMES, INC., | |
| Defendant. | |



## <u>TABLE OF CONTENTS</u>

I.     Introduction................................................................................................1

II.    Epic Cannot Lay the Predicate for Ellinger's Opinions...........................2

III.   Ellinger's Reliance on Post-Dated Hearsay, Undocumented Third-Party Source Code, and Uninformed Assumptions is Not Reliable...............................................4

IV.    Ellinger's Methodology is Not Reliable ...................................................6

V.     Conclusion ................................................................................................7

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND
TESTIMONY OF BENJAMIN ELLINGER – ii
(CASE NO. 2:21-CV-00799-RSM-TLF)



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel:  206-393-5400

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Avocent Redmond Corp. v. Rose Elec*
   2012 WL 5499832 (W.D. Wash. Nov. 13, 2012). .......................................................................2

*Arterburn v. Home Depot U.S.A., Inc.*,
   C22-408-RSM, 2023 WL 6392744 (W.D. Wash. Oct. 2, 2023) .....................................1, 2, 4

*Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*,
   880 F.3d 1356 (Fed. Cir. 2018) ...................................................................................................3

*Data E. USA, Inc. v. Epyx, Inc.*
   862 F.2d 204 (9th Cir. 1988) .......................................................................................................2

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*,
   509 U.S. 579 (1993) ......................................................................................................................1

*Ellis v. Costco Wholesale Corp.*,
   657 F.3d 970 (9th Cir. 2011) .......................................................................................................1

*Fife v. Sci. Games Corp.*
   2018 WL 6620485 (W.D. Wash. Dec. 18, 2018) .........................................................................2

*Gen. Elec. Co. v. Joiner*,
   522 U.S. 136 (1997) ......................................................................................................................1

*Kyocera Senco Industrial Tools, Inc. v. International Trade Commission*,
   22 F.4th 1369 (Fed. Cir. 2022) ...................................................................................................6

*In re Oetiker*,
   977 F.2d 1443 (Fed. Cir. 1992) ...................................................................................................3

*Int'l Bus. Machines Corp. v. Priceline Group Inc.*
   271 F. Supp. 3d 667 (D. Del. 2017) .............................................................................................5

*Packet Intelligence LLC v. NetScout Sys., Inc.*
   965 F.3d 1299 (Fed. Cir. 2020) ...................................................................................................5

*Tetris Holding, LLC v. Xio Interactive, Inc.*
   863 F. Supp. 2d 394 (D.N.J. 2012) ............................................................................................2

*United States v. Gwaltney*,
   790 F.2d 1378 (9th Cir. 1986) .....................................................................................................1

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND
TESTIMONY OF BENJAMIN ELLINGER – iii
(CASE NO. 2:21-CV-00799-RSM-TLF)

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

*Valve Corp. v. Ironburg Inventions Ltd.*
  8 F.4th 1394 (Fed. Cir. 2021) ......................................................................3

*Versata Software, Inc. v. SAP Am., Inc.*
  717 F.3d 1255 (Fed. Cir. 2013)....................................................................5

*Wi-LAN Inc. v. Sharp Elecs. Corp.,*
  992 F.3d 1366 (Fed. Cir. 2021)................................................................4, 5

**Statutes**

35 U.S.C. § 282 .............................................................................................3

**Other Authorities**

Fed. R. Evid. 702(b), (c)...............................................................................1

MPEP § 2128(I) .............................................................................................3



1
2
3
4
5
6
7
8
9

## I.       INTRODUCTION

The Court's gatekeeping function ensures that expert testimony is reliable. *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). Epic bears the burden to prove that Ellinger's proposed testimony is "based on sufficient facts or data" and "the product of reliable principles and methods." FED. R. EVID. 702(b), (c). This precludes testimony and opinions based on "subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590–91 (1993). A district court is not required to admit opinion evidence that is "connected to existing data only by the *ipse dixit* of the expert." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997). But Epic asks the Court to do exactly that.

10
11
12
13
14
15
16
17
18

Epic insists Ellinger's methodology—which it generously describes as "analyzing . . . types of evidence to determine the functionality of prior art video games"—be presented to the jury when it is based on unauthenticated and crowd-sourced conjecture, hearsay, and other Internet resources for which Epic failed to establish fundamental predicate facts. DKT. 330, 1:7–8. These deficiencies do not go to the weight of the evidence, but the threshold question of "whether the jury can receive 'appreciable help' from" the proposed testimony. *United States v. Gwaltney*, 790 F.2d 1378, 1381 (9th Cir. 1986). "[U]nreliable and unfairly prejudicial expert witness testimony is not helpful to the trier of fact" and should be excluded. *Arterburn v. Home Depot U.S.A., Inc.*, C22-408-RSM, 2023 WL 6392744, at *3 (W.D. Wash. Oct. 2, 2023).

19
20
21
22
23
24

Ellinger's analysis may 'look like' methodologies used in other cases, but other cases crucially use reliable, authenticated evidence from the relevant time. Epic does not cite any authority allowing an expert to testify based on third-party articles that post-date the relevant time, online materials of unknown origins, gap-filling assumptions of faded personal knowledge, or conclusory declarations about third-party source code without corroborating testimony or documentation. Ellinger's opinions are unreliable and should be excluded.

25
26



## II.    EPIC CANNOT LAY THE PREDICATE FOR ELLINGER'S OPINIONS

Epic argues that the "types of materials" upon which Ellinger relies are often accepted as evidence.  *See generally* DKT. 330, 2:17–5:16.  But the issue is not whether game manuals, gameplay videos, or online description of in-game events *can* form the basis for reliable opinions.  The issue is that those specific materials upon which Ellinger relies are unauthenticated and unreliable.  These materials are the very foundation of Ellinger's opinions.  Ellinger's opinions are thus equally unreliable.

Epic's identified authority is inapposite.  *Avocent Redmond Corp. v. Rose Elec.* involved "technical schematics" that bore hallmarks "support[ing] a finding that *the documents are, in fact, the technical schematics for [the defendant's] products*" and *not hearsay* because they were attributable to the defendant.  2012 WL 5499832 (C06-1711RSL), at *2 (W.D. Wash. Nov. 13, 2012) (emphasis added).  *Fife v. Sci. Games Corp.* took judicial notice under Rule 201 that screenshots and videos tendered by the defendant *matched the version submitted by the plaintiff*.  2018 WL 6620485 (2:18-CV-00565-RBL), at *2 (W.D. Wash. Dec. 18, 2018).  *Data E. USA, Inc. v. Epyx, Inc.* approved of photographs of gameplay, *corroborated by testimony* as to the content of the game, as evidence of the actual contents of the game while contrasting disallowed photographs of gameplay when the game itself was unavailable.  862 F.2d 204, 207 (9th Cir. 1988).  And *Tetris Holding, LLC v. Xio Interactive, Inc.* relied on YouTube videos and screenshots when *neither side questioned authenticity*.  863 F. Supp. 2d 394, 409 (D.N.J. 2012).

In each of these cases, the veracity of the underlying subject matter could be tested.  In contrast to the present action, Ellinger's unauthenticated materials date back a decade or more and purport to describe a game as it existed several years *earlier*.  *See e.g.* DKT. 294, 3:12–22 (Polygon.com website from 2014); *id.* at 3:23–25 (Engadget.com article from 2009); *id.* at 4:14–18 (Fandom.com wikis of unknown publication dates, last visited in 2023); *id.* at 5:22–24 (YouTube video from 2011).  Nothing in the record beyond Ellinger's 'because I say so'

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND
TESTIMONY OF BENJAMIN ELLINGER – 2
(CASE NO. 2:21-CV-00799-RSM-TLF)

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400

1  establishes that these materials accurately describe WOW or GUILD WARS as they existed before

2  March 7, 2007.

3       Nor does Epic attempt to prove up the authenticity of the GUILD WARS manual or the

4  c0ncept WOW video.  Epic instead argues that the Patent Office's reliance on these materials is

5  determinative.  DKT. 330 at 4:22–5:7.  But the Patent Office's citation of a document in an

6  administrative proceeding is not an adjudication that the document was authentic and available as

7  of a certain date under the Federal Rules.  *See* MPEP § 2128(I).  "[E]ven when the document itself

8  contains a publication date," the alleged publication may still be challenged before the Patent

9  Office.  *Id.*

10       In *Valve Corp. v. Ironburg Inventions Ltd.*, the Court determined the prior art status of the

11  reference based on numerous factors.  *See generally* 8 F.4th 1364, 1370–76 (Fed. Cir. 2021).  Only

12  ***one*** of those factors was a consideration of a patent examiner's prior determinations made during

13  prosecution that other copies of the reference were prior art.  *Id.* at 1371–73.  But the examiner

14  determinations in *Valve* were not held to be dispositive for the purposes of an Article III

15  proceeding.  *Id.* at 1374–75.  Epic cites to nothing more to justify Ellinger's reliance.  DKT. 330,

16  4:22–5:7, 10:6–12.  And notably absent from Epic's cursory discussion of *Valve* is the requirement

17  that alleged prior art must have a publication date identified "from a legally authorized

18  investigation" "supported by sufficient guarantees of trustworthiness."  *Valve*, 8 F.4th 1374 (*citing*

19  Fed. R. Evid. 803, 807); *see also* DKT. 294, 4:14-21 (discussing the same).

20       Finally, Epic dismissively argues that its authenticity deficiencies should not call into

21  question the reliability of Ellinger's opinions.  DKT. 330, 9:17–10:1.  But the burden in this legal

22  proceeding is higher than that of an administrative proceeding before the Patent Office.  *See In re*

23  *Oetiker*, 977 F.2d 1443, 1445 (Fed. Cir. 1992) (preponderance of the evidence standard during

24  prosecution).  An issued patent—like those of Utherverse Gaming—is presumed valid.  35 U.S.C.

25  § 282.  Epic's burden to invalidate a presumptively valid patent is by clear and convincing

26  evidence.  *Core Wireless Licensing S.A.R.L. v. LG Elecs., Inc.*, 880 F.3d 1356, 1364 (Fed. Cir.

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND
TESTIMONY OF BENJAMIN ELLINGER – 3
(CASE NO. 2:21-CV-00799-RSM-TLF)

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel: 206-393-5400

2018).  There is no clear and convincing evidence that the materials on which Ellinger bases his opinions are authentic and accurately depict the actual operation of WOW or GUILD WARS before March 7, 2007.  Ellinger's testimony is unreliable and should be excluded.  *Arterburn*, 2023 WL 6392744 at *3.

III.   **ELLINGER'S RELIANCE ON POST-DATED HEARSAY, UNDOCUMENTED THIRD-PARTY SOURCE CODE, AND UNINFORMED ASSUMPTIONS IS NOT RELIABLE**

Epic argues that Ellinger's opinions should not be excluded because the facts or data underlying an expert's opinion need not be independently admissible.  DKT. 330, 6:22–9:6.  But non-prior art, unauthenticated, third-party hearsay characterizations are not the types of materials on which experts typically rely.  The Federal Circuit has made clear that an expert cannot be a conduit for hearsay under the guise of expert testimony.  *See Wi-LAN Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366, 1375 (Fed. Cir. 2021). To find otherwise wholly undermines the need for an expert; a lay person could so testify making the Federal Rules of Evidence meaningless.

Epic does not deny it intends to offer the non-prior art articles for the truth of the matter asserted.  DKT. 330, 5:8–10 (characterizing the materials as "supplemental evidence" that "others familiar with the games observed the same features").  This is the epitome of hearsay that cannot be cross-examined.  Epic thus concedes to cloaking that hearsay as Ellinger's opinions thereby allowing it to be improperly channeled to the jury.

Epic attempts to equate Ellinger's reliance on these materials with that of Utherverse Gaming's expert.  DKT. 330, 5:14-16.  Any such uses are not analogous.  Utherverse Gaming relied on certain materials for the *allegations* that commenced this action through its *complaint*.  *See generally* DKT. 1.  Utherverse Gaming then methodically used the discovery process to prove up those allegations from its complaint *as fact* for summary judgment and trial.

Utherverse Gaming's expert cites contemporaneous reports about game play events and then corroborates those reports with Epic produced source code, documents, blueprints, and

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND
TESTIMONY OF BENJAMIN ELLINGER – 4
(CASE NO. 2:21-CV-00799-RSM-TLF)

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel: 206-393-5400

1  witness testimony.  Epic has not disputed—nor can it—the veracity of any of the materials because

2  those materials are its own.  The materials on which Ellinger relies, however, purportedly describe

3  conditions that existed years earlier, the materials themselves being more than a decade old.  And

4  the truth of the matter for which those materials are being offered is contested.  Epic both failed to

5  authenticate those materials or otherwise establish their veracity or accuracy through testimony or

6  other available means of evidentiary proof.

7       Nor can Ellinger's reliance on source code bridge the gap.  Ellinger is not analyzing source

8  code subsequently demonstrated to confirm its functionality.  He is purportedly determining how

9  software not currently in a commercial product operated more than 15 years ago.  Nor did he even

10  attempt to affirm his conclusions through technical documentation or testimony from third-party

11  sources—Activision and ArenaNet—despite subpoenaing witness that were later made available

12  for deposition.  DKT. 295-3 at 306:15-25; 307:1-14; 307:23-308:20 (Ellinger admitting that he did

13  not verify his conclusions).

14       These failures directly contrast the case law on which Epic relies.  In each of those Epic

15  cited decisions, source code analysis was supplemented by technical documentation, white papers,

16  code annotations, and even demonstrative setups of the software in question.  *Int'l Bus. Machines*

17  *Corp. v. Priceline Group Inc.* involved "deposition testimony, technical documentation, testing

18  information, and screen flows."  271 F. Supp. 3d 667, 686 (D. Del. 2017).  *Packet Intelligence*

19  *LLC v. NetScout Sys., Inc.* involved a white paper that demonstrated software operation.  965 F.3d

20  1299, 1306 (Fed. Cir. 2020).  *Versata Software, Inc. v. SAP Am., Inc.* included reliance on "notes

21  in source code explaining how the code works" in addition to a "demonstrative data setup," which

22  the Court characterized as "[t]he most telling evidence."  717 F.3d 1255, 1261 (Fed. Cir. 2013).

23       It is Epic's burden as the evidentiary proponent to establish that the facts underlying the

24  opinions are reliable, including by demonstrating they are objective and can be independently

25  validated.  *Wi-LAN*, 992 F.3d at 1376.  Epic and Ellinger had the opportunity to obtain testimony

26  or documentation from Activision or ArenaNet to corroborate the alleged operation of the source

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND
TESTIMONY OF BENJAMIN ELLINGER – 5
(CASE NO. 2:21-CV-00799-RSM-TLF)

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel: 206-393-5400

1    code; they failed to do so.  Given that the original software products are unavailable, Ellinger's

2    characterization of the source code is untestable and unverifiable.  His opinions are therefore

3    unreliable, unhelpful, and inadmissible.

4    **IV.    ELLINGER'S METHODOLOGY IS NOT RELIABLE**

5         Epic mischaracterizes Utherverse Gaming's motion, contending that it has not challenged

6    the reliability of Ellinger's methodology and is instead raising premature evidentiary objections.

7    DKT. 330, 1:11-13, 7 n.3.  Utherverse Gaming's motion is proper because Ellinger's opinions are

8    not based on sufficient facts or data.  His opinions constitute unreliable and unfairly prejudicial

9    testimony unhelpful to a jury.  Ellinger's opinions have no competent foundation.  This is not a

10   question of weight or cross-examination, but junk science masquerading as expert opinion.

11        Ellinger cannot fill the gap with a 20-year old recollection of undocumented game play of

12   WOW (and by Ellinger's own admission, *no experience* with GUILD WARS).  This is particularly

13   true as to issues where he failed to consider the materials from the perspective of one of ordinary

14   skill in the art.  To offer expert testimony "a witness must at least have ordinary skill in the art.

15   Without that skill, the witness's opinions are neither relevant nor reliable."  *Kyocera Senco*

16   *Industrial Tools, Inc. v. International Trade Commission*, 22 F.4th 1369, 1376-77 (Fed. Cir. 2022).

17   Ellinger contends he has experience as a ***developer***, but the basis of his testimony and observations

18   challenged here is that of a ***player***.  DKT. 295-2 at ¶¶ 125, 126, 181-192, 230, 274-280, 359

19   (analyzing purported art from the perspective of a game player).  That inexperience is fatal as

20   detailed by David Crane.  DKT. 295-4 at ¶¶ 151-171, 189-210; *see also* DKT. 294, 9:11-23.  Those

21   non-POSITA opinions are unreliable and not helpful to the jury; they should not be admitted.

22

23

24

25

26

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND
TESTIMONY OF BENJAMIN ELLINGER – 6
(CASE NO. 2:21-CV-00799-RSM-TLF)

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel: 206-393-5400

1  **V.      CONCLUSION**

2        Utherverse Gaming requests that the Court grant its motion to exclude certain opinions and

3  testimony of Benjamin Ellinger.  *See* Dkt. 294, 12:7-18; 294-1.

4

5

6        DATED this 10th day of November, 2023                  Respectfully submitted,

7

8                                                               */s/ Emily McNally*
                                                      By:     Emily McNally (WSBA No. 60710)
9                                                             **POLSINELLI PC**
                                                              1000 Second Avenue, Suite 3500
10                                                            Seattle, WA  98104
                                                              Tel:  206-393-5400
11                                                            Fax:  206-393-5401
      *Of Counsel:*                                           Email:  emcnally@polsinelli.com
12
      Colby B. Springer (admitted *pro hac vice*)             Mark T. Deming (admitted *pro hac vice*)
13    Miya Yusa (admitted *pro hac vice*)                     **POLSINELLI PC**
      **POLSINELLI LLP**                                      150 N. Riverside Place, Suite 3000
14    Three Embarcadero Center, Suite 2400                    Chicago, IL  60606
      San Francisco, CA  94111                                Tel:  312-819-1900
15    Tel:  415-248-2100                                      Fax:  312-819-1901
      Fax: 415-248-2101                                       Email:  mdeming@polsinelli.com
16    Email:  cspringer@polsinelli.com
      Email:  myusa@polsinelli.com                            Jonathan Spivey (admitted *pro hac vice*)
17                                                            **POLSINELLI PC**
      Melenie Van (admitted *pro hac vice*)                   1000 Louisiana Street, Suite 6400
18    **POLSINELLI LLP**                                       Houston, TX 77002
      2049 Century Park East, Suite 2900                      Tel.: (713) 374-1600
19    Los Angeles, CA 90067                                   Fax: (713) 374-1601
      Tel:     (310) 229-1355                                 Email: jspivey@polsinelli.com
20    Fax:     (415) 276-8959
      Email:  mvan@polsinelli.com                             Attorneys for Plaintiff
21                                                            UTHERVERSE GAMING LLC

22    The signatory certifies that this memorandum contains 2029 words, in compliance with the Local
23    Civil Rules.  Counsel relied on the word count of a word-processing system used to prepare the
      brief.
24

25

26

UTHERVERSE GAMING'S REPLY ISO MOTION
TO EXCLUDE CERTAIN OPINIONS AND                              
TESTIMONY OF BENJAMIN ELLINGER – 7                          1000 SECOND AVENUE, SUITE 3500
(CASE NO. 2:21-CV-00799-RSM-TLF)                            SEATTLE, WA  98104 • Tel: 206-393-5400