THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EPIC GAMES, INC.,<br><br>    Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**DEFENDANT EPIC GAMES, INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 369)**<br><br>LCR 7 Noting Date:   January 26, 2024 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................1

II. LEGAL PRINCIPLES ............................................................................................................2

III. OBJECTIONS.........................................................................................................................2

    A. The Court Should Grant Summary Judgment of Non-Infringement of the Asserted Claims of the '605 Patent........................................................................................2

        1. Utherverse Misconstrues the Court's Claim Construction Order to Eliminate the Claim Requirement for One or More Avatars in the Playback of the Recorded Experience File ...................................................3

        2. Utherverse Attempts to Sidestep the Court's Construction of "Recorded Experience File" as a "Recording of a Prior Experience that Occurred in a Virtual Environment"..........................................................................4

    B. The Court Should Grant Summary Judgment that Utherverse's Failure to Comply with the Marking Statute Limits Damages for the '071 Patent ...............................6

IV. CONCLUSION........................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Am. Med. Sys., Inc. v. Med. Eng'g Corp.*,
  6 F.3d 1523 (Fed. Cir. 1993) ................................................................................................... 7

*Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*,
  559 F.3d 1308 (Fed. Cir. 2009) ............................................................................................... 7

*CXT Sys., Inc. v. Acad., Ltd.*,
  No. 2:18-CV-00171-RWS-RSP, 2020 WL 9936135 (E.D. Tex. Jan. 28, 2020) ...................... 7

*Eon Corp. IP Holdings v. Silver Spring Networks*,
  815 F.3d 1314 (Fed. Cir. 2016) ........................................................................................... 1, 3

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
  64 F.3d 1553 (Fed. Cir. 1995) ................................................................................................. 4

*Gen. Mills, Inc. v. Hunt-Wesson, Inc.*,
  103 F.3d 978 (Fed. Cir. 1997) ................................................................................................. 3

*Intel Corp. v. Qualcomm Inc.*,
  21 F.4th 784 (Fed. Cir. 2021) .................................................................................................. 4

*Lubby Holdings LLC v. Chung*,
  11 F.4th 1355 (Fed. Cir. 2021) ................................................................................................ 8

*Mich. Motor Techs., LLC v. Bayerische Motoren Werke AG*,
  No. 22-CV-3804, 2023 WL 4683428 (N.D. Ill. July 21, 2023) ............................................... 7

*O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*,
  521 F.3d 1351 (Fed. Cir. 2008) ............................................................................................... 3

*Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*,
  853 F.3d 1370 (Fed. Cir. 2017) ........................................................................................... 7, 8

*United States v. Reyna-Tapia*,
  328 F.3d 1114 (9th Cir. 2003) (en banc) ................................................................................. 2

**Statutes**

28 U.S.C. § 636(b)(1) ..................................................................................................................... 2

35 U.S.C. § 287 .......................................................................................................................... 6, 9

**Other Authorities**

Fed. R. Civ. P. 72(b) ................................................................................................................2

## I. INTRODUCTION

Defendant Epic Games, Inc. ("Epic") respectfully objects to portions of the Report and Recommendation on Defendant's Motion for Summary Judgment ("R&R") issued on December 26, 2023 (Dkt. 369).

*First*, Epic respectfully objects to the portion of the R&R recommending denial of summary judgment of non-infringement on the asserted claims of the '605 Patent. *See* Dkt. 369 at 16-21. The R&R recommends denial of summary judgment in view of the parties' ostensible disagreements over the meaning of the Court's claim construction order, including: (1) whether the Court's order eliminated the express claim requirement for "one or more avatars" in the playback of the recorded experience file (it did not); and (2) whether the Court's construction for "recorded experience" required that it must capture a prior experience in a virtual world rather than merely preprogrammed animation (it did). *Id.*

The R&R erroneously concludes that the disagreement between the parties' experts results from a dispute of fact over the how the accused events work. The experts' disagreement, however, is not about how the accused events work; that factual issue is undisputed. Rather, they disagree over the meaning of a "recorded experience file" and whether preprogrammed animations that contain no avatars can qualify as such a file under the court's claim construction order. Such disputes over claim scope are legal issues that the Court must resolve at summary judgment. *See Eon Corp. IP Holdings v. Silver Spring Networks*, 815 F.3d 1314, 1319 (Fed. Cir. 2016) (explaining that it is "legal error" to "leav[e] it for the jury to decide" a "question of claim scope"). The Court's claim construction order makes clear that, to infringe, the accused events must contain a "recorded experience file" that is a recording of a past event and that includes "one or more avatars." The undisputed factual record demonstrates that they do not. Accordingly, the Court should reject the Magistrate's recommendation and grant summary judgment to Epic of non-infringement of the asserted claims of the '605 Patent.

*Second*, Epic agrees with the R&R that the Court should grant summary judgment of non-infringement and/or invalidity of the '071 Patent. If the Court adopts the Magistrate's

recommendation, there is no need for the Court to consider any further issues regarding that patent. If the Court rejects the Magistrate's recommendation and does not grant summary judgment on the '071 Patent, however, then Epic respectfully objects to the portion of the R&R recommending denial of summary judgment that Plaintiff Utherverse Gaming LLC ("Utherverse") failed to prove compliance with the marking statute. *See* Dkt. 369 at 24-27. The R&R suggests that Utherverse can avoid the marking statute by dropping claims mid-litigation that would otherwise trigger its marking obligations. *Id.* This contradicts controlling Federal Circuit law.

## II.   LEGAL PRINCIPLES

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). The court reviews *de novo* those portions of the report and recommendation to which a party makes a specific written objection. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## III.   OBJECTIONS

### A.   The Court Should Grant Summary Judgment of Non-Infringement of the Asserted Claims of the '605 Patent

The Court should grant summary judgment of non-infringement of the asserted claims of the '605 Patent to Epic because Utherverse's infringement positions are premised entirely on misinterpretations of the Court's claim construction order. The R&R recommends denial of summary judgment in view of "disagreement[s] between [the] experts." *See* Dkt. 369 at 20-21. But the "disagreement[s]" noted in the R&R do not pertain to issues of fact concerning the functionality of the accused events, but rather to the Court's holding as to claim scope in its claim construction order. *See id.* Specifically, as the R&R notes, the parties dispute: (1) whether an "initial scene state [that] did not include an avatar . . . is allowed by the Court's construction"; and (2) whether "the Court's Claim Construction Order required that the [recorded] experience

1  must capture a prior *experience* in a virtual world rather than an animation." *Id.* at 18, 19.  These
2  are legal questions for the Court, not for the experts or for the jury.  *See Eon*, 815 F.3d at 1320
3  (explaining that the court is "obligated to provide the jury with a clear understanding of the
4  disputed claim scope" and it is "legal error" to leave questions of claim interpretation to the
5  jury); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351, 1360 (Fed. Cir. 2008)
6  ("When the parties raise an actual dispute regarding the proper scope of the[] claims, the court,
7  not the jury, must resolve that dispute."); *Gen. Mills, Inc. v. Hunt-Wesson, Inc.*, 103 F.3d 978,
8  983 (Fed. Cir. 1997) ("Where the parties do not dispute any relevant facts regarding the accused
9  product . . . but disagree over possible claim interpretations, the question of literal infringement
10 collapses into claim construction and is amenable to summary judgment.").  Once these legal
11 questions are resolved by the Court, the undisputed facts demonstrate that summary judgment
12 must be granted in favor of Epic.

>           **1.     Utherverse Misconstrues the Court's Claim Construction Order to
>                    Eliminate the Claim Requirement for One or More Avatars in the
>                    Playback of the Recorded Experience File**

15         Utherverse incorrectly asserts that, during claim construction, the Court held that "the
16 claims of the '605 Patent do not require any avatar" in the playback of the recorded experience
17 file.  Dkt. 369 at 17; *see also id.* at 19.  Instead, the Court held that the definition of the term
18 "***initial scene state***," on its own, did not require "one or more avatars."  The Court did not
19 construe any other claim language bearing on whether an avatar must be present.  *See* Dkt. 133
20 at 13.  This is because Claim 1 explicitly recites "including one or more avatars" in the playback
21 of the recorded experience file, separate from any implicit requirements of the recited "initial
22 scene state":

>           A method of playing back a recorded experience in a virtual
>           worlds system, comprising . . .
>
>           . . . playing back the recorded experience file by rendering, for
>           display by the at least one client device, objects of the initial scene
>           state in the new instance, **including one or more avatars**, and
>           rendering updates to the initial scene state based on the subsequent
>           changes over the time period; and

> automatically transporting *the one or more avatars* to a different new instance of the scene, upon occurrence of a threshold event, wherein the threshold event comprises when a maximum capacity of avatars has been reached in the new instance of the scene.

Dkt. 301-3 at 10:37-58 (emphasis added). Utherverse, itself, admitted at claim construction that the Court's construction of "initial scene state" simply acknowledges that it would be redundant to require that the "initial scene state" also implicitly requires "one or more avatars," as "including one or more avatars" is already part of the express language of the claim. *See* Dkt. 301-7 at 86:15-19 ("because the recitation of the avatar actually appears in the claim, [] having it be part of [both] the construction [of initial scene state] and [] the claim would actually make it redundant and repetitive"); *see also Intel Corp. v. Qualcomm Inc.*, 21 F.4th 784, 792 (Fed. Cir. 2021) (explaining that courts should "avoid a reading [of a claim] that renders some words altogether redundant"). The Court's construction did not (and cannot) erase the "including one or more avatars" claim language. *See* Dkt. 133 at 13; *see also Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 64 F.3d 1553, 1557 (Fed. Cir. 1995) (explaining that courts "must give meaning to all the words in [the] claims" and cannot "disregard[]" any claim limitation).

It is undisputed that there is no avatar in the playback of the alleged "recorded experience file." As the R&R notes, Utherverse's expert Dr. Rosenberg concedes "that the [accused] play back does not include avatars." *See* Dkt. 369 at 19. The remaining dispute is thus a legal question: whether the Court's claim construction of "the initial scene state" rewrote the claim to eliminate a separate, express claim requirement of "one or more avatars." It did not. Summary judgment of non-infringement should therefore be granted to Epic on this basis. If the Court grants Epic summary judgment on this basis, it need not reach the next issue.

    **2.    Utherverse Attempts to Sidestep the Court's Construction of "Recorded Experience File" as a "Recording of a Prior Experience that Occurred in a Virtual Environment"**

The R&R also erroneously suggests that there is a dispute of fact as to whether "a play back of a recorded experience file occurred during the accused events." Dkt. 369 at 20. There is

none.  The Court construed "[r]ecorded experience [file]" to mean "a recording of a prior experience that occurred in a virtual environment."  *See* Dkt. 369 at 18.  It is undisputed that there was no performance of the accused Travis Scott and Ariana Grande events that occurred in a virtual environment, was recorded while the performance was occurring in that virtual environment, and then was later played back as a recording of the original performance.  *See* Dkt. 369 at 17-19, Dkt. 300 at 13-14, Dkt. 334 at 5-6.  Rather, the parties agree that the events were preprogrammed animations created using a digital animation tool (here, called a "sequencer") that were then played to viewers in separate, distinct performances.  *Id*.  The accused events therefore do not contain a "recorded experience file," as the Court construed that term, as a matter of law.

The R&R reached a contrary conclusion based on Utherverse's assertion that the Court's construction of "recorded experience file" plausibly encompasses preprogrammed animations because the Court did not specify in its claim construction order that "gameplay was the experience file that was being recorded." Dkt. 369 at 18.  In support, Utherverse cited the portion of the claim construction order excluding "new gameplay" from the definition of "recorded experience."  *Id.*  But this is a misreading of the Court's order, which specifically states that a "recorded experience" must be a "recording of a ***prior experience that occurred in a virtual environment***," distinguishing a recording of *past* gameplay from *new* gameplay that has not been recorded.  Dkt. 133 at 3, 14 (emphasis added).  During claim construction, Epic had argued that a "recorded experience file" must be a "recording of past events that someone previously experienced" and not "any preprogrammed scene, whether or not anyone had ever played or experienced it before." Dkt. 72 at 23-24.  This was consistent with the specification's description of the claimed invention as the ability to replay events (like weddings) that took place in a virtual world at an earlier time.  *Id.*  The Court agreed with Epic, finding that "[d]uring prosecution, the inventors expressly disclaimed any interpretation of 'recorded experience' that would include 'new gameplay'" and that Utherverse's proposed construction, which attempted to capture a broader claim scope, "[ran] afoul of this disclaimer." Dkt. 133 at 13-14.  The Court

highlighted the portion of the prosecution history that stated that "the instant invention allows users to participate in *past events* (in other words, travel back in time)." *Id* (emphasis added). The Court thus found—contrary to Utherverse's argument adopted in the R&R—that a "recorded experience file" must contain "a recording of a prior experience *that occurred in a virtual environment*" rather than being simply any experience that is created and presented to viewers in a virtual environment. *Id.*

The Court's claim construction order makes clear that, to meet the "recorded experience file" limitation, there must be a "prior experience that occurred in a virtual environment" that is "record[ed]" and then later played back. Dkt. 133 at 3, 14. In other words, as stated in the claim construction order, there must be a "past event" that is recorded and played back, allowing users to seemingly "travel back in time" to experience the past event. *Id.* It is undisputed that the Travis Scott and Ariana Grande events were preprogrammed animations experienced by viewers as new events, and that no performance of the Travis Scott or Ariana Grande events was recorded and later played back to viewers. Dkt. 369 at 17-19, Dkt. 300 at 13-14. The accused events cannot meet the Court's construction as a matter of law. Summary judgment of non-infringement should be granted to Epic on this independent basis as well.

**B.    The Court Should Grant Summary Judgment that Utherverse's Failure to Comply with the Marking Statute Limits Damages for the '071 Patent**

If the Court does not grant summary judgment of non-infringement and/or invalidity of the '071 Patent as set forth in the R&R, then the Court should grant summary judgment that Utherverse is barred from recovering pre-suit damages for the '071 Patent because it has not met its burden of proving compliance with the marking obligations of 35 U.S.C. § 287. The R&R recommends denial of summary judgment on this issue for two reasons: (1) Utherverse currently asserts only claims 8 and 10 of the '071 Patent, which are method claims not covered by the marking statute; and (2) there are disputes of fact as to whether Utherverse Classic practices claims 8 and 10. Dkt. 369 at 26-27. Both fail as a matter of law.

*First*, Utherverse triggered application of the marking statute when it asserted both

method and apparatus claims in its initial infringement contentions. *See* Dkt. 301-13 (asserting method claims 1 and 8 and apparatus claims 24 and 25).[1] The Federal Circuit has held that "[w]here the patent contains both apparatus and method claims," then "to the extent that there is a tangible item to mark by which notice of the asserted method claims can be given, a party is obliged to do so." *Am. Med. Sys., Inc. v. Med. Eng'g Corp.*, 6 F.3d 1523, 1538 (Fed. Cir. 1993). While a party may avoid the marking requirement by asserting only method claims in litigation, if both apparatus and method claims are asserted, then the marking statute applies. *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1317 (Fed. Cir. 2009). A patentee cannot "retroactively excuse its failure to mark" by disclaiming claims mid-litigation that would trigger its marking obligations. *Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, 853 F.3d 1370, 1383 (Fed. Cir. 2017). This alone is dispositive. Following *Rembrandt*, numerous district courts have held that, "if apparatus and method claims for a patent are asserted at any point in the litigation, the marking statute is triggered, ***even if the apparatus claims are later dropped***." *CXT Sys., Inc. v. Acad., Ltd.*, No. 2:18-CV-00171-RWS-RSP, 2020 WL 9936135, at *4 (E.D. Tex. Jan. 28, 2020) (collecting cases); *Mich. Motor Techs., LLC v. Bayerische Motoren Werke AG*, No. 22-CV-3804, 2023 WL 4683428, at *14 (N.D. Ill. July 21, 2023).[2] This means that Utherverse cannot avoid its marking obligations by dropping its apparatus claims prior to summary judgment. It must prove compliance with the marking statute.

*Second*, any potential dispute of fact as to whether Utherverse Classic practices claims 8 or 10 is irrelevant because Epic contends that Utherverse Classic practices claim 1, and

---

[1] Utherverse served its initial infringement contentions on November 2, 2021. Utherverse served amended infringement contentions over 18 months later on March 3, 2023, dropping apparatus claims 24 and 25.

[2] The R&R notes that the *Michigan Motor* case is "not appellate precedent from the Federal Circuit, and therefore it is not binding authority for the Court; it is unclear whether the Federal Circuit would interpret the marking statute in that manner." Dkt. 369 at 26. But this case and the other cases cited in *CTX Systems* persuasively interpret and apply the binding Federal Circuit decision in *Rembrandt.* The R&R does not suggest any reason that these cases were decided incorrectly.

Utherverse has offered no evidence that Utherverse Classic does not practice claim 1. *See* Dkt. 334 at 24; *see also Lubby Holdings LLC v. Chung*, 11 F.4th 1355, 1359 (Fed. Cir. 2021) ("the patentee bears the burden to prove the products identified do not practice the patented invention"). Utherverse argues that claim 1 cannot trigger its marking obligations because it is no longer asserted in this action. The Federal Circuit rejected this exact argument in *Rembrandt*. 853 F.3d at 1382. In that case, the patent owner alleged infringement of a patent claim, the accused infringer then asserted that an unmarked product practiced that claim, and the patent owner then withdrew that claim from its infringement allegations and even attempted to disclaim it at the PTO. *Id.* The Federal Circuit held that relinquishing the claim did not shield the patent owner from its marking obligations because that would "effectively provide[] an end-run around the marking statute and is irreconcilable with the statute's purpose." *Id.* at 1383. Here, as in *Rembrandt*, Utherverse originally asserted claim 1 of the '071 Patent, Epic asserted that Utherverse Classic practiced the asserted claims, and then Utherverse withdrew claim 1 from the litigation. *See* Dkt. 301-13. Thus, as in *Rembrandt*, dropping claim 1 did not relieve Utherverse of its marking obligation. The R&R does not substantively address *Rembrandt*, which is controlling on this issue. If it rejects the R&R's suggestions regarding non-infringement and invalidity of the '071 Patent, the Court should grant summary judgment to Epic on marking.

## IV.    CONCLUSION

The R&R recommends denial of summary judgment of non-infringement of the '605 Patent on the basis of purported disputed issues of fact, but the only disputes remaining are claim constructions issues, which the Court must resolve as a matter of law. When the claims are properly construed, there is no genuine dispute that the accused events do not infringe. The R&R also recommends denial of summary judgment on marking because Utherverse no longer asserts claims that would trigger its marking obligations, contradicting Federal Circuit law that disallows this very type of gamesmanship. For these reasons, Epic respectfully requests that the Court reject the Magistrate's recommendation and grant summary judgment of non-infringement of the asserted claims of the '605 Patent and (if the court does not adopt the Magistrate's

recommendation to grant summary judgment of non-infringement or invalidity on the '071 Patent) summary judgment that Utherverse has failed to prove compliance with 35 U.S.C. § 287.

Dated:  January 12, 2024

I certify that this memorandum contains 3,055 words, in compliance with the Local Civil Rules.

By: _____/s/ Timothy C. Saulsbury_____

Timothy C. Saulsbury (*pro hac vice*)
TSaulsbury@mofo.com
Daralyn J. Durie (*pro hac vice*)
DDurie@mofo.com
Eric C. Wiener (*pro have vice*)
EWiener@mofo.com
Bethany D. Bengfort (*pro hac vice*)
BBengfort@mofo.com
Matthaeus Martino-Weinhardt (*pro hac vice*)
MMartinoWeinhardt@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    415-268-7000
Facsimile:    415-268-7522

Katherine E. McNutt (*pro hac vice*)
KMcNutt@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:    213-892-5200
Facsimile:    213-892-5454

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

| | | |
|---|---|---|
| Dated: January 12, 2024 | By: | /s/ Stevan R. Stark |

Stevan R. Stark (WSBA No. 39639)
SStark@perkinscoie.com
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:   206-359-8000
Facsimile:    206-359-9000

*Attorneys for Defendant Epic Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                          */s/ Timothy C. Saulsbury*
                                            TIMOTHY C. SAULSBURY