THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>EPIC GAMES, INC.,<br><br>          Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**DEFENDANT EPIC GAMES, INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO. 371)**<br><br>LCR 7 Noting Date:   January 26, 2024 |

**TABLE OF CONTENTS**

Page

I.   INTRODUCTION ............................................................................................................1

II.  LEGAL PRINCIPLES ....................................................................................................2

III. ARGUMENT ..................................................................................................................2

   A.   Ms. Riley Does Not Establish Baseline Technological Comparability. ..............2

   B.   Ms. Riley Fails to Apportion Damages..................................................................3

   C.   The R&R Errs by Allowing Reliance on Ms. Riley's Supposed "Comparable Transactions." ...........................................................................................................5

IV.  CONCLUSION ...............................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Elfo*,
   No. C19-1263-JCC, 2020 WL 1929375 (W.D. Wash. Apr. 21, 2020) ....................... 5

*LaserDynamics, Inc. v. Quanta Comput., Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) ............................................................................... 3

*MLC Intell. Prop., LLC v. Micron Tech., Inc.*,
   10 F.4th 1358 (Fed. Cir. 2021) ............................................................................ 4

*Omega Pats., LLC v. CalAmp Corp.*,
   13 F.4th 1361 (Fed. Cir. 2021) ............................................................................ 4

*Pelican Int'l, Inc. v. Hobie Cat Co.*,
   No. 3:20-CV-02390-RSH-MSB, 2023 WL 2130379 (S.D. Cal. Feb. 10, 2023) ....... 5

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) ........................................................................... 5

*VirnetX, Inc. v. Cisco Sys., Inc.*,
   767 F.3d 1308 (Fed. Cir. 2014) ........................................................................... 5

**Other Authorities**

Fed. R. Civ. P. 26(a)(2)(B)(i) ...................................................................................... 3

Fed. R. Civ. P. 72(a) ................................................................................................... 2

Fed. R. Evid. 702 ....................................................................................................... 2

EPIC'S OBJECTIONS TO R&R (ECF NO. 371) - ii
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

Defendant Epic Games, Inc. ("Epic") respectfully objects to the Report and Recommendation concerning Epic's Motion to Exclude the Testimony of Utherverse Gaming LLC's ("Utherverse") damages expert, Michele Riley, issued on December 26, 2023 ("R&R"). Dkt. 371. Epic moved to exclude Ms. Riley's royalty rate opinions. Dkt. 309. The R&R recommends denying Epic's motion in its entirety. Dkt. 371.

Epic objects to the R&R on the following grounds:

1. The R&R erroneously recommends the Court find that Ms. Riley demonstrates the required baseline technological comparability between the license agreement she relies on and the technology at issue in this case. The record does not support such a finding and holding otherwise on this record would be contrary to binding Federal Circuit precedent.

2. The R&R does not address Epic's motion to exclude Ms. Riley's royalty rate opinion for failing to apportion damages. Adopting the R&R, and allowing Ms. Riley to present a damages theory that fails to apportion damages, would be contrary to established Federal Circuit law.

3. The R&R's finding that certain "comparable transactions" would inform the starting point of a royalty rate is clearly erroneous because those transactions are not patent licenses and are in no way economically or technologically comparable to the facts of this case.

## I. INTRODUCTION

In calculating reasonable royalty damages, Utherverse's damages expert, Michele Riley, relies heavily on the Ephere License, which is a license to a patent not at issue in this case, that was entered into by a different company than Epic, and relates to a different technology and product than the technology accused of infringement in this case. Ms. Riley relies on the royalty rate in the Ephere License to inform the outcome of a hypothetical negotiation between Epic and Utherverse (and therefore the calculation of her reasonable royalty damages). In an attempt to buttress her opinion, Ms. Riley also points to various other transactions that are even further afield. In each step of her analysis, Ms. Riley fails to do what she is required to do under well-established Federal Circuit law for her opinions to be admissible.

Ms. Riley provides no legally sufficient technological comparison between the Ephere License and the Asserted Patents, a requirement that the Federal Circuit has confirmed must be met for testimony to be admissible under Federal Rule of Evidence 702.  Failure to apply this Federal Circuit requirement would be error.  It would also be error to accept, as the R&R does, Ms. Riley's failure to explain why the royalty rate in the allegedly comparable license reflects "built-in apportionment," or how it compares to the Asserted Patents and the Accused Events. Moreover, Ms. Riley's attempt to shore up her deficient opinion by paying lip service to "other comparable transactions" should also have been rejected, as permitting an expert to rely on such evidence for apportionment is also contrary to controlling law.

The R&R should not be adopted.  Instead, Epic's motion to exclude should be granted in full.[1]

## II.     LEGAL PRINCIPLES

A district court has jurisdiction to review a magistrate judge's report and recommendation on non-dispositive issues and must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  The legal principles underlying the admissibility of expert opinions relying on license agreements and relating to apportionment are laid out in Epic's motion, Dkt. 309, and its reply in support of that motion, Dkt. 355, which Epic incorporates by reference.

## III.    ARGUMENT

### A.     Ms. Riley Does Not Establish Baseline Technological Comparability.

As the R&R acknowledges, in order to rely on an existing license agreement, an expert must establish baseline technological comparability between the technology licensed in that agreement and the patents-in-suit.  R&R at 9-10.  The R&R clearly errs, however, in its determination that Ms. Riley "met a showing of *baseline* comparability between the technology related to the Ephere License and the Asserted Patents."  R&R at 8.

---

[1] If this Court rules in Epic's favor on the merits of the '605 and '071 summary judgment motions, it need not resolve this objection.

***First***, the R&R's conclusion that Ms. Riley establishes baseline comparability is premised on Ms. Riley's purported analysis of the technologies. R&R at 5,[2] 8. But as Epic raised in its briefing, Ms. Riley is an economist without the requisite technical training, and Ms. Riley admitted she does not have the expertise required to opine on technological comparability. *See* Dkt. 309 at 6, 8; Dkt. 355 at 3. Utherverse did not dispute Ms. Riley's lack of qualifications. *See generally* Dkt. 324.

***Second***, even considering Ms. Riley's purported analysis of the technologies, that analysis never actually compares the technology licensed in the Ephere License to the Asserted Patents. Dkt. 309 at 8-9; R&R at 8 (citing Dkt. 327, Ex. A at ¶¶ 270-274). Rather, as the R&R notes, those paragraphs discuss the companies involved in the agreements and the general fields in which they compete. *Id*. As Epic explained in its briefing, such surface-level observations cannot establish technological comparability. *See* Dkt. 309 at 8; Dkt. 355 at 3-4.

A district court must exclude opinion unsupported by a technological comparability analysis. *See LaserDynamics, Inc. v. Quanta Comput., Inc.*, 694 F.3d 51, 79-80 (Fed. Cir. 2012) (district court erred in allowing expert to rely on licensing program without establishing technological comparability, noting "alleging a loose or vague comparability between different technologies or licenses does not suffice"). The R&R fails to cite any credible evidence that would allow such a finding, and thus its conclusion (and recommendation) is clearly erroneous.

**B.      Ms. Riley Fails to Apportion Damages.**

Even if Ms. Riley does demonstrate baseline technological comparability of the Ephere License (she does not), Epic moved to exclude her royalty rate opinion for another independent

---

[2] The R&R credits Utherverse's reference to an alleged conversation between Ms. Riley and Dr. Rosenberg, Utherverse's technical expert, as a basis for Ms. Riley's understanding of what the Asserted Patents cover. R&R at 5. But the R&R does not cite any opinion from Dr. Rosenberg that the technology licensed in the Ephere License is technologically comparable to the Asserted Patents. As Epic made clear in its briefing, Dr. Rosenberg never disclosed such an opinion, and Ms. Riley never claimed to rely on such an opinion in her reports. Dkt. 309 at 10; Dkt. 355 at 8. Therefore, neither Ms. Riley nor Dr. Rosenberg can offer such an opinion at trial. *See* Fed. R. Civ. P. 26(a)(2)(B)(i).

reason: Ms. Riley fails to apportion damages. To ensure damages are properly tethered to the invention—and to not overcompensate the patent owner by allowing it to capture the value of non-patented features—a reasonable royalty "must reflect the value attributable to the infringing features of the product, and no more." *MLC Intell. Prop., LLC v. Micron Tech., Inc.*, 10 F.4th 1358, 1373 (Fed. Cir. 2021) (quoting *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1309 (Fed. Cir. 2018)). Rather than separate out revenue attributable to Epic's alleged use of Utherverse's patents, Ms. Riley relies primarily on the Ephere License to inform apportionment. Dkt. 309 at 6-7. As Epic explained in its motion, even if the Ephere License were technologically comparable, Ms. Riley cannot use it to inform apportionment because she fails to analyze the facts underlying the Ephere License that relate to apportionment and she fails to make adjustments to account for differences between those facts and the facts of the case at hand. *See Id.* at 9-11. And the other purportedly "comparable transactions" Ms. Riley mentions do not bear on apportionment because they are wholly untethered to either the technology of the Asserted Patents or the incremental benefit Epic gained by allegedly employing that technology. *See MLC*, 10 F.4th at 1373; *accord* Dkt. 309 at 11-12 (citing additional authority). Accordingly, allowing this testimony would be contrary to law.

The R&R ends its analysis by determining that Ms. Riley establishes *baseline* comparability of the Ephere License and then finding that she could rely on the "other comparable" transactions to inform the royalty rate. R&R at 9-10. The R&R, however, does not address the Federal Circuit precedent dictating that Ms. Riley cannot rely on the Ephere License for "built-in apportionment" because Ms. Riley does not disclose or perform an analysis considering the differences between the facts underlying the Ephere License on the one hand and the Accused Events and Asserted Patents in this case on the other. Dkt. 309 at 9-11; *See Omega Pats., LLC v. CalAmp Corp.*, 13 F.4th 1361, 1380 (Fed. Cir. 2021) (reliance on licenses for "built-in apportionment" must be supported by a comparison of the license to the case at hand and account for "distinguishing facts when invoking [the licenses] to value the patented invention" (quoting *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1227 (Fed. Cir. 2014))).

EPIC'S OBJECTIONS TO R&R (ECF NO. 371) - 4
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

The R&R's failure to address this central ground of Epic's motion should preclude the Court from adopting its recommendation. *See Adams v. Elfo*, No. C19-1263-JCC, 2020 WL 1929375, at *2 (W.D. Wash. Apr. 21, 2020) (rejecting a report and recommendation that failed to acknowledge the objecting party's evidence and legal authority). And, for the reasons stated in Epic's motion and in its reply, permitting Ms. Riley to provide a damages calculation at trial that fails to limit damages to benefit of the alleged infringement would be reversible error. Dkt. 309 at 2-5, 9-12; Dkt. 355 at 5-7; *VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1329 (Fed. Cir. 2014).

### C.  The R&R Errs by Allowing Reliance on Ms. Riley's Supposed "Comparable Transactions."

The R&R erroneously permits Ms. Riley to rely on miscellaneous data points to inform the reasonable royalty for which there is no evidence of technological comparability. Specifically, in finding that the Utherverse Digital source code license agreement and Epic's merchandising agreements "provide at least some indic[i]a of the appropriate initial royalty rate" in this case, the R&R does not grapple with the fact that these were not patent license agreements and cannot provide the required step of apportionment. R&R at 9. Epic therefore objects to these findings because allowing such testimony would be contrary to law. *See Pelican Int'l, Inc. v. Hobie Cat Co.*, No. 3:20-CV-02390-RSH-MSB, 2023 WL 2130379, at *26 (S.D. Cal. Feb. 10, 2023) (excluding damages expert's reliance on a non-patent, brand-conferring license); *accord* Dkt. 309 at 11-12 (citing additional authority); Dkt. 355 at 4-5 (same). Epic also objects to the R&R's findings that Ms. Riley can rely on an internal Epic document and the IPSCIO industry report as a basis for her royalty rate opinion as contrary to law. R&R at 10. As the binding Federal Circuit law cited in Epic's briefing makes clear, there must be a basis to associate rates in prior transactions to the particular hypothetical negotiation at issue in the case. *See Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1317 (Fed. Cir. 2011). The R&R cites no facts establishing such basis regarding the internal Epic document or the IPSCIO industry report. R&R at 10. Nor could it, as those pieces of evidence are also unrelated to apportionment or a

reasonable royalty rate in this case, as explained in Epic's briefing.  Dkt. 309 at 11-12; Dkt. 355 at 4-5.

## IV. CONCLUSION

The R&R should be rejected.  Epic's *Daubert* motion to exclude the testimony of Michele Riley should be granted in full.

Dated:  January 12, 2024      I certify that this memorandum contains 1,886 words, in compliance with the Local Civil Rules.

By:      */s/ Eric C. Wiener*
Eric C. Wiener (*pro have vice*)
EWiener@mofo.com
Daralyn J. Durie (*pro hac vice*)
DDurie@mofo.com
Timothy C. Saulsbury (*pro hac vice*)
TSaulsbury@mofo.com
Bethany D. Bengfort (*pro hac vice*)
BBengfort@mofo.com
Matthaeus Martino-Weinhardt (*pro hac vice*)
MMartinoWeinhardt@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:  415-268-7000
Facsimile:  415-268-7522

Katherine E. McNutt (*pro hac vice*)
KMcNutt@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:  213-892-5200
Facsimile:  213-892-5454

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

EPIC'S OBJECTIONS TO R&R (ECF NO. 371) - 6
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

| | | |
|---|---|---|
| Dated: January 12, 2024 | By: | /s/ Stevan R. Stark |

        Stevan R. Stark (WSBA No. 39639)
        SStark@perkinscoie.com
        Antoine M. McNamara (WSBA No. 41701)
        AMcNamara@perkinscoie.com
        Christina J. McCullough (WSBA No. 47147)
        CMcCullough@perkinscoie.com
        PERKINS COIE LLP
        1201 Third Avenue, Suite 4900
        Seattle, WA 98101-3099
        Telephone:   206-359-8000
        Facsimile:    206-359-9000

*Attorneys for Defendant Epic Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

/s/ Eric C. Wiener
ERIC C. WIENER