THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>EPIC GAMES, INC.,<br><br>                    Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**DEFENDANT EPIC GAMES, INC.'S OBJECTIONS TO REPORT AND RECOMMENDATION (ECF NO. 373)**<br><br>LCR 7 Noting Date:   January 12, 2024 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..........................................................................................................1

II. LEGAL PRINCIPLES ...................................................................................................2

III. OBJECTIONS................................................................................................................2

    A.    The R&R Erred by Concluding that Flesch and Andrew Are Not Inventors Because They Did Not Contribute the Idea of a "Common Space" ........................2

    B.    The R&R Erred by Relying on the Absence of Testimony from Flesch and Andrew on the Ultimate Conclusion of Inventorship to Decide They Were Not Inventors ....................................................................................................4

IV. CONCLUSION...............................................................................................................4

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ethicon, Inc. v. U.S. Surgical Corp.*,
 135 F.3d 1456 (Fed. Cir. 1998)...................................................................................................3

*United States v. Reyna-Tapia*,
 328 F.3d 1114 (9th Cir. 2003) (en banc) ....................................................................................2

**Statutes**

28 U.S.C. § 636(b)(1) .....................................................................................................................2

35 U.S.C. § 102...............................................................................................................................3

**Other Authorities**

Fed. R. Civ. P. 72(b) .......................................................................................................................2

## I. INTRODUCTION

Defendant Epic Games, Inc. ("Epic") respectfully objects to portions of the Report and Recommendation on Plaintiff's Motion for Partial Summary Judgment ("R&R") issued on December 26, 2023 (Dkt. 373). Specifically, Epic objects to the portions of the R&R recommending that the Court grant summary judgment for Utherverse Gaming, LLC ("Utherverse") on Epic's inventorship and inequitable conduct defenses and counterclaims. *See* Dkt. 373 at 16-22.[1]

Epic objects to these portions of the R&R because they are premised on two legally erroneous conclusions. *First*, the R&R concludes that Flesch and Andrew are not inventors of the '071 Patent because they did not contribute the idea of the "common space" recited in dependent Claim 8. Dkt. 373 at 20. Yet, the R&R recognizes that the undisputed facts demonstrate that Flesch and Andrew contributed the "parallel dimensions" recited in Claim 1 of the '071 Patent, which the R&R refers to as "instancing."[2] *See id.* According to the R&R, Flesch and Andrew's contribution to Claim 1 cannot qualify as inventive because "parallel dimensions"/"instancing" was already in the prior art, and the purportedly novel feature of the claims is the "common space." *See id.* This conclusion ignores that an inventor need only contribute to a single claim to qualify as a joint inventor. It also ignores that the applicant of the '071 Patent relied on the purported novelty of Claim 1's "parallel dimensions" to get the claim allowed over the prior art. Utherverse is therefore estopped from arguing that the "parallel dimensions" are not inventive.

*Second*, the R&R concludes that because Flesch and Andrew did not testify that they were inventors, this means that they were not inventors. *See* Dkt. 373 at 19. Inventorship is a question of law based on objectively verifiable facts. An inventor's subjective belief of whether

---

[1] If the Court adopts the Report and Recommendation to grant Epic's Motion for Summary Judgment with respect to noninfringement and/or invalidity of the '071 Patent (Dkt. 369), the Court need not address these objections, which pertain only to the '071 Patent.

[2] In its Amended Answer, Epic used the term "instancing functionality" to refer to the "parallel dimensions" limitations recited in Claim 1 of the '071 Patent. Dkt. 287 at 17. Utherverse cited to and used this "instancing" language in its summary judgment briefing. Dkt. 308 at 17.

they should have been named as an inventor is not dispositive of the inventorship inquiry. The R&R itself recognizes Flesch and Andrew's contribution of the "parallel dimensions" (i.e., "instancing") recited in Claim 1. *See id.*; *see also* Dkt. 340 at 14-16. That alone dictates the conclusion that there is at least a genuine issue of material fact as to whether Flesch and Andrew should have been named as inventors on the '071 Patent.

Accordingly, the portions of the R&R regarding inventorship and inequitable conduct should not be adopted. Utherverse's motion for summary judgment on Epic's inventorship and inequitable conduct defenses and counterclaims should be denied.

## II.   LEGAL PRINCIPLES

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. Fed. R. Civ. P. 72(b). The court reviews *de novo* those portions of the report and recommendation to which a party makes a specific written objection. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). The district court judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The legal principles underlying inventorship and inequitable conduct are set forth in Epic's opposition to Utherverse's motion for summary judgment, which Epic incorporates by reference. Dkt. 340.

## III.   OBJECTIONS

### A.   The R&R Erred by Concluding that Flesch and Andrew Are Not Inventors Because They Did Not Contribute the Idea of a "Common Space"

The R&R correctly states that there is no dispute that Flesch and Andrew contributed the "parallel dimensions" recited in Claim 1 (i.e., "instancing") and properly acknowledges that a more-than-insignificant contribution to a single limitation of any patent claim makes the contributor an inventor on the patent. Dkt. 373 at 17-20. The R&R then erroneously proceeds to conclude, however, that Flesch and Andrew were not inventors on the '071 Patent because (1) Flesch and Andrew did not contribute to the "common space" of Claim 8; and (2) instancing

"was not a 'conception' for the '071 Patent" because, unlike the claimed "common space," it already existed in the prior art when the provisional application was filed. Dkt. 373 at 19-20.

The R&R's first basis for concluding that Flesch and Andrew are not inventors is premised on a legal error—that Flesch and Andrew are not inventors because they did not contribute the idea of a "common space" to a dependent claim, Claim 8. As Epic noted in its opposition, a person need only make a significant contribution to a single claim to qualify as a joint inventor to the patent. *See* Dkt. 340 at 14 (citing *Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998)). As the R&R acknowledges, the undisputed facts demonstrate that Flesch and Andrew contributed the "parallel dimensions"/"instancing" recited in Claim 1 of the '071 Patent. *See* Dkt. 373 at 19; *see also* Dkt. 287 at 17, Dkt. 308 at 17. Under Federal Circuit law, the contribution of "parallel dimensions" was necessarily significant because the applicants successfully traversed a prior art rejection by arguing, and convincing the examiner, that the prior art failed to teach "parallel dimensions." *See* Dkt. 340 at 15 (citing *Blue Gentian, LLC v. Tristar Prods., Inc.*, 70 F.4th 1351, 1361 (Fed. Cir. 2023)). This means that Flesch and Andrew should have been included as inventors on the '071 Patent. *See id.* Flesch and Andrew contributed "parallel dimensions" to Claim 1. That alone is enough. It is irrelevant that they did not also contribute "common space" to Claim 8.

The R&R's second basis for concluding Flesch and Andrew need not have been listed as inventors is also legally erroneous because it requires a conclusion that Claim 1 is invalid. For a patent to issue, the applicant must show that each claim as drafted is novel. 35 U.S.C. § 102. The applicant must also name the putative inventors for the purportedly novel aspects of each claim. *See Ethicon*, 135 F.3d at 1460. Claim 1 does not recite the "common space" limitation, and so the "common space" could not have been the purportedly novel feature of that claim. *See* Dkt. 341-1 ('071 Patent) at Cl. 1. Moreover, during prosecution, the applicants represented that the "parallel dimensions" (i.e., the functionality Flesch and Andrew contributed) were the novel features of Claim 1. *See* Dkt. 340 at 15. The PTO issued the patent on the basis of these representations. *Id.* This means that—regardless of any later determination of invalidity—the

applicant *should have listed* Flesch and Andrew as inventors in view of their contributions to Claim 1. *See id.* As Epic explained in its opposition, having represented to the Patent Office that the inclusion of "parallel dimensions" was an important aspect of the claim, the applicants are estopped from now arguing that "parallel dimensions" were not a significant contribution in order to defeat a correction-of-inventorship claim. Dkt. 340 at 16 (citing *Astellas Inst. for Regenerative Med. v. ImStem Biotechnology, Inc.*, 458 F. Supp. 3d 95, 104 (D. Mass. 2020)). These facts establish at least a genuine dispute of material fact as to whether Flesch and Andrew should have been listed as inventors on the '071 Patent. *Id.*

> **B.    The R&R Erred by Relying on the Absence of Testimony from Flesch and Andrew on the Ultimate Conclusion of Inventorship to Decide They Were Not Inventors**

The R&R also erred by relying on the non-dispositive fact that Flesch and Andrew did not testify to the ultimate conclusion that they are co-inventors on the '071 Patent. Dkt. 373 at 19. As Epic noted in its opposition, inventorship is measured by Flesch and Andrew's contemporaneous contributions to the claims of the '071 Patent, not by their present-day belief as to whether they should have been named as inventors. Dkt. 340 at 16-17 (citing *Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1473 (Fed. Cir. 1997)). Accordingly, the absence of testimony from Flesch and Andrew regarding their inventorship is not an appropriate basis for granting summary judgment.

Because the R&R's determinations on inequitable conduct are based entirely on its conclusions with respect to inventorship, Epic's objections regarding inventorship apply equally to the R&R's analysis and conclusions regarding inequitable conduct. *See id.* at 21-22.

## IV.    CONCLUSION

The R&R should be rejected with respect to Epic's inventorship and inequitable conduct counterclaims and defenses. As the R&R correctly concluded, the undisputed facts establish that Flesch and Andrew contributed the "parallel dimensions" recited in Claim 1. Because the applicants argued that these "parallel dimensions" distinguished Claim 1 from the prior art, there is at least a genuine dispute of material fact as to whether Flesch and Andrew made a more-than-

insignificant contribution to the conception of Claim 1 and should be listed as inventors on the '071 Patent. Utherverse's motion for summary judgment on these issues should therefore be denied.

Dated: January 12, 2024

I certify that this memorandum contains 1,522 words, in compliance with the Local Civil Rules.

By: _/s/ Eric C. Wiener_

Eric C. Wiener (*pro have vice*)
EWiener@mofo.com
Daralyn J. Durie (*pro hac vice*)
DDurie@mofo.com
Timothy C. Saulsbury (*pro hac vice*)
TSaulsbury@mofo.com
Bethany D. Bengfort (*pro hac vice*)
BBengfort@mofo.com
Matthaeus Martino-Weinhardt (*pro hac vice*)
MMartinoWeinhardt@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:    415-268-7000
Facsimile:    415-268-7522

Katherine E. McNutt (*pro hac vice*)
KMcNutt@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:    213-892-5200
Facsimile:    213-892-5454

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

| | | |
|---|---|---|
| Dated: January 12, 2024 | By: | */s/ Stevan R. Stark* |

            Stevan R. Stark (WSBA No. 39639)
            SStark@perkinscoie.com
            Antoine M. McNamara (WSBA No. 41701)
            AMcNamara@perkinscoie.com
            Christina J. McCullough (WSBA No. 47147)
            CMcCullough@perkinscoie.com
            PERKINS COIE LLP
            1201 Third Avenue, Suite 4900
            Seattle, WA 98101-3099
            Telephone: 206-359-8000
            Facsimile: 206-359-9000

            *Attorneys for Defendant Epic Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2024 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Eric C. Wiener*
ERIC C. WIENER