THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                    Plaintiff,<br><br>   v.<br><br>EPIC GAMES, INC.,<br><br>                    Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**DEFENDANT EPIC GAMES, INC.'S RESPONSE TO PLAINTIFF UTHERVERSE GAMING'S OBJECTIONS TO REPORT AND RECOMMENDATIONS (DKT. NO. 369)**<br><br>Noting Date:   January 26, 2024 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. ANALYSIS .....................................................................................................................2

    A. The R&R Correctly Recommends Granting Summary Judgment of Non-Infringement of the '071 Patent ..........................................................................2

        1. The R&R Correctly Concludes that There Is No Genuine Dispute that the Accused Events Did Not Contain a "Common Space" as Construed by the Court ....................................................................................................2

            a. The R&R Found that No Identified Area in the Accused Events Met the Court's Criteria for a "Common Space" .............................3

            b. None of Utherverse's Objections to the R&R Hold Merit ..............3

        2. The R&R Correctly Concludes that There Is No Genuine Dispute that the Accused Events Did Not Employ a Single "Computer" or "Computer Memory" to Perform the Steps of Claim 1 ....................................................6

    B. The R&R Correctly Recommends Granting Summary Judgment of Invalidity of the '071 Patent under 35 U.S.C. § 101 ..................................................................8

III. CONCLUSION ..............................................................................................................11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. DIRECTV, LLC*,
    838 F.3d 1253 (Fed. Cir. 2016) ............................................................................................. 9

*CardioNet, LLC v. InfoBionic, Inc.*,
    955 F.3d (Fed. Cir. 2020) .................................................................................................... 11

*Coop. Ent., Inc. v. Kollective Tech., Inc.*,
    50 F.4th 127 (Fed. Cir. 2022) .............................................................................................. 11

*Data Engine Techs. LLC v. Google LLC*,
    10 F.4th 1375 (Fed. Cir. 2021) .............................................................................................. 9

*Exigent Tech., Inc. v. Atrana Sols., Inc.*,
    442 F.3d 1301 (Fed. Cir. 2006) ............................................................................................. 4

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
    879 F.3d 1299 (Fed. Cir. 2018) ........................................................................................... 11

*Mas-Hamilton Grp. v. LaGard, Inc.*,
    156 F.3d 1206 (Fed. Cir. 1998) ............................................................................................. 2

**Statutes**

35 U.S.C. § 101 .................................................................................................................. *passim*

## I.   INTRODUCTION

Defendant Epic Games, Inc. ("Epic") respectfully requests that the Court reject Plaintiff Utherverse Gaming LLC's ("Utherverse") objections to the Report and Recommendation on Epic's Motion for Summary Judgment ("R&R," Dkt. 369) and grant summary judgment of non-infringement and invalidity of the asserted claims of the '071 Patent.

The R&R recommends summary judgment of non-infringement because Utherverse did not set forth evidence that the Accused Events contained a "common space" that "provides for simultaneous (i.e. real-time) interactions with multiple parallel dimensions," as required by the Court's construction. Utherverse's objections confirm that it has none. They instead erroneously suggest that the R&R imposes additional, unrecited claim requirements (it does not) and that the "common space" does not need to provide for interaction with multiple parallel dimensions (it does). The R&R also recommends summary judgment of non-infringement on the separate ground that Utherverse presented no evidence that the Accused Events employ a single "computer" or "memory" that performs the claim steps. Utherverse's objections attempt to manufacture a factual dispute based on argument and evidence that (1) it never presented in its summary judgment briefing; and (2) still fails to show that a single computer performs the required claim steps.

The R&R recommends summary judgment of invalidity under 35 U.S.C. § 101 because the inventive concept that Utherverse identifies—the claimed "common space"—is an abstract idea and therefore legally ineligible for patent protection. Utherverse's objections misrepresent the law on § 101 to suggest that the R&R's analysis is improper. The R&R also suggests that summary judgment is warranted because, when Utherverse argues the '071 Patent is valid, it represents the scope of "common space" in a way that is directly at odds with the scope it offers when arguing Epic infringed. As the R&R explains, Utherverse failed to articulate a possible interpretation of the "common space" limitation that can establish the '071 Patent as ***both*** infringed ***and*** valid. Utherverse's objections do not address this analysis or attempt to reconcile its contradictory positions. Accordingly, whether through a judgment of non-infringement or a

judgment of invalidity, or both, Utherverse cannot proceed to trial against Epic on the '071 Patent.

## II. ANALYSIS

### A. The R&R Correctly Recommends Granting Summary Judgment of Non-Infringement of the '071 Patent

The R&R recommends summary judgment of non-infringement of the '071 Patent for Epic on two independent grounds: (1) there is no genuine dispute that the Accused Events did not contain a "common space," as construed by the Court and required by Claims 8 and 10; and (2) there is no genuine dispute that the Accused Events did not employ a single "computer" or "computer memory" to perform the claim steps as required by Claim 1. Dkt. 369 at 7-16. Because "the patentee must show that the accused device contains every limitation in the asserted claims," the R&R's recommendation on either of these grounds is sufficient to grant summary judgment of non-infringement to Epic.[1] *Mas-Hamilton Grp. v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998).

#### 1. The R&R Correctly Concludes that There Is No Genuine Dispute that the Accused Events Did Not Contain a "Common Space" as Construed by the Court

The R&R correctly determines that Utherverse presented no evidence that the Accused Events contained a "common space" as construed by the Court and as required by asserted Claims 8 and 10 of the '071 Patent. Dkt. 369 at 7-13. During claim construction, the Court construed "common space" to mean "a defined (i.e. bounded) area or portion of multiple dimensions that provides for simultaneous (i.e. real-time) interactions with multiple parallel dimensions/instances." *Id.*; *see also* Dkt. 133 at 3, 11-12. The R&R correctly recommends that there is no genuine dispute that no space in the Accused Events met these criteria. Dkt. 369 at 13.

---

[1] Contrary to Utherverse's position that the purported errors it identifies "*each* require reversing the R&R as to non-infringement," Utherverse actually must show that the R&R errs with respect to *both* grounds of non-infringement. Dkt. 375 at 2 (emphasis added). Utherverse's objections do not identify an error in the R&R's analysis for either ground.

### a. The R&R Found that No Identified Area in the Accused Events Met the Court's Criteria for a "Common Space"

The R&R considers whether two different features of the Accused Events met the "common space" limitation. First, the R&R correctly holds that the "area where a mannequin appears in each of the accused events," identified by Utherverse as a "common space," "did not satisfy the claim limitations of a common space environment in any of the four accused events." Dkt. 369 at 8. The R&R notes that the "claim construction order requires interaction between the 'common space' and multiple 'parallel instances,'" and that "[t]here is no evidence from Utherverse that such interaction occurred in Epic's system for producing these four events." *Id.* at 12. Rather, as the R&R states, it is undisputed that the "skeleton mesh performance area [] is present on the single instance of game play on the device operated by one player" and is therefore "not interacting simultaneously with multiple parallel instances." *Id.* at 13.

Second, the R&R correctly holds that a separate, independent area—the "Lobby"—also does not meet the requirements of the claimed "common space." Dkt. 369 at 12. In its opposition to Utherverse's motion for partial summary judgment, Epic argued that the Lobby was not a "common environment" as required by the Court's construction for "parallel dimensions" in Claim 1 of the '071 Patent. *See* Dkt. 342 at 10-12. Citing this argument and evidence, the R&R determines that the Lobby is also not a "common space" because "only one player at a time would use the lobby before that player could join an instance of gameplay." Dkt. 369 at 12; *see also id.* at 7-8. Thus, the R&R concludes, Utherverse did not produce any evidence that would plausibly show the existence of a "common space" within the Accused Events. *Id.* at 13. It correctly recommends that summary judgment should therefore be granted in favor of Epic.

### b. None of Utherverse's Objections to the R&R Hold Merit

None of the purported errors that Utherverse identifies warrants a departure from the R&R's conclusion that Utherverse presented "no evidence" of a "common space" that met the Court's construction. Dkt. 369 at 12. Utherverse's lead argument is that the R&R errs in

concluding that the Lobby is not a "common space" because Utherverse never contended that it was. Dkt. 375 at 2-3. This is nonsensical. Epic, Utherverse, and the R&R all agree that the Lobby is not a "common space." *See id.* To defeat summary judgment of non-infringement, Utherverse has the burden to show at least a genuine dispute of material fact that the Accused Events *did* contain a "common space." *See Exigent Tech., Inc. v. Atrana Sols., Inc.*, 442 F.3d 1301, 1309 (Fed. Cir. 2006). Utherverse points to no error in the R&R's conclusion that, based on the evidence before it, the Lobby is not a "common space" and does not satisfy this claim requirement.[2]

Utherverse next argues that the R&R errs in holding that the "area where a mannequin appears" is not a "common space" because Utherverse allegedly set forth evidence that the players in different dimensions "are in fact watching *identical* copies of the *same mannequin* synchronized in time across *all parallel dimensions*." Dkt. 375 at 4. But as the R&R correctly notes, the "claim construction order requires interaction between the 'common space' and multiple 'parallel [dimensions]'." *See* Dkt. 369 at 12. Utherverse does not claim that its evidence shows any interaction. *See* Dkt. 375 at 4. At most, it claims that the evidence shows that each dimension had its own copy of a performer that performed at the same time as the copies in other dimensions—without interacting with any other dimension. *See id.* Utherverse's argument has no bearing on the R&R's finding that Utherverse presented no evidence of interaction between the "area where a mannequin appears" and multiple "parallel dimensions." Dkt. 369 at 12. That disposes the issue of infringement. The R&R is correct that summary judgment should be granted in favor of Epic.

Utherverse's argument also fails for the second reason that Utherverse never set forth evidence that players watched "the same mannequin synchronized in time across all parallel dimensions." Dkt. 375 at 4. It did not make this argument in its summary judgment briefing.

---

[2] At most, Utherverse shows that the R&R did not need to address whether the Lobby was a "common space" because no party contended that it was. But the R&R's thorough evaluation of the record is not a reason to deny summary judgment.

Instead, it argued that "the claim does not require 'an object within a common [space] be able to be viewed from *all* instances." Dkt. 334 at 2-3. The evidence cited in Utherverse's objections either: (1) is bare attorney assertion made exclusively at the summary judgment hearing, *see* Dkt. 375 at 4 (citing Dkt. 365 at 7:5-14); or (2) shows that the game environment in each alleged "parallel dimension" is an identical copy, not the mannequins, and does not show that the mannequins are "synchronized in time across" every alleged dimension, *see id.* at 4-5 (citing Dkt. 314 at 12:4-10, 14:1-2).

The third argument in the objections is that the R&R errs by "requiring that player avatars must *enter* or be *within* the common space to infringe the claim." Dkt. 375 at 5 (citing Dkt. 369 at 12:21-13:4). Not so. The portion of the R&R that Utherverse cites states that the "common space . . . cannot be influenced by the player at all – and Utherverse has not shown how this area where the mannequin/skeleton mesh performer was located interacted at all with multiple parallel instances." Dkt. 369 at 12:23-13:3. This analysis directly applies the Court's claim construction, which requires that the "common space" "provide[] for simultaneous (*i.e.* real-time) interactions with multiple parallel dimensions/instances." Dkt. 369 at 7, Dkt.133 at 3, 11-12. It says nothing about whether player avatars must enter or be within the "common space." *See* Dkt. No. 369 at 12-13. Utherverse's argument misrepresents the R&R and should be rejected.

Utherverse also argues that the R&R errs by "wholesale discredit[ing] the opinions offered by Dr. Rosenberg." Dkt. 375 at 5. But as the R&R explains, Dr. Rosenberg admitted that there was no interaction between the alleged "common space" and multiple "parallel dimensions" as required by the Court's construction for "common space." Dkt. 369 at 11. Instead, he opined that the claim limitation was met because "each single parallel dimension would have its own common space." *Id*. Accordingly, Dr. Rosenberg's opinion is not sufficient evidence because it is "inconsistent with the Court's claim construction," and therefore the Court, "applying the claim construction order as a matter of law, should find there is not

sufficient evidence for a reasonable jury to return a verdict for the non-moving party, Utherverse." *Id.* at 12.  Utherverse's objections do not identify any error in this analysis.

Utherverse finally argues that the R&R errs by "incorrectly appl[ying] a variant of Epic's proposed construction" for "common space" rather than the Court's construction for "common space." Dkt. 375 at 6.  According to Utherverse, Epic allegedly admitted that the Utherverse's proposed construction of "common space" (which the Court adopted) would include "separate portions of separate parallel dimensions." *Id.*  This is a distraction.  At claim construction, the parties disputed whether the "common space" must be in a "separate" and distinct dimension from the "parallel dimensions," or whether it could be integrated as a "defined (i.e. bounded) area or portion" of a "parallel dimension."  *See* Dkt. 81 at 4, Dkt. 83 at 3.  The Court agreed with Utherverse, finding that the "common space" can be a part of a "parallel dimension" rather than separate and distinct from it.  Dkt. 133 at 11-12.  However, the Court also held that the "common space" must "provid[e] for simultaneous (i.e., real-time) interactions with multiple parallel dimensions."  *Id.*  In other words, even if the "common space" is part of a given parallel dimension, it must still permit real-time interactions between avatars and objects in the "common space" and avatars and objects in another, different "parallel dimension."  As the R&R correctly states, Utherverse has provided no evidence of any such interaction.  Dkt. 369 at 12.  Utherverse's final argument with respect to "common space" therefore also fails.

The R&R found no material dispute of fact as to whether the Accused Events contained a "common space" as construed by the Court.  Utherverse has not identified any error in that analysis.  The Court should therefore adopt the R&R and grant summary judgment of non-infringement of the '071 Patent.

> **2.    The R&R Correctly Concludes that There Is No Genuine Dispute that the Accused Events Did Not Employ a Single "Computer" or "Computer Memory" to Perform the Steps of Claim 1**

The R&R also correctly recommends that the Court grant summary judgment of non-infringement to Epic for the separate reason that Utherverse presented no evidence that the Accused Events contained a single "computer" or "computer memory" that performed the

RESP. TO OBJS. TO R&R (ECF NO. 369) - 6
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

required steps of Claim 1 of the '071 Patent. Dkt. 369 at 14-16. As the R&R states, Claim 1 requires:

> A method for managing a multi-instance, multi-user animation process, comprising: modeling, <u>using a computer</u>, a plurality of parallel dimensions in <u>a computer memory</u> . . . assigning ones of a plurality of avatars <u>within the computer memory</u> . . . animating ones of the plurality of avatars populating different ones of the parallel dimensions in response to input from the respective corresponding ones of a plurality of clients to provide virtual-reality data, <u>using the computer</u> . . . .

*Id.* at 14. Under Federal Circuit law, "[i]f a limitation refers to 'a computer' but later refers to 'the computer', the language requires at least one of those computers identified in the 'a computer' portion of the limitation, to perform all the functions listed in the claims of the patent." *Id.* at 15 (citing *Finjan LLC v. SonicWall, Inc.*, 84 F.4th 963, 975 (Fed. Cir. 2023)). This means that "the same computer . . . and memory described in the modeling process, must also be used for all other steps," i.e., the "assigning" and "animating" steps. *Id.* And as the R&R correctly finds, "[t]he record shows that the accused events do not meet the requirements of this limitation, because the computer or set of computers that provided modeling, are not the same computers that carried out the rest of the steps." *Id.*

According to Utherverse, the R&R errs by finding that no single computer performed every step of Claim 1 because "Utherverse Gaming presented evidence of infringement under Epic's 'single computer' theory." Dkt. 375 at 6. This is incorrect. Utherverse's motion briefing presents attorney argument that "the record evidence shows use of both single memory and a single computer," but never identifies a "single memory" or "single computer" that allegedly performed each claim step. Dkt. 334 at 4 & n.3. Instead, it cites a laundry list of transcript testimony that references *multiple different* computers—e.g., "dedicated servers," "virtual computers," and "clients"—and therefore did not even arguably show a single computer that performed each claim step. *Id.* In addition, that attorney argument is directly at odds with the testimony of Utherverse's own expert, who admitted that different computers and computer memories were involved in each claim step. *See, e.g.*, Dkt. 301-5 at 90:13-18 (Q: "Your opinion

is that the computer memory that you were pointing to in the assigning step is the memory in computers that are different computers from the computers that are performing the modeling step in Claim 1?" A: "Yes, that's what I pointed to."). The R&R correctly concludes that Utherverse presented no evidence that a single computer performed each claim step.

In its objections, Utherverse employs the same tactic: pointing generally to Epic's "virtual computer infrastructure" and providing a laundry list of transcript citations without identifying any single computer that allegedly performed each claim step. Dkt. 375 at 6-7. At most, Utherverse suggests (for the first time in its objections) that an "AWS instance" is a single computer that satisfies the claim requirements because it "has a worldview of the multiple dimensions of gameplay." *Id.* at 7. But Utherverse presents no evidence that the identified "AWS instance" performs each of the "modeling," "assigning," and "animating" claim steps. *See id.* No such evidence exists because that is not how the Accused Events operated. Utherverse's own expert identified separate computers that allegedly performed each step and admitted that no "single computer" did so. *See* Dkt. 353 at 4. The R&R correctly rejects this attempt to manufacture a dispute of fact from whole cloth. The Court should adopt the R&R's recommendation to grant summary judgment of non-infringement on the '071 Patent to Epic on this basis as well.

**B.    The R&R Correctly Recommends Granting Summary Judgment of Invalidity of the '071 Patent under 35 U.S.C. § 101**

The R&R also correctly recommends granting summary judgment of invalidity of the asserted claims of '071 Patent under 35 U.S.C. § 101. Dkt. 369 at 21. As Epic explained in its briefing, the Court already determined as a matter of law that the '071 Patent claims were directed to an abstract idea under *Alice* step one. Dkt. 300 at 16 (citing Dkt. 49 at 16-17, Dkt. 57). The sole question remaining for the Court is whether the factual record supports a finding that the asserted claims contain a patent-eligible inventive concept under *Alice* step two. *Id.* at 17 (citing Dkt. 49 at 18-19). The R&R correctly concludes it does not. Dkt. 369 at 21.

The R&R determines that Utherverse's alleged inventive concept—the "common space" recited in Claims 8 and 10—amounts to no more than a description of an "abstract idea itself," which "cannot supply the inventive concept" as a matter of law. Dkt. 369 at 23 (citing *Trading Techs. Int'l, Inc. v. IBG LLC,* 921 F.3d 1378, 1385 (Fed. Cir. 2019)). As the R&R explains, Utherverse's expert Mr. Crane opined that the "common space" was a patent-eligible inventive concept because it improved upon the prior art by allowing users to interact "across parallel dimensions." Dkt. 369 at 22; *see also* Dkt. 302-6 ¶¶ 69, 74. But as the R&R found, Claims 8 and 10 recite no technical elements that explain how to implement the claimed common space to "allow interaction across multiple parallel dimensions"—just the idea of doing so. Dkt. 369 at 23; *see also* Dkt. 300 at 18. The Federal Circuit has made clear that patent claims are ineligible where there is nothing in the claims "directed to *how* to implement [the idea]." *Affinity Labs of Texas, LLC v. DIRECTV, LLC,* 838 F.3d 1253, 1258 (Fed. Cir. 2016). The R&R thus correctly determines that Claims 8 and 10 contain no patent-eligible inventive concept as a matter of law. Dkt. 369 at 23.

The R&R also determines that Utherverse's contradictory positions on the requirements of the claimed "common space" support summary judgment in Epic's favor. Dkt. 369 at 23. The R&R notes that Utherverse both argues (for infringement) that "there is nothing in the claims that requires interaction across multiple dimensions" and (for validity) "that the claims require interaction across multiple parallel dimensions." *Id.*; *see also* Dkt. 300 at 19. As the R&R explains, both cannot be true. Dkt. 369 at 23. If the claims require such interaction, then Epic doesn't infringe. *Id.* If the claim does not require such interaction, then Utherverse has not identified a patent-eligible inventive concept. *Id.* Either way, summary judgment must be granted in favor of Epic. *Id.*; *see also Data Engine Techs. LLC v. Google LLC*, 10 F.4th 1375, 1381 (Fed. Cir. 2021) (affirming summary judgment of non-infringement due to the patentee's inconsistent positions on infringement and § 101 validity).

Utherverse's objections argue that the R&R errs in its recommendation for three reasons: (1) the R&R focuses on "factual contentions related to infringement" rather than whether the

1  claims contain a patent-eligible inventive concept; (2) the R&R ignores Utherverse's evidence
2  that the claimed "common space" is inventive because it "overcomes [] significant technical
3  obstacles by improving the computational power, processing, and network bandwidth of virtual
4  reality computing systems"; and (3) the R&R incorrectly focuses on whether the claims are "an
5  improvement over the prior art." Dkt. 375 at 8-13. All three of Utherverse's arguments fail.

6　　　　First, although Utherverse asserts in its objections that the R&R focuses on "factual
7  contentions related to infringement" instead of invalidity, it does not identify any such factual
8  contentions. *Id.* at 8. There are none. The R&R only mentions infringement in its § 101
9  analysis when pointing out that Utherverse's validity position is directly contrary to (and
10 irreconcilable with) its infringement position and that accepting its validity argument necessarily
11 means that Epic did not infringe. *See* Dkt. 369 at 23; *see also* Dkt. 300 at 19.

12　　　　The R&R separately analyzes whether the inventive concept that Utherverse identifies—
13 the "common space"—qualifies as a patent-eligible inventive concept under Federal Circuit law.
14 Dkt. 369 at 23. It concludes that it does not qualify because it is itself an abstract idea. *Id.*
15 Utherverse also faults the R&R for purportedly failing to analyze whether the "common space"
16 is "well-understood, routine, or conventional," but this inquiry is irrelevant. As the R&R
17 notes—an abstract idea "cannot supply the inventive concept, ***no matter how groundbreaking***
18 ***the advance***." Dkt. 369 at 23 (citing *Trading Techs.* at 1385 (emphasis added)). In other words,
19 even if the "common space" were unconventional, it still could not be a patent-eligible inventive
20 concept as a matter of law.

21　　　　Utherverse's second argument—that the R&R ignores evidence that the claimed
22 "common space" overcomes significant technical obstacles in the prior art—fails for similar
23 reasons. Dkt. 375 at 10-11. Again, as the R&R finds, Claims 8 and 10 do not explain how to
24 implement the claimed "common space" to "allow interaction across multiple parallel
25 dimensions" and thus achieve the purported benefits of improved "computational power,
26 processing, and network bandwidth of virtual reality computing systems." Dkt. 369 at 23; *see*
27 *also* Dkt. 353 at 9. Claims that are directed to a "result, even an innovative result" without
28

reciting "specific steps . . . that accomplish the desired result" are not patent eligible. *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018).

Utherverse's final argument, that the R&R incorrectly focuses on whether the claims are "an improvement over the prior art," also fails. Dkt. 375 at 11-12. According to Utherverse, "substantial precedent refus[es] an assessment of improvement on the prior art." Dkt. 375 at 11-12 (citing *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d at 1358, 1373 (Fed. Cir. 2020) and *Diamond v. Diehr*, 450 U.S. 175, 176 (1981)). This is false. As the Federal Circuit explains, the language Utherverse cites relates to whether an assessment of the prior art is required at *Alice* step one, **not** *Alice* step two. *See Cardionet*, 955 F.3d at 1372 (citing *Diehr*, 450 U.S. 175 at 188-89) ("The analysis under *Alice* step one is whether the claims as a whole are 'directed to' an abstract idea, regardless of whether the prior art demonstrates that the idea or other aspects of the claim are known, unknown, conventional, unconventional, routine, or not routine."). It is black letter law that *Alice* step two considers whether the claims "contain an inventive concept" that is "more than merely implementing an abstract idea using . . . conventional activities previously known to the industry," and thus whether the inventive concept "is different from and improves upon the prior art." *Coop. Ent., Inc. v. Kollective Tech., Inc.*, 50 F.4th 127, 130, 132 (Fed. Cir. 2022). As Utherverse acknowledges in its objections, the R&R addresses *Alice* step two, not *Alice* step one. Dkt. 375 at 8 n.5. The R&R rightly addresses whether the claims purported to improve upon the prior art.

## III.   CONCLUSION

Utherverse's objections are premised on misrepresentations of the factual record, the R&R's conclusions, the Court's constructions, and the law of patentable subject matter. Utherverse fails to identify any legitimate error in the R&R's analysis of non-infringement and invalidity of the asserted claims of the '071 Patent. The Court should adopt the R&R's recommendation and grant summary judgment that Epic does not infringe the asserted claims of the '071 Patent, and that the asserted claims of the '071 Patent are invalid under 35 U.S.C. § 101.

RESP. TO OBJS. TO R&R (ECF NO. 369) - 11
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

Dated: January 23, 2024

I certify that this memorandum contains 4,064 words, in compliance with the Local Civil Rules.

By:       */s/ Timothy C. Saulsbury*

Timothy C. Saulsbury (*pro hac vice*)
TSaulsbury@mofo.com
Daralyn J. Durie (*pro hac vice*)
DDurie@mofo.com
Eric C. Wiener (*pro have vice*)
EWiener@mofo.com
Bethany D. Bengfort (*pro hac vice*)
BBengfort@mofo.com
Matthaeus Martino-Weinhardt (*pro hac vice*)
MMartinoWeinhardt@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone:   415-268-7000
Facsimile:   415-268-7522

Katherine E. McNutt (*pro hac vice*)
KMcNutt@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone:   213-892-5200
Facsimile:   213-892-5454

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

Dated: January 23, 2024    By:     */s/ Stevan R. Stark*

Stevan R. Stark (WSBA No. 39639)
SStark@perkinscoie.com
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:   206-359-8000
Facsimile:   206-359-9000

*Attorneys for Defendant Epic Games, Inc.*

RESP. TO OBJS. TO R&R (ECF NO. 369) - 12
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2024 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Stevan R. Stark*
Stevan R. Stark

RESP. TO OBJS. TO R&R (ECF NO. 369) - 13
(CASE NO. 2:21-CV-00799-RSM-TLF)

**Morrison & Foerster LLP**, 425 Market Street,
San Francisco, CA, Tel: 415-268-7000