THE HONORABLE RICARDO S. MARTINEZ

THE HONORABLE THERESA L. FRICKE

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>               Plaintiff,<br><br>   v.<br><br>EPIC GAMES, INC.,<br><br>               Defendant. | Case No. 2:21-cv-00799-RSM-TLF<br><br>**PLAINTIFF'S UNOPPOSED MOTION TO SEAL PORTIONS OF AND CERTAIN EXHIBITS TO MOTIONS IN LIMINE**<br><br>NOTE ON MOTION CALENDAR:<br>September 13, 2024 |



## I. INTRODUCTION

Pursuant to Civil L.R. 5(g), Plaintiff Utherverse Gaming LLC ("Plaintiff") respectfully moves the Court to seal portions of and certain exhibits accompanying Utherverse Gaming's Motions in Limine ("MILs") filed concurrently herewith. The portions of the MILs and certain accompanying exhibits sought to be sealed include Utherverse Gaming's and third-parties Utherverse Digital Inc's ("UDI"), Fortress Investment Group's ("Fortress"), and MASSIVE-3's confidential business and/or technical information and discussions regarding the same. Good cause exists to support the sealing of such confidential material, because the sensitive and confidential information should remain out of public record.

In support of its MILs, Utherverse Gaming is filing 1 exhibit that contain Utherverse Gaming's material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this case (Dkt. 67).Utherverse Gaming is filing 2 exhibits that contain UDI's material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order entered in this case. Utherverse Gaming is also filing 1 exhibit that contain Fortress' material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. Utherverse Gaming is also filing 1 exhibit that contain MASSIVE-3's material designated as either "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to the Protective Order. Utherverse Gaming wishes to remain in compliance with the Protective Order and the Local Rules. The table below summarizes the information sought to be sealed in this motion:



| Documents | Portions to be Sealed | Reasons for Sealing |
|---|---|---|
| Plaintiff's MILs | Words and/or information on page 5, lines 8-14. | Contains Utherverse Gaming's and Fortress' confidential business information and discussions regarding the same. |
| Exhibit A – excerpts from the Deposition Transcript of Brian Shuster (March 3, 2023) | To be sealed in its entirety | Contains UDI's confidential business information and discussions regarding the same. |
| Exhibit B – excerpts from the Deposition Transcript of Aaron Burch (April 11, 2023) | To be sealed in its entirety | Contains UDI's confidential business information and discussions regarding the same. |
| Exhibit C – excerpts from the Deposition Transcript of Ami Shah (June 6, 2023 at 9:04 a.m.) | To be sealed in its entirety | Contains Fortress' confidential business information and discussions regarding the same. |
| Exhibit D – excerpts from the Deposition Transcript of Ami Shah (June 6, 2023 at 1:40 p.m.) | To be sealed in its entirety | Contains Utherverse Gaming's confidential business information and discussions regarding the same. |
| Exhibit E – excerpts from the Invalidity Report of Benjamin Ellinger (April 14, 2023) | To be sealed in its entirety | Contains MASSIVE-3'S confidential technical information and discussions regarding the same. |

## II.    ARGUMENT

To support a motion to seal a document in this District, a party must include a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result if the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." L.R. 5(g)(3)(B).

In general presumption in favor of public access to court documents "does not mandate disclosure in all cases" *San Juan Mercury News, Inc., v. U.S. Dist. Court – Northern Dist*. (San Jose),



187 F.3D 1096, 1102 (9th Cir. 1999).  To overcome the general presumption of public access, a party must demonstrate that there is either "good cause" or "compelling reasons" to seal the documents at issue.  *See Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1096-97 (9th Cir. 2015).  The Ninth Circuit has reiterated this principle, concluding that "compelling reasons" must be articulated to maintain the secrecy of the material attached to dispositive motions rather than the "good cause" showing requiring to seal documents filed in a non-dispositive motion.  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-78 (9th Cir. 2006) (internal quotes omitted).

The "good cause" standard is taken from Fed. R. Civ. P. 26(c)(1), which governs the issuance of protective orders in the discovery process: "The Court may, for good cause, issue an order to protect any party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1); *see also Ctr. For Auto Safety*, 809 F.3d at 1097.

The presumption of public access does not outweigh the interests of Utherverse Gaming, UDI, Fortress, or MASSIVE-3 in keeping the identified material sealed.  Utherverse Gaming and third-parties UDI, Fortress, and MASSIVE-3 have designated its respective materials as confidential or highly confidential. While Utherverse Gaming takes no position regarding the designation of the foregoing third-parties, Utherverse Gaming wishes to comply with the agreement formalized in the Stipulated Protective Order. Accordingly, under the standards set forth in *Kamakana,* this Court should preserve the secrecy and confidentiality of the sealed portions of the MILs and exhibits associated with the same.

**III.   CERTIFICATION**

Pursuant to Local Civil Rule 5(g)(3)(A), counsel for Utherverse Gaming met and conferred with counsel for Epic on August 30, 2024 to attempt to minimize the amount of material filed under seal. Epic does not oppose Utherverse Gaming's filing the materials identified above under seal. Counsel for both parties further confirmed the same understanding on November 9, 2023.

Pursuant to Local Civil Rule 5(g)(3)(A), counsel for Utherverse Gaming met and conferred with counsel for UDI on August 30, 2024 to attempt to minimize the amount of material filed under seal.  UDI does not withdraw the confidential designation for the materials identified above nor does

1  Utherverse Gaming oppose that designation. UDI further indicated that it does not oppose this Motion
2  to Seal.

4  Pursuant to Local Civil Rule 5(g)(3)(A), counsel for Utherverse Gaming met and conferred
5  with counsel for Fortress on August 29, 2024 to attempt to minimize the amount of material filed
6  under seal.  Fortress does not withdraw the confidential designation for the materials identified above
7  nor does Utherverse Gaming oppose that designation. Fortress further indicated that it does not oppose
8  this Motion to Seal.

**IV.    CONCLUSION**

For the reasons set forth above, Utherverse Gaming respectfully requests that the Court grant its motion to seal portions of and certain exhibits accompanying its MILs.



DATED this 30th day of August, 2024

Respectfully submitted,

/s/ Emily C. McNally

By: Emily McNally (WSBA No. 60710)
Jessica M. Andrade (WSBA No. 39297)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel:  206-393-5400
Fax: 206-393-5401
Email:  emcnally@polsinelli.com
Email:  jessica.andrade@polsinelli.com

*Of Counsel:*

<u>Colby B. Springer</u>
Colby B. Springer (admitted *pro hac vice*)
Miya Yusa (admitted *pro hac vice*)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel:  415-248-2100
Fax: 415-248-2101
Email:  cspringer@polsinelli.com
Email:  myusa@polsinelli.com

<u>Mark T. Deming</u>
Mark T. Deming (admitted *pro hac vice*)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL 60606
Tel:  312-819-1900
Fax: 312-819-1901
Email:  mdeming@polsinelli.com

<u>Melenie Van</u>
Melenie Van (admitted *pro hac vice*)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel:     (310) 229-1355
Fax:    (415) 276-8959
Email:  mvan@polsinelli.com

<u>Jonathan Spivey</u>
Jonathan Spivey (admitted *pro hac vice*)
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Tel:  713-374-1600
Fax: 713-374-1601
Email: jspivey@polsinelli.com

Attorneys for Plaintiff Utherverse Gaming

The signatory certifies that this memorandum contains 976 words, in compliance with the Local Civil Rules.  Counsel relied on the word count of a word-processing system used to prepare the brief

PLAINTIFF'S MOTION TO SEAL - 5
(Case No. 2:21-CV-00799-RSM-TLF)



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • (206) 393-5400