THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                   Plaintiff,<br><br>    v.<br><br>EPIC GAMES, INC.,<br><br>                   Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**DEFENDANT EPIC GAMES, INC.'S UNOPPOSED MOTION TO SEAL REGARDING MOTIONS IN LIMINE**<br><br>NOTE ON MOTION CALENDAR:<br>September 20, 2024 |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................ 1

II. BACKGROUND .......................................................................................................... 1

III. ARGUMENT ................................................................................................................ 2

    A. Legal Standard ................................................................................................. 2

    B. The Court Should Seal the Requested Material Because It Contains Epic's Confidential Technical and Financial Information ........................................ 2

IV. CERTIFICATION ........................................................................................................ 4

V. CONCLUSION ............................................................................................................. 4

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Cousineau v. Microsoft Corp.*,
  No. 11-1438-JCC, 2014 WL 11961979 (W.D. Wash. Mar. 19, 2014) .................................. 2, 3

*Foltz v. State Farm Mut. Auto. Ins. Co.*,
  331 F.3d 1122 (9th Cir. 2003) ............................................................................................. 2

*Kamakana v. City & Cty. of Honolulu*,
  447 F.3d 1172 (9th Cir. 2006) ............................................................................................ 2, 3

*Microsoft Corp. v. Motorola, Inc.*,
  No. C10-1823JLR, 2012 WL 5476846 (W.D. Wash. Nov. 12, 2012) ................................. 3, 4

*Treehouse Avatar LLC v. Valve Corp.*,
  No. C17-1860-RAJ, 2019 WL 291664 (W.D. Wash. Jan. 23, 2019) .................................... 3

**Other Authorities**

Local Civil Rule 5(g) ............................................................................................................. 1, 4

## I. INTRODUCTION

Pursuant to Civil L.R. 5(g), Defendant Epic Games, Inc. ("Epic") respectfully moves the Court to seal certain portions Epic's motions in limine and certain portions of exhibits associated with Epic's motions in limine. The material sought to be filed under seal includes Epic's confidential business information, including source code, specific file paths, other proprietary information about its system and network architecture, and Epic's confidential financial information (collectively, "Epic Confidential Information").

Compelling reasons exist to support the sealing of the Epic Confidential Information because it contains sensitive technical information that if made public could harm Epic by making it easier for potential bad actors to launch attacks on Epic's network, and by providing an unfair advantage to Epic's competitors. Epic's request to seal its confidential information is supported by the authorities set forth below and the Declarations of Peter Axt ("Axt Decl.") and Brian Boyle ("Boyle Decl.") filed herewith. Plaintiff Utherverse Gaming LLC ("Utherverse") does not oppose Epic's request.

## II. BACKGROUND

| Epic Confidential Information | | |
|---|---|---|
| **Documents** | **Portion(s) to Be Sealed** | **Reason(s) for Sealing** |
| Epic's Motion in Limine No. 3 | Yellow highlighted portions of document | Contains detailed information regarding confidential Epic internal financial information concerning company-wide revenues and *Fortnite*-wide revenues |
| Ex. 3 to the Declaration of Katherine McNutt in Support of Epic's Motions in Limine | Yellow highlighted portions of document | Contains detailed information regarding Epic's proprietary system and *Fortnite*'s infrastructure, including confidential internal Epic technical documents, transcripts of depositions of Epic engineers discussing confidential details of *Fortnite's* infrastructure, and *Fortnite* source code |

## III. ARGUMENT

### A. Legal Standard

To support a motion to seal a document in this District, a party must include a "specific statement of the applicable legal standard and the reasons for keeping a document under seal, including an explanation of: (i) the legitimate private or public interests that warrant the relief sought; (ii) the injury that will result of the relief sought is not granted; and (iii) why a less restrictive alternative to the relief sought is not sufficient." LCR 5(g)(3)(B). "There is a strong presumption of public access to the court's files." Id. at 5(g).

The presumption, however, is "not absolute and can be overridden given sufficiently compelling reasons for doing so." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Compelling reasons exist to justify sealing court records where they may be used as "vehicle[s] for improper purposes," such as "releas[ing] trade secrets." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). This includes "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it." *Cousineau v. Microsoft Corp.*, No. 11-1438-JCC, 2014 WL 11961979, at *1 (W.D. Wash. Mar. 19, 2014) (quoting *In re Electronic Arts*, 298 F. App'x 568, 569–70 (9th Cir. 2008)). "Compelling reasons to seal may exist when sealing is necessary to prevent judicial documents from being used 'as sources of business information that might harm a litigant's competitive standing.'" *Id.* (quoting *In re Electronic Arts*, 298 F. App'x at 569).

### B. The Court Should Seal the Requested Material Because It Contains Epic's Confidential Technical and Financial Information

Epic respectfully submits that compelling reasons exist to seal the highlighted portions of the two documents containing Epic Confidential Information because they contain confidential financial and technical information, including source code and internal proprietary technical documentation that could be used to structure an attack on Epic's network. *See* Axt Declaration ¶

4. Courts routinely seal confidential source code and other technical information. *See, e.g.*, *Treehouse Avatar LLC v. Valve Corp.*, No. C17-1860-RAJ, 2019 WL 291664 at *2 (W.D. Wash. Jan. 23, 2019) (granting motion to seal documents where "the information is confidential, technical and proprietary"); *Microsoft Corp. v. Motorola, Inc.,* No. C10-1823JLR, 2012 WL 5476846 at *3 (W.D. Wash. Nov. 12, 2012) (granting motion to seal proprietary technical product specifications). Here, the technical information proposed to be sealed includes source code and specific filepaths, and knowing those filepaths would make it easier to launch an attack on Epic's network. *See* Axt Declaration ¶ 4. Indeed, the portions of Dr. Rosenberg's report Epic seeks to seal discuss extensively deposition transcripts of Epic engineers—designated Attorneys' Eyes Only under the Protective Order—that set forth confidential details of *Fortnite*'s infrastructure. Knowing confidential details about how Epic's systems operate thus presents a risk that potential bad actors could find and target vulnerabilities in an attack on Epic's network. The financial information Epic proposes to seal includes internal confidential information regarding company-wide revenues and *Fortnite*-wide revenues that Epic, as a privately held company, keeps strictly confidential.  *See* Boyle Decl. ¶¶ 2-3.  Its disclosure would provide competitors and potential business partners an unfair advantage by giving them insight into Epic's overall financial position that would create a significant risk of harm to Epic.  *Id.* ¶ 4. Because the information Epic seeks to seal may be used as "vehicle for improper purposes" in this way, compelling reasons exist to maintain it under seal. *Kamakana*, 447 F.3d at 1179.

In addition, courts seal confidential technical information because the public disclosure of such technical information could "harm a litigant's competitive standing." *Cousineau*, 2014 WL 11961979, at *1. As in these cases, the disclosure of Epic's technical information would give competitors a roadmap to copying Epic's products and provide them an unfair advantage that would prejudice Epic. *See* Axt Decl. ¶ 4.

The presumption of public access does not outweigh Epic's interest in keeping the identified material sealed. Epic has narrowly tailored its requests to cover only the information necessary to protect Epic's important interests in its confidential and proprietary information,

EPIC'S MOTION TO SEAL - 3
(CASE NO. 2:21-CV-00799-RSM)

**Morrison & Foerster LLP**, 425 Market Street, San Francisco, CA, Tel: 415-268-7000

including by excerpting the expert reports that are the subject of its motion for summary judgment and by seeking to seal only the portions that refer to source code or detailed confidential technical documents (including specific filepaths) that could be used to structure an attack on Epic's network.

The material sought to be sealed is also not essential to understanding the Court's final adjudication of Epic's motions in limine. The sealed material contains technical details set forth in Dr. Rosenberg's opinions on infringement, but the scope of his opinions can be understood without those technical details. Accordingly, the public's interest in the sealed material carries less weight. *See Microsoft*, 2012 WL 5476846 at *3 (granting sealing request where "for purposes of understanding the court's final adjudication of the issue-at-hand, the public need not understand" the defendant's proprietary technical information).

## IV. CERTIFICATION

Pursuant to Local Civil Rule 5(g)(3)(A), counsel for Epic, Katherine E. McNutt, certifies that she met and conferred with Counsel for Utherverse, Emily McNally, Melenie Van, and Iqra Iqbal, by teleconference on August 30, 2024, in an attempt to reach agreement on the need to file the document under seal, to minimize the amount of material filed under seal, and to explore redaction and other alternatives to filing under seal. *See* Declaration of Katherine E. McNutt in Support of Defendant Epic Games Inc.'s Motion to File Under Seal ¶ 3. Counsel for Utherverse did not have other alternatives to filing under seal and stated that Utherverse does not oppose Epic's motion to file under seal. *Id.*

## V. CONCLUSION

For the reasons set forth above and in the accompanying Axt and Boyle Declarations, Epic respectfully requests that the Court grant its motion to seal the Epic Confidential Information.

| | | |
|---|---|---|
| 1 | Dated:  August 30, 2024 | I certify that this memorandum contains 1,250 words, in compliance with the Local Civil Rules. |
| 2 | | |
| 3 | | By: _____/s/ Katherine E. McNutt_____ |
| 4 | | Katherine E McNutt (*pro hac vice*) |
| | | MORRISON & FOERSTER (LA) |
| 5 | | 707 Wilshire Blvd, Ste 6000 |
| | | Los Angeles, CA 90017-3543 |
| 6 | | 213-892-5649 |
| 7 | | Email: kmcnutt@mofo.com |
| 8 | | Daralyn J Durie (*pro hac vice*) |
| | | Eric C Wiener (*pro hac vice*) |
| 9 | | Timothy C. Saulsbury (*pro hac vice*) |
| | | Bethany Bengfort (*pro hac vice*) |
| 10 | | MORRISON & FOERSTER (SF) |
| | | 425 Market Street, 32ND Floor |
| 11 | | San Francisco, CA 94105-2482 |
| | | 415-268-7000 |
| 12 | | Email: Ddurie@mofo.com |
| | | Email: Ewiener@mofo.com |
| 13 | | Email: Tsaulsbury@mofo.com |
| 14 | | Email: Bbengfort@mofo.com |
| 15 | | Mark A Lemley (*pro hac vice*) |
| | | LEX LUMINA PLLC |
| 16 | | 745 Fifth Avenue, Ste 500 |
| | | New York, NY 10151 |
| 17 | | 646-898-2055 |
| | | Email: mlemley@lex-lumina.com |

EPIC'S MOTION TO SEAL - 5     **Morrison & Foerster LLP**, 425 Market Street,
(CASE NO. 2:21-CV-00799-RSM)               San Francisco, CA, Tel: 415-268-7000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By:        */s/ Stevan Stark*
Stevan Stark (WSBA No. 39639)
Antoine McNamara (WSBA No. 41701)
Christina McCullough (WSBA No. 47147)
PERKINS COIE (SEA)
1201 3RD Avenue, Ste 4900
Seattle, WA 98101-3099
206-359-8000
Email: AmcNamara@perkinscoie.com
Email: CmcCullough@perkinscoie.com
Email: Sstark@perkinscoie.com

Peter F. Snell (*pro hac vice*)
MINTZ LEVIN COHN FERRIS GLOVSKY & POPEO PC
919 Third Avenue
New York, NY 10022
212-935-3000
Email: pfsnell@mintz.com


*Attorneys for Defendant Epic Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 30, 2024 the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Katherine E. McNutt*
KATHERINE E. MCNUTT