THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>EPIC GAMES, INC.,<br><br>                    Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**[PROPOSED] PRETRIAL ORDER** |

POLSINELLI

Pursuant to Western District of Washington Local Rule 16(e), Plaintiff Utherverse Gaming LLC ("Utherverse Gaming") and Defendant Epic Games, Inc. ("Epic") jointly submit this Proposed Pretrial Order.

## JURISDICTION

This Court has subject matter jurisdiction of the action pursuant to Title 28, U.S.C. §§ 1331 and 1338(a), because this action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.* Subject matter jurisdiction, personal jurisdiction, and venue pursuant to 28 U.S.C. §§ 1391(b) and 1400(b) are not disputed in this case.

## CLAIMS AND DEFENSES[1]

Utherverse Gaming will pursue at trial[2] the following claims:

1) Utherverse Gaming claims that Epic infringed claims 2, 5 and 8 of the U.S. Patent No. 9,724,605 ("the '605 Patent") under 35 U.S.C. § 271(a). Specifically, Utherverse Gaming claims that the Travis Scott Events and the Ariana Grande Events (as those terms are defined below) (together, the "accused events") directly infringed claims 2, 5 and 8 of the '605 Patent.

2) Utherverse Gaming seeks damages adequate to compensate for Epic's infringing activities in an amount to be determined at trial, together with interests and costs.

---

[1] The following claims and defenses are presented with each party making full reservation as to any objection or *in limine* challenge pending or later brought before the Court.

[2] Utherverse Gaming reserves all rights to appeal the Court's ruling to date, including the Court's claim construction (ECF Nos. 133, 146) and the Court's partial summary judgment in favor of Epic that the asserted claims of U.S. Patent No. 8,276,071 were invalid and not infringed (ECF Nos. 368, 369, 391).

1

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

Epic will pursue at trial the following affirmative defenses and/or claims[3]:

1)     Epic denies that the accused events infringed claims 2, 5, or 8 of the '605 Patent and seeks a judgment of non-infringement on this basis.

2)     Epic asserts and seeks a judgment that claims 2, 5, and 8 of the '605 Patent are invalid under 35 U.S.C. §§ 102 and/or 103 as anticipated and/or obvious in view of existing prior art; 35 U.S.C. § 101 as failing to recite patent-eligible subject matter, and 35 U.S.C. § 112, as the claims are indefinite and/or are not enabled.

3)     Epic denies that Utherverse Gaming is entitled to damages.

## ADMITTED FACTS

The following facts are admitted by the parties:

**The Parties**

1)     Utherverse Gaming is a Delaware limited liability company with a place of business at 1740 Broadway, 15th Floor, New York, New York, 10019.

2)     Utherverse Gaming is the owner of the '605 Patent and holds the right to bring causes of action for past, current, and future infringement.

3)     Epic is a corporation organized and existing under the laws of the State of Maryland with its headquarters at 620 Crossroads Blvd. Cary, North Carolina, 27518.

4)     Epic created and operates *Fortnite*, the video game in which the accused events took place.

**The '605 Patent**

5)     The '605 Patent is entitled "Method, System and Apparatus of Recording and Playing Back an Experience in a Virtual Worlds System."

---

[3] Epic reserves all rights to appeal the Court's rulings to date, including the Court's denial of summary judgment that Epic did not infringe the asserted claims of the '605 patent (ECF Nos. 368, 369, 391).

2

POLSINELLI

6)    The application that became the '605 Patent was filed on August 12, 2014.

7)    The '605 Patent was issued by the United States Patent and Trademark Office on August 8, 2017.

8)    The named inventors of the '605 Patent are Brian Shuster and Aaron Burch. Utherverse Gaming acquired rights, title, and interest in the '605 Patent pursuant to the December 2020 Patent Purchase and License Agreement.

**The Accused Events**

9)    Epic created and presented an animated event featuring music by Travis Scott (the "Travis Scott Events") that took place in its multiplayer online video game *Fortnite* in April 2020.

10)   Players could watch the Travis Scott Events at five different showtimes between April 23, 2020 and April 25, 2020.

11)   Epic admits that the Travis Scott Events involved creating new instances of a scene and that players participated in the instances using client devices.

12)   Epic admits that the instances of the Travis Scott Events were three-dimensional.

13)   Epic created and presented an animated event featuring music by Ariana Grande (the "Ariana Grande Events") that took place in its multiplayer online video game *Fortnite* in August 2021.

14)   Players could watch the Ariana Grande Events at five different showtimes between August 6, 2021 and August 8, 2021.

15)   Epic admits that the Ariana Grande Events involved creating new instances of a scene, and that players participated in the instances using client devices.

16)   Epic admits that the instances of the Ariana Grande Events were three-dimensional.

3

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

**ISSUES OF FACT**

The following are the issues of fact to be determined by the jury:

1)  Whether Utherverse Gaming has proven, by a preponderance of the evidence, that Epic directly infringed claims 2, 5 or 8 of the '605 Patent pursuant to 35 U.S.C. § 271(a).

2)  Whether Epic has proven, by clear and convincing evidence, that claims 2, 5 and 8 of the '605 Patent are invalid.

3)  Whether and to what degree Utherverse Gaming has proven it is entitled to a reasonable royalty under 35 U.S.C. § 284.

**ISSUES OF LAW**

The Court previously construed claim terms that appear in the '605 patent.  DKT. 133 (ORDER RE: CLAIM CONSTRUCTION).  The Court's construction is at issue in motions *in limine* submitted by both parties.  *See* DKT. 408 (UTHERVERSE GAMING'S MOTIONS IN LIMINE, MIL NO. 6), 8:12-9:23; DKT. 414 (EPIC GAMES' MOTIONS IN LIMINE, MIL NO. 1), 2:4-4:21.

Utherverse Gaming suggests the following claim construction based on the Court's Order:

| Term | Construction |
|---|---|
| Avatar | A computer-generated figure in a virtual environment that represents and is operated by a human player. |
| Initial Scene State | Scene state information, including at least a position and orientation of objects, including avatars, rendered in the scene at a beginning of a time period of a new recording of a scene.  DKT. 133:3:11-14

The construction does not require the presence of avatars; avatars may simply be included.  DKT. 133:13:11-13 |

4

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

POLSINELLI

| Recorded Experience File | [A file containing] a recording of a prior experience that occurred in a virtual environment.   DKT. 133:3:22-24

That experience "must be from a prior experience rather than a display allowing for real-time interaction," including "new gameplay."   DKT. 133:13:15-17. |

Epic Games suggests the following claim construction based on the Court's Order:

| Term | Construction | Claims |
|------|-------------|--------|
| Avatar | A computer-generated figure in a virtual environment that represents and is operated by a human player. | 1 and 2 |
| Initial Scene State | Scene state information, including at least a position and orientation of objects, including avatars, rendered in the scene at a beginning of a time period of a new recording of a scene.  DKT. 133:3:11-14 | 1 |
| Recorded Experience File | [A file containing] a recording of a prior experience that occurred in a virtual environment.   DKT. 133:3:22-24 | 1, 2, 5, 8 |

The parties agree that the following are the issues of law to be determined by the court:

1)   Whether Utherverse Gaming is entitled to prejudgment and/or post-judgment interest and costs if Epic is found liable for infringement.

2)   Whether Epic is entitled to attorneys' fees and/or costs if Epic is not found liable for infringement.

3)   All issues of law and/or mixed issues of fact and law to be raised in the parties' forthcoming motions *in limine*.

5

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

97394537.4

## METHOD OF PRESENTING ADVERSE WITNESS TESTIMONY

If Epic intends to call live at trial any Epic-affiliated witness who is on Utherverse Gaming's will-call or may-call list, Epic agrees to make efforts to make that witness available to Utherverse Gaming during Utherverse Gaming's case-in-chief.  If an Epic-affiliated witness is called adversely by Utherverse in Utherverse's case-in-chief, Epic may exceed the scope of Utherverse Gaming's direct examination on cross so that the witness does not need to be recalled during Epic's case-in-chief.  Should Epic exceed the scope as allowed for above, that witness may then be subjected to further examination by Utherverse Gaming but only as to that subject matter that exceeded the scope of cross-examination.  Epic may then have the final examination for that witness but limited in scope to the further Utherverse Gaming examination.

If Epic does not intend to call an Epic-affiliated witness live and who is on Utherverse Gaming's will-call or may-call list, that witnesses is deemed unavailable pursuant to FRCP 32(a)(4). Utherverse Gaming may use that witness's deposition and any corresponding video as substantive evidence to the extent allowable by the Federal Rules of Evidence.

Similarly, if an Utherverse Gaming-affiliated witness who is on Epic's will-call or may-call list is called live in Utherverse Gaming's case-in-chief, Epic may exceed the scope of direct on cross-examination followed by re-direct by Utherverse Gaming and limited re-cross by Epic. The same arrangement as to scope and examination outlined above with respect to the Epic witness will likewise apply to the Utherverse Gaming witness. If Utherverse Gaming does not call a Utherverse Gaming-affiliated witness live and who is on Epic's will-call or may-call list, that witnesses is deemed unavailable pursuant to FRCP 32(a)(4) and Epic may use that deposition and any corresponding video as substantive evidence to the extent allowable by the Federal Rules of Evidence.

Notwithstanding the above, both Utherverse Gaming and Epic, per FRCP 32(a)(3), may use adverse party deposition testimony for any purpose, to the extent allowable by the Federal

6

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

Rules of Evidence, that was taken from "anyone who, when deposed, was the party's officer, director, managing agent, or designee under Rule 30(b)(6)."

## EXPERT WITNESSES

(a)     Each party shall be limited to 3 expert witnesses on the issues of infringement, validity, and damages.

(b)     The name(s) of the expert witness(es) to be used by each party at the trial and the issue upon which each will testify is:

(1)     On behalf of Utherverse Gaming:

Utherverse Gaming's expert witnesses shall offer testimony as follows:

| Utherverse Gaming Trial Expert Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| Dr. Craig Rosenberg | Will Call<br><br>In-Person | Technical Expert for Infringement of the '605 Patent<br>• Background on the technology disclosed in the '605 Patent and the invention of the '605 Patent.<br>• The teachings and knowledge of the state of the art at the time of the invention disclosed and claimed in the '605 Patent.<br>• Will rely on handbooks, textbooks, technical literature, and other materials to demonstrate the state of the art at the relevant time period and the evolution of relevant technologies.<br>• Technical opinions on how Epic Games, Inc. infringes the asserted claims 2, 5, and 8 of the '605 Patent by Epic with the technology used to create, host and offer the accused Travis Scott and Ariana Grande |

7

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Utherverse Gaming Trial Expert Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | | Events based on the opinions set forth in his expert report and any testimony offered by the witnesses during trial.<br><br>• Rebuttal to Epic's noninfringement positions and opinions presented by its experts and any testimony offered by witnesses during trial.<br><br>• All other opinions set forth in his expert report served in this case or discussed during the course of his deposition. |
| David Crane | Will Call<br><br>In-Person | Technical Expert for validity and rebuttal<br>• Background on the technology disclosed in the '605 Patent and the invention of the '605 Patent.<br><br>• The state of the art at the time of the invention disclosed and claimed in the '605 Patent.<br><br>• The prior art identified by Epic in its Invalidity Contentions, and further included and discussed by Epic's experts in opinions regarding the invalidity of the '605 Patent.<br><br>• All other opinions set forth in his expert report served in this case or discussed during the course of his deposition.<br><br>• Rebuttal or counter of any testimony offered by Epic as to invalidity. |
| Michele Riley | Will Call<br><br>In-Person | Damages Expert<br>• The degree Utherverse Gaming is entitled to recover damages adequate to compensate it for Epic's infringement, but in no event less than a reasonable royalty, under 35 U.S.C. § 284. |

8

POLSINELLI

| Utherverse Gaming Trial Expert Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | | • Assignment, evidence considered, and assumptions used in rendering her opinion.<br>• Reasonable royalty and royalty base determinations<br>• Overview of the relevant industries, the parties, the accused events, and the '605 Patent<br>• Key event timeline<br>• Opinions regarding the appropriate form of damages<br>• Georgia-Pacific Factors, including the date of the hypothetical negotiation, the appropriate damages period, the parties to hypothetical negotiation, the structure of the hypothetical license agreement.<br>• The benefits realized by Epic through hosting the accused events.<br>• Rebuttal to Epic's damages positions and opinions presented by its experts and any testimony offered by witnesses during trial.<br>• All other opinions set forth in her expert report served in this case or discussed during the course of her deposition. |

Utherverse Gaming objects to the proffered testimony of Epic's expert witnesses to the extent it includes subject matter or materials that were not presented or discussed in its expert reports or otherwise addressed in the course of deposition. Utherverse Gaming also objects to the proffered testimony of Epic's expert witnesses to the extent it includes subject matter or materials that are inconsistent with, or were not disclosed, in Epic's corresponding contentions or interrogatory responses.

9

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

POLSINELLI

(2)      On behalf of Epic:

Epic objects to the proffered testimony of Utherverse's expert witnesses to the extent that it includes subject matter or materials that were not presented or discussed in its expert reports. Epic also objects to the proffered testimony of Utherverse's expert witnesses to the extent that it includes subject matter or materials that are inconsistent with, or were not disclosed, in Utherverse's corresponding contentions or interrogatory responses.   Epic's expert witnesses shall offer testimony as follows:

| Epic Trial Expert Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| Benjamin Ellinger | Will Call<br><br>In-Person | Technical Expert for Non-infringement (to the extent Epic offers expert testimony on infringement to rebut Utherverse's expert) and Invalidity of the '605 Patent<br><br>The opinions and matters set forth in Mr. Ellinger's expert reports served in this litigation, including:<br><br>• Background on the technology and invention disclosed in the '605 Patent.<br><br>• The teachings and knowledge of the state of the art at the time of the invention disclosed and claimed in the '605 Patent.<br><br>• Technical opinions regarding Epic's non-infringement of the asserted claims of the '605 Patent.<br><br>• Technical opinions regarding the invalidity of the '605 Patent.<br><br>• Non-infringing alternatives to the invention claimed in the '605 Patent. |

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Epic Trial Expert Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | | • The technological comparability to the '605 Patent of patents that are the subject of licenses cited by Utherverse's damages expert to the '605 Patent.<br><br>• Rebuttal to Utherverse's infringement and validity positions.<br><br>• All other opinions set forth in his expert report served in this case or discussed at his deposition. |
| Lauren Kindler | Will Call<br><br>In-Person | Damages Expert (to the extent Epic offers expert testimony on damages to rebut Utherverse's expert)<br><br>The opinions and matters set forth in Ms. Kindler's expert report served in this litigation, including:<br><br>• Opinions regarding the amount of reasonable royalty that should be awarded to Utherverse under 35 U.S.C. § 284 in the event that Epic is found liable for infringement of the '605 Patent.<br><br>• Background of the industry, the parties, Epic's products, and the accused events.<br><br>• The framework and methodologies used for calculating damages.<br><br>• Opinions regarding the appropriate form of damages.<br><br>• The relevant *Georgia-Pacific Factors* in this case, including an assessment of the outcome of a hypothetical negotiation |

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Epic Trial Expert Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | | between the parties at the time infringement first began. |
| | | • Rebuttal to Utherverse's damages positions and opinions. |
| | | • All other opinions set forth in her expert report served in this case or discussed at her deposition. |

## OTHER WITNESSES

The names of witnesses, other than experts, to be used by each party at the time of trial and the general nature of the testimony of each are:

(a)     On behalf of Utherverse Gaming:

| Utherverse Gaming Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| Brian Shuster | Will Call<br><br>In-Person | Inventor on '605 Patent<br>• His background and experience with the technology disclosed in the '605 Patent.<br>• His knowledge about the state of the art at the time he was working on the invention claimed in the '605 Patent.<br>• Inspiration for the invention disclosed and claimed in the '605 Patent.<br>• The '605 Patent and the state of the art at the time of the invention |
| Aaron Burch | Will Call<br><br>In-Person | Co-inventor on '605 Patent<br>• His background and experience with the technology disclosed in the '605 Patent. |

12

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Utherverse Gaming Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | | • Inspiration for the invention disclosed and claimed in the '605 Patent.<br>• The '605 Patent and the state of the art at the time of the invention |
| David Cohen | Will Call<br><br>In-Person | Corporate Representative for Utherverse Gaming LLC<br>• His background and experience with intellectual property and intellectual property licensing.<br>• Role and responsibilities at Utherverse Gaming with respect to its intellectual property licensing program.<br>• Utherverse Gaming's right, title, and interest in the '605 Patent |
| Peter Axt | Will Call<br><br>In-Person<br>Adverse | • Epic Games Services Team.<br>• Mr. Axt's role and responsibilities as the engineering director of internal service -- internal game services.<br>• Testimony consistent with Mr. Axt's 30(b)(6) Corporate deposition testimony taken on April 12, 2023.<br>• The tools, editors and other technology created and used by Epic for the Travis Scott and Ariana Grande Events.<br>• Epic's MMS Documentation. Epic's Run-of-show documents for the Travis Scott and Ariana Grande Events.<br>• Epic's use of Unreal Engine Sequencer to create files that allowed for the Travis Scott and Ariana Grande Events. |
| Mark Imbriaco | Will Call | • Designated 30(a)(1) and 30(b)(6) deposition testimony. |

13

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Utherverse Gaming Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | Adverse Depo Designations | |
| Matt Weissinger | Will Call<br><br>In-Person Adverse | • Epic VP of Marketing<br>• Epic's financial data and user-metrics related to the Travis Scott and Ariana Grande Events<br>• Epic had no formal or informal patent licensing policies |
| Brian Boyle | May Call<br><br>Adverse Depo Designations | • Designated 30(b)(6) deposition testimony. |

Utherverse Gaming objects to certain Epic's witnesses, specifically Ami Shah and Patrick Diaz, whom Epic proposes to present through portions of deposition testimony. This deposition testimony relates to irrelevant non-party information that has no bearing on the claims or defenses in this action. Utherverse Gaming's objections to Epic's designated testimony are noted in Exhibit C.

Utherverse Gaming further objects to Epic's expected testimony where the scope of testimony is not relevant to any claim or defense in this action or is otherwise inadmissible under the Federal Rules of Evidence

(1)     Witness Deposition Designations

Charts containing Utherverse Gaming's Affirmative Deposition Designations, including Epic's objections and counter-designations are attached hereto as Exhibit A.

Utherverse Gaming reserves the right to amend its deposition designations, its objections to Epic's deposition designations, and its counter-designations as appropriate including in response to new information that arises as the parties progress toward trial. With respect to Epic's objections and counter-designations, Utherverse Gaming reserves the right to rely on any testimony initially

14

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

POLSINELLI

97394537.4

designated by Epic as a counter-designation even if objected to.  To the extent any objections by counsel are designated in the transcripts, Utherverse does not intend or consent to include objections with deposition videos played in court.

With respect to Epic's affirmative deposition designations of Brian Shuster's deposition testimony, Utherverse Gaming does not understand Epic to be suggesting that it will play deposition designations from Mr. Brian Shuster because he will testify live at trial, and Utherverse Gaming objects to the presentation of any deposition designations from Mr. Brian Shuster in view presence to testify live at trial.

(b)    On behalf of Epic:

| Epic Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| Brian Shuster | Will Call<br><br>In-Person<br><br>Adverse | Named inventor of the s'605 Patent, CEO of Utherverse Digital<br><br>• The subject matter of the '605 Patent.<br><br>• The conception and reduction to practice of the invention claimed in the '605 Patent.<br><br>• The state of the art at the time of the invention of the '605 Patent.<br><br>• Licensing and/or offers for sale of the '605 Patent.<br><br>• Utherverse Digital's business operations and practices, including the creation, development, and/or marketing of any Utherverse Digital product related to the invention claimed in the '605 Patent.<br><br>• The subject matter of the witness's deposition testimony in this litigation. |
| Aaron Burch | Will Call<br><br>In-Person | Named inventor of the s'605 Patent, Former CTO of Utherverse Digital |

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Epic Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | Adverse | • The subject matter of the '605 Patent.<br><br>• The conception and reduction to practice of the invention claimed in the '605 Patent.<br><br>• The state of the art at the time of the invention of the '605 Patent.<br><br>• Utherverse Digital's business operations and practices, including the creation, development, and/or marketing of any Utherverse Digital product related to the invention claimed in the '605 Patent.<br><br>• The subject matter of the witness's deposition testimony in this litigation. |
| David Cohen | Will Call<br><br>In-Person<br><br>Adverse | Utherverse Gaming Corporate Representative<br><br>• Utherverse Gaming's business operations and practices.<br><br>• Licensing and/or offers for sale of the '605 Patent.<br><br>• The subject matter of the witness's deposition testimony in this litigation. |
| Ami Shah | May Call<br><br>Depo Designations | Fortress Investment Group and Utherverse Gaming Corporate Representative<br><br>• Fortress Investment Group and Utherverse Gaming's business operations, records, and practices.<br><br>• The relationship between Fortress Investment Group and Utherverse Gaming.<br><br>• The subject matter of the witness's deposition testimony in this litigation. |

16

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Epic Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| Patrick Diaz | May Call<br><br>Depo Designations | Utherverse Gaming Corporate Representative<br><br>• Utherverse Gaming's business operations, records, and practices.<br><br>• Utherverse Gaming's finances and financial records.<br><br>• The subject matter of the witness's deposition testimony in this litigation. |
| Peter Axt | Will Call<br><br>In-Person | Engineering Director, Internal Game Services at Epic<br>• Mr. Axt's role at Epic.<br><br>• The development, structure, function and operation of the accused events and the technology underlying those events, including an overview of Fortnite, the client-server architecture used by Fortnite, the MMS used by Fortnite, and the Unreal Engine Sequencer.<br><br>• The subject matter of his deposition and the topics on which he was designated by Epic under Rule 30(b)(6). |
| Mark Imbriaco | May Call<br><br>In-Person or Responsive Depo Designations | Former Senior Director of Engineering at Epic<br>• Mr. Imbriaco's prior role at Epic.<br><br>• The structure, function and operation of the accused events and the technology underlying those events, including an overview of *Fortnite*, the client-server architecture used by *Fortnite*, and the MMS used by *Fortnite*. |

17

| Epic Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| | | • The subject matter of his deposition and the topics on which he was designated by Epic under Rule 30(b)(6). |
| Matt Weissinger | Will Call<br><br>In-Person | Former Vice President of Marketing at Epic<br><br>• The production and development of the accused events, including the amount and type of resources used to put on the accused events.<br><br>• Customer, industry, and media feedback and reception of the accused events.<br><br>• Demand drivers for the accused events.<br><br>• Marketing for the accused events.<br><br>• Success factors for the accused events.<br><br>• The amount and type of revenue related to the accused events.<br><br>• Epic's IP licensing agreements, history, and practices.<br><br>• The subject matter of his deposition and the topics on which he was designated by Epic under Rule 30(b)(6). |
| Brian Boyle | May Call<br><br>Responsive Depo Designations | Vice President, Controller at Epic<br><br>• Financial information related to the accused events, including Epic's revenue, costs, and accounting practices. |

18

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

| Epic Other Witnesses | Delivery of Testimony | Expected Testimony |
|---|---|---|
| Christopher Greenhalgh | Will Call Depo Designations | Professor of Computer Science, University of Nottingham<br><br>• Testimony regarding prior art systems and their public availability at the time of the invention disclosed and claimed in the '605 Patent.<br><br>• The subject matter of the witness's deposition testimony in this litigation. |
| James Yen | Will Call Depo Designations | Lead Producer, Blizzard Entertainment<br><br>• Testimony regarding prior art systems and their public availability at the time of the invention disclosed and claimed in the '605 Patent.<br><br>• The subject matter of the witness's deposition testimony in this litigation. |

(1)     Witness Deposition Designations

Charts containing Epic's Affirmative Deposition Designations, including Utherverse Gaming's objections and counter-designations, are attached hereto as Exhibit C.

Epic reserves the right to amend its deposition designations, its objections to Utherverse's deposition designations, and its counter-designations as appropriate including in response to new information that arises as the parties progress toward trial.  With respect to Utherverse's objections and counter-designations, Epic reserves the right to rely on any testimony initially designated by Utherverse as a counter-designation even if objected to.  To the extent any objections by counsel are designated in the transcripts, Epic does not intend or consent to include objections with deposition videos played in court.

19

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

(c)     The parties are submitting transcript excerpts containing deposition designations, responsive designations, and objections, required by LCR 32(e), directly to chambers.  The parties will file those excerpts on the docket at the Court's request.  Certain of these designations are at issue in the parties' pending motions *in limine*.  The parties will continue to meet and confer to discuss the scope of designated testimony and make efforts to resolve any objections, and will provide to the Court a final copy of designated transcripts in advance of trial at a date to be set by the Court.  The parties agree that no waiver of the right to respond to objections has occurred.

## **EXHIBITS**

Utherverse Gaming's Exhibit List, including Epic's objections thereto, is attached hereto as Exhibit B.  Epic reserves the right to amend or remove objections as appropriate, including in response to new information that arises as the parties progress toward trial.  Utherverse Gaming's exhibits are numbered consecutively beginning with the number "001" (one).

Epic's Exhibit List, including Utherverse Gaming's objections thereto, is attached hereto as Exhibit D.  Utherverse Gaming reserves the right to amend or remove objections as appropriate, including in response to new information that arises as the parties progress toward trial., Epic has identified on its list only those documents that are not duplicated on Utherverse's exhibit list. Epic's exhibits are numbered consecutively beginning with "A-001."

Once a party has identified an exhibit in the Pretrial Order, any party may seek to introduce it at trial.  Hardcopies of the Exhibits will be submitted in a three−ring binder with appropriately numbered tabs approximately seven days before the trial date, to be set by the Court at the pretrial conference.   The parties will present all exhibits to the witnesses and jury electronically during trial, using the courtroom technology.



## **MOTIONS IN LIMINE**

The parties filed motions *in limine* on August 30, 2024.  *See* DKT. 408, 414.  Since that date, the parties have met and conferred to resolve certain issues raised in the motions.  The parties are working on a joint stipulation to be provided to the court in advance of trial.

21

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

1

**ACTION BY THE COURT**

2        (a)        This case is scheduled for trial before a jury on October 7, 2024, at 9:00 AM.

3        (b)        Jury instructions requested by either party shall be submitted to the court on or

4   before September 6, 2024. Suggested questions of either party to be asked of the jury by the court

5   on voir dire shall be submitted to the court on or before _____.

6        (c)        [Insert any other ruling made by the court at or before pretrial conference.]

7        This order has been approved by the parties as evidenced by the signatures of their counsel.

8   This order shall control the subsequent course of the action unless modified by a subsequent order.

9   This order shall not be amended except by order of the court pursuant to agreement of the parties

10  or to prevent manifest injustice.

11

12  DATED this _____ day of _____, 2024.

13  _____

14  United States District Judge

15

16

17  FORM APPROVED

18

19  /s/ Emily C. McNally_____

20  Attorney for Utherverse Gaming

21

22  /s/ Eric C.  Weiner_____ _____

23  Attorney for Epic

24

25

26

22

PROPOSED PRETRIAL ORDER
CASE NO. 2:21-CV-00799-RSM

97394537.4

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

Filed September 6, 2024

By: /s/ *Emily C. McNally*
Emily McNally (WSBA No. 60710)
Jessica M. Andrade (WSBA No. 39297)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel:     206-393-5400
Email:  emcnally@polsinelli.com
Email: jessica.andrade@polsinelli.com

Mark T. Deming (admitted *pro hac vice*)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL 60606
Tel:     312-819-1900
Email: mdeming@polsinelli.com

Jonathan Spivey (admitted *pro hac vice*)
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Tel:     713-374-1600
Email: jspivey@polsinelli.com

Colby B. Springer (admitted *pro hac vice*)
Miya Yusa (admitted *pro hac vice*)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel:     415-248-2100
Email: cspringer@polsinelli.com
Email:  myusa@polsinelli.com

Melenie Van (admitted *pro hac vice*)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel:     (310) 229-1355
Email:  mvan@polsinelli.com

Attorneys for Plaintiff Utherverse Gaming,
LLC

23

**POLSINELLI**

1

2          By:    /s/ Eric C. Weiner
                  Eric C. Weiner (*pro hac vice*)
3                 Daralyn J. Durie (*pro hac vice*)
                  Timothy C. Saulsbury (*pro hac vice*)
4                 Bethany Bengfort (*pro hac vice*)
                  MORRISON & FOERSTER (SF)
5                 425 Market Street, 32ND Floor
                  San Francisco, CA 94105-2482
6                 415-268-7000
                  Email: Ddurie@mofo.com
7                 Email: Ewiener@mofo.com
                  Email: Tsaulsbury@mofo.com
8                 Email: Bbengfort@mofo.com

9
                  Katherine E McNutt (*pro hac vice*)
10                MORRISON & FOERSTER (LA)
                  707 Wilshire Blvd, Ste 6000
11                Los Angeles, CA 90017-3543
                  213-892-5649
12                Email: kmcnutt@mofo.com

13                Mark A Lemley (*pro hac vice*)
                  LEX LUMINA PLLC
14                745 Fifth Avenue, Ste 500
                  New York, NY 10151
15                646-898-2055
                  Email: mlemley@lex-lumina.com
16
                  Stevan Stark (WSBA No. 39639)
17                Antoine M. McNamara (WSBA No. 41701)
                  Christina J. McCullough (WSBA No.
18                47147)
                  PERKINS COIE (SEA)
19                1201 3RD Avenue, Ste 4900
                  Seattle, WA 98101-3099
20                206-359-8000
                  Email: AmcNamara@perkinscoie.com
21                Email: CmcCullough@perkinscoie.com
                  Email: Sstark@perkinscoie.com
22
                  Attorneys for Defendant Epic Games, Inc
23

24

25

26
                              24

POLSINELLI