THE HONORABLE RICARDO S. MARTINEZ

# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF WASHINGTON

# AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>          Plaintiff,<br><br>v.<br><br>EPIC GAMES, INC,<br><br>          Defendant. | Case No. 2:21-cv-00799-RSM<br><br>PLAINTIFF UTHERVERSE GAMING LLC'S RESPONSE TO DEFENDANT EPIC GAMES, INC.'S MOTIONS *IN LIMINE*<br><br>**Noting Date: SEPTEMBER 9, 2024** |



Plaintiff Utherverse Gaming LLC ("Utherverse Gaming") submits the following responses to Epic Games, Inc.'s ("Epic") motions *in limine* 1 and 2. *See* Dkt. No. 413, 414 (Epic's Motion *in limine* (sealed), (public)). The parties resolved Epic's motions *in limine* 3 and 4 by way of stipulation between the parties. *See* Dkt. No. 418 ([Proposed] Pretrial Order) at 21:1-4. Filing of this stipulation on the record will occur prior to trial.

## I.  RESPONSE TO EPIC'S MOTION *IN LIMINE* NO. 1:

**No References to Motions to or Orders of the Court or the Magistrate Judge, Except Ultimate Claim Constructions**

### A.  Epic's Motion Does Not Request Evidentiary Guidance

Epic's first motion *in limine* is in name only. Epic's motion, and previous motions, instead attempt to reopen claim construction despite the Court's previous and definitive order. *See, e.g.*, Dkt. No. 300 at 12:22-15:16 (discussion of '605 patent claims). A motion *in limine* "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller,* 551 F.3d 1108, 1111 (9th Cir. 2009); *see also Goodman v. Las Vegas Metro. Police Dep't,* 963 F. Supp. 2d 1036, 1046 (D. Nev. 2013) ("[a] motion in limine is a request for the court's guidance concerning an evidentiary question"), *rev'd in part on other grounds by* 613 F. App'x 610 (9th Cir. 2015). Epic's motion fails at the threshold for soliciting reconsideration of claim construction in lieu of evidentiary guidance. *Contra Jackson v. Cnty. of San Bernadino*, 194 F. Supp. 3d 1004, 1008 (C.D. Cal. 2016) (motions *in limine* are not substitutes for substantive motion practice).

### B.  Epic's Request Veils its Designs to Ignore the Claim Construction Order

The parties will not reference other motions or orders; this is not in dispute. *See* Dkt. No. 413 at 2:6-8. But this seemingly benign request masks Epic's true intent: presenting the jury with incomplete context of the Court's ordered claim constructions. Epic should not be allowed to

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 1
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400

disregard that order. And while Epic's motion only addresses the 'initial scene state,' the Court's decision would further affect the 'recorded experience file' construction. *See* DKT. NO. 418 at 4:10-5:17; *c.f.* DKT. NO. 419 at 53:1-26 (EPIC'S PROPOSED JURY INSTRUCTION NO. 11).

Epic argues "the jury may be misled into drawing improper and prejudicial inferences" if apprised to the complete scope of the Court's order. DKT. NO. 413 at 2:8-9. But Epic's improper preclusion of reliance on or reference to the full context of the claim construction order would achieve the opposite. Epic's requested relief would allow *the jury* to interpret the claims contrary to the Court's order. The Court determines the scope of the claims—not the jury. *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), *aff'd* 517 U.S. 370 (1996). And "[o]nce a district court has construed the relevant claim terms, and unless altered by the district court, then that legal determination governs for purposes of trial." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1321 (Fed. Cir. 2009). Epic's motion invites nothing but legal error.

### C. Epic's Motion Disregards the Explicit Language of the Order

Epic's motion requests the Court to incorrectly limit jury presentation to **only** the *proposed* constructions exhibited on page 1 of the Court's claim construction order. *See* DKT. NO. 413 at 2:23-3:2 (*citing* DKT. NO. 133 at 3, 13). That *portion* of the construction—"Epic's proposed construction"—reads "[t]he initial scene state includes at least a position and orientation of objects, including avatars, rendered in the scene at a beginning of a time period of a new recording." DKT. NO. 413 at 2:24; DKT. NO. 133 at 1. Epic's motion disregards the Court's full and further explanation: "[a]lthough both parties argue that Epic's construction improperly requires the presence of avatars, the Court does not read it that way. Avatars may simply be included." DKT. 133 at 13:8-13.

The full order and explanation cannot be ignored. The Court did not read the 'initial scene state' as proposed by Epic nor should the jury. Divorcing this explicit caveat—and those of the

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 2
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

recorded experience file—from the construction is tantamount to unfettered submission of "arguments regarding the meaning and legal significance" of the construction to the jury. *O2 Micro Intern. Ltd v. Beyond Innovation Technology Co,*, 521 F.3d 1351, 1362 (Fed. Cir. 2008); *see also* DKT. NO. 407 at 8:12-9:23 (Utherverse Gaming's motion *in limine* to preclude "[i]nconsistencies with the Court's Claim Construction," inclusive of the recorded experience file). The Federal Circuit court of appeal overturns such improper submissions. *O2 Micro*, 521 F.3d at 1632; *see also California Inst. Of Technology v. Broadcom Ltd.*, 25 F.4th 976, 989 (*quoting Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1366 (Fed. Cir. 2004) ("it is the duty of trial courts in patent cases in which claim construction rulings on disputed terms are made . . . to inform jurors ***both*** of the court's claim construction rulings on all disputed terms ***and*** of the jury obligation to adopt and apply the court's determined meanings") (emphasis added).

        **D.    Epic's Untimely Motion for Reconsideration Prejudices Utherverse Gaming**

Epic refuses to acknowledge the unequivocal language of the Court's ***order*** and instead re-litigates past claim construction arguments. *See generally* DKT. NO. 413 at 3:2-13. And Epic misrepresents Utherverse Gaming's arguments from claim construction. *See id.* at 3:6-9. At the risk of giving credence to Epic's untimely (and incorrect) argument, Utherverse Gaming squarely addressed the issue during claim construction. *See* DKT. NO. 76 (UTHERVERSE GAMING'S OPENING CLAIM CONSTRUCTION BRIEF) at 19:5-9 (nothing "***requires*** the presence of avatars"; "a scene ***could*** include an avatar" (emphasis in the original)); DKT. NO. 83 (UTHERVERSE GAMING'S RESPONSIVE CLAIM CONSTRUCTION BRIEF) at 9:10-11 ("Epic argues that the initial scene state ***must*** include avatars. While a scene ***could*** include an avatar, it is not required." (emphasis in the original; citations omitted)). The Court's order not only acknowledges Utherverse Gaming's argument but ultimately corresponds to the same. *See* DKT. NO. 133 at 13:11-13 (finding "[a]vatars may simply be included").

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 3
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

Epic's reference to prior argument (incorrectly stated or otherwise) is unavailing because "[a]ttorney argument is not evidence."[1] *Icon Health and Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1043 (Fed. Cir. 2017). Epic's *present* attorney argument concerning *prior* attorney argument cannot rebut the order of record. *See Gemtron Corp. v. Saint-Gobain Corp.,* 572 F.3d 1371, 1380 (Fed. Cir. 2009). Epic's request to exclude the express findings of the Court's claim construction order finds no basis in the law. *See e.g. United States v. First Nat'l Bank of Circle,* 652 F.2d 882, 886 (9th Cir. 1981) (prohibiting a party from "offer[ing] evidence or advanc[ing] theories" at trial not otherwise ordered); *c.f. United States v. Napier,* 463 F.3d 1040, 1042 (9th Cir. 2006) (finding an unambiguous sentencing order to control in the criminal context).

Epic's untimely motion for reconsideration of a 2022 order under the guise of *in limine* practice prejudices Utherverse Gaming. Dr. Craig Rosenberg's expert opinion on behalf of Utherverse Gaming is consistent with that order; he expressly references it in his report. *See* DKT. NO. 414-3 at Appendix B, Page 1. Dr. Rosenberg's deposition testimony also correctly recounts the Court's order: in the "initial scene state [] avatars are optional." DKT. NO. 414-1 at 186:4-9. There is no interpretation by Dr. Rosenberg that mischaracterizes the Court's construction despite Epic's contrary suggestion. *Contra* DKT. NO. 413 at 3:14-21. Because there is no misinterpretation, there is no "substantial risk of jury confusion"—only prejudice to Utherverse Gaming. *Id.* at 3:20-21. .

    **E.**    **Epic's Referenced Authority is Inapposite**

Epic cannot undo the Court's claim construction on the eve of trial. *See Exergen,* 575 F.3d at 1321. Epic's cited caselaw fails to advance this fruitless effort. For example, *Cordis Corp. v. Boston Sci. Corp.* involved the use of the prosecution history of a patent to argue claim construction to the jury. *See* DKT. NO. 413 at 3:22-25 (*citing* 561 F.3d 1319, 1337 (Fed. Cir. 2009)). Prosecution history is a strawman; it should not be argued to the jury nor is it even the substance

---

[1] This is to say nothing of Epic's argument to preclude reference to motion practice by relying upon prior motion practice.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 4
CASE NO. 2:21-CV-00799-RSM



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

of Epic's motion. Only the Court's ordered construction and its express carve-outs concerning the initial scene state and recorded experience file should be presented.

*Vaporstream, Inc. v. Snap Inc.* is equally unavailing. *See* DKT. NO. 413 at 4:2-6 (*citing* 2020 WL 978731, at *10 (C.D. Cal. Feb. 28, 2020)). While the *Vaporstream* Court found that "the parties should be precluded from referencing the Court's prior rulings and orders other than the Court's claim constructions," it is that very claim construction that should be presented to the jury ***in full***. Epic instead proposes an incomplete piecemeal presentation. Epic's reliance on *Vaporstream* misinterprets and misapplies its holding.

Epic's remaining authority precludes reference to prior rulings. In *Conti v. Corp. Servs. Grp., Inc.*, the Court ordered the parties not to refer to prior rulings, findings, or opinions. *See* DKT. NO. 413 at 3:27-4:2 (citing 2013 WL 6095564, at *14). But the lynchpin issue of Epic's motion is not prior rulings, findings, or opinions, but Epic misrepresenting the Court's claim construction to the jury. Presenting an incomplete excerpt of the Court's construction is effectively presenting a ***new*** construction that would confuse the jury and violate Federal Circuit precedent. Epic's motion should be denied.[2]

## II. RESPONSE TO EPIC'S MOTION *IN LIMINE* NO. 2:

### NO UNDISCLOSED EXPERT OPINIONS

**A.     Epic's Motion is Fallacious—the Opinions were Timely Disclosed**

The Court should deny Epic's motion *in limine* 2 for the simple reason that the challenged opinions were timely disclosed. *Contra* DKT. NO. 413 at 5:2-4. Epic seeks to exclude two opinions of Dr. Rosenberg disclosed and addressed in the April 14, 2023 expert report of Michele Riley—

---

[2] Epic also made this argument during summary judgment. *See generally* DKT. NO. 369 (sealed) at 18:8-20:2. The Magistrate recommended denying Epic's motion. *Id.* at 20:3-21:4. The Court adopted that recommendation. DKT. NO. 391 at 1:27-28. The Court should not entertain Epic's motion a third time *in limine*.

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 5
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400

Utherverse Gaming's damages expert.[3] These opinions were timely disclosed. *See* DKT. NO. 413 at 5:4-6 (Epic's implicit acknowledgment the opinions were disclosed because they were unsuccessfully challenged under *Daubert*); *see also* DKT. NO. 131 (SCHEDULING ORDER) (setting April 14, 2023 for expert disclosures and June 9, 2023 for the close of expert discovery). This timely disclosure is also evidenced in Epic's haphazard deposition of Dr. Rosenberg. DKT. NO. 414-1 at 209:11-210:4.

### B.     The Challenged Opinions Were Adequately Disclosed in Writing

Epic seeks to exclude Dr. Rosenberg's opinion about the comparability and relative value of the so-called Ephere License. *See* DKT. NO. 413 at 5:13-14. Ms. Riley disclosed—in her written expert report—a discussion with Dr. Rosenberg concerning that license. EX. A at ¶¶ 291-293, 298, 300 (RILEY REPORT). Ms. Riley stated: "I **understand from Dr. Rosenberg** that the technology licensed as part of this agreement is less valuable than the technology of the Patents-in-Suit would be to Epic at the hypothetical negotiation." (emphasis added). Ms. Riley's understanding of **Dr. Rosenberg's opinion** that the Ephere licensed technology is less valuable than the Utherverse Gaming patented technology is unquestionably disclosed. *See Est. of Hill v. Naphcare, Inc.*, 2022 WL 2654975, *6 (E.D. Wa. July 8, 2022) ("[t]he purpose of these [expert] reports is not to replicate every word that the expert might say on the stand" but to "convey the substance of the expert's opinion . . . so that the opponent will be ready to rebut, to cross-examine, and to offer a competing expert if necessary") (citations omitted).

The requisite substantive disclosure allowing for rebuttal, cross-examination, and competing opinion took place, in writing, no later than April 14, 2023. This disclosure contrasts

---

[3] Epic motion purports to address "three opinions." DKT. NO. 413: at 5:2-4. But Epic does not cite an Utherverse Gaming expert report, only Utherverse Gaming's brief opposing Epic's denied *Daubert* motion. *See* DKT. NO. 413 at 5:12-18 (citations omitted). Epic's motion *in limine* is an attempt to revisit its denied *Daubert* motion. *See* DKT. NO. 309 (Epic's *Daubert* motion). The Court should refuse this improper request for rehearing. *See* DKT. NOS. 370, 385 (magistrate recommended denial of *Daubert* motion and Article III adoption of recommended denial).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 6
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400

with Epic's lynchpin opinion involving first disclosure a month before trial.  *See* DKT. NO. 413 at 7:5-9 (*citing Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001)).  Given the adequate (and timely) disclosure, Dr. Rosenberg should be allowed to proffer that opinion at trial and Ms. Riley to rely upon and testify relative the same.  *See Eagle Harbor Holdings, LLC v. Ford Motor Co.*, 2015 WL 12670404, at *3 (W.D. Wash. Mar. 9, 2015) (finding disclosure of one expert opinion to allow for subsequent reliance by a second expert subject to "the requisite foundational testimony").

### C.    Epic Squandered its Chance to Solicit Deposition Testimony

Epic took the deposition of Dr. Rosenberg on May 30, 2023—more than six weeks after written disclosure of the license comparison.  DKT. NO. 414-1 (ROSENBERG DEPO. TR.) at 1:16.  But Epic squandered that opportunity, making no inquisition until the closing minutes of Dr. Rosenberg's deposition.  *Id.* at 209:11-210:4.  And Epic then only attempted to deceive Dr. Rosenberg into an incorrectly premised soundbite rather than the specifics of his timely disclosed opinion.

Epic superficially asked: "You haven't offered any opinions about US Patent 6,720,692?"  *Id.* at 209:11-19.  Epic provided no context to Dr. Rosenberg about this patent number or that it was the subject of the Ephere License.  Nor did Epic reference the Ephere License or Ms. Riley's statement that she relied on Dr. Rosenberg's opinion that the technology was less valuable than Utherverse Gaming's.  *Id.* at 209:11-210:4 (absent suggestion of the foregoing).

Epic instead asked contextually devoid questions about the **Onatrix product**, which was subject to the Ephere License.  *Id.* at 209:20-210:4.  But Epic again isolated its queries from any meaningful context.  Epic could have confirmed that product as being covered by the license or presented Dr. Rosenberg with the license, the patent subject to that license, or Ms. Riley's report.  But Epic did not, choosing instead to make confusing inquiries that painfully avoided taking on Dr. Rosenberg's opinion or his discussion with Ms. Riley.  Epic should not be rewarded for its

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 7
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104  •  Tel: 206-393-5400

subterfuge.  *C.f. PlayUp, Inc. v. Mintas*, 344 F.R.D. 429, 435 (D. Nev. 2023) (holding that a strategic choice not to solicit information during deposition precludes a subsequent opportunity to do so).

Epic also seeks to exclude Dr. Rosenberg's opinion that Epic could not host the Accused Events without infringing Utherverse Gaming's patents. *See* DKT. NO. 413 at 5:16-17.  Ms. Riley's report again disclosed a foundational discussion with Dr. Rosenberg.  Ex. A at ¶¶ 107, 298, 300, 332-333, 346.  Ms. Riley stated that from ***that discussion*** she understood "these [proposed] alternatives would either still infringe the Patents-in-Suit or would not be commercially acceptable to Fortnite users." Ex. A at ¶¶ 300, 333.  She continued: "I understand ***from Dr. Rosenberg*** that these alternatives would present the Fortnite user with a degraded user experience and so would not be commercially viable for Epic to implement." Ex. A at ¶ 300 (emphasis added).  This opinion and discussion—like the Ephere License opinion and conversation—was clearly, timely, and unambiguously disclosed.

Epic was (again) aware of the substance of Dr. Rosenberg's opinions, in writing, weeks before the depositions of both Dr. Rosenberg and Ms. Riley.  And Epic has no basis to complain as to this opinion.  Epic made no attempt to ask Dr. Rosenberg any questions on the subject during his deposition.  Dr. Rosenberg and Ms. Riley should again be allowed to share and rely upon those opinions at trial, respectively.  *See PlayUp,* 344 F.R.D. at 435 and *Eagle Harbor*, 2015 WL 12670404, at *3.

The full context of these two complained of instances reveals the true purpose of Epic's motion: exclusion of evidence it failed to properly examine during deposition.  *See Alpek Polyester, S.A. De C.V. v. Polymetri AG,* 2021 WL 5974163, at * 7 (Fed. Cir. Dec. 16, 2021) (*citing Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (finding a failure to inquire during deposition that later results in surprise is self-inflicted)).  A motion *in limine* "is a procedural mechanism to limit in advance testimony or evidence in a particular area." *Heller,* 551 F.3d at

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 8
CASE NO. 2:21-CV-00799-RSM

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1111. Such motions are not a tool for obviating a failure to thoroughly explore issues in expert discovery.

### D. Epic's Requested Relief is Excessive and Unwarranted

Even when a disclosure could be more fulsome, 20/20 hindsight alone does not warrant exclusion. Exclusion requires consideration of whether an alleged violation is substantially justified or harmless. *See Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012). Courts of the Ninth Circuit consider at least the following factors: (1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption at trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *See Lanard Toys Ltd. v. Novelty, Inc.*, 375 Fed. App'x 705, 713 (9th Cir. 2010). Epic fails to satisfy any of these factors.

Epic knew of these opinions since April 14, 2023; they were disclosed in writing. Epic had a fair opportunity to explore these opinions in Dr. Rosenberg's May 30, 2023 deposition and Ms. Riley's June 2, 2023 deposition. Epic cannot exclude—on the eve of trial—opinions it failed or declined to investigate. *See id.* ("Not only was [the expert]'s anticipated testimony not a 'surprise' . . . they were obviously able to take steps they thought necessary to contend with his testimony at trial."); *see also Amos v. Makita U.S.A., Inc.*, 2011 WL 43092, at *4 (D. Nev. Jan. 6, 2011) ("A party is not harmed where, even though an expert disclosure fails to satisfy [Rule] 26, the party knew about the expert, knew about the content of the expert's testimony, and had an opportunity to depose the expert"). And because Epic knew of these disclosed opinions, there can be no disruption at trial. *C.f. Illinois v. Allen*, 397 U.S. 337, 345 (1970) (a party cannot benefit from disruptions of its own making). Nor is there bad faith or willfulness—the opinions were expressly identified in Ms. Riley's report.

Epic did not seek the discovery it now attempts to exclude. Epic was aware of these opinions. Epic took no reasonable action to seek deposition on these opinions. Nor has Epic taken

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 9
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

any action in the nearly year and half since their disclosure. Motions *in limine* are not a substitute for buyer's remorse.

### E. Ms. Riley Appropriately Relies Upon the Testimony of Dr. Rosenberg in Proffering Her Own Opinion

Epic alternatively argues that Ms. Riley should not be permitted to testify to Dr. Rosenberg's opinions in her own capacity. *See* DKT. NO. 413 at 7:22-23. But Ms. Riley is not offering Dr. Rosenberg's opinions as her own. Ms. Riley is offering her own independent opinions about damages—a portion of which is **informed by** Dr. Rosenberg's opinions. *See* DKT. NO. 370 at 9:1-3; *see also Townsend v. Monster Beverage Corp.*, 303 F. Supp. 3d 1010, 1035 (C.D. Cal. 2018) ("an expert may validly use another expert's report as a reference point for [their] own assessments") (*citing Cholakyan v. Mercedes-Benz USA, LLC,* 281 F.R.D. 534, 546 (C.D. Cal. 2012)). Epic's cited cases are therefore inapposite.[4] Ms. Riley will not be parroting the out-of-court opinion of another. *Contra* DKT. NO. 413 at 8:19-9:1 (citing *Factory Mutual Insurance Co. v. Alon USA L.P.*, 705 F.3d 518, 523-24 (5th Cir. 2013). Ms. Riley's proffer of testimony is appropriate as both a matter of law and as previously recognized by this Court. *See* DKT. NO. 385 (ORDER). Epic fails to show why such precedent or the Court's prior order should not apply.

To that end, if the Court were to incorrectly exclude Dr. Rosenberg's opinions, Ms. Riley's disclosures concerning the Ephere License were nevertheless and already deemed adequate. *See* EX. A at ¶¶ 107, 291-293, 298, 300, 332-333, 346; *see also* DKT. NO. 385 (ORDER). As previously noted, Epic sought to exclude Ms. Riley's analysis of the Ephere License under *Daubert* as based solely on Dr. Rosenberg's opinion. *See* DKT. NO. 309 (EPIC'S *DAUBERT* MOTION) at 9:8-11:11.

---

[4] *See Cholakyan,* 281 F.R.D. at 544 (expert improperly sought "to serve as a mouthpiece for others"); *State Farm Fire & Cas. Co. v. Electrolux N. Am.*, 2012 WL 161821, at *4 (W.D. Wash. Jan. 4, 2012) (precluding **testifying** experts from offering opinions of **non-testifying** experts); *Dura Auto. Sys. of Indiana, Inc. v. CTS Corp.*, 285 F.3d 609, 612-14 (7th Cir. 2002) (affirming exclusion of non-expert witness relying on the opinions of **non-testifying consultants**); *Leese v. Lockheed Martin Corp.*, 6 F. Supp. 3d 546, 553 (D.N.J. 2014) (excluding opinion based on the analysis of a non-qualified expert).

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 10
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel: 206-393-5400

Magistrate Fricke recommended denying that motion finding Ms. Riley had "show[n] *baseline* comparability between the technology related to the Ephere License and the Asserted Patents." *See* DKT. NO. 370 at 8:10-12.  The recommendation found her comparison based on providing a summary of the patent subject to the Ephere License, the background of the invention for that patent, observing that Ephere and Epic are both in the field of computer graphics and software development, and that Epic had incorporated the subject patent into Unreal Engine, which powers the *Fortnite* game environment where the accused events took place.  *See* DKT. NO. 370 (REPORT AND RECOMMENDATION) at 8:13-9:5. The Court adopted the report and recommendation without exception.  DKT. NO. 385 (ORDER).  A motion *in limine* cannot cure a failed *Daubert*.  Utherverse Gaming again requests that the Court deny Epic's motion



|   |   |   |
|---|---|---|
| 1 | DATED: September 9, 2024. | Respectfully submitted, |

/s/ Emily C. McNally
Emily C. McNally (WSBA No. 60710)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel: 206-393-5400
Fax: 206-393-5401
Email: emcnally@polsinelli.com

Mark T. Deming (admitted pro hac vice)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL 60606
Tel: 312-819-1900
Fax: 312-819-1901
Email: mdeming@polsinelli.com

Jonathan Spivey (admitted pro hac vice)
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Tel.: (713) 374-1600
Fax: (713) 374-1601
Email: jspivey@polsinelli.com

Colby B. Springer (admitted pro hac vice)
Miya Yusa (admitted pro hac vice)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel: 415-248-2100
Fax: 415-248-2101
Email: cspringer@polsinelli.com
Email: myusa@polsinelli.com

Melenie Van (admitted pro hac vice)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel: (310) 229-1355
Fax: (415) 276-8959
Email: mvan@polsinelli.com

Kate Cole (admitted pro hac vice)
Mark Wilson (admitted pro hac vice)
**Moore & Van Allen Law**

PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTIONS IN LIMINE - 12
CASE NO. 2:21-CV-00799-RSM



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

100 North Tryon Street, Ste 4700
Charlotte, NC 28202
Tel: (704) 331-1045
Fax: (704) 409-5659
Email: katecole@mvalaw.com
Email: markwilson.com

The above signatory certifies that this memorandum contains 3635 words, in compliance with the Local Civil Rules.

