UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UTHERVERSE GAMING LLC,

          Plaintiff,

          v.

EPIC GAMES INC.,

          Defendant.

Case No. C21-799-RSM

ORDER RE: MOTIONS IN LIMINE

## I.      INTRODUCTION

This matter comes before the Court on Plaintiff Utherverse Gaming LLC ("Utherverse")'s Motions in Limine, Dkt. #407, and Defendant Epic Games, Inc. ("Epic")'s Motions in Limine, Dkt. #413.  The Court has determined it can rule on these Motions without oral argument.  For the reasons below, these Motions are DENIED and DEFERRED as stated below.

## II.      AGREED MOTIONS IN LIMINE

After filing the above Motions, the parties resolved certain issues as follows:

1. Epic hereby withdraws its MIL No. 3, Dkt. 414 at 9-11, and Utherverse Gaming agrees not to introduce aggregated monthly, quarterly, or yearly Fortnite revenue, or top-line Epic revenue, or monetary figures ascribing a value to Epic as a whole.  This

ORDER RE: MOTIONS IN LIMINE - 1

agreement does not preclude Utherverse Gaming from introducing evidence of revenue and profits associated with Fortnite transactions surrounding the Accused Events, Epic's internal aggregations, calculations, or estimations of revenue, profit, or other metrics attributable to the Accused Events, or valuation documents discussing the Accused Events, provided any top-line revenues or whole-company valuations are redacted or not included in excerpts.

2. Epic hereby withdraws its MIL No. 4, Dkt. 414 at 12-13, and Utherverse Gaming agrees not to make any argument or otherwise suggest that any Fortnite event other than the Travis Scott or Ariana Grande concerts infringe the '605 patent.

3. Utherverse Gaming hereby withdraws its MIL No. 1, Dkt. 408 at 1-2, and Epic agrees not to make any reference to the industry or industries of the inventors' pre-UDI / pre-Ideaflood ventures to the extent those industries are related to the adult industry or otherwise prejudicial or inflammatory (this includes referring to company names, like Xpics, connecting them to the adult entertainment industry).

4. Utherverse Gaming hereby withdraws its MIL No. 2, Dkt. 408 at 2-3, and Epic agrees not to refer to Utherverse's platform, or the Red Light Center, as pornography, or to improperly focus on the adult nature of the Red Light Center. Epic will be otherwise permitted to offer evidence concerning the Red Light Center.

5. Utherverse Gaming hereby withdraws its MIL No. 3, Dkt. 408 at 4, and Epic agrees not to refer to Utherverse Gaming, UDI, or the inventors using pejorative or derogatory terms for non-practicing entities such as "patent troll" or "patent pirate."

6. Utherverse Gaming hereby withdraws its MIL No. 4, Dkt. 408 at 5-6, and Epic agrees not to introduce evidence concerning Fortress, investment funds managed by Fortress, or how Utherverse's counsel is being compensated, except that Epic will be permitted to introduce evidence regarding the December 2020 PPLA, evidence about Utherverse Gaming's business model and licensing history, and evidence regarding how the proceeds from any monetization event (including a judgement from this trial) would be distributed, if at all, to Utherverse Digital, Brian Shuster, or David Cohen. For the avoidance of doubt, the agreement to exclude evidence regarding Fortress and investment funds managed by Fortress means that Epic will not introduce evidence regarding any distribution of proceeds to investors in Utherverse Gaming's parent

ORDER RE: MOTIONS IN LIMINE - 2

company. Additionally, Epic reserves the right to introduce evidence concerning Fortress in the event Utherverse makes arguments about the relative sizes of Epic and Utherverse Gaming, or otherwise suggests a "David v. Goliath" dynamic during trial.

7. Utherverse Gaming hereby withdraws its MIL No. 9, Dkt. 408 at 12, and the parties both agree not to reference the stipulated judgment of non-infringement of the '954 and '157 patents.

8. Utherverse Gaming hereby withdraws its MIL No. 10, Dkt. 408 at 12-13, and the parties both agree not to reference the Court's summary judgment rulings.

9. Both parties agree that neither party will seek to introduce evidence of, or elicit testimony regarding, any U.S. or foreign governmental or regulatory complaint or investigation or the resolution of any such complaint or investigation (including, without limitation, those involving the Federal Trade Commission).'

Dkt. #425. The Court accepts these agreements and will enforce them at trial.

## III.   PLAINTIFF'S MOTIONS IN LIMINE

1. Utherverse has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

2. Utherverse has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

3. Utherverse has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

4. Utherverse has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

5. This Motion seeks to preclude inventor testimony regarding legal issues, claim scope, and prior art. The inventors of the patent, Brian Shuster and Aaron Burch, were asked during deposition to explain which elements of the asserted claims were known in the prior art and which were representative of their inventions. Utherverse argues that, objections notwithstanding, the inventors provided non-expert testimony "in an otherwise unfair and contextually devoid vacuum." Utherverse maintains that this testimony is irrelevant, citing *Solomon v. Kimberly-Clark Corp.*, 216 F.3d 1372, 1380

(Fed. Cir. 2000) for the proposition that "inventor testimony, obtained in the context of litigation, should not be used to invalidate issued claims."   Utherverse also cites a case where inventor testimony was properly excluded, *Cordis Corp. v. Boston Sci. Corp.*, 561 F.3d 1319, 1338 (Fed. Cir. 2009).  In response, Epic suggests that Utherverse object to any questions at trial that call for legal or opinion testimony, and that the Court should otherwise deny this Motion as too broad.  The Court agrees.  Testimony from the inventors as to the prior art and claimed inventions can be relevant and permissible under certain circumstances.  *See In re Copaxone Consol. Cases,* 906 F.3d 1013, 1030 (Fed. Cir. 2018); *Voice Techs. Grp., Inc. v. VMC Sys., Inc.*, 164 F.3d 605, 615-16 (Fed. Cir. 1999) ("An inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims.").  *Solomon, supra*, is not on point as that case involved the Court's determination of indefiniteness.  *Cordis*, *supra,* is not on point because that court excluded testimony from an inventor about an allegedly infringing product, whereas here the testimony in question is about prior art and the scope of the inventors' own asserted claims.  The Court further finds that this testimony is not more prejudicial than probative under FRE 403.  The Court agrees that testimony or argument based on a construction other than the Court's would be inadmissible and expects the parties to steer clear of such on direct and cross examination.  This Motion is DENIED.

6. Utherverse moves "to preclude either party from introducing evidence or argument suggesting an interpretation of the claims that differs from that of the Court's Claim Construction Order, inclusive of its adopted constructions and reasoning."  The Court will provide the jury with its constructions as stated in its Order (the Court adopted

Epic's constructions twice and went with Utherverse's plain and ordinary meaning for a third), but will not provide a copy of its Order or permit witnesses to discuss the reasoning of the Order unless a party can persuade the Court that such is necessary to rebut expert testimony.   Accordingly, this Motion is DENIED IN PART AND DEFERRED IN PART.

7.  Utherverse "requests the Court preclude Epic Games from introducing evidence or argument regarding prior art not disclosed in a specific combination set forth in its expert report or from a qualified fact witness."   Utherverse focuses on "untimely comparisons" by Epic's expert "of otherwise objectionable hearsay literature (i.e., the 'Greenhalgh-1' and 'Greenhalgh-2' references)."   Epic has indicated an intent to allege that Greenhalgh-1 and Greenhalgh-2 articles are invalidating prior art without previously disclosed opinions or testimony from its expert.   Utherverse admits that the existence of these references were disclosed, but argues that admissible evidentiary testimony correlating to that disclosure was not. Epic's expert Benjamin Ellinger indicated awareness of these references but he did not analyze or apply the same to the claims.   Epic took the deposition of Mr. Greenhalgh and plans to use designations from that deposition at trial because this witness resides in the United Kingdom.   Epic responds that Ellinger's report confirms that he considered the Greenhalgh references. The Court sees no reason to exclude this evidence given the above.  DENIED.

8.  Utherverse moves the Court to "preclude Epic Games from alleging invalidity of claims 2, 5, and 8 based on indefiniteness and lack of enablement as well as any theory against unasserted claim 1." Epic did not raise indefiniteness or lack of enablement of the asserted claims during claim construction, nor did it apparently disclose any expert

opinions on these issues during expert discovery.  While indefiniteness is a question of law typically addressed prior to trial, Epic argues that it can still seek a ruling on indefiniteness from the Court.  Epic argues that it can elicit lay testimony about enablement, and that Utherverse has not moved for summary judgment on this issue. The Court is not convinced that Utherverse was in the dark as to these issues, which were clearly referenced in the Amended Answer.  *See* Dkt. #287 at 34 ("The claims of the '605 patent are invalid for failing to satisfy one or more of the conditions of patentability of Title 35 of the United States Code, including…. 35 U.S.C. § 112, as the claims are indefinite, lack written description, and/or are not enabled.").  Epic is free to discuss theories asserted about Claim 1 as it is incorporated into claims 2, 5, and 8. Accordingly, this Motion is DENIED.

9.  Utherverse has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

10. Utherverse has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

## IV.    DEFENDANT'S MOTIONS IN LIMINE

1.  Epic first moves to exclude references to Motions or Orders of the Court except ultimate claim constructions.  The Court has already stated that it intends to present to the jury only the constructions adopted by the Court and will not provide a copy of its Orders or permit witnesses to discuss the reasoning of Orders unless a party can persuade the Court that such is necessary to rebut expert testimony.  In Response to this Motion, Utherverse argues that "Epic's requested relief would allow ***the jury*** to interpret the claims contrary to the Court's order." Dkt. #422 at 3 (emphasis in original).  The Court does not see it that way; the Court's Order construed the claims a certain way and offered legal analysis as to why it adopted those constructions.  The jury does not need

that legal analysis to be read into the record by an expert with the imprimatur of the Court.  The Court will deal with specific issues that arise during testimony at trial. Accordingly, this Motion is DEFERRED.

2. Epic next seeks an order precluding experts from providing undisclosed expert opinions. Federal Rule of Civil Procedure 26 requires that an expert report "contain a complete statement of all opinions to be expressed and the basis and the reasons therefor." Fed. R. Civ. P. 26(a)(2)(B)(i). Opinions and theories are not admissible unless disclosed in a report. *See* Fed. R. Civ. P. 37(c)(1); *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Epic focuses on three undisclosed opinions from Utherverse's infringement expert Dr. Rosenberg.  Utherverse contends that these opinions were timely disclosed in the report of a different expert, Ms. Riley, and unsuccessfully challenged in an earlier *Daubert* motion.  The Court finds that these opinions were timely disclosed in writing and any arguments as to the merits of the opinion go to the weight of the testimony and can be addressed via cross-examination. Epic is free to object to the testimony of Ms. Riley if insufficient foundation is provided for relying on the opinions of Dr. Rosenberg.  DENIED.

3. Epic has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

4. Epic has agreed to withdraw this Motion as stated above. DENIED AS MOOT.

## V.      CONCLUSION

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Utherverse's Motions in Limine, Dkt. #407, and Epic's Motions in Limine, Dkt. #413, are DENIED AND DEFERRED as stated above.   The Court further

ORDERS that the parties' related Motions to Seal, Dkts. #406 and #409, are GRANTED for good cause.

DATED this 20th day of September, 2024.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER RE: MOTIONS IN LIMINE - 8