THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC, | Case No. 2:21-cv-00799-RSM |
| Plaintiff, | **JOINT PRELIMINARY JURY** |
| v. | **INSTRUCTIONS** |
| EPIC GAMES, INC., | |
| Defendant. | |

JOINT PRELIMINARY JURY INSTRUCTIONS
NO. 2:21-CV-00799-RSM

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

<u>**TABLE OF CONTENTS**</u>

**Preliminary Jury Instructions** ..........................................................................**1**

Preliminary Instruction No. 1 - Duty of Jury Duty of Jury (9th Cir. 1.3) (Joint) ...............1

Preliminary Instruction No. 2 – What is a Patent and How is it Obtained (N.D. Cal. A.1) (Joint) ..................................................................................................................................2

Preliminary Instruction No. 3 – Patent at Issue (N.D. Cal. A. 2) (Joint) ............................4

DISPUTED Preliminary Instruction No. 4 – Summary of Contentions  (***See* Joint Statement of Disputed Instructions, filed separately**) ....................................................5

DISPUTED Preliminary Instruction No. 5 – Overview of Applicable Law (***See* Joint Statement of Disputed Instructions, filed separately**) ....................................................6

Preliminary Instruction No. 6 – Burden of Proof – Preponderance of the Evidence (9th Cir. 1.6) (Joint)......................................................................................................................7

Preliminary Instruction No. 7 - Burden of Proof – Clear and Convincing Evidence (9th Cir. 1.7) (Joint)......................................................................................................................8

Preliminary Instruction No. 8 - What Is Evidence (9th Cir. 1.9) (Joint) ..............................9

Preliminary Instruction No. 9 - What Is Not Evidence (9th Cir. 1.10, mod.) (Joint) ........10

Preliminary Instruction No. 10 - Evidence for Limited Purpose (9th Cir. 1.11) (Joint)....11

Preliminary Instruction No. 11 - Direct and Circumstantial Evidence (9th Cir. 1.12 & comment) (Joint)..................................................................................................................12

Preliminary Instruction No. 12 - Ruling on Objections (9th Cir. 1.13) (Joint)...............133

Preliminary Instruction No. 13 – Credibility of Witnesses (9th Cir. 1.14) (Joint) ............14

Preliminary Instruction No. 14 – Expert Testimony (9th Cir. 2.13, mod.; Jury Instruction 9 *Ironburg Ironburg Inventions LTD v. Valve Corp*., No. C17-1182 TSZ (W.D. Wash. Jan. 9, 2021)) (Joint) ..........................................................................................................16

Preliminary Instruction No. 15 - Deposition in Lieu of Live Testimony (9th Cir. 2.4, mod.) (Joint)..........................................................................................................................17

Preliminary Instruction No. 16 - Testimony from Corporate Witnesses (9th Cir. 4.2, mod.) (Joint).....................................................................................................18

Preliminary Instruction No. 17 - Demonstratives, Charts, and Summaries Not Received in Evidence (9th Cir. 2.14, mod.) (Joint) ...........................................................19

Preliminary Instruction No. 18 - Demonstratives, Charts, and Summaries Received in Evidence (9th Cir. 2.15, mod.) (Joint) ...........................................................20

Preliminary Instruction No. 19 – Stipulations of Fact (9th Cir. 2.2, mod.) (Joint)............21

Preliminary Instruction No. 20 - No Transcript Available to Jury (9th Cir. 1.17) (Joint).22

Preliminary Instruction No. 21 - Note Taking by Jurors (9th Cir. 1.18, mod.) (Joint)......23

Preliminary Instruction No. 22 – Conduct of the Jury (9th Cir. 1.15) (Joint) ..................24

Preliminary Instruction No. 23 – Publicity During Trial (9th Cir. 1.16) (Joint)...............26

Preliminary Instruction No. 24 – Bench Conferences and Recesses (9th Cir. 1.20) (Joint) .................................................................................................................27

Preliminary Instruction No. 25 – Outline of Trial (N.D. Cal. A. 5, mod.) (Joint)............28

## PRELIMINARY JURY INSTRUCTIONS

### Preliminary Instruction No. 1 - Duty of Jury

Members of the jury:  You are now the jury in this case.  It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case.  To those facts, you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

At the end of the trial, I will give you final instructions.  It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.3.

**Preliminary Instruction No. 2 – What is a Patent and How is it Obtained**

This case involves a dispute relating to a United States patent. Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called the "Patent Office or "PTO"). A valid United States patent gives the patent holder the right to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, during the term of the patent without the patent holder's permission. A violation of the patent holder's rights is called infringement. The patent holder may try to enforce a patent against persons believed to be infringers by means of a lawsuit filed in federal court.

To obtain a patent one must file an application with the PTO. The process of obtaining a patent is called patent prosecution. The PTO is an agency of the federal government and employs trained patent examiners who review applications for patents. The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it. The specification concludes with one or more numbered sentences. These are the patent "claims." When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, a PTO patent examiner reviews the patent application to determine whether the claims are patentable and whether the specification adequately describes the invention claimed. In examining a patent application, the patent examiner reviews information about the state of the technology at the time the application was filed. As part of that effort, the patent examiner searches for and reviews information that is publicly available, submitted by the applicant, or both. That information is called "prior art." Prior art is defined by law, and I will give you at a later time specific instructions as to what constitutes prior art. A patent lists the prior art that the examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the patent examiner then informs the applicant in writing what the examiner has found and whether any claim is patentable, and thus will be "allowed." This writing from the patent examiner is called an "office action." If the examiner rejects the claims, the applicant has an opportunity to respond and sometimes changes the claims or submits new claims. This process, which takes place only between the examiner and the patent applicant, may go back and forth for some time until the examiner is satisfied that the application and claims meet the requirements for a patent. Sometimes, patents are issued after appeals with the PTO or to a court. The papers generated during this time of communicating back and forth between the patent examiner and the applicant make up what is called the "prosecution history." All of this material becomes available to the public no later than the date when the patent issues.

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all the information that will be presented to you. A person accused of infringement has the right to argue here in federal court that a claimed invention in the patent is invalid because it does not meet the requirements for a patent.

Source: N.D. Cal. Model Patent Jury Instructions A.1

**Preliminary Instruction No. 3 – Patent at Issue**

      This case involves United States Patent Number 9,724,605. The patent is titled "Method System and Apparatus of Recording and Playing Back an Experience in a Virtual Worlds System" For convenience, the parties and I will often refer to this patent by the last three numbers of its patent number: the '605 Patent.

      The claims at issue in this case are claims 2, 5 and 8 of the '605 Patent (also known as the "asserted claims").


Source: Adopted from N.D. Cal. Model Patent Jury Instructions, Instruction A.2.

1    **<u>DISPUTED Preliminary Instruction No. 4 – Summary of Contentions</u>**

2

3    *See* JOINT STATEMENT OF DISPUTED PRELIMINARY JURY INSTRUCTIONS

1    **DISPUTED Preliminary Instruction No. 5 – Overview of Applicable Law**

2

3    *See* JOINT STATEMENT OF DISPUTED PRELIMINARY JURY INSTRUCTIONS

1

**Preliminary Instruction No. 6 – Burden of Proof – Preponderance of the Evidence**

2        When a party has the burden of proving any claim by a preponderance of the evidence, it

3   means you must be persuaded by the evidence that the claim is more probably true than not true.

4        You should base your decision on all of the evidence, regardless of which party presented

5   it.

6

7   Source: Ninth Circuit Model Instruction 1.6

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26



1    **<u>Preliminary Instruction No. 7 - Burden of Proof – Clear and Convincing Evidence</u>**

2            When a party has the burden of proving any claim or defense by clear and convincing

3    evidence, it means that the party must present evidence that leaves you with a firm belief or

4    conviction that it is highly probable that the factual contentions of the claim or defense are true.

5    This is a higher standard of proof than proof by a preponderance of the evidence, but it does not

6    require proof beyond a reasonable doubt.

7

8    Source:  Ninth Circuit Model Civil Jury Instruction No. 1.7.

1    **<u>Preliminary Instruction No. 8 - What Is Evidence</u>**

2         The evidence you are to consider in deciding what the facts are consists of:

3              (1) the sworn testimony of any witness;

4              (2) the exhibits that are admitted into evidence;

5              (3) any facts to which the lawyers have agreed; and

6              (4) any facts that I may instruct you to accept as proved.

7

8    Source:  Ninth Circuit Model Civil Jury Instruction No. 1.9.

**Preliminary Instruction No. 9 - What Is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are.  I will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they may say in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered.  In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

(4)     Some exhibits have been presented to you as illustrations.  Those illustrations are called demonstrative exhibits and can be used to describe something involved in this trial.  Although demonstrative exhibits are referred to as exhibits, they are not themselves evidence.

(5)     Anything you may see or hear when the court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.10 (modified).

**<u>Preliminary Instruction No. 10 - Evidence for Limited Purpose</u>**

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.11.

**<u>Preliminary Instruction No. 11 - Direct and Circumstantial Evidence</u>**

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned-on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.12 & comment.

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

**Preliminary Instruction No. 12 - Ruling on Objections**

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered, or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence.  That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.13.

**Preliminary Instruction No. 13 – Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case, if any;

(5)     the witness's bias or prejudice, if any;

(6)     whether other evidence contradicted the witness's testimony;

(7)     the reasonableness of the witness's testimony in light of all the evidence; and

(8)     any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

1   Source:  Ninth Circuit Model Civil Jury Instruction No. 1.14.



1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

**<u>Preliminary Instruction No. 14 – Expert Testimony</u>**

You will hear testimony from persons who, because of their specialized knowledge, skill, experience, training, or education, are permitted to state opinions and the reasons for those opinions.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

Source:  Ninth Circuit Model Civil Jury Instruction No. 2.13 (modified); Jury Instructions at Instruction No. 9, *Ironburg Inventions LTD v. Valve Corp.*, No. C17-1182 TSZ (W.D. Wash. Jan. 9, 2021).

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

**<u>Preliminary Instruction No. 15 - Deposition in Lieu of Live Testimony</u>**

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The depositions of various witnesses were taken prior to trial.  Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

You may hear deposition testimony from certain corporate witnesses referred to as "Rule 30(b)(6)" witnesses for the parties.  A Rule 30(b)(6) corporate witness is a person that a corporation has chosen to designate to speak on behalf of the corporation on a specific topic.

Source:  Ninth Circuit Model Civil Jury Instruction No. 2.4 (modified).

**<u>Preliminary Instruction No. 16 - Testimony from Corporate Witnesses</u>**

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Source:  Ninth Circuit Model Civil Jury Instruction No. 4.2 (modified).

1
2

**Preliminary Instruction No. 17 - Demonstratives, Charts, and Summaries Not Received in**
**Evidence**

3
4
5
6
7

   Certain charts and summaries not admitted into evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case.  These are sometimes called "demonstrative exhibits."  Demonstratives, charts, and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

8
9

Source:  Ninth Circuit Model Civil Jury Instruction No. 2.14 (modified).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1   **Preliminary Instruction No. 18 - Demonstratives, Charts, and Summaries Received in**
2   **Evidence**

3        Certain demonstratives, charts, and summaries may be admitted into evidence to illustrate
4   information brought out in the trial.  Demonstratives, charts, and summaries are only as good as
5   the testimony or other admitted evidence that supports them.  You should, therefore, give them
6   only such weight as you think the underlying evidence deserves.

7

8   Source:  Ninth Circuit Model Civil Jury Instruction No. 2.15 (modified).

1

**Preliminary Instruction No. 19 – Stipulations of Fact**

2

       The parties have agreed to certain facts to be placed into evidence as Exhibit \_\_\_ and

3

read to you throughout the course of this trial.  You must therefore treat these facts as having

4

been proved.

5

6

Source:  Ninth Circuit Model Civil Jury Instruction No. 2.2 (modified).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1   **<u>Preliminary Instruction No. 20 - No Transcript Available to Jury</u>**

2         I urge you to pay close attention to the trial testimony as it is given.  During deliberations

3   you will not have a transcript of the trial testimony.

4

5   Source:  Ninth Circuit Model Civil Jury Instruction No. 1.17.

1

**<u>Preliminary Instruction No. 21 - Note Taking by Jurors</u>**

2

You have been given materials that consist of the following:

3

- A copy of the asserted patent

4

- A listing of the Court's claim constructions

5

You have also been given a notepad and a pen.  If you wish, you may take notes to help

6

you remember the evidence.  If you do take notes, please keep them to yourself until you go to

7

the jury room to decide the case.  Do not let notetaking distract you.  When you leave, your notes

8

should be left in the [courtroom] [jury room] [envelope in the jury room].  No one will read your

9

notes.

10

Whether or not you take notes, you should rely on your own memory of the evidence.

11

Notes are only to assist your memory.  You should not be overly influenced by your notes or

12

those of other jurors.

13

14

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.18 (modified).

**Preliminary Instruction No. 22 – Conduct of the Jury**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

- Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

- Because you will receive all the evidence and legal instruction you properly may consider to return a verdict:  do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

learn about the case on your own.  Do not visit or view any place discussed in this case, and do not use the Internet or any other resource to search for or view any place discussed during the trial.  Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers—until you have been excused as jurors. If you happen to read or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on evidence that has been presented here in court. Witnesses here in court take an oath to tell the truth, and the accuracy of their testimony is tested through the trial process. If you do any research or investigation outside the courtroom, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process. Each of the parties is entitled to a fair trial by an impartial jury, and if you decide the case based on information not presented in court, you will have denied the parties a fair trial. Remember, you have taken an oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.15

**<u>Preliminary Instruction No. 23 – Publicity During Trial</u>**

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch or listen to any news media account or commentary about the case or anything to do with it.  The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.16.

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

**Preliminary Instruction No. 24 – Bench Conferences and Recesses**

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Please understand that while you are waiting, we are working.  The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Source:  Ninth Circuit Model Civil Jury Instruction No. 1.20.

**Preliminary Instruction No. 25 – Outline of Trial**

The trial will proceed in the following way.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin.  Witnesses will take the witness stand and the documents will be offered and admitted into evidence.  There are two standards of proof that you will apply to the evidence, depending on the issue you are deciding.  On some issues, you must decide whether something is proven by a preponderance of the evidence, meaning that it more likely true than not.  On other issues you must use a higher standard of clear and convincing evidence and decide whether it is highly probable that something is true.

Utherverse Gaming will present its evidence on its contention that one or more of the asserted claims of the '605 Patent have been infringed by Epic Games and evidence regarding damages.  These witnesses will be questioned by Utherverse Gaming's counsel in what is called direct examination.  After the direct examination of a witness is completed, Epic Games' counsel has an opportunity to cross-examine the witness.  Finally, Utherverse Gaming's counsel has the opportunity to question the witness one more time in what is called redirect examination.  To prove infringement of any claim, Utherverse Gaming must persuade you that it is more likely than not that Epic Games has infringed that claim.

Utherverse Gaming may present testimony from Epic-affiliated witnesses, or adverse witnesses, during its case-in-chief, and is permitted to question those witnesses in the form of cross-examination.  So that these witnesses do not have to take the stand twice, at the conclusion of Utherverse Gaming's questions, Epic Games may conduct a direct examination of the Epic-affiliated witnesses.

After Utherverse Gaming has presented its witnesses, Epic Games will call its witnesses who did not testify during Utherverse Gaming's case-in-chief, who will also be examined and subject to cross-examination and redirect.  Epic Games will present its evidence that the claims of the '605 Patent are invalid.  To prove invalidity of any claim, Epic Games must persuade you

that it is highly probable that the claim is invalid.  In addition to presenting its evidence of invalidity, Epic Games will put on evidence responding to Utherverse Gaming's infringement contentions.

Utherverse Gaming will then return and will put on evidence responding to Epic Games' contention that the claims of the '605 Patent are invalid.  Utherverse Gaming will also have the option to put on what is referred to as "rebuttal" evidence to any evidence offered by Epic Games of non-infringement.

Finally, Epic Games will have the option to put on "rebuttal" evidence to any evidence offered by Utherverse Gaming on the validity of the asserted claims of the '605 Patent.

Because the evidence is introduced piecemeal, you need to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions.  In other words, you should keep an open mind throughout the entire trial.

The parties may present the testimony of a witness by reading from his or her deposition transcript or playing a videotape of the witness's deposition testimony.  A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

After the evidence has been presented, the attorneys will make closing arguments and I will give you final instructions on the law that applies to the case.  Closing arguments are not evidence.  After the closing arguments and instructions, you will then decide the case.

Source:  N.D. Cal. Model Patent Jury Instruction No. A.5 (modified).

1  Filed October 22, 2024

By:  /s/ *Emily C. McNally*
2                          Emily McNally (WSBA No. 60710)
                           Jessica M. Andrade (WSBA No. 39297)
3                          **POLSINELLI PC**
                           1000 Second Avenue, Suite 3500
4                          Seattle, WA 98104
                           Tel:    206-393-5400
5                          Email:  emcnally@polsinelli.com
                           Email: jessica.andrade@polsinelli.com
6
                           Mark T. Deming (admitted *pro hac vice*)
7                          **POLSINELLI PC**
                           150 N. Riverside Place, Suite 3000
8                          Chicago, IL 60606
                           Tel:    312-819-1900
9                          Email: mdeming@polsinelli.com
10
                           Jonathan Spivey (admitted *pro hac vice*)
11                         **POLSINELLI PC**
                           1000 Louisiana Street, Suite 6400
12                         Houston, TX 77002
                           Tel:    713-374-1600
13                         Email: jspivey@polsinelli.com
14
                           Colby B. Springer (admitted *pro hac vice*)
15                         Miya Yusa (admitted *pro hac vice*)
                           Iqra Iqbal (admitted *pro hac vice*)
16                         **POLSINELLI LLP**
17                         Three Embarcadero Center, Suite 2400
                           San Francisco, CA 94111
18                         Tel:    415-248-2100
                           Email: cspringer@polsinelli.com
19                         Email:  myusa@polsinelli.com
                           Email:  iiqbal@polsinelli.com
20
21                         Melenie Van (admitted *pro hac vice*)
                           **POLSINELLI LLP**
22                         2049 Century Park East, Suite 2900
                           Los Angeles, CA 90067
23                         Tel:    (310) 229-1355
                           Email:  mvan@polsinelli.com
24
25                         Attorneys for Plaintiff Utherverse Gaming,
                           LLC
26

1

2          By:      /s/ Eric C. Weiner
                     Eric C. Weiner (*pro hac vice*)
3                    Daralyn J. Durie (*pro hac vice*)
                     Timothy C. Saulsbury (*pro hac vice*)
4                    Bethany Bengfort (*pro hac vice*)
                     MORRISON & FOERSTER (SF)
5                    425 Market Street, 32ND Floor
                     San Francisco, CA 94105-2482
6                    415-268-7000
                     Email: Ddurie@mofo.com
7                    Email: Ewiener@mofo.com
                     Email: Tsaulsbury@mofo.com
8                    Email: Bbengfort@mofo.com

9

10                   Katherine E McNutt (*pro hac vice*)
                     MORRISON & FOERSTER (LA)
11                   707 Wilshire Blvd, Ste 6000
                     Los Angeles, CA 90017-3543
12                   213-892-5649
                     Email: kmcnutt@mofo.com
13

14                   Mark A Lemley (*pro hac vice*)
                     LEX LUMINA PLLC
15                   745 Fifth Avenue, Ste 500
                     New York, NY 10151
16                   646-898-2055
                     Email: mlemley@lex-lumina.com
17
                     Stevan Stark (WSBA No. 39639)
18                   Antoine M. McNamara (WSBA No. 41701)
                     Christina J. McCullough (WSBA No.
19                   47147)
                     PERKINS COIE (SEA)
20                   1201 3RD Avenue, Ste 4900
                     Seattle, WA 98101-3099
21                   206-359-8000
                     Email: AmcNamara@perkinscoie.com
22                   Email: CmcCullough@perkinscoie.com
                     Email: Sstark@perkinscoie.com

23                   Attorneys for Defendant Epic Games, Inc

24

25

26

**POLSINELLI**