THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC, | Case No. 2:21-cv-00799-RSM |
| Plaintiff, | **JOINT STATEMENT OF DISPUTED PRELIMINARY JURY INSTRUCTIONS** |
| v. | |
| EPIC GAMES, INC., | |
| Defendant. | |



# TABLE OF CONTENTS

**Disputed Preliminary Jury Instructions** ........................ **Error! Bookmark not defined.**

DISPUTED Preliminary Instruction No. 4 – Summary of Contentions (N.D. Cal. A. 3, mod.) (Utherverse) ............................................................................................................. 1

DISPUTED Preliminary Instruction No. 4 – Summary of Contentions (N.D. Cal. A. 3, mod.) (Epic) .................................................................................................................... 4

DISPUTED Preliminary Instruction No. 5 – Overview of Applicable Law (FCBA A. 4, mod.; *Innovation Sciences LLC v. Amazon.com, Inc*, No. 4:18-cv-474 (E.D. Tex. Sept. 2, 2020) (Dkt. 845)) (Utherverse) ..................................................................................... 7

DISPUTED Preliminary Instruction No. 5 - Overview of Applicable Law (FCBA A. 4, mod.; *Innovation Sciences LLC v. Amazon.com, Inc*, No. 4:18-cv-474 (E.D. Tex. Sept. 2, 2020) (Dkt. 845)) (Epic) ........................................................................................... 10

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - i
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

**DISPUTED Preliminary Instruction No. 4 – Summary of Contentions (PROPOSED BY UTHERVERSE)**

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are Utherverse Gaming LLC ("Utherverse Gaming") and Epic Games, Inc. ("Epic Games"). The case involves the '605 Patent, obtained by Brian Shuster and Aaron Burch and assigned to applicant Utherverse Digital, Inc. The '605 Patent was subsequently transferred to Utherverse Gaming.

Utherverse Gaming filed suit in this court seeking money damages from Epic Games for allegedly infringing the '605 Patent by using the methods of one or more of claims 2, 5, and 8 when it created and implemented virtual events in Epic Games' multiplayer online video game Fortnite: **a series of concert performances by Travis Scott, also known as the "Travis Scott Events," and a series of concert performances by Ariana Grande, also known as the "Ariana Grande Events."**

Epic Games denies that it has infringed the asserted claims of the '605 Patent. Epic Games also argues that those claims are invalid. Invalidity is a defense to infringement.

Your job will be to decide whether any of claims 2, 5, or 8 of the '605 Patent have been infringed and whether those claims are invalid. If you decide that any claim of the '605 Patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Utherverse Gaming to compensate it for the infringement.

Before you decide whether Epic Games has infringed any of the asserted claims of the '605 Patent or whether the asserted claims are invalid, you will need to understand the patent claims. As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

[Hand out juror notebooks.]

I have already determined the meaning of certain terms of the claims of the '605 Patent.

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 1
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1  You have been given a document reflecting those meanings.  For a claim term for which I have

2  not provided a definition, you should apply the plain and ordinary meaning.  You are to apply

3  my definitions of these terms throughout this case.  However, my interpretation of the language

4  of the claims should not be taken as an indication that I have a view regarding issues such as

5  infringement and invalidity.  Those issues are yours to decide.  I will provide you with more

6  detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

8  Source:  N.D. Cal. Model Patent Jury Instruction No. A.3 (modified).

10  **Plaintiff's Position:**

11  The jury instructions should accurately describe the events at issue as "a series of concert

12  performances by Travis Scott, also known as the 'Travis Scott Events,' and a series of concert

13  performances by Ariana Grande, also known as the 'Ariana Grande Events.'"

14  Epic admits the virtual concerts by two distinct recording artists were *each* implemented

15  multiple times over multiple days.  *See* JOINT PRETRIAL ORDER, ECF No. 418, 3:9-12, 13-20

16  (Adm. ¶¶ 9-10, 13-14) (the "animated event featuring music by Travis Scott" was available "at

17  five different showtimes" between April 23-26; the "animated event featuring music by Ariana

18  Grande" was available "at five different showtimes" between August 6-8).  The jury should not

19  be instructed *contrary* to admitted facts.   Instructional errors of this magnitude are not harmless

20  and could alter the results of trial.  *See Ecolab, Inc. v. Paraclipse, Inc.*, 285 F.3d 1362, 1374

21  (Fed. Cir. 2002).  Moreover, the Joint Pretrial Order identifies the events as the "Travis Scott

22  Events" and the "Ariana Grande Events."  *See* ECF No. 418, 3:9-12, 13-20 (Adm. ¶¶ 9-10, 13-

23  14).  The jury should be instructed using this language.  Epic's proposal seeks to limit the

24  description of the infringing events to certain language in pleadings under the guise of

25  "neutrality," yet Epic's position that its language is "factually accurate" belies the undisputed

26  facts identified in the Joint Pretrial Order.

Argument that these instructions are "preliminary" is misleading.  Preliminary Instruction

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 2
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

4 may be re-read as Final Instruction 9.  *Compare* ECF No. 419, 5-8 (Disputed Prelim. Inst. No. 4) and 45-46 (Disputed Final Inst. No. 9).  Instructions should be consistent and accurate both before *and* after the presentation of evidence.  *C.f. Boston Scientific Corp. v. Johnson & Johnson*, 550 F. Supp. 2d 1102, 1112 (N.D. Cal. 2008) (requiring a corrective final instruction after a preliminary instruction provided incorrect impressions); *see also Petrocelli v. Angelone*, 248 F.3d 877, 888-89 (9th Cir. 2001) (same).



**DISPUTED Preliminary Instruction No. 4 – Summary of Contentions (PROPOSED BY EPIC)**

To help you follow the evidence, I will now give you a summary of the positions of the parties.

The parties in this case are Utherverse Gaming LLC ("Utherverse Gaming") and Epic Games, Inc. ("Epic Games"). The case involves the '605 Patent, obtained by Brian Shuster and Aaron Burch and assigned to applicant Utherverse Digital, Inc. The '605 Patent was subsequently transferred to Utherverse Gaming.

Utherverse Gaming filed suit in this court seeking money damages from Epic Games for allegedly infringing the '605 Patent by using the methods of one or more of claims 2, 5, and 8 when it created and implemented virtual events in Epic Games' multiplayer online videogame *Fortnite*: **the Travis Scott and Ariana Grande Events (also known as the "accused events").**

Epic Games denies that it has infringed the asserted claims of the '605 Patent. Epic Games also argues that those claims are invalid. Invalidity is a defense to infringement.

Your job will be to decide whether any of claims 2, 5, and 8 of the '605 Patent have been infringed and whether those claims are invalid. If you decide that any claim of the '605 Patent has been infringed and is not invalid, you will then need to decide any money damages to be awarded to Utherverse Gaming to compensate it for the infringement.

Before you decide whether Epic Games has infringed any of the asserted claims of the '605 Patent or whether the asserted claims are invalid, you will need to understand the patent claims. As I mentioned, the patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

[Hand out juror notebooks.]

I have already determined the meaning of certain terms of the claims of the '605 Patent. You have been given a document reflecting those meanings. For a claim term for which I have

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 4
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

not provided a definition, you should apply the plain and ordinary meaning.  You are to apply my definitions of these terms throughout this case.  However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as infringement and invalidity.  Those issues are yours to decide.  I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

Source:  N.D. Cal. Model Patent Jury Instruction No. A.3 (modified).

**Defendant's Position:**

The sole remaining dispute regarding this instruction involves Utherverse's request that the Court describe the accused events to the jury in a way that Utherverse thinks will help its case.  The question for the Court is thus whether to refer to the accused events as the "Travis Scott and Ariana Grade Events" and subsequently, "the accused events" (Epic) or to describe each event as a "a series of concert performances by [Travis Scott][Ariana Grande], also known as the ['Travis Scott Events']['Ariana Grande Events']" (Utherverse).  Utherverse's proposal wrongly implies the artists put on the accused events and departs from how it has described the accused events throughout this case.  Epic's proposal is factual and strives for neutrality, avoiding the need for the Court to endorse either party's description.

Epic's proposed instruction is neutral and describes the events in a factually accurate way without having the Court imply that showtimes are or are not separate events.  Utherverse is free to highlight at trial that the accused events had multiple showtimes.  But having the Court refer to each accused event "by" the artists and in the plural may bias the jury's decision as to whether each accused event meets the "playing back the recorded experience file" claim limitation.  '605 Patent at 10:48-52.  The Court "should go as far as possible to avoid giving undue prominence to a particular theory" that may put a thumb on the scale for infringement. *Vanskike v. ACF Indus., Inc.*, 665 F.2d 188, 201 (8th Cir. 1981) (citation omitted); *accord Gill v. Manuel*, 488 F.2d 799, 802 (9th Cir. 1973) ("Repetitious instructions which place undue emphasis on matters favorable

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 5
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1  to either side constitute reversible error." (citation omitted)).  This is particularly true when
2  Utherverse has regularly referred to the "Travis Scott Event" and the "Ariana Grande Event" in
3  the singular and has referred to the accused events collectively as "the Travis Scott and Ariana
4  Grande events."  *See, e.g.*, Dkt. 1 ¶¶ 47, 65 (complaint, singular); Dkt. 228-4 at 2 (Utherverse
5  infringement contentions, singular); Dkt. 334 at 12, 13 (Utherverse MSJ Opp., "the Travis Scott
6  and Ariana Grande events").  The pretrial order—a document for the Court setting forth open
7  disputes and anticipated trial procedures—should not dictate how the Court describes the
8  accused events to the jury.  Epic's formulation seeks to provide an evenhanded and neutral
9  description.  The Court should remain neutral and adopt Epic's proposal.



1  **DISPUTED Preliminary Instruction No. 5 – Overview of Applicable Law (PROPOSED BY UTHERVERSE)**

In deciding the issues I just discussed, you will be asked to consider specific legal standards. I will give you an overview of those standards now and will review them in more detail before the case is submitted to you for your verdict.

The first issue you will be asked to decide is whether Epic Games has infringed the claims of the '605 Patent. Infringement is assessed on a claim-by-claim basis. Therefore, there may be infringement as to one claim but not infringement as to another. To prove infringement, Utherverse Gaming must prove by a preponderance of the evidence that in creating and implementing the **Travis Scott Events and the Ariana Grande Events**, Epic Games used a method that practices each step of one or more of the asserted claims of the '605 Patent. I will provide you with more detailed instructions on the requirements for infringement at the conclusion of the case.

Another issue you will be asked to decide is whether the '605 Patent is invalid. A patent may be invalid for several reasons, including because it claims subject matter that is not new or is obvious.

For a claim to be invalid because it is not new, Epic Games must show, by clear and convincing evidence, that all of the limitations of a claim are present in a single previous device or method, or sufficiently described in a single previous printed publication or patent. We call these "prior art." If a claim is not new, it is said to be anticipated.

Another way that a claim may be invalid is that it may have been obvious. Even though every element of a claim is not shown or sufficiently described in a single piece of "prior art," the claim may still be invalid if it would have been obvious to a person of ordinary skill in the field of technology of the patent at the relevant time. You will need to consider a number of questions in deciding whether the invention(s) claimed in the '605 Patent are obvious.

A patent may also be invalid if its description in the specification does not meet certain requirements. To be valid, the disclosure of a patent must meet the "enablement" requirement.

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 7
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1   To meet this requirement, the description in the patent has to be sufficiently full and clear to have
2   allowed persons of ordinary skill in the field of technology of the patent to make and use the
3   invention, without undue experimentation, at the time the patent application was originally filed.
4   You will also be asked to decide whether the limitations of any of the asserted claims,
5   when taken individually and when taken as an ordered combination, involve only technology
6   which a person of ordinary skill in the art would have considered to be well-understood, routine
7   and conventional as August 12, 2014, the date of invention of the '605 Patent.   I will provide
8   you detailed instructions on invalidity at the conclusion of the case.
9   If you decide that any claim of the '605 Patent has been infringed and is not invalid, you
10  will then need to decide any money damages to be awarded to Utherverse Gaming to compensate
11  it for the infringement.  A damages award should put Utherverse Gaming in approximately the
12  same financial position that it would have been in had the infringement not occurred, but in no
13  event may the damages award be less than what Utherverse Gaming would have received had it
14  been paid a reasonable royalty.  I will instruct you later on the meaning of a reasonable royalty.
15  The damages you award are meant to compensate Utherverse Gaming and not to punish Epic
16  Games.  You may not include in your award any additional amount as a fine or penalty in order
17  to punish Epic Games.  I will give you more detailed instructions on the calculation of damages
18  at the conclusion of the case.
19
20  Source:  FCBA Model Patent Jury Instructions, Instruction No. A.4 (modified); Final Jury
21  Instructions at 22-23, *Innovation Sciences, LLC v. Amazon.com, Inc*, No. 4:18-cv-474 (E.D. Tex.
22  Sept. 2, 2020) (Dkt. 845).
23
24  **Plaintiff's Position:**
25  Instruction 5 should encompass the *"Travis Scott Events" and "the Ariana Grande*
26  *Events"* language to remain consistent with and discussed relative Preliminary Instruction No. 4.
    Preliminary Instruction No. 5 will also potentially be re-read to the jury as a final instruction.

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 8
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1  *See* ECF No. 419, 9-11 (Disputed Prelim. Inst. No. 5) and 47-50 (Disputed Final Inst. No. 10).
2  The need for consistency and factual accuracy throughout the instruction process remains
3  paramount.  C.f. *Boston Scientific Corp. v. Johnson & Johnson*, 550 F. Supp. 2d 1102, 1112
4  (N.D. Cal. 2008) (requiring a corrective final instruction after a preliminary instruction provided
5  incorrect impressions); *see also Petrocelli v. Angelone*, 248 F.3d 877, 888-89 (9th Cir. 2001)
6  (same).



1 **DISPUTED Preliminary Instruction No. 5 - Overview of Applicable Law (PROPOSED BY
2 EPIC)**

3 In deciding the issues I just discussed, you will be asked to consider specific legal
4 standards.  I will give you an overview of those standards now and will review them in more
5 detail before the case is submitted to you for your verdict.

6 The first issue you will be asked to decide is whether Epic Games has infringed the
7 claims of the '605 Patent.  Infringement is assessed on a claim-by-claim basis.  Therefore, there
8 may be infringement as to one claim but not infringement as to another.  To prove infringement,
9 Utherverse Gaming must prove by a preponderance of the evidence that in creating and
10 implementing the **accused events**, Epic Games used a method that practices each step of one or
11 more of the asserted claims of the '605 Patent.  I will provide you with more detailed instructions
12 on the requirements for infringement at the conclusion of the case.

13 Another issue you will be asked to decide is whether the '605 Patent is invalid.  A patent
14 may be invalid for several reasons, including because it claims subject matter that is not new or
15 is obvious.

16 For a claim to be invalid because it is not new, Epic Games must show, by clear and
17 convincing evidence, that all of the limitations of a claim are present in a single previous device
18 or method, or sufficiently described in a single previous printed publication or patent.  We call
19 these "prior art."  If a claim is not new, it is said to be anticipated.

20 Another way that a claim may be invalid is that it may have been obvious.  Even though
21 every element of a claim is not shown or sufficiently described in a single piece of "prior art,"
22 the claim may still be invalid if it would have been obvious to a person of ordinary skill in the
23 field of technology of the patent at the relevant time.  You will need to consider a number of
24 questions in deciding whether the invention(s) claimed in the '605 Patent are obvious.

25 A patent may also be invalid if its description in the specification does not meet certain
26 requirements.  To be valid, the disclosure of a patent must meet the "enablement" requirement.
To meet this requirement, the description in the patent has to be sufficiently full and clear to have

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 10
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1  allowed persons of ordinary skill in the field of technology of the patent to make and use the
2  invention, without undue experimentation, at the time the patent application was originally filed.
3       You will also be asked to decide whether the limitations of any of the asserted claims,
4  when taken individually and when taken as an ordered combination, involve only technology
5  which a person of ordinary skill in the art would have considered to be well-understood, routine
6  and conventional as August 12, 2014, the date of invention of the '605 Patent.   I will provide
7  you detailed instructions on invalidity at the conclusion of the case.
8       If you decide that any claim of the '605 Patent has been infringed and is not invalid, you
9  will then need to decide any money damages to be awarded to Utherverse Gaming to compensate
10 it for the infringement.  A damages award should put Utherverse Gaming in approximately the
11 same financial position that it would have been in had the infringement not occurred, but in no
12 event may the damages award be less than what Utherverse Gaming would have received had it
13 been paid a reasonable royalty.  I will instruct you later on the meaning of a reasonable royalty.
14 The damages you award are meant to compensate Utherverse Gaming and not to punish Epic
15 Games.  You may not include in your award any additional amount as a fine or penalty in order
16 to punish Epic Games.  I will give you more detailed instructions on the calculation of damages
17 at the conclusion of the case.
18
19 Source:  FCBA Model Patent Jury Instructions, Instruction No. A.4 (modified); Final Jury
20 Instructions at 22-23, *Innovation Sciences, LLC v. Amazon.com, Inc*, No. 4:18-cv-474 (E.D. Tex.
21 Sept. 2, 2020) (Dkt. 845).
22
23 **Defendant's Position**:
24      The parties' dispute with respect to Preliminary Jury Instruction No. 5 is substantially the
25 same as the dispute with respect to Preliminary Jury Instruction No. 4.  The Court should instruct
26 the jury regarding "the accused events" to provide a factually accurate and neutral instruction.

JOINT STATEMENT OF DISPUTED
PRELIMINARY JURY INSTRUCTIONS - 11
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

| | | | |
|---|---|---|---|
| 1 | Filed October 22, 2024 | By: | /s/ *Emily C. McNally* |
| 2 | | | Emily McNally (WSBA No. 60710) |
| | | | Jessica M. Andrade (WSBA No. 39297) |
| 3 | | | **POLSINELLI PC** |
| | | | 1000 Second Avenue, Suite 3500 |
| 4 | | | Seattle, WA 98104 |
| | | | Tel:    206-393-5400 |
| 5 | | | Email:  emcnally@polsinelli.com |
| | | | Email: jessica.andrade@polsinelli.com |
| 6 | | | |
| 7 | | | Mark T. Deming (admitted *pro hac vice*) |
| | | | **POLSINELLI PC** |
| 8 | | | 150 N. Riverside Place, Suite 3000 |
| | | | Chicago, IL 60606 |
| 9 | | | Tel:    312-819-1900 |
| | | | Email:  mdeming@polsinelli.com |
| 10 | | | |
| 11 | | | Jonathan Spivey (admitted *pro hac vice*) |
| | | | **POLSINELLI PC** |
| 12 | | | 1000 Louisiana Street, Suite 6400 |
| | | | Houston, TX 77002 |
| 13 | | | Tel:    713-374-1600 |
| | | | Email: jspivey@polsinelli.com |
| 14 | | | |
| 15 | | | Colby B. Springer (admitted *pro hac vice*) |
| | | | Miya Yusa (admitted *pro hac vice*) |
| 16 | | | Iqra Iqbal (admitted *pro hac vice*) |
| | | | **POLSINELLI LLP** |
| 17 | | | Three Embarcadero Center, Suite 2400 |
| | | | San Francisco, CA 94111 |
| 18 | | | Tel:    415-248-2100 |
| | | | Email: cspringer@polsinelli.com |
| 19 | | | Email:  myusa@polsinelli.com |
| 20 | | | Email:  iiqbal@polsinelli.com |
| 21 | | | Melenie Van (admitted *pro hac vice)* |
| 22 | | | **POLSINELLI LLP** |
| | | | 2049 Century Park East, Suite 2900 |
| 23 | | | Los Angeles, CA 90067 |
| | | | Tel:    (310) 229-1355 |
| 24 | | | Email:  mvan@polsinelli.com |
| 25 | | | Attorneys for Plaintiff Utherverse Gaming, LLC |
| 26 | | | |



1

2
                                                  By:    /s/ *Eric C. Weiner*

3
                                          Eric C. Weiner (*pro hac vice*)
Daralyn J. Durie (*pro hac vice*)

4
Timothy C. Saulsbury (*pro hac vice*)
Bethany Bengfort (*pro hac vice*)

5
MORRISON & FOERSTER (SF)
425 Market Street, 32ND Floor

6
San Francisco, CA 94105-2482

7
415-268-7000
Email: Ddurie@mofo.com

8
Email: Ewiener@mofo.com
Email: Tsaulsbury@mofo.com

9
Email: Bbengfort@mofo.com

10
Katherine E McNutt (*pro hac vice*)

11
MORRISON & FOERSTER (LA)
707 Wilshire Blvd, Ste 6000

12
Los Angeles, CA 90017-3543
213-892-5649

13
Email: kmcnutt@mofo.com

14
Mark A Lemley (*pro hac vice*)
LEX LUMINA PLLC

15
745 Fifth Avenue, Ste 500
New York, NY 10151

16
646-898-2055
Email: mlemley@lex-lumina.com

17
Stevan Stark (WSBA No. 39639)

18
Antoine M. McNamara (WSBA No. 41701)
Christina J. McCullough (WSBA No. 47147)

19
PERKINS COIE (SEA)

20
1201 3RD Avenue, Ste 4900
Seattle, WA 98101-3099

21
206-359-8000
Email: AmcNamara@perkinscoie.com

22
Email: CmcCullough@perkinscoie.com
Email: Sstark@perkinscoie.com

23
Attorneys for Defendant Epic Games, Inc

24

25

26

