# EXHIBIT A

1    **DISPUTED Final Instruction No. 24A – Damages – Comparable Agreements (PROPOSED**

2    **BY EPIC)**

3        When determining a reasonable royalty, you may consider evidence concerning the

4    amounts that the parties or other parties have paid for rights to the asserted patent, or have paid

5    for comparable rights to similar technologies.  A license agreement need not be perfectly

6    comparable to a hypothetical license that would be negotiated between Utherverse Digital and

7    Epic Games in order for you to consider it.  However, if you choose to rely upon evidence from

8    any license agreements, you must account for any differences between those licenses and the

9    hypothetically negotiated license between Utherverse Digital and Epic Games.  Such differences

10   include differences in the technologies underlying the licenses and the economic circumstances

11   of the contracting parties as compared to the technologies and economic circumstances of the

12   hypothetically negotiated license between Utherverse Digital and Epic Games.  To the extent that

13   a license agreement is not economically or technologically comparable to the hypothetical

14   license to the asserted patent, it should not be used to determine a reasonable-royalty award.

15

16

17

18   Sources: Final Jury Instructions at 34, *CEMCO, LLC v. KPSI Innovations, Inc.*, No. C23-

19   0918JLR (W.D. Wash. Dec. 6, 2024); *Adasa Inc. v. Avery Dennison Corp.*, 55 F.4th 900, 915

20   (Fed. Cir. 2022); *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 873 (Fed. Cir. 2010).

21

22

23

24

25

26