# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC, | Case No. 2:21-cv-00799-RSM |
| Plaintiff, | **PLAINTIFF UTHERVERSE GAMING'S MOTION FOR LEAVE TO FILE MOTION IN LIMINE NO. 11** |
| v. | |
| EPIC GAMES, INC., | Noting Date: May 8, 2025 |
| Defendant. | |

Pursuant to Local Rule 7(d)(5), Plaintiff Utherverse Gaming, LLC ("Utherverse Gaming") moves for leave to file motion *in limine* No. 11. As detailed in the proposed motion *in limine* attached hereto as Exhibit A, Utherverse Gaming seeks to preclude Epic Games, Inc. ("Epic Games") from introducing or attempting to introduce evidence, argument, or testimony concerning Case No. 3:25-cv-00020 filed by Utherverse, Inc. and Brian Shuster in the District of Nevada on January 10, 2025 (the "Nevada Action") and Case No. 30-2024-01438251 filed against Brian Shuster, Utherverse, Inc., Utherverse Digital, Inc., and Utherverse Gaming LLC in the Superior Court of California, County of Orange filed on November 1, 2024 ("the California Action") (collectively, the "Unrelated Litigations").

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

## CERTIFICATION OF MEET AND CONFER

Utherverse Gaming engaged Epic Games in writing on Tuesday, April 29 concerning the substance of the proposed motion *in limine*. Before that April 29 outreach, Utherverse Gaming became informed that Epic Games had been in conversations with adverse counsel in the Unrelated Litigations.

The underlying substance of the Nevada Action from the Unrelated Actions involves a claim by Mr. Shuster and Utherverse, Inc. against various third-parties for fraud and related causes of action; that action is pending. Neither Utherverse ***Gaming*** nor Epic Games are a party to the Nevada Action. The '605 Patent is not at issue in the Nevada Action. The Nevada Action has no relevance or bearing on the outcome, facts, or any other matter relevant or related to the ***present*** action.

The California Action has been dismissed but involved similar allegations and cross-claims of fraud. The Nevada Action followed dismissal of this action. Like the Nevada Action, Epic Games was not a party to the action, nor was the '605 Patent at issue. And while Utherverse Gaming was initially named, that naming was in error as detailed in the attached motion *in limine*. The California Action otherwise has no relevance or bearing on the outcome, facts, or any other material relevant or related to the ***present*** action.

In the April 29 outreach, Utherverse Gaming inquired as to whether Epic Games sought to "introduce or solicit any evidence or testimony at trial concerning said litigations or the subject matter thereof" noting that "any such testimony or evidence [would] be irrelevant at the least." Epic Games replied later that day that it "did not intend to reference this litigation in opening" but that any other reference "depends on the substance of Mr. Shuster's testimony on direct." Utherverse Gaming replied the morning of Wednesday, April 30 that while it appreciated the exclusion of references on opening, that "the 'depends' as to Mr. Shuster's direct casts an ambiguously wide net."

A telephonic meet and confer took place later that afternoon. Utherverse Gaming reiterated

its position that the Unrelated Litigations were irrelevant and prejudicial. As detailed in the underlying motion, allowing this matter to be addressed at trial time on objection during Mr. Shuster's cross-examination risks turning the matter into a 'sideshow' before the jury given the character of certain of the parties involved in the Unrelated Litigations. Epic Games proposed certain scenarios involving investors in Utherverse Digital that might cause the Unrelated Litigations to be relevant. Without conceding relevance, Utherverse Gaming indicated it was willing to stipulate to avoid such testimony. Epic Games, however, could not commit to a broader stipulation.

Epic Games agreed that it would discuss a broader stipulation and that the matter would be held in abeyance (without waiver by Utherverse Gaming) and not addressed during the Thursday, May 1 pre-trial conference call with the Court. The parties agreed to work toward mutual accord. Utherverse Gaming followed up on Monday, May 5 and was advised that the Epic Games team was in transit. Utherverse Gaming responded that the issue needed to be "substantively advance[ed]" by the end of the day Tuesday, May 6. On Tuesday, May 6, Utherverse Gaming again followed up indicating "[b]ut for resolution (or some sign of pendency thereof)," that Utherverse Gaming "will file a motion for leave and to shorten time [May 7] by noon" and asking "Epic's opposition [be] due by noon on Thursday (i.e. 24 hours later)" without further reply by Utherverse Gaming. Epic Games replied: "[t]hat schedule is fine with us. Please go ahead and file your motion accordingly."

## ARGUMENT

As of this motion, Epic has not offered any formal proffer allowing for resolution of the proposed motion *in limine*. Good cause exists for filing a motion *in limine* out of time because these Unrelated Litigations were (1) not filed until after the previous August 30, 2024 Motion *in Limine* deadline (ECF No. 399), (2) the possibility of the Unrelated Litigations being at issue was not broached until the last week of April, (3) a good faith effort was made to address the Unrelated

Litigations without filing a motion, (4) trial starts Monday, May 12, and (5) Mr. Shuster is expected to be called that same day. Time is of the essence.

These Unrelated Litigations involve allegations of fraud, breach of fiduciary duty, tortious interference, and defamation. Each of these causes of action are unrelated to the '605 Patent or the parties' claims and defenses—(non)infringement, (in)validity, and the amount of any damages. Introducing irrelevant and unfairly prejudicial evidence of the Unrelated Litigations on cross-examination of Mr. Shuster (or any witness for that matter) serves no purpose other than to confuse or inflame the jury. Because these Unrelated Litigations are irrelevant and highly prejudicial, Utherverse Gaming requests the Court's leave to file its motion *in limine* attached to this motion such that it may resolve the matter prior to any query / objection that would otherwise taint the jury.

Epic Games—while not agreeing to the substance of the underlying motion *in limine*—agrees to the timing of this motion for leave. Epic Games' opposition would come due tomorrow, May 8, on or before noon Pacific time. Utherverse Gaming would not further reply.

## CONCLUSION

The Court is requested to grant leave to file the proposed motion *in limine* attached hereto as Exhibit A. The Court is further requested to order Epic Games to file its opposition no later than May 8 at noon Pacific as agreed upon by the parties.



DATED this 7th day of May, 2025

Respectfully submitted,

_/s/ Emily McNally_
By:    Emily McNally (WSBA No. 60710)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel:  206-393-5400
Fax:  206-393-5401
Email:  emcnally@polsinelli.com

_Colby B. Springer_
Colby B. Springer (admitted _pro hac vice)_
Miya Yusa (admitted _pro hac vice)_
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel:  415-248-2100
Fax: 415-248-2101
Email:  cspringer@polsinelli.com
Email:  myusa@polsinelli.com

By:    _Melenie Van_
Melenie Van (admitted _pro hac vice)_
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel:  (310) 229-1355
Fax:  (415) 276-8959
Email:  mvan@polsinelli.com

_Mark T. Deming_
Mark T. Deming (admitted _pro hac vice)_
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL 60606
Tel:  312-819-1900
Fax: 312-819-1901
Email:  mdeming@polsinelli.com

Kathryn Gusmer Cole (admitted _pro hac vice)_
J. Mark Wilson (admitted _pro hac vice)_
**MOORE & VAN ALLEN LAW**
100 North Tryon Street, Ste. 4700
Charlotte, NC  28202
Tel:  (704) 331-1045
Fax:  (704) 409-5659
Email:  katecole@mvalaw.com
Email:  markwilson@mvalaw.com

Attorneys for Plaintiff Utherverse
Gaming LLC

The above signatory certifies that this memorandum contains 1029 words, in compliance with the Local Civil Rules.



# EXHIBIT A

# EXHIBIT A-1



Newsroom    Investors    Small Businesses    Whistleblowers

Search SEC.gov & EDGAR    🔍

Search Filings ⌄    Submit Filings ⌄    Data & Research ⌄    Rules, Enforcement, & Compliance ⌄    Securities Topics ⌄    About ⌄    **Submit a Tip or Complaint**

**ENFORCEMENT & LITIGATION**

Litigation Releases

Administrative Proceedings

Administrative Law Judge Orders and Initial Decisions

Trading Suspensions

Distributions to Harmed Investors

Receiverships

Electronic Filings in Administrative Proceedings (eFAP)

Rules of Practice

Applications for Reentry

Reports of Investigations

Whistleblower Program

Public Alert: Unregistered Soliciting Entities (PAUSE)

SEC Action Lookup - Individuals (SALI)

Enforcement Data Delivery Standards

Appellate Briefs

Amicus / Friend of the Court Briefs

Home / Enforcement and Litigation / Litigation Releases / Morrie Tobin et al.

# Morrie Tobin et al.

## SEC Charges Two New Defendants in Fraudulent Microcap Manipulation Scheme Orchestrated Through International Accounts

### Litigation Release No. 24583 / August 30, 2019

### *Securities and Exchange Commission v. Morrie Tobin et al., Civil Action No. 1:18-CV-12451 (D. Mass. filed November 27, 2018)*

The Securities and Exchange Commission filed an amended complaint charging Brian Quinn, a California resident, and David Skriloff, a New York resident, for their roles in a scheme to profit from the manipulation and illegal sale of stock of a publicly traded company, Environmental Packaging Technologies Holdings, Inc., of which Skriloff was the CEO.

On October 2, 2018, the SEC filed an emergency action and obtained an asset freeze against Roger Knox and Wintercap SA, charging them with a scheme that generated more than $165 million of illegal sales of stock in at least 50 microcap companies. On November 28, 2018, the SEC charged Morrie Tobin, Milan Patel, Matthew Ledvina, and Daniel Lacher, with scheming to hide Tobin's ownership and control over Environmental Packaging and CURE Pharmaceutical Holding Corp. by using offshore entitites to hold his stock and by establishing accounts to sell that stock at Wintercap.

According to the SEC's amended complaint, Quinn helped facilitate a reverse merger between a public shell company secretly controlled by Tobin and a private-bulk packaging company for which Skriloff served as CEO. Skriloff, who continued as the CEO of the combined entity, Environmental Packaging, allegedly raised money from investors, which the defendants used to pay a stock promoter to tout the stock of Environmental Packaging, while creating the impression that the promoter's recommendation came from a neutral third party. Skriloff also allegedly attempted to disguise the payment to the stock promoter as part of a purported consulting agreement. The amended complaint further alleges that, during the promotional campaign, the price of Environmental Packaging shares more than doubled and Tobin profited from the higher share price. According to the amended complaint,

**RESOURCES**

- SEC Complaint ⬇

Skriloff, as the CEO of Environmental Packaging, also made misstatements in public reports filed with the SEC about the reverse merger and the company's connection to the promotional campaign.

The amended complaint also alleges that after the SEC halted trading in the securities of Environmental Packaging ↓ on June 27, 2017, the defendants took steps to obstruct the SEC's investigation - and conceal their own involvement in the matter - by arranging to change the names listed on Wintercap account records.

The SEC's amended complaint, filed in the U.S. District Court in the District of Massachusetts, charges each of the defendants with violating various federal securities laws, including the antifraud provisions of Sections 17(a)(1) and (3) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rules 10b-5(a) and (c) thereunder. It also charges Tobin, Patel, Ledvina, Lacher, and Quinn with violating the securities registration provisions of Sections 5(a) and (c) of the Securities Act. The amended complaint further charges Skriloff with violating Section 17(a)(2) of the Securities Act of 1933 and Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, aiding and abetting the other defendants' violations of Section 10(b) of the Exchange Act and Sections 17(a)(1) and (3) of the Securities Act, and aiding and abetting Environmental Packaging's violation of Section 17(a)(2) of the Securities Act. The SEC seeks a permanent injunction against future violations, disgorgement of allegedly ill-gotten gains plus prejudgment interest, penny stock bars, and monetary penalties. The SEC also seeks an order barring Skriloff from serving as an officer and director of a public company.

The SEC's continuing investigation and litigation is being conducted by J. Lauchlan Wash, Trevor Donelan, Eric Forni, David Scheffler, Rebecca Israel, Jonathan Allen, Kathleen Shields, Susan Anderson, and Amy Gwiazda of the SEC's Boston Regional Office, in coordination with the Enforcement Division's Microcap Fraud Task Force. The SEC appreciates the assistance of the FBI and the U.S. Attorney's Office for the District of Massachusetts, the Financial Industry Regulatory Authority (FINRA), the British Columbia Securities Commission, the Ontario Securities Commission, and the Malta Financial Services Authority.

- SEC Complaint ↓

**About the SEC**

Budget & Performance

Careers

Commission Votes

Contact

Contracts

**Transparency**

Accessibility & Disability

Artificial Intelligence

Cummings Notice

FOIA

Inspector General

No FEAR Act & EEO Data

Ombuds

SEC Excess Personal Property Guidance ↓

**Websites**

Investor.gov ⧉

Related Sites

USA.gov ⧉

**Site Information**

Plain Writing

Privacy & Security

Site Map

**Stay connected. Sign up for email updates.**

Your email address

SIGN UP




# EXHIBIT A-2



An official website of the United States government   Here's how you know ∨

U.S. Securities and Exchange Commission

Newsroom   Investors   Small Businesses   Whistleblowers

Search SEC.gov & EDGAR

Search Filings   Submit Filings   Data & Research   Rules, Enforcement, & Compliance   Securities Topics   About   **Submit a Tip or Complaint**

**ENFORCEMENT & LITIGATION**

**Litigation Releases**

Administrative Proceedings

Administrative Law Judge Orders and Initial Decisions

Trading Suspensions

Distributions to Harmed Investors

Receiverships

Electronic Filings in Administrative Proceedings (eFAP)

Rules of Practice

Applications for Reentry

Reports of Investigations

Whistleblower Program

Public Alert: Unregistered Soliciting Entities (PAUSE)

SEC Action Lookup - Individuals (SALI)

Enforcement Data Delivery Standards

Appellate Briefs

Amicus / Friend of the Court Briefs

Home / Enforcement and Litigation / Litigation Releases / Morrie Tobin et al.

# Morrie Tobin et al.

**U.S. SECURITIES AND EXCHANGE COMMISSION**
**Litigation Release No. 26163 / October 18, 2024**

*Securities and Exchange Commission v. Morrie Tobin et al.,* Civil Action No. 1:18-CV-12451 (D. Mass. filed November 27, 2018)

### SEC Obtains Judgments Against Defendants in a Fraudulent Microcap Manipulation Scheme

The Securities and Exchange Commission announced today that, on October 17, 2024, the U.S. District Court for the District of Massachusetts entered final judgments against California resident Brian Quinn and New York resident David Skriloff in an SEC case alleging that they participated in a fraudulent scheme to profit from the manipulation and illegal sale of stock of a publicly traded company, Environmental Packaging Technologies Holdings, Inc. ("Environmental Packaging"). Among other things, they were each ordered to pay $230,464 in civil penalties. The court previously entered judgments against four other defendants, including a judgment against Swiss resident Daniel Lacher in 2022 that, among other things, ordered him to pay a total of over $479,000 in disgorgement of ill-gotten gains, prejudgment interest, and civil penalties.

The SEC's complaint was filed in 2018 against four defendants, including Lacher, and was later amended in 2019 to add Quinn and Skriloff as defendants. The complaint alleged that Quinn facilitated the reverse merger between a "public shell company" secretly controlled by co-defendant Morrie Tobin and a privately held operating company of which Skriloff was the Chief Executive Officer. The complaint further alleged that after the reverse merger, Quinn arranged and oversaw a $1 million promotional campaign designed to increase demand for Environmental Packaging's publicly traded stock and directed certain offshore asset managers to sell stock held by Tobin for a profit. According to the complaint, Skriloff became the CEO of Environmental Packaging and made misstatements in public reports filed with the SEC about the reverse merger and the company's connection to the promotional campaign. The complaint alleged that Lacher, an offshore asset manager, facilitated various schemes, including the Environmental Packaging scheme, by utilizing a network of nominee entities to secretly hold control persons' shares, arranging for the deposit of those shares with brokers, selling those shares to investors, and sharing in the profits. The SEC [halted trading in the securities of Environmental Packaging ⬇](#) on June 27, 2017. According to the complaint, Quinn, Skriloff, and Lacher participated in efforts to cover up the fraud and obstruct the investigation after the trading halt.

The SEC's complaint charged Quinn, Skriloff, and Lacher with violating the antifraud provisions of Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a) and (c) thereunder. It also charged Quinn with violating the securities registration provisions of Sections 5(a) and (c) of the Securities Act. The complaint alleged that Lacher, an offshore asset manager, facilitated various schemes. The complaint alleged that Skriloff with violating Section 17(a)(2) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, aiding and abetting the other defendants' violations of Section 10(b) of the Exchange Act and Sections 17(a)(1) and (3) of the Securities Act, and aiding and abetting Environmental Packaging's violation of Section 17(a)(2) of the Securities Act.

Without admitting or denying the allegations, Quinn consented to the entry of a final judgment that includes injunctive relief for all charged provisions and the penny stock bar that were previously ordered by the court in a July 2022 judgment and orders him to pay a $230,464 civil penalty. Without admitting or denying the allegations, Skriloff consented to the entry of a final judgment that includes injunctive relief for all charged provisions and the penny stock and officer and director bars that were previously ordered by the court in an August 2024 judgment and orders him to pay a $230,464 civil penalty. The court previously entered a final judgment by default against Lacher on April 22, 2022 that included injunctive relief for all charged provisions, a penny stock bar, and an order to pay disgorgement of $53,658.73, pre-judgment interest of $11,641.93, and a civil penalty of $414,366.

The court previously entered judgments in 2021 against defendants Tobin, Matthew Ledvina, and Milan Patel, and, with the entry of the judgments against Quinn and Skriloff, the SEC's case is now concluded.

The SEC's litigation was conducted by David Scheffler, Kathleen Shields, J. Lauchlan Wash, and Amy Gwiazda of the SEC's Boston Regional Office.

Return to top

**About the SEC**
Budget & Performance
Careers
Commission Votes
Contact

**Transparency**
Accessibility & Disability
Artificial Intelligence
Cummings Notice
FOIA

**Websites**
Investor.gov ⬈
Related Sites
USA.gov ⬈

**Site Information**
Plain Writing
Privacy & Security
Site Map

**Stay connected. Sign up for email updates.**
Your email address

Contracts

Inspector General

No FEAR Act & EEO Data

Ombuds

SEC Excess Personal Property
Guidance ±

SIGN UP



U.S. Securities and
Exchange Commission

    

# EXHIBIT A-3

# Case Summary

| | |
|---|---|
| **Case Number:** | 11HF1329 |
| **OC Pay Number:** | 6682651 |
| **Originating Court:** | Harbor - Newport Beach Facility |
| **Pay or Appear by:** | |
| **Traffic School Completion Date:** | |
| **Next Payment Date:** | |
| **Defendant:** | Denne, Joshua Christopher |
| **Demographics:** | |

| | | |
|---|---|---|
| | Eyes: | Blue |
| | Hair: | Brown |
| | Height(ft/in) : | 5'4" |
| | Weight (lbs): | 160 |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Denne | Joshua | Christopher | Real Name |
| Denne | Joshua | Christopher | Alias |
| Denne | Joshua | C | Alias |
| Deanne | Joshua | Christopher | Alias |
| Denne | Joshua | Christopher | Corrected Record |
| Denne | Joshua | Christophe | Alias |

**Case Status:**

| | | |
|---|---|---|
| | Status: | Convicted |
| | Case Stage: | |
| | Release Status: | Released on Own Recognizance |
| | Warrant: | N |
| | DMV Hold : | N |
| | Charging Document: | Complaint |
| | Mandatory Appearance: | Y |
| | Owner's Resp: | N |
| | Amendment #: | 0 |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 11/06/2010 | 550(a)(1) PC | F | Making false or fraudulent claims | GUILTY | 02/07/2012 | Pled Guilty | 02/07/2012 |
| 2 | 0 | 11/07/2010 | 664(a)-PC487(a) PC | F | Attempted grand theft | NOT GUILTY | 10/31/2011 | Dismissed | 02/07/2012 |
| 3 | 0 | 11/06/2010 | 148.5(a) PC | M | False report of criminal offense | NOT GUILTY | 10/31/2011 | Dismissed | 02/07/2012 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| Retained Attorney | | OCPD | Barnett, James | | |
| District Attorney | | OCDA | Cazares, Craig | | |
| District Attorney | | OCDA | Duke, Jennifer | | |
| Retained Attorney | | RETAT | Barnett, John D. | | |
| District Attorney | | OCDA | Castillo, Sayge | | |
| District Attorney | | OCDA | Sevigny, Mark Alan | | |
| District Attorney | | OCDA | Wagner, David | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 10/31/2011 | Arraignment - | H1 | Heard | 10 court days |
| 11/30/2011 | Pre Trial - | H1 | Heard | 60 calendar days |
| 01/18/2012 | Pre Trial - | H1 | Heard | Reasonable Time Waiver |
| 02/07/2012 | Pre Trial - | H1 | Heard | waives statutory time for |
| 04/10/2012 | Sentencing - | H1 | Heard | waives statutory time for |
| 06/11/2012 | Sentencing Modification | H1 | Heard | |
| 11/26/2012 | Motion Modification of Probation | C58 | Heard | |
| 11/08/2013 | Motion Terminate Probation | C58 | Heard | |

**Sentences:**

| Seq # | Sentence Date | Sentence | Due Date |
|---|---|---|---|
| 1 | 04/10/2012 | 3 years Probation | |
| 2 | 04/10/2012 | 120 days Jail | |
| 3 | 04/10/2012 | Restitution | |

**Probation:**

| Sent Seq # | Type | Term | End Date |
|---|---|---|---|
| 1 | FORMAL | 3 years | 11/08/2013 |

**History:**

| Status | Status Date | End Date |
|--------|-------------|----------|
| Active | 04/10/2012 | 04/09/2015 |
| Terminated | 11/08/2013 | 11/08/2013 |

# EXHIBIT A-4

| Offense Charged | Date of Offense or Charges Filed | Source State | Confidence Score | View Full Text |
|---|---|---|---|---|
| NOT SPECIFIED | 09/21/2022 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/10/2021 | CA | 64% | Full-Text |
| NOT SPECIFIED | 11/12/2019 | CA | 64% | Full-Text |
| CITATION | 11/12/2019 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/09/2019 | CA | 64% | Full-Text |
| CITATION | 08/09/2019 | CA | 64% | Full-Text |
| NOT SPECIFIED | 04/02/2018 | CA | 64% | Full-Text |
| NOT SPECIFIED | 02/13/2018 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/22/2017 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/24/2017 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/08/2017 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/04/2013 | CA | 64% | Full-Text |
| CITATION | 03/04/2013 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/04/2013 | CA | 64% | Full-Text |
| NOT SPECIFIED | 12/05/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 12/05/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 11/02/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 11/02/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/18/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/18/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/10/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/10/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 02/01/2011 | CA | 64% | Full-Text |
| CITATION | 02/01/2011 | CA | 97% | Full-Text |
| CITATION | 02/01/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 02/01/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/28/2008 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/28/2008 | CA | 64% | Full-Text |
| I22356(B) VC | 04/20/2000 | CA | 91% | Full-Text |

**Lawsuit Records**

| Plaintiff | Defendant | Case Type | Confidence Score | View Full Text |
|---|---|---|---|---|
| QUINN DORA J | QUINN BRIAN C | CIVIL, FAMILY | 90% | Full-Text |
| HARNED QUINN S | IPO CONSULTANTS | CONVERSION | 90% | Full-Text |

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

| Plaintiff | Defendant | Case Type | Confidence Score | View Full Text |
|-----------|-----------|-----------|------------------|----------------|
| QUINN BRIAN C | H&B EDUCATION LLC AGENT AMY PETERS | CIVIL | 90% | Full-Text |
| QUINN BRIAN C | HOROWITCH MD ALAN | MALPRACTICE | 90% | Full-Text |

## Liens & Judgments

| Debtor | Creditor | Amount | Confidence Score | View Full Text |
|--------|----------|--------|------------------|----------------|
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $263,151.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $263,151.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $101,674.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $253,704.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $253,704.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $101,674.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $58,636.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $143,508.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $143,508.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $58,636.00 | 99% | Full-Text |

## UCC Records

| Debtor | Creditor | Confidence Score | View Full Text |
|--------|----------|------------------|----------------|
| GCB CAPITAL LLC | QUINN BRIAN | 97% | Full-Text |
| BRIAN C QUINN | RFF FAMILY PARTNERSHIP, LP | 99% | Full-Text |
| DESIREE MEJIA | BRIAN C. QUINN | 99% | Full-Text |

# Possible Business & Employment

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

# EXHIBIT A-5

**Criminal & Infraction Records**

| Offense Charged | Date of Offense or Charges Filed | Source State | Confidence Score | View Full Text |
| --- | --- | --- | --- | --- |
| NOT SPECIFIED | 08/31/2021 | CA | 64% | Full-Text |
| SPEED GREATER THAN REASON AND PRUDENT (10-15) [PE] | 04/29/2021 | AZ | 99% | Full-Text |
| SCHOOL ZONE > 15 MPH [PE] | 01/07/2019 | AZ | 99% | Full-Text |
| NOT SPECIFIED | 09/10/2014 | CA | 91% | Full-Text |
| NOT SPECIFIED | 11/17/2011 | CA | 91% | Full-Text |
| NOT SPECIFIED | 11/17/2011 | CA | 91% | Full-Text |
| CITATION | 07/07/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/07/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/07/2011 | CA | 64% | Full-Text |

**The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.**

| Offense Charged | Date of Offense or Charges Filed | Source State | Confidence Score | View Full Text |
|---|---|---|---|---|
| COMPLAINT | 05/23/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/23/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/23/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 01/01/2010 | CA | 64% | Full-Text |
| NOT SPECIFIED | 01/01/2010 | CA | 64% | Full-Text |
| NOT SPECIFIED | 04/28/2009 | CA | 91% | Full-Text |
| NOT SPECIFIED | 01/16/2009 | CA | 64% | Full-Text |
| NOT SPECIFIED | 01/16/2009 | CA | 64% | Full-Text |
| CITATION | 01/07/2009 | CA | 64% | Full-Text |
| NOT SPECIFIED | 10/28/2008 | CA | 64% | Full-Text |
| NOT SPECIFIED | 10/28/2008 | CA | 64% | Full-Text |
| DRIVING 21-25 MPH ABOVE LIMIT | 08/24/2007 | IL | 79% | Full-Text |
| NOT SPECIFIED | 06/19/2007 | CA | 97% | Full-Text |
| CITATION | 06/08/2007 | CA | 97% | Full-Text |
| NOT SPECIFIED | 04/06/2007 | CA | 97% | Full-Text |
| NOT SPECIFIED | 03/15/2005 | CA | 91% | Full-Text |
| NOT SPECIFIED | 04/01/2004 | CA | 97% | Full-Text |
| NOT SPECIFIED | 09/18/2000 | CA | 91% | Full-Text |

**Arrest Records**

| Offense Charged | County of Arrest | Date of Arrest | State | Confidence Score | View Full Text |
|---|---|---|---|---|---|
| | ORANGE | 06/09/2012 | | 99% | Full-Text |
| | ORANGE | 12/29/2010 | | 99% | Full-Text |
| | ORANGE | | | 62% | Full-Text |
| | ORANGE | | | 62% | Full-Text |

**Lawsuit Records**

| Plaintiff | Defendant | Case Type | Confidence Score | View Full Text |
|---|---|---|---|---|
| DRIESBACH DAWN A | APPLICATION DESIGN CONSULTING INC | CIVIL - UNLIMITED | 90% | Full-Text |

**Liens & Judgments**

WESTLAW Thomson Reuters. No claim to original U.S. Government Works.

43

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

| Debtor | Creditor | Amount | Confidence Score | View Full Text |
|--------|----------|--------|------------------|----------------|
| DENNE, JOSHUA C | INTERNAL REVENUE SERVICE | $27,182.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $10,836.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $10,836.00 | 99% | Full-Text |
| DENNE, JOSHUA C | INTERNAL REVENUE SERVICE | $27,182.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $7,620.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $7,620.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $1,849.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $1,849.00 | 99% | Full-Text |

**Dockets**

| Court | Filing Date | Confidence Score | View Full Text |
|-------|-------------|------------------|----------------|
| Superior Court | 10/16/2018 | 62% | Full-Text |
| Superior Court | 10/07/2016 | 62% | Full-Text |
| Court of Common Pleas | 06/10/2013 | 62% | Full-Text |
| Superior Court | 12/06/2012 | 62% | Full-Text |
| SUPERIOR COURT | 04/23/2012 | 62% | Full-Text |

**UCC Records**

| Debtor | Creditor | Confidence Score | View Full Text |
|--------|----------|------------------|----------------|
| SDK META LLC | DENNE, JOSHUA | 97% | Full-Text |

# Possible Business & Employment

### Corporate Records & Business Registrations

**The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.**

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

UTHERVERSE GAMING LLC,

              Plaintiff,

    v.

EPIC GAMES, INC.,

              Defendant.

Case No. 2:21-cv-00799-RSM

**[PROPOSED] ORDER GRANTING PLAINTIFF UTHERVERSE GAMING'S MOTION *IN LIMINE* NO. 11**

Having considered Plaintiff Utherverse Gaming's Motion *in Limine* No. 11, and all materials submitted in support thereof, IT IS HEREBY ORDERED that Plaintiff's Motion is GRANTED.

Dated this \_\_ day of _____, 2025.

_____
HONORABLE RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE



Presented by:

/s/ Emily McNally
By:    Emily McNally (WSBA No. 60710)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel:  206-393-5400
Fax:  206-393-5401
Email:  emcnally@polsinelli.com

*Of Counsel*:

Colby B. Springer
Colby B. Springer (admitted *pro hac vice*)
Miya Yusa (admitted *pro hac vice*)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel:    415-248-2100
Fax:    415-248-2101
Email:    cspringer@polsinelli.com
Email:    myusa@polsinelli.com

By:    Melenie Van
Melenie Van (admitted *pro hac vice*)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel:  (310) 229-1355
Fax:  (415) 276-8959
Email:  mvan@polsinelli.com

Mark T. Deming
Mark T. Deming (admitted *pro hac vice*)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL 60606
Tel:    312-819-1900
Fax:    312-819-1901
Email:    mdeming@polsinelli.com

Attorneys for Plaintiff Utherverse
Gaming LLC

Kathryn Gusmer Cole (admitted *pro hac vice*)
J. Mark Wilson (admitted *pro hac vice*)
**MOORE & VAN ALLEN LAW**
100 North Tryon Street, Ste. 4700
Charlotte, NC  28202
Tel:  (704) 331-1045
Fax:  (704) 409-5659
Email:  katecole@mvalaw.com
Email:  markwilson@mvalaw.com

[PROPOSED] ORDER GRANTING MOTION IN
LIMINE NO. 11
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400