# EXHIBIT A

1  THE HONORABLE RICARDO S. MARTINEZ

2  THE HONORABLE THERESA L. FRICKE

3

4

5

6

7

8  IN THE UNITED STATES DISTRICT COURT

9  FOR THE WESTERN DISTRICT OF WASHINGTON

10  AT SEATTLE

11  UTHERVERSE GAMING LLC,                    Case No. 2:21-cv-00799-RSM

12            Plaintiff,                      **PLAINTIFF UTHERVERSE GAMING'S**
                                              **MOTION *IN LIMINE* NO. 11**
13      v.

14  EPIC GAMES, INC.,                         Noting Date: May 8, 2025

15            Defendant.

16

17        Plaintiff Utherverse Gaming, LLC ("Utherverse Gaming") requests the Court preclude

18  Epic Games, Inc. ("Epic Games") from introducing or attempting to introduce evidence, argument,

19  or testimony concerning both the litigation filed by Utherverse, Inc. and Brian Shuster in the

20  District of Nevada, Case No. 3:25-cv-00020 (the "Nevada Action"), and the litigation filed against

21  Brian Shuster, Utherverse, Inc., Utherverse Digital, Inc., and Utherverse Gaming in the Superior

22  Court of California, County of Orange, Case No. 30-2024-01438251 (the "California Action")

23  (collectively, the "Unrelated Litigations").

24        The Unrelated Litigations are irrelevant under Federal Rule of Evidence 401. The

25  Unrelated Litigations do not tend to make a fact more (or less) probable. Nor do the Unrelated

26  Litigations concern any fact of consequence in determining the issues of the present action. The

POLSINELLI

so-called probative value of the Unrelated Actions (and there is none) is also substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, not to mention undue delay and wasting time.

### FACTUAL BACKGROUND

These Unrelated Litigations involve allegations of fraud, breach of fiduciary duty, tortious interference, and defamation. Each of these causes of action are unrelated to the '605 Patent or the parties' claims and defenses—(non)infringement, (in)validity, and the amount of any damages. The subject matter of the Unrelated Litigations does not concern the disclosure, claims, conception, or assignment of the '605 Patent. The subject matter of the Unrelated Litigations does not concern the merits of any infringement allegation levied against Epic Games and its Fortnite based concert experiences involved by Ariana Grande and Travis Scott. The subject matter of the Unrelated Litigations does not concern any prior art or invalidity theory alleged by Epic Games relative the '605 Patent.

The Unrelated Litigations are just that—unrelated. The Nevada Action involves a claim by Mr. Shuster and Utherverse, Inc. against various third-parties for fraud and related causes of action; that action is pending. Neither Utherverse *Gaming* nor Epic Games are a party to the Nevada Action. And while the California Action initially involved a claim against Utherverse Gaming, the plaintiffs in the California Action were so misinformed that they mistakenly named "Utherverse Gaming" as an affiliate of Utherverse, Inc., Utherverse Digital, and Brian Shuster. The record in ***this action*** makes clear no such affiliation exists; nor is there any evidentiary suggestion to the contrary. Given the erroneous naming of Utherverse Gaming in the since dismissed California Action, there is a complete divorce from any of the allegations in the California Action or the Unrelated Actions as a whole. The Unrelated Actions are irrelevant to this action. *See* FED. R. EVID. 401.

Evidencing the prejudicial nature of the Unrelated Action is that Mr. Quinn, one of the parties

POLSINELLI

1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

1   in both the Unrelated Actions, has been found in violation of federal securities laws and permanently

2   restrained from engaging in any act which operates or would operate a fraud, or from offering or

3   selling any security in interstate commerce that employs any device, scheme or artifice to defraud,

4   among other things.  *See* Exhibit 1 (SECURITIES AND EXCHANGE COMMISSION V. BRIAN QUINN ET

5   AL., Civil Action No. 18-cv-12451 dated August 30, 2019); and Exhibit 2 (SECURITIES AND

6   EXCHANGE COMMISSION V. BRIAN QUINN ET AL., Civil Action No. 18-cv-12451 dated October 18,

7   2024).  Another party in the Unrelated Actions—Mr. Denne—is a convicted felon. *See* Exhibit 3

8   (DOCKET FOR CASE NO. 11HF1329).  Both individuals have reported involvement in myriad Ponzi

9   and other fraudulent schemes.  *See* Exhibit 4, 5 (criminal & infraction records for Quinn and Denne).

10          Even if relevant, reference to these Unrelated Litigations should be excluded as any

11  probative value would be substantially outweighed by a danger of unfair prejudice to Utherverse

12  Gaming.  *See* FED. R. EVID. 403.  Jurors would be confused as to any perceived relationship

13  between Utherverse Gaming and the parties to the Unrelated Litigations when there is none.

14  Discussions of fraud fiduciary duty, defamation, and tortious interference would undoubtedly

15  confuse the issues of the present case—patent infringement.  That confusion would in turn mislead

16  the jury and unfairly prejudice Utherverse Gaming once any questions are aired in open court.

17  Objecting to and resolving those objections—objections concerning an irrelevant matter—would

18  be textbook delay and wastes of time.  Allowing introduction of any aspect of the Unrelated

19  Litigations creates an unquestionable risk of improper jury influence and distraction.  Such so-

20  called evidence should be excluded.

21

22

23

24

25

26

1

2    DATED this 7th day of May, 2025

3

4    *Colby B. Springer*
     Colby B. Springer (admitted *pro hac vice*)
5    Miya Yusa (admitted *pro hac vice*)
     **POLSINELLI LLP**
6    Three Embarcadero Center, Suite 2400
     San Francisco, CA 94111
7    Tel:  415-248-2100
     Fax: 415-248-2101
8    Email:  cspringer@polsinelli.com
     Email:  myusa@polsinelli.com
9
     *Mark T. Deming*
10   Mark T. Deming (admitted *pro hac vice*)
     **POLSINELLI PC**
11   150 N. Riverside Place, Suite 3000
     Chicago, IL 60606
12   Tel:  312-819-1900
     Fax: 312-819-1901
13   Email:  mdeming@polsinelli.com

14   Kathryn Gusmer Cole (admitted *pro hac
     vice*)
15   J. Mark Wilson (admitted *pro hac vice*)
     **MOORE & VAN ALLEN LAW**
16   100 North Tryon Street, Ste. 4700
     Charlotte, NC  28202
17   Tel:  (704) 331-1045
     Fax:  (704) 409-5659
18   Email:  katecole@mvalaw.com
     Email:  markwilson@mvalaw.com
19

20

21

22

23

24   The above signatory certifies that this memorandum contains 723 words, in compliance with the

25   Local Civil Rules.

26

Respectfully submitted,

*/s/ Emily McNally*
By:   Emily McNally (WSBA No. 60710)
      **POLSINELLI PC**
      1000 Second Avenue, Suite 3500
      Seattle, WA 98104
      Tel:  206-393-5400
      Fax:  206-393-5401
      Email:  emcnally@polsinelli.com

By:   *Melenie Van*
      Melenie Van (admitted *pro hac vice*)
      **POLSINELLI LLP**
      2049 Century Park East, Suite 2900
      Los Angeles, CA 90067
      Tel:     (310) 229-1355
      Fax:     (415) 276-8959
      Email:  mvan@polsinelli.com

Attorneys for Plaintiff Utherverse
Gaming LLC



# EXHIBIT A-1

🇺🇸 An official website of the United States government  Here's how you know ⌄


**U.S. Securities and Exchange Commission**

Newsroom    Investors    Small Businesses    Whistleblowers

Search SEC.gov & EDGAR 🔍

Search Filings | Submit Filings | Data & Research | Rules, Enforcement, & Compliance | Securities Topics | About | **Submit a Tip or Complaint**

---

**ENFORCEMENT & LITIGATION**

**Litigation Releases**

Administrative Proceedings

Administrative Law Judge Orders and Initial Decisions

Trading Suspensions

Distributions to Harmed Investors

Receiverships

Electronic Filings in Administrative Proceedings (eFAP)

Rules of Practice

Applications for Reentry

Reports of Investigations

Whistleblower Program

Public Alert: Unregistered Soliciting Entities (PAUSE)

SEC Action Lookup - Individuals (SALI)

Enforcement Data Delivery Standards

Appellate Briefs

Amicus / Friend of the Court Briefs

Home  /  Enforcement and Litigation  /  Litigation Releases  /  Morrie Tobin et al.

# Morrie Tobin et al.

## SEC Charges Two New Defendants in Fraudulent Microcap Manipulation Scheme Orchestrated Through International Accounts

### Litigation Release No. 24583 / August 30, 2019

### *Securities and Exchange Commission v. Morrie Tobin et al.*, Civil Action No. 1:18-CV-12451 (D. Mass. filed November 27, 2018)

The Securities and Exchange Commission filed an amended complaint charging Brian Quinn, a California resident, and David Skriloff, a New York resident, for their roles in a scheme to profit from the manipulation and illegal sale of stock of a publicly traded company, Environmental Packaging Technologies Holdings, Inc., of which Skriloff was the CEO.

On October 2, 2018, the SEC filed an emergency action and obtained an asset freeze against Roger Knox and Wintercap SA, charging them with a scheme that generated more than $165 million of illegal sales of stock in at least 50 microcap companies. On November 28, 2018, the SEC charged Morrie Tobin, Milan Patel, Matthew Ledvina, and Daniel Lacher, with scheming to hide Tobin's ownership and control over Environmental Packaging and CURE Pharmaceutical Holding Corp. by using offshore entitites to hold his stock and by establishing accounts to sell that stock at Wintercap.

According to the SEC's amended complaint, Quinn helped facilitate a reverse merger between a public shell company secretly controlled by Tobin and a private-bulk packaging company for which Skriloff served as CEO. Skriloff, who continued as the CEO of the combined entity, Environmental Packaging, allegedly raised money from investors, which the defendants used to pay a stock promoter to tout the stock of Environmental Packaging, while creating the impression that the promoter's recommendation came from a neutral third party. Skriloff also allegedly attempted to disguise the payment to the stock promoter as part of a purported consulting agreement. The amended complaint further alleges that, during the promotional campaign, the price of Environmental Packaging shares more than doubled and Tobin profited from the higher share price. According to the amended complaint,

**RESOURCES**

• SEC Complaint ⬇

Skriloff, as the CEO of Environmental Packaging, also made misstatements in public reports filed with the SEC about the reverse merger and the company's connection to the promotional campaign.

The amended complaint also alleges that after the SEC halted trading in the securities of Environmental Packaging ⬇ on June 27, 2017, the defendants took steps to obstruct the SEC's investigation - and conceal their own involvement in the matter - by arranging to change the names listed on Wintercap account records.

The SEC's amended complaint, filed in the U.S. District Court in the District of Massachusetts, charges each of the defendants with violating various federal securities laws, including the antifraud provisions of Sections 17(a)(1) and (3) of the Securities Act of 1933 and Section 10(b) of the Securities Exchange Act of 1934 and Rules 10b-5(a) and (c) thereunder. It also charges Tobin, Patel, Ledvina, Lacher, and Quinn with violating the securities registration provisions of Sections 5(a) and (c) of the Securities Act. The amended complaint further charges Skriloff with violating Section 17(a)(2) of the Securities Act of 1933 and Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, aiding and abetting the other defendants' violations of Section 10(b) of the Exchange Act and Sections 17(a)(1) and (3) of the Securities Act, and aiding and abetting Environmental Packaging's violation of Section 17(a)(2) of the Securities Act. The SEC seeks a permanent injunction against future violations, disgorgement of allegedly ill-gotten gains plus prejudgment interest, penny stock bars, and monetary penalties. The SEC also seeks an order barring Skriloff from serving as an officer and director of a public company.

The SEC's continuing investigation and litigation is being conducted by J. Lauchlan Wash, Trevor Donelan, Eric Forni, David Scheffler, Rebecca Israel, Jonathan Allen, Kathleen Shields, Susan Anderson, and Amy Gwiazda of the SEC's Boston Regional Office, in coordination with the Enforcement Division's Microcap Fraud Task Force. The SEC appreciates the assistance of the FBI and the U.S. Attorney's Office for the District of Massachusetts, the Financial Industry Regulatory Authority (FINRA), the British Columbia Securities Commission, the Ontario Securities Commission, and the Malta Financial Services Authority.

- SEC Complaint ⬇

---

**About the SEC**

Budget & Performance

Careers

Commission Votes

Contact

Contracts

**Transparency**

Accessibility & Disability

Artificial Intelligence

Cummings Notice

FOIA

Inspector General

No FEAR Act & EEO Data

Ombuds

SEC Excess Personal
Property Guidance ⬇

**Websites**

Investor.gov ⬈

Related Sites

USA.gov ⬈

**Site Information**

Plain Writing

Privacy & Security

Site Map

**Stay connected. Sign up for email updates.**

Your email address

SIGN UP

     

# EXHIBIT A-2



An official website of the United States government    Here's how you know ⌄

# U.S. Securities and Exchange Commission

Newsroom    Investors    Small Businesses    Whistleblowers

Search SEC.gov & EDGAR

Search Filings    Submit Filings    Data & Research    Rules, Enforcement, & Compliance    Securities Topics    About    **Submit a Tip or Complaint**

---

**ENFORCEMENT & LITIGATION**

- **Litigation Releases**
- Administrative Proceedings
- Administrative Law Judge Orders and Initial Decisions
- Trading Suspensions
- Distributions to Harmed Investors
- Receiverships
- Electronic Filings in Administrative Proceedings (eFAP)
- Rules of Practice
- Applications for Reentry
- Reports of Investigations
- Whistleblower Program
- Public Alert: Unregistered Soliciting Entities (PAUSE)
- SEC Action Lookup - Individuals (SALI)
- Enforcement Data Delivery Standards
- Appellate Briefs
- Amicus / Friend of the Court Briefs

Home / Enforcement and Litigation / Litigation Releases / Morrie Tobin et al.

## Morrie Tobin et al.

**U.S. SECURITIES AND EXCHANGE COMMISSION**
**Litigation Release No. 26163 / October 18, 2024**

*Securities and Exchange Commission v. Morrie Tobin et al.*, Civil Action No. 1:18-CV-12451 (D. Mass. filed November 27, 2018)

### SEC Obtains Judgments Against Defendants in a Fraudulent Microcap Manipulation Scheme

The Securities and Exchange Commission announced today that, on October 17, 2024, the U.S. District Court for the District of Massachusetts entered final judgments against California resident Brian Quinn and New York resident David Skriloff in an SEC case alleging that they participated in a fraudulent scheme from the manipulation and illegal sale of stock of a publicly traded company, Environmental Packaging Technologies Holdings, Inc. ("Environmental Packaging"). Among other things, they were each ordered to pay $230,464 in civil penalties. The court previously entered judgments against four other defendants, including a judgment against Swiss resident Daniel Lacher in 2022 that, among other things, ordered him to pay a total of over $479,000 in disgorgement of ill-gotten gains, prejudgment interest, and civil penalties.

The SEC's complaint was filed in 2018 against four defendants, including Lacher, and was later amended in 2019 to add Quinn and Skriloff as defendants. The complaint alleged that Quinn facilitated the reverse merger between a "public shell company" secretly controlled by co-defendant Morrie Tobin and a privately held operating company of which Skriloff was the Chief Executive Officer. The complaint further alleged that after the reverse merger, Quinn arranged and oversaw a $1 million promotional campaign designed to increase demand for Environmental Packaging's publicly traded stock and directed certain offshore asset managers to sell stock held by Tobin for a profit. According to the complaint, Skriloff became the CEO of Environmental Packaging and made misstatements in public reports filed with the SEC about the reverse merger and the company's connection to the promotional campaign. The complaint alleged that Lacher, an offshore asset manager, facilitated various schemes, including the Environmental Packaging scheme, by utilizing a network of nominee entities to secretly hold control persons' shares, arranging for the deposit of those shares with brokers, selling those shares to investors, and sharing in the profits. The SEC halted trading in the securities of Environmental Packaging ⬇ on June 27, 2017. According to the complaint, Quinn, Skriloff, and Lacher participated in efforts to cover up the fraud and obstruct the investigation after the trading halt.

The SEC's complaint charged Quinn, Skriloff, and Lacher with violating the antifraud provisions of Sections 17(a)(1) and (3) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rules 10b-5(a) and (c) thereunder. It also charged Quinn with violating the securities registration provisions of Sections 5(a) and (c) of the Securities Act. The complaint charged Skriloff with violating Section 17(a)(2) of the Securities Act and Section 10(b) of the Exchange Act and Rule 10b-5(b) thereunder, aiding and abetting the other defendants' violations of Section 10(b) of the Exchange Act and Sections 17(a)(1) and (3) of the Securities Act, and aiding and abetting Environmental Packaging's violation of Section 17(a)(2) of the Securities Act.

Without admitting or denying the allegations, Quinn consented to the entry of a final judgment that includes injunctive relief for all charged provisions and the penny stock bar that were previously ordered by the court in a July 2022 judgment and orders him to pay a $230,464 civil penalty. Without admitting or denying the allegations, Skriloff consented to the entry of a final judgment that includes injunctive relief for all charged provisions and the penny stock and officer and director bars that were previously ordered by the court in an August 2024 judgment and orders him to pay a $230,464 civil penalty. The court previously entered a final judgment by default against Lacher on April 22, 2022 that included injunctive relief for all charged provisions, a penny stock bar, and an order to pay disgorgement of $53,658.73, pre-judgment interest of $11,651.93, and a civil penalty of $414,366.

The court previously entered judgments in 2021 against defendants Tobin, Matthew Ledvina, and Milan Patel, and, with the entry of the judgments against Quinn and Skriloff, the SEC's case is now concluded.

The SEC's litigation was conducted by David Scheffler, Kathleen Shields, J. Lauchlan Wash, and Amy Gwiazda of the SEC's Boston Regional Office.

---

Return to top

**About the SEC**
- Budget & Performance
- Careers
- Commission Votes
- Contact

**Transparency**
- Accessibility & Disability
- Artificial Intelligence
- Cummings Notice
- FOIA

**Websites**
- Investor.gov ⬈
- Related Sites
- USA.gov ⬈

**Site Information**
- Plain Writing
- Privacy & Security
- Site Map

**Stay connected. Sign up for email updates.**

Your email address



Contracts

Inspector General

No FEAR Act & EEO Data

Ombuds

SEC Excess Personal Property
Guidance ±

SIGN UP

U.S. Securities and
Exchange Commission

   

# EXHIBIT A-3

# Case Summary

| | |
|---|---|
| **Case Number:** | 11HF1329 |
| **OC Pay Number:** | 6682651 |
| **Originating Court:** | Harbor - Newport Beach Facility |
| **Pay or Appear by:** | |
| **Traffic School Completion Date:** | |
| **Next Payment Date:** | |
| **Defendant:** | Denne, Joshua Christopher |
| **Demographics:** | |

| | |
|---|---|
| Eyes: | Blue |
| Hair: | Brown |
| Height(ft/in) : | 5'4" |
| Weight (lbs): | 160 |

**Names:**

| Last Name | First Name | Middle Name | Type |
|---|---|---|---|
| Denne | Joshua | Christopher | Real Name |
| Denne | Joshua | Christopher | Alias |
| Denne | Joshua | C | Alias |
| Deanne | Joshua | Christopher | Alias |
| Denne | Joshua | Christopher | Corrected Record |
| Denne | Joshua | Christophe | Alias |

**Case Status:**

| | |
|---|---|
| Status: | Convicted |
| Case Stage: | |
| Release Status: | Released on Own Recognizance |
| Warrant: | N |
| DMV Hold : | N |
| Charging Document: | Complaint |
| Mandatory Appearance: | Y |
| Owner's Resp: | N |
| Amendment #: | 0 |

**Counts:**

| Seq | S/A | Violation Date | Section Statute | OL | Violation | Plea | Plea Date | Disposition | Disposition Date |
|---|---|---|---|---|---|---|---|---|---|
| 1 | 0 | 11/06/2010 | 550(a)(1) PC | F | Making false or fraudulent claims | GUILTY | 02/07/2012 | Pled Guilty | 02/07/2012 |
| 2 | 0 | 11/07/2010 | 664(a)-PC487(a) PC | F | Attempted grand theft | NOT GUILTY | 10/31/2011 | Dismissed | 02/07/2012 |
| 3 | 0 | 11/06/2010 | 148.5(a) PC | M | False report of criminal offense | NOT GUILTY | 10/31/2011 | Dismissed | 02/07/2012 |

**Participants:**

| Role | Badge | Agency | Name | Vacation Start | Vacation End |
|---|---|---|---|---|---|
| Retained Attorney | | OCPD | Barnett, James | | |
| District Attorney | | OCDA | Cazares, Craig | | |
| District Attorney | | OCDA | Duke, Jennifer | | |
| Retained Attorney | | RETAT | Barnett, John D. | | |
| District Attorney | | OCDA | Castillo, Sayge | | |
| District Attorney | | OCDA | Sevigny, Mark Alan | | |
| District Attorney | | OCDA | Wagner, David | | |

**Heard Hearings:**

| Date | Hearing Type - Reason | Courtroom | Hearing Status | Special Hearing Result |
|---|---|---|---|---|
| 10/31/2011 | Arraignment - | H1 | Heard | 10 court days |
| 11/30/2011 | Pre Trial - | H1 | Heard | 60 calendar days |
| 01/18/2012 | Pre Trial - | H1 | Heard | Reasonable Time Waiver |
| 02/07/2012 | Pre Trial - | H1 | Heard | waives statutory time for |
| 04/10/2012 | Sentencing - | H1 | Heard | waives statutory time for |
| 06/11/2012 | Sentencing Modification | H1 | Heard | |
| 11/26/2012 | Motion Modification of Probation | C58 | Heard | |
| 11/08/2013 | Motion Terminate Probation | C58 | Heard | |

**Sentences:**

| Seq # | Sentence Date | Sentence | Due Date |
|---|---|---|---|
| 1 | 04/10/2012 | 3 years Probation | |
| 2 | 04/10/2012 | 120 days Jail | |
| 3 | 04/10/2012 | Restitution | |

**Probation:**

| Sent Seq # | Type | Term | End Date |
|---|---|---|---|
| 1 | FORMAL | 3 years | 11/08/2013 |

**History:**

| Status | Status Date | End Date |
|---|---|---|
| Active | 04/10/2012 | 04/09/2015 |
| Terminated | 11/08/2013 | 11/08/2013 |

# EXHIBIT A-4

| Offense Charged | Date of Offense or Charges Filed | Source State | Confidence Score | View Full Text |
|---|---|---|---|---|
| NOT SPECIFIED | 09/21/2022 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/10/2021 | CA | 64% | Full-Text |
| NOT SPECIFIED | 11/12/2019 | CA | 64% | Full-Text |
| CITATION | 11/12/2019 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/09/2019 | CA | 64% | Full-Text |
| CITATION | 08/09/2019 | CA | 64% | Full-Text |
| NOT SPECIFIED | 04/02/2018 | CA | 64% | Full-Text |
| NOT SPECIFIED | 02/13/2018 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/22/2017 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/24/2017 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/08/2017 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/04/2013 | CA | 64% | Full-Text |
| CITATION | 03/04/2013 | CA | 64% | Full-Text |
| NOT SPECIFIED | 03/04/2013 | CA | 64% | Full-Text |
| NOT SPECIFIED | 12/05/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 12/05/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 11/02/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 11/02/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/18/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/18/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/10/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/10/2012 | CA | 64% | Full-Text |
| NOT SPECIFIED | 02/01/2011 | CA | 64% | Full-Text |
| CITATION | 02/01/2011 | CA | 97% | Full-Text |
| CITATION | 02/01/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 02/01/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/28/2008 | CA | 64% | Full-Text |
| NOT SPECIFIED | 08/28/2008 | CA | 64% | Full-Text |
| I22356(B) VC | 04/20/2000 | CA | 91% | Full-Text |

**Lawsuit Records**

| Plaintiff | Defendant | Case Type | Confidence Score | View Full Text |
|---|---|---|---|---|
| QUINN DORA J | QUINN BRIAN C | CIVIL, FAMILY | 90% | Full-Text |
| HARNED QUINN S | IPO CONSULTANTS | CONVERSION | 90% | Full-Text |

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

| Plaintiff | Defendant | Case Type | Confidence Score | View Full Text |
|---|---|---|---|---|
| QUINN BRIAN C | H&B EDUCATION LLC AGENT AMY PETERS | CIVIL | 90% | Full-Text |
| QUINN BRIAN C | HOROWITCH MD ALAN | MALPRACTICE | 90% | Full-Text |

## Liens & Judgments

| Debtor | Creditor | Amount | Confidence Score | View Full Text |
|---|---|---|---|---|
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $263,151.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $263,151.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $101,674.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $253,704.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $253,704.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $101,674.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $58,636.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $143,508.00 | 99% | Full-Text |
| QUINN, BRIAN C | INTERNAL REVENUE SERVICE | $143,508.00 | 99% | Full-Text |
| QUINN, BRIAN C | STATE OF CALIFORNIA | $58,636.00 | 99% | Full-Text |

## UCC Records

| Debtor | Creditor | Confidence Score | View Full Text |
|---|---|---|---|
| GCB CAPITAL LLC | QUINN BRIAN | 97% | Full-Text |
| BRIAN C QUINN | RFF FAMILY PARTNERSHIP, LP | 99% | Full-Text |
| DESIREE MEJIA | BRIAN C. QUINN | 99% | Full-Text |

# Possible Business & Employment

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

# EXHIBIT A-5

Case 2:21-cv-00799-RSM    Document 453    Filed 05/07/25    Page 20 of 24

**Criminal & Infraction Records**

| Offense Charged | Date of Offense or Charges Filed | Source State | Confidence Score | View Full Text |
|---|---|---|---|---|
| NOT SPECIFIED | 08/31/2021 | CA | 64% | Full-Text |
| SPEED GREATER THAN REASON AND PRUDENT (10-15) [PE] | 04/29/2021 | AZ | 99% | Full-Text |
| SCHOOL ZONE > 15 MPH [PE] | 01/07/2019 | AZ | 99% | Full-Text |
| NOT SPECIFIED | 09/10/2014 | CA | 91% | Full-Text |
| NOT SPECIFIED | 11/17/2011 | CA | 91% | Full-Text |
| NOT SPECIFIED | 11/17/2011 | CA | 91% | Full-Text |
| CITATION | 07/07/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/07/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 07/07/2011 | CA | 64% | Full-Text |

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

| Offense Charged | Date of Offense or Charges Filed | Source State | Confidence Score | View Full Text |
|---|---|---|---|---|
| COMPLAINT | 05/23/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/23/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 05/23/2011 | CA | 64% | Full-Text |
| NOT SPECIFIED | 01/01/2010 | CA | 64% | Full-Text |
| NOT SPECIFIED | 01/01/2010 | CA | 64% | Full-Text |
| NOT SPECIFIED | 04/28/2009 | CA | 91% | Full-Text |
| NOT SPECIFIED | 01/16/2009 | CA | 64% | Full-Text |
| NOT SPECIFIED | 01/16/2009 | CA | 64% | Full-Text |
| CITATION | 01/07/2009 | CA | 64% | Full-Text |
| NOT SPECIFIED | 10/28/2008 | CA | 64% | Full-Text |
| NOT SPECIFIED | 10/28/2008 | CA | 64% | Full-Text |
| DRIVING 21-25 MPH ABOVE LIMIT | 08/24/2007 | IL | 79% | Full-Text |
| NOT SPECIFIED | 06/19/2007 | CA | 97% | Full-Text |
| CITATION | 06/08/2007 | CA | 97% | Full-Text |
| NOT SPECIFIED | 04/06/2007 | CA | 97% | Full-Text |
| NOT SPECIFIED | 03/15/2005 | CA | 91% | Full-Text |
| NOT SPECIFIED | 04/01/2004 | CA | 97% | Full-Text |
| NOT SPECIFIED | 09/18/2000 | CA | 91% | Full-Text |

**Arrest Records**

| Offense Charged | County of Arrest | Date of Arrest | State | Confidence Score | View Full Text |
|---|---|---|---|---|---|
| | ORANGE | 06/09/2012 | | 99% | Full-Text |
| | ORANGE | 12/29/2010 | | 99% | Full-Text |
| | ORANGE | | | 62% | Full-Text |
| | ORANGE | | | 62% | Full-Text |

**Lawsuit Records**

| Plaintiff | Defendant | Case Type | Confidence Score | View Full Text |
|---|---|---|---|---|
| DRIESBACH DAWN A | APPLICATION DESIGN CONSULTING INC | CIVIL - UNLIMITED | 90% | Full-Text |

**Liens & Judgments**

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

| Debtor | Creditor | Amount | Confidence Score | View Full Text |
|--------|----------|--------|------------------|----------------|
| DENNE, JOSHUA C | INTERNAL REVENUE SERVICE | $27,182.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $10,836.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $10,836.00 | 99% | Full-Text |
| DENNE, JOSHUA C | INTERNAL REVENUE SERVICE | $27,182.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $7,620.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $7,620.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $1,849.00 | 99% | Full-Text |
| DENNE, JOSHUA C | STATE OF CALIFORNIA | $1,849.00 | 99% | Full-Text |

**Dockets**

| Court | Filing Date | Confidence Score | View Full Text |
|-------|-------------|------------------|----------------|
| Superior Court | 10/16/2018 | 62% | Full-Text |
| Superior Court | 10/07/2016 | 62% | Full-Text |
| Court of Common Pleas | 06/10/2013 | 62% | Full-Text |
| Superior Court | 12/06/2012 | 62% | Full-Text |
| SUPERIOR COURT | 04/23/2012 | 62% | Full-Text |

**UCC Records**

| Debtor | Creditor | Confidence Score | View Full Text |
|--------|----------|------------------|----------------|
| SDK META LLC | DENNE, JOSHUA | 97% | Full-Text |

# Possible Business & Employment

**Corporate Records & Business Registrations**

The data provided to you by WESTLAW may not be used as a factor in establishing a consumer's eligibility for credit, insurance, employment, or for any other purpose authorized under the FCRA.

1    THE HONORABLE RICARDO S. MARTINEZ

2    THE HONORABLE THERESA L. FRICKE

3

4

5

6

7

8    IN THE UNITED STATES DISTRICT COURT

9    FOR THE WESTERN DISTRICT OF WASHINGTON

10    AT SEATTLE

11    UTHERVERSE GAMING LLC,                Case No. 2:21-cv-00799-RSM

12                    Plaintiff,            **[PROPOSED] ORDER GRANTING**
                                            **PLAINTIFF UTHERVERSE GAMING'S**
13        v.                                **MOTION *IN LIMINE* NO. 11**

14    EPIC GAMES, INC.,

15                    Defendant.

16        Having considered Plaintiff Utherverse Gaming's Motion *in Limine* No. 11, and all

17    materials submitted in support thereof, IT IS HEREBY ORDERED that Plaintiff's Motion is

18    GRANTED.

19

20        Dated this __ day of _____, 2025.

21

22                                        _____

23                                        HONORABLE RICARDO S. MARTINEZ
                                          UNITED STATES DISTRICT JUDGE
24

25

26



1    Presented by:

2

3                                                  */s/ Emily McNally*
                                          By:     Emily McNally (WSBA No. 60710)
4    *Of Counsel*:                                **POLSINELLI PC**
                                                  1000 Second Avenue, Suite 3500
5    Colby B. Springer                            Seattle, WA 98104
     Colby B. Springer (admitted *pro hac vice*)  Tel:  206-393-5400
6    Miya Yusa (admitted *pro hac vice*)          Fax:  206-393-5401
     **POLSINELLI LLP**                           Email:  emcnally@polsinelli.com
7    Three Embarcadero Center, Suite 2400
     San Francisco, CA 94111
8    Tel:  415-248-2100                    By:     Melenie Van
     Fax: 415-248-2101                              Melenie Van (admitted *pro hac vice*)
9    Email:  cspringer@polsinelli.com              **POLSINELLI LLP**
     Email:  myusa@polsinelli.com                  2049 Century Park East, Suite 2900
10                                                 Los Angeles, CA 90067
     Mark T. Deming                                Tel:    (310) 229-1355
11   Mark T. Deming (admitted *pro hac vice*)      Fax:    (415) 276-8959
     **POLSINELLI PC**                             Email:  mvan@polsinelli.com
12   150 N. Riverside Place, Suite 3000
     Chicago, IL 60606
13   Tel:  312-819-1900
     Fax: 312-819-1901                             Attorneys for Plaintiff Utherverse
14   Email:  mdeming@polsinelli.com                Gaming LLC

15   Kathryn Gusmer Cole (admitted *pro hac
     vice*)
16   J. Mark Wilson (admitted *pro hac vice*)
     **MOORE & VAN ALLEN LAW**
17   100 North Tryon Street, Ste. 4700
     Charlotte, NC  28202
18   Tel:  (704) 331-1045
     Fax:  (704) 409-5659
19   Email:  katecole@mvalaw.com
     Email:  markwilson@mvalaw.com
20

21

22

23

24

25

26

[PROPOSED] ORDER GRANTING MOTION IN
LIMINE NO. 11
CASE NO. 2:21-CV-00799-RSM

**POLSINELLI**
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400