IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UTHERVERSE GAMING LLC,

Plaintiff,

v.

EPIC GAMES, INC.,

Defendant.

Case No. 2:21-cv-00799-RSM

**JOINT STATEMENT OF DISPUTED PROPOSED VERDICT FORMS**

Plaintiff Utherverse Gaming LLC ("Utherverse Gaming") and Defendant Epic Games, Inc. ("Epic Games") propose competing verdict forms. Pursuant to Local Civil Rule 51(f), this Joint Statement of Disputed Proposed Verdict Forms presents each party's proposal followed by a position statement in support.

**PLAINTIFF UTHERVERSE GAMING'S PROPOSED VERDICT FORM**

**Instructions**: When answering the following questions and completing this Verdict Form, you must follow the instructions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. You must refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

1. "Utherverse Gaming" refers to Plaintiff Utherverse Gaming LLC.
2. "Epic Games" refers to Defendant Epic Games, Inc.
3. The "'605 Patent" refers to U.S. Patent No. 9,724,605.
4. The "asserted claims" refers to claims 2, 5, and 8 of the '605 Patent.
5. The "accused events" refers to two virtual events created and implemented by Epic Games in its multiplayer online videogame Fortnite: the Travis Scott and Ariana Grande Events.

We, the jury, unanimously find as follows:

**QUESTION NO 1.** Has Utherverse Gaming proven by a preponderance of the evidence that either or both of the accused events infringed at least one of the asserted claims?

Check "YES" (for Utherverse Gaming) or "NO" (for Epic Games).

**a. '605 Patent Claim 2**

i. Travis Scott Events

Yes _____ No____

ii. Ariana Grande Events

Yes _____ No____

**b. '605, Patent, Claim 5**

i. Travis Scott Events

Yes _____ No____

ii. Ariana Grande Events

Yes _____ No____

**c. '605, Patent, Claim 8**

i. Travis Scott Events

Yes _____ No____

ii. Ariana Grande Events

Yes _____ No____

*Please proceed to Question No. 2.*

**QUESTION NO. 2.** Has Epic Games proven by clear and convincing evidence that the following claims of the ’605 Patent are invalid?

Check “YES” (for Epic Games) or “NO” (for Utherverse Gaming)

**a. ’605 Patent Claim 2**

Yes _____ No____

**b. ’605, Patent, Claim 5**

Yes _____ No____

**c. ’605, Patent, Claim 8**

Yes _____ No____

*If you answered “YES” for one or more claims in Question No. 1 for either accused event and also answered “NO” to Question No. 2 for those same claims (in other words, you found at least one claim infringed and not invalid), then please proceed to Question No. 3. Otherwise please skip to the last page, sign and date the verdict form, and return it to the court clerk.*

**QUESTION NO. 3.** What is the total amount of damages Utherverse Gaming has proven by a preponderance of the evidence that would compensate Utherverse Gaming for Epic Games' infringement of the '605 Patent?

$___________________________________

**QUESTION NO. 4.** If you entered an amount of damages for Question No. 5, did that amount reflect a calculation of percentage royalty damages, or a one-time lump sum royalty payment?

Percentage Royalty ________________

One-Time Lump Sum Royalty Payment ________________

Please sign and date below and return this verdict form to the court clerk.

**Presiding Juror: _______________________________________________________**

**Dated: _______________________________________________________________**

**<u>Plaintiff's Position:</u>**

Defendant proposes that the jurors answer ***four*** separate questions regarding invalidity. Defendant's proposal is prejudicial in that it places undue emphasis on invalidity. The jury instructions will already direct the jury as to each of the bases for invalidity and to find the claims invalid if Defendant carries its burden, and juries are presumed to follow the instructions. *GPNE Corp. v. Apple Inc.*, 108 F. Supp. 3d 839, 859 (N.D. Cal. 2015). Repeating the bases for invalidity with separate questions is unnecessarily duplicative when the Federal Circuit has held generic verdict are sufficient. *See,e.g., Structural Rubber Prods. v. Park Rubber Co.*, 749 F.2d 707, 720 (Fed. Cir. 1984) ("a trial court may, with proper instructions, present a patent case to the jury for a general verdict encompassing all of the issues of validity and infringement, or may ask for a general answer on one or more specific legal issues.") (internal citations omitted). "The specificity of the verdict is within the discretion of the trial judge," *Hoechst Celanese Corp. v. BP Chemicals Ltd*., 78 F.3d 1575, 1581 (Fed. Cir. 1996), and in this case the Court should use general questions.

Further, Defendant cites the sample verdict form of the N.D. Cal. model patent instructions in support of its multiple invalidity questions. However, the model sample verdict form's questions on anticipation (Defendant's Question 2), obviousness (Defendant's Question 3), and enablement (Defendant's Question 4) provide much more context and guidance than do Defendant's proposals, and Defendant's Question 5 is not present in the model sample verdict form at all. *See* N.D. Cal. Model Patent Jury Instruction No. C.3. If the Court elects to follow the sample verdict form from the model, it should use the more fulsome explanations, rather than Defendant's truncated versions.

**DEFENDANT EPIC GAMES' PROPOSED VERDICT FORM**

**Instructions**: When answering the following questions and completing this Verdict Form, please follow the instructions provided and follow the Jury Instructions that you have been given. Your answer to each question must be unanimous. Some of the questions contain legal terms that are defined and explained in the Jury Instructions. Please refer to the Jury Instructions if you are unsure about the meaning or usage of any legal term that appears in the questions below.

As used herein:

"Utherverse" refers to Plaintiff Utherverse Gaming LLC.

"Epic" refers to Defendant Epic Games, Inc.

The "'605 patent" refers to U.S. Patent No. 9,724,605.

The "asserted claims" refers to claims 2, 5, and 8 of the '605 patent.

The "accused events" refers to two events hosted by Epic in its multiplayer online videogame *Fortnite*: the Travis Scott and Ariana Grande concerts.

We, the jury, unanimously find as follows:

**QUESTION NO 1.** Has Utherverse proven by a preponderance of the evidence that either of the accused events infringed any of the asserted claims?

Check "YES" (for Utherverse) or "NO" (for Epic)

| PATENT/CLAIM | INFRINGED – TRAVIS SCOTT? | INFRINGED – ARIANA GRANDE? |
|---|---|---|
| '605 patent, claim 2 | YES ______ NO ______ | YES ______ NO ______ |
| '605 patent, claim 5 | YES ______ NO ______ | YES ______ NO ______ |
| '605 patent, claim 8 | YES ______ NO ______ | YES ______ NO ______ |

*Please proceed to Question No. 2.*

**QUESTION NO. 2.** Has Epic proven by clear and convincing evidence that any of the asserted claims is anticipated by the prior art?

Check "YES" (for Epic) or "NO" (for Utherverse)

| PATENT/CLAIM | INVALID AS ANTICIPATED BY THE PRIOR ART? |
|---|---|
| '605 patent, claim 2 | YES ______ NO ______ |
| '605 patent, claim 5 | YES ______ NO ______ |
| '605 patent, claim 8 | YES ______ NO ______ |

*Please proceed to Question 3.*

**QUESTION NO. 3.** Has Epic proven that by clear and convincing evidence that any of the asserted claims is invalid as obvious based on the prior art?

Check "YES" (for Epic) or "NO" (for Utherverse)

| PATENT/CLAIM | INVALID AS OBVIOUS BASED ON THE PRIOR ART? |
|---|---|
| '605 patent, claim 2 | YES ______ NO ______ |
| '605 patent, claim 5 | YES ______ NO ______ |
| '605 patent, claim 8 | YES ______ NO ______ |

*Please proceed to Question 4.*

**QUESTION NO. 4.** Has Epic proven by clear and convincing evidence that any of the asserted claims are invalid for lack of enablement?

Check "YES" (for Epic) or "NO" (for Utherverse)

| PATENT/CLAIM | INVALID FOR LACK OF ENABLEMENT? |
|---|---|
| '605 patent, claim 2 | YES ______ NO ______ |
| '605 patent, claim 5 | YES ______ NO ______ |
| '605 patent, claim 8 | YES ______ NO ______ |

*Please proceed to Question 5.*

**QUESTION NO. 5.** Has Epic proven by clear and convincing evidence that the elements of any of the asserted claims, taken individually or together, involved only technology that a person of ordinary skill in the art would consider to be well-understood, routine, and conventional as of August 12, 2014?

| PATENT/CLAIM | INVALID AS WELL-UNDERSTOOD, ROUTINE, AND CONVENTIONAL? |
|---|---|
| '605 patent, claim 2 | YES ______ NO ______ |
| '605 patent, claim 5 | YES ______ NO ______ |
| '605 patent, claim 8 | YES ______ NO ______ |

*If you answered "YES" for one or more claims in Question No. 1 for either accused event and also answered "NO" to Questions Nos. 2-5 for those same claims (in other words, you found at least one claim infringed and not invalid), then please proceed to Question No. 6. Otherwise, please skip to the last page, sign and date the verdict form, and return it to the court clerk.*

**QUESTION NO. 6.** What is the total amount of damages Utherverse has proven by a preponderance of the evidence that it is entitled to as a reasonable royalty for Epic's infringement?

Total Amount for Infringement: $_____________

**QUESTION NO. 7.** If you entered an amount of damages for Question No. 5, did that amount reflect a calculation of percentage royalty damages, or a one-time lump sum royalty payment:

| TYPE OF DAMAGES | SELECT ONE |
|---|---|
| Percentage Royalty | ☐ |
| One Time, Lump Sum Royalty Payment | ☐ |

*Please proceed to the last page, sign and date the verdict form, and return it to the court clerk.*

**UNANIMOUS VERDICT**

UPON REACHING A UNANIMOUS VERDICT ON EACH QUESTION ABOVE, EACH JUROR MUST SIGN BELOW.

We, the jury, unanimously agree to the answers to the above questions and return them under the instructions of this Court as our verdict in this case.

______________________ ______________________

______________________ ______________________

______________________ ______________________

______________________ ______________________

______________________ ______________________

______________________ ______________________

______________________ ______________________

______________________ ______________________

**Defendant's Position:**

*Validity (Question Nos. 2-5):* Epic's proposal is consistent with the sample verdict form in the model jury instructions, which explicitly separates questions for each distinct invalidity theory. *See* N.D. Cal. Model Patent Jury Instruction No. C.3. This structure promotes clarity and ensures that a jury's findings are easily reviewable on appeal. *Cordance Corp. v. Amazon.com, Inc.*, 658 F.3d 1330, 1337 (Fed. Cir. 2011) ("due to the presentation of multiple invalidity theories and the jury's general verdict, it remains unclear upon which ground(s) the jury based its findings of invalidity"). Even where only one invalidity theory is at issue, such theory should be identified within the verdict form's question. For example, if the issue is obviousness, the verdict form should ask whether any of the asserted claims are "invalid as obvious based on the prior art." This approach, consistent with the sample verdict form, promotes clarity for the jury and preserves a clean record for appeal. The Court should therefore adopt Epic's proposal.

DATED this 11th day of May, 2025

Respectfully submitted,

By: */s/*

Emily McNally (WSBA No. 60710)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel: 206-393-5400
Fax: 206-393-5401
Email: emcnally@polsinelli.com

Melenie Van (admitted *pro hac vice)*
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel: (310) 229-1355
Fax: (415) 276-8959
Email: mvan@polsinelli.com

Jonathan Spivey (admitted *pro hac vice*)
**POLSINELLI PC**
1000 Louisiana Street, Suite 6400
Houston, TX 77002
Tel.: (713) 374-1600
Fax: (713) 374-1601
Email: jspivey@polsinelli.com

Colby B. Springer (admitted *pro hac vice)*
Miya Yusa (admitted *pro hac vice*)
Iqra Iqbal (admitted *pro hac vice*)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel: 415-248-2100
Fax: 415-248-2101
Email: cspringer@polsinelli.com
Email: myusa@polsineilli.com
Email: iiqbal@polsinelli.com

Mark T. Deming (admitted *pro hac vice*)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL 60606
Tel: 312-819-1900
Fax: 312-819-1901
Email: mdeming@polsinelli.com

Kathryn Gusmer Cole (admitted *pro hac vice*)
J. Mark Wilson (admitted *pro hac vice*)
**MOORE & VAN ALLEN LAW**
100 North Tryon Street, Ste. 4700
Charlotte, NC 28202
Tel: (704) 331-1045
Fax: (704) 409-5659
Email: katecole@mvalaw.com
Email: markwilson@mvalaw.com

**Attorneys for Plaintiff**
**UTHERVERSE GAMING LLC**

Respectfully submitted,

*/s/*


Daralyn J. Durie (*pro hac vice*)
DDurie@mofo.com
Timothy C. Saulsbury (*pro hac vice*)
TSaulsbury@mofo.com
Eric C. Wiener (*pro have vice*)
EWiener@mofo.com
Ramsey W. Fisher (*pro hac vice*)
ramseyfisher@mofo.com
Sara Doudar (*pro hac vice*)
SDoudar@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522

Katherine E. McNutt (*pro hac vice*)
KMcNutt@mofo.com
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017-3543
Telephone: 213-892-5200
Facsimile: 213-892-5454

Antoine M. McNamara
(WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough
(WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000

Bethany D. Bengfort
bengfort@turnerboyd.com
Turner Boyd Seraphine LLP
155 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: 650-529-4752

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055


**Attorneys for Defendant**
**EPIC GAMES, INC.**