THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>EPIC GAMES, INC.,<br><br>                Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**DEFENDANT EPIC GAMES, INC.'S MEMORANDUM OF LAW REGARDING CLAIM REQUIREMENT FOR AVATARS** |

The Court should reject Utherverse's proposal for Final Instruction No. 11 regarding the "interpretation of claims." Utherverse's instruction adds additional language to the Court's claim construction order that was not part of the Court's final construction. Dkt. 456 at 3. Utherverse seeks to confuse the construction of the term "initial scene state"—which the parties agree may, but does not need to, have avatars—with the additional express requirement in the claim that "one or more avatars" must be included in the recorded experience file that is played back. Utherverse's position misstates the Court's claim construction order and conflicts with the plain language of the claim.

During claim construction, the Court stated that the definition of the term "initial scene state," *on its own*, did not require "one or more avatars." Dkt. 133 at 13. Epic does not dispute this. Other claims in the '605 patent use the term "initial scene state" without any additional limitation, and those claims do not require avatars. *See, e.g.*, TX001 at p. 16 (12:18-38), claim 19 ("the processor plays back the recorded experience file in the new instance by rendering . . . objects of the initial scene state in the new instance and rendering updates to the initial scene state . . . ."). Claim 1, however, add the requirement that the playback of the recorded experience file must "includ[e] one or more avatars." *Id.* at p. 15 (10:48-53). The parties did not ask for that additional limitation to be construed.

During claim construction, Utherverse contended that the definition of "initial scene state" did not need to expressly recite the presence of avatars because those avatars were already required by the separate claim limitation "including one or more avatars." Dkt. 133 at 13. Utherverse explained that, as a result, it was not necessary for the Court to introduce an additional "redundant and repetitive" requirement that the "initial scene state" include avatars. *See* Dkt. 301-7 at 86:15-19 ("because the recitation of the avatar actually appears in the claim, [] having it be part of [both] the construction [of initial scene state] and [] the claim would actually make it redundant and repetitive"). Utherverse never suggested that the "one or more avatars" were entirely different avatars that were not present in the recorded experience file.

| EPIC'S MEMORANDUM OF LAW RE CLAIM REQUIREMENT FOR AVATARS (CASE NO. 2:21-CV-00799-RSM) | -1- | MORRISON & FOERSTER LLP<br>425 Market Street, San Francisco, CA<br>Tel: 415-268-7000 |
|---|---|---|

Now, faced with the undisputed absence of avatars in what they allege to be the recorded experience file that gets played back, Utherverse's expert made an entirely new argument. In particular, Utherverse's expert argued that the avatars in the "playing back" limitation can be different, new "player avatars" that are attending the events in real time. In other words, Utherverse argues that the "avatars" referenced in the "playing back limitation" do not have to be rendered from playback, but they can instead watch that playback. Not only is this inconsistent with the claim language, which requires "***playing back the recorded experience file by*** rendering . . . objects . . . including one or more avatars," it also completely contradicts Dr. Rosenberg's prior testimony in this case. Dr. Rosenberg interpreted the avatars in the playing back limitation as "optional" and did not suggest that the "one or more avatars" were different player avatars not present in the recording that was being played back. *See* Rosenberg Depo Tr. (5/30/23) at 26:22-27:08 ("Claim 1 is talking about avatars that are optional, that may or may not be present in the recorded experience file and that would be in the playing back limitation"); *id.* at 29:19-30:06 ("the avatars in claim 2 are the same as the avatars in the last limitation of claim 1 which are different from the avatars in the playing back limitation which has to do with potential avatars, the optional avatars in the initial scene state"); *id.* at 182:1-183:3 ("There's avatars that are . . . the optional avatars as being in the recorded experience file, in the playing back limitation, and there is the avatars that are player controlled which are the ones that are in the automatically transporting.").

The plain language of the claims, the prosecution history of the patent, and the governing law all make clear that claim 1 requires "one or more avatars" in the playback of the recorded experience file. Utherverse should not be permitted to confuse the jury into thinking otherwise. The Court should therefore adopt Epic's proposal for Disputed Jury Instruction No. 11.

Dated: May 15, 2025

By:   /s/ Daralyn J. Durie
Daralyn J. Durie (*pro hac vice*)
DDurie@mofo.com
Timothy C. Saulsbury (*pro hac vice*)
TSaulsbury@mofo.com
Eric C. Wiener (*pro have vice*)
EWiener@mofo.com
Ramsey Fisher (*Pro hac vice*)
ramseyfisher@mofo.com
Katherine E. McNutt (*pro hac vice*)
KMcNutt@mofo.com
Sara Doudar (*pro hac vice*)
SDoudar@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522

Bethany D. Bengfort
bengfort@turnerboyd.com
Turner Boyd Seraphine LLP
155 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: 650-529-4752

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

Steven R. Stark (WSBA No. 39639)
astark@perkinscoie.com
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000

*Attorneys for Defendant Epic Games, Inc.*

EPIC'S MEMORANDUM OF LAW RE CLAIM REQUIREMENT FOR AVATARS (CASE NO. 2:21-CV-00799-RSM)   -3-   MORRISON & FOERSTER LLP
425 Market Street, San Francisco, CA
Tel: 415-268-7000

**CERTIFICATE OF SERVICE**

I hereby certify that on May 15, 2025, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

                                                 */s/ Daralyn Durie*
                                                 Daralyn Durie