THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>             Plaintiff,<br><br>    v.<br><br>EPIC GAMES, INC.,<br><br>             Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**PLAINTIFF UTHERVERSE GAMING LLC'S MEMORANDUM REGARDING JURY INSTRUCTIONS AND VERDICT FORM** |

Plaintiff Utherverse Gaming LLC ("Utherverse Gaming"), in advance of the close of the jury trial in the above-captioned matter, submits the following memorandum to present its positions for the Court's consideration in determining final jury instructions[1] and language of the verdict form.

---

[1] Epic Games submitted an entirely new proposed jury instruction (captioned "Epic's Proposed Special Instruction No. 11A") at 11:19 pm the night before closing arguments in this case. Utherverse Gaming objects to this proposed instruction as not based on any model instruction, contrary to law, prejudicial, misleading, and unnecessary given that Utherverse Gaming has not asserted any independent claim from the '605 patent. The cases cited by Epic as the basis for this instruction do not support the instruction. Utherverse Gaming will be prepared to discuss Epic's proposed jury instruction at the charge conference.

UTHERVERSE GAMING LLC'S MEMORANDUM
ON JURY INSTRUCTIONS AND VERDICT FORM
CASE NO. 2:21-CV-00799-RSM

POLSINELLI
1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA  98104 • Tel:  206-393-5400

## I. UTHERVERSE GAMING LLC'S RESPONSE TO DEFENDANT EPIC GAMES, INC.'S MEMORANDUM OF LAW REGARDING CLAIM REQUIREMENT FOR AVATARS [ECF NO. 456]

Utherverse Gaming hereby responds to Defendant Epic Games, Inc.'s ("Epic") Memorandum of Law Regarding Claim Requirement for Avatars (ECF No. 456) filed during day four of trial in the above-referenced case. As an initial matter, Epic's submission does not articulate any actual issue with Final Instruction No. 11 regarding the "interpretation of claims." To be sure, despite captioning its submission as a "Memorandum of Law," Epic does not cite any law in its memorandum. Instead, Epic complains about a problem of its own creation and uses its submission to inject new, and improper, claim construction arguments into the case. The Court should disregard Epic's submission.

Respectfully, it is Epic that is seeking to confuse the issues with regard to "avatars" in the asserted claims of the '605 patent. As the Court stated in its Order Re: Claim Construction, avatars are <u>not</u> required in the initial scene state of the recorded experience file, but instead "may simply be included." ECF No. 133 at 13. Despite this express ruling, Epic has argued at trial that it does not infringe the asserted claims because avatars are not in the initial scene state of the recorded experience files for the accused events. Such testimony is contrary to the Court's Order Re: Claim Construction, unfairly prejudicial to Utherverse Gaming, and confusing and misleading to the jury.

When the Court's construction of "initial scene state" (which was proposed by Epic and adopted by the Court) is read in conjunction with the rest of the claim elements in this limitation, the "playing back" step reads as follows:

> playing back the recorded experience file by rendering, for display by the at least one client device, objects of the [*scene state information, including at least a position and orientation of objects, including **avatars**, rendered in the scene at a beginning of time period of new recording of the scene*] in the new instance, including one or more **avatars**, and rendering updates to the initial scene state based on the subsequent changes over the time period.

As a result, avatars are referenced in this limitation twice: first, with regard to optional avatars that might be present in the initial scene state of the recorded experience and, second, with regard to avatars associated with the client devices that are rendered for display at the playing back of the recorded experience file.[2] The Court determined, in its Order Re: Claim Construction, that the avatars referenced in the construction of initial scene state are not required, but Epic does not want to so inform the jury. Epic should not be permitted to confuse the jury into thinking otherwise.

Utherverse Gaming respectfully submits that the jury should be instructed about the Court's finding that avatars are not required, and may simply be included, in the initial scene state of the recorded experience file.

## II. UTHERVERSE GAMING'S POSITION STATEMENT ON THE FINAL JURY INSTRUCTIONS REGARDING APPORTIONMENT

On May 14, 2025, and May 15, 2025, the Court provided Utherverse Gaming and Epic Games with its proposed final jury instructions. The language the Court provided for the final instruction on Reasonable Royalty – Definition, Instruction No. 21 in the May 14, 2025 set and Instruction No. 19 in the May 15, 2025 set, includes the following brief paragraph instructing the jurors how to assess apportionment:

> If the patent covers only part of Epic Games' accused events, then the base would normally be only that feature or component. For example, if you find that for a $100 car, the patented feature is the tires which sell for $5, the base revenue would be $5.

In the Joint Statement of Disputed Final Jury Instructions, Utherverse Gaming noted that this paragraph is redundant of the standalone apportionment instruction that directly follows this

---

[2] Dr. Rosenberg testified consistently at his deposition when he stated "they're talking about two different kinds of avatars in Claim 1". Rosenberg Depo Tr. (5/30/23) at 26:25-27:1. At trial, he was consistent, again, when he testified about optional avatars in the initial scene state of the recorded experience file. Epic claims, without any support, that "Utherverse's expert made an entirely new argument" at trial that was somehow "inconsistent with the claim language" and "contradicts Dr. Rosenberg's prior testimony in this case." ECF No. 465 at 3. The Court heard this same argument from Epic at trial, reviewed Dr. Rosenberg's expert report and his deposition transcript, and ruled against Epic on all of these points.

1  final instruction. Joint Statement of Disputed Final Jury Instructions, ECF No. 456 at 17:7-13,
2  21:1-17. In view of the Court's preliminary decisions on the final jury instructions, Utherverse
3  Gaming contends that the standalone apportionment instruction should not be included. The
4  Northern District of California Model Jury Instructions, which are reflected by the Court's
5  preliminary decisions, do not include such a standalone instruction. Indeed, instructing the jury
6  on the concept twice risks potential confusion and places undue emphasis on the issue. Utherverse
7  Gaming asks the Court to eliminate the standalone apportionment instruction.

**III.    CONFORMING REVISIONS TO JURY INSTRUCTIONS**

Based on its review of the Court's preliminary decisions on the final jury instructions, Utherverse Gaming requests the following changes to conform the instructions to each other and to the issues that will be submitted to the jury:

(a) In Instruction 10, in the second sentence of the third paragraph, the sentence "A patent may be invalid for several reasons, including because it claims subject matter that is not new or is obvious" should be revised to remove the words "is not new" because anticipation is no longer asserted by Defendant.

(b) In Instruction 10, the fourth paragraph (concerning anticipation) and the sixth paragraph (concerning enablement) should be omitted because neither anticipation nor enablement continues to be asserted by Defendant.

(c) In Instruction 10, the fifth paragraph should no longer begin "Another way that a claim may be invalid" but instead should begin "A way that a claim may be invalid."

(d) In Instruction 12, the second sentence should read: "To prove infringement of any claim, Utherverse <u>Gaming</u> must persuade you <u>by a preponderance of the evidence</u> that Epic Games has infringed that claims."

(e) In Instruction 14, the third sentence should read: "To prove invalidity of any patent claim, Epic Games must persuade you <u>by clear and convincing evidence</u> that the claim is invalid."

## IV. PRESERVATION OF OBJECTION TO SPECIFIC VERDICT QUESTIONS

Utherverse Gaming understands the Court's decision as to the verdict form is to ask separate questions for each ground of invalidity—obviousness and subject-matter eligibility. For purposes of preserving its position for appeal, Utherverse Gaming maintains that general verdict questions as it originally proposed would be proper and more appropriate.

## V. UTHERVERSE GAMING'S STATEMENT ON THE OBVIOUSNESS QUESTION OF THE FINAL VERDICT FORM

The obviousness question reflected in the Court's preliminary jury verdict form asks "Has Epic by clear and convincing evidence that any of the asserted claims is invalid as obvious based on the prior art?" As an initial matter, this question is missing the word "proven" between "Epic" and "by", and Utherverse Gaming requests that it be revised to read "Has Epic proven by …." Additionally, Utherverse Gaming requests that the Court specify to the jury that Epic's obviousness contention is limited to the combination of the Miura patent and the Sony publication, which was the only combination of references presented by Epic for the jury to consider.

Identifying the prior art involved in the jury's determination provides clarity to the jury as to what it is asked to consider in rendering its verdict. The jury has heard testimony throughout trial on numerous references, including Second Life, Unreal Engine 3, Unreal Tournament 3, Fortnite, Gears of War 3, and numerous other programs and video games that are not asserted to be prior art by Defendant. Failing to specify the actual grounds of invalidity that are properly before the jury creates the potential for confusion and the risk of an improper verdict.

## VI. UTHERVERSE GAMING'S STATEMENT ON THE SUBJECT-MATTER ELIGIBILITY QUESTION OF THE FINAL VERDICT FORM

The subject-matter eligibility question reflected in the Court's preliminary jury verdict form should make clear to the jury the meaning and affect of its answers. As with the other questions, the prompt should explicitly inform the question that a "YES" is for one party (Epic) and a "NO" is for the other (Utherverse Gaming). Moreover, as with the obviousness question, the prompt should communicate to the jury that the affect of answering "YES" is to hold the claims

invalid.

Subject-matter eligibility is a difficult concept that even district court and appellate courts struggle to reconcile. The question has only recently begun to be presented to jurors, and thus none of the model rules relied on by the parties in preparing the instructions and verdict forms include models instructions or questions directed to subject-matter eligibility. The parties' submissions are similar to instructions and questions that have been given in the handful of cases in which this question has gone to the jury. Even in those cases, inconsistent verdicts have occurred—i.e., the jury returned a verdict that the patent was **valid** and infringed, but also involved only well-understood, routine, and conventional technology, meaning the jury verdict both found the patent valid and resulted in it being held invalid. To avoid such inconsistent and mistaken results in this case, the question itself should make clear that an affirmative answer is tantamount to finding the claims invalid.

DATED this 16th day of May, 2025

Respectfully submitted,

*/s/ Emily C. McNally*

By: Emily McNally (WSBA No. 60710)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA  98104
Tel:  206-393-5400
Fax: 206-393-5401
Email:  emcnally@polsinelli.com

Colby B. Springer (*pro hac vice*)
Miya Yusa (*pro hac vice*)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA  94111
Tel:  415-248-2100
Fax: 415-248-2101
Email:  cspringer@polsinelli.com
Email:  myusa@polsineilli.com

Mark T. Deming (*pro hac vice*)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL  60606
Tel:  312-819-1900
Fax: 312-819-1901
Email:  mdeming@polsinelli.com

Kathryn Gusmer Cole (*pro hac vice*)
J. Mark Wilson (*pro hac vice*)
**MOORE & VAN ALLEN LAW**
100 North Tryon Street, Ste. 4700
Charlotte, NC  28202
Tel:  (704) 331-1045
Fax:  (704) 409-5659
Email: katecole@mvalaw.com
Email: markwilson@mvalaw.com

Melenie Van (*pro hac vice*)
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel:     (310) 229-1355
Fax:    (415) 276-8959
Email:  mvan@polsinelli.com

**Attorneys for Plaintiff
UTHERVERSE GAMING LLC**