THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br>Plaintiff,<br>v.<br>EPIC GAMES, INC.,<br>Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**PLAINTIFF UTHERVERSE GAMING LLC'S SUPPLEMENTAL TRIAL BRIEF REGARDING QUESTION 3 AS TO CLAIM 2 OF U.S. PATENT NO. 9,724,605** |

## I. INTRODUCTION

Plaintiff Utherverse Gaming LLC ("Utherverse Gaming") submits this requested supplemental briefing regarding "the need or ability of the Court to issue its own legal conclusions for Question 3" as to Claim 2 of U.S. patent number 9,724,605 (the "'605 Patent"). MAY 19, 2025 CORRESPONDENCE FROM LAURIE CUARESMA TO COUNSEL; *see also* DKT. 471.[1] The jury's advisory opinion for Question 3 as to claim 2 is not binding on the Court; the Court can and should find that Epic Games, Inc. ("Epic") failed to satisfy step 2 of the "*Alice* test."[2] The Court is also free to find—and should find—that Epic failed to satisfy step 1 of the "*Alice* test."

[1] The Court previously agreed with and adopted (on the record) "the advisory opinion of the jury" that claims 5 and 8 were patent eligible. MAY 17, 2025 ROUGH TRANS. at 8:4-5. The Court's inquiry is limited solely to claim 2. *See id.* at 8:14-16.

[2] *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014).





1000 SECOND AVENUE, SUITE 3500
SEATTLE, WA 98104 • Tel: 206-393-5400

Claim 2 of the ’605 Patent is not an abstract idea. Epic failed to prove by clear and convincing evidence that the steps of claim 2—alone or in combination—are well-understood, routine, and conventional. The Court should therefore correctly find claim 2 of the ’605 Patent ***not*** invalid under Section 101; claim 2 exhibits patent eligible subject matter.

## II. THE COURT CAN REJECT THE ADVISORY VERDICT FOR QUESTION 3 AS TO CLAIM 2

Federal Rule of Civil Procedure 39(c) provides that in an action not triable of right by a jury, the Court may “try any issue with an advisory jury” or “try any issue by a jury whose verdict has the same effect as if a jury trial had been a matter of right.” FED. R. CIV. P. 39(c)(1),(2). Federal Rule 52(a) correspondingly provides that “[i]n an action tried on the facts without a jury or with an advisory jury, the court must find the facts specially and state its conclusions of law separately.” FED. R. CIV. P. 52(a)(1). The parties and the Court—prior to charging of the jury—agreed that the question of patent eligible subject matter would be presented to the jury for an *advisory* verdict consistent with these rules.

This agreement is consistent with the Federal Circuit’s holding that it “is the universal rule” that “[w]here a court submits the question to a jury, and both parties agree that the jury findings will be advisory, the court shall treat them as such.” *Am. Calcar, Inc. v. Am. Honda Motor Co.*, 651 F.3d 1318, 1334 (Fed. Cir. 2011). “[A]n advisory jury merely advises. Its findings of fact are not binding on the trial court”; “the court is free to adopt its findings in whole or in part or to disregard them altogether.” *Wilson v. City of Aliceville*, 779 F.2d 631, 635–36 (11th Cir. 1986). Simply put—this Court is “at liberty to accept or reject [an] advisory verdict.” *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 2020 WL 503085 at *1, n.1 (W.D. Wash. Jan. 30, 2020) (citations omitted).

## III. THE COURT SHOULD REJECT THE ADVISORY VERDICT AND FIND CLAIM 2 VALID

“Patent eligibility under 35 U.S.C. § 101 is a question of law, based on underlying factual

findings." *Uniloc USA, Inc. v. LG Electronics USA, Inc.*, 957 F.3d 1303, 1306 (Fed. Cir. 2020); *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018) ("whether a claim recites patent eligible subject matter is a question of law which may contain underlying facts"). "To distinguish between eligible and ineligible patent claims, the Supreme Court has fashioned a two-step test." *Cellspin Soft, Inc. v. Fitbit, Inc.*, 927 F.3d 1306, 1314 (Fed. Cir. 2019); *see generally Alice*, 573 U.S. 208 (setting forth the two-step test). Evidence presented at trial shows that claim 2 is clearly ***patent eligible*** under this test.

**A. The Court Should Find Claim 2 Valid Under *Alice* Step One**

The first step is to "determine whether the claims at issue are directed to a patent-ineligible concept." *Alice*, 573 U.S. at 217. "[T]his inquiry often turns on whether the claims focus on the specific asserted improvement in computer capabilities" or "a process that qualifies as an 'abstract idea' for which computers are invoked merely as a tool." *Ancora Techs., Inc. v. HTC Am., Inc.*, 908 F.3d 1343, 1347 (Fed. Cir. 2018). Claims that recite improvements "necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks" are inventive and patent eligible. *See DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014); *see also Ancora*, 908 F.3d at 1347 ("Computers are improved not only through changes in hardware"; "software can [likewise] make non-abstract improvements to computer technology" (internal quotations and modifications omitted).

Epic argues that the Court's earlier determination on a Rule 12(b)(6) motion to dismiss that the claims are directed to an abstract idea is conclusively established. This is not consistent with the law. The Court has the "power at any time prior to its entry of its final judgment at the close of the accounting to reconsider any portion of its decision and reopen any part of the case." *Mendenhall v. Barber-Green Co.*, 26 F.3d 1573, 1581 (Fed. Cir. 1994). The Ninth Circuit similarly explains that "[p]retrial rulings, often based on incomplete information, don't bind district judges for the remainder of the case." *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir.

2014) (en banc). "[W]hen considering whether to grant judgment as a matter of law, [the trial court should] look only at the evidence ***actually introduced at trial***." *Id.* (emphasis added).

Epic did not present clear and convincing evidence at trial that evidences claim 2 is directed to an abstract idea. *See Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 979 (N.D. Cal. 2018) (finding the court was not bound by its order on a motion to dismiss that a patent was directed to an abstract idea; it remained defendant's burden to prove as much "by clear and convincing evidence in order to move onto the second step" of *Alice*). The evidence presented at trial, and *not previously before the Court*, instead confirmed that the limitations of claim 2—taken either individually or as a whole—are directed to more than a mere abstract idea.[3] *See CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1370 (Fed. Cir. 2020) (reversing a finding of lack of patent eligibility when "[n]othing in the record in this case suggests that the claims merely computerize pre-existing techniques"). Claim 2 is not—as Epic would have the Court believe—simply modeling a real-world concert performance on a computer. The Court should therefore find claim 2 is not directed to an abstract idea. The Court should instead hold the claim ***valid*** at ***step one***

---

[3] The Court heard substantial evidence at trial that claim 2 was ***not*** directed to an abstract idea, but rather a concrete solution to a particular problem suffered in generating virtual computer-generated environments. *See* MAY 12, 2025 ROUGH TRANS. at 160:25-161:4, 161:10-18 (Mr. Shuster testified there are multiple problems in trying to playback a recorded experience for many users that are related to capacity and data, resources, memory, and bandwidth); MAY 13, 2025 ROUGH TRANS. at 81:15-23 (Mr. Burch testified that for computer performance reasons you cannot put a million avatars or even ten thousand avatars into the same scene because the client application that runs on the user's computer can only render so much graphic data); *id.* at 82:4-15 (Mr. Burch further testified about how the use of multiple copies of instances can resolve issues of load balancing and traffic); *id.* at 119:14-22, 128:25-131:17, 156:10-21 (Mr. Imbriaco testified for Epic that large scale experiences involve a high degree of graphic complexity and interactivity that stress the processor or requires large amounts of memory); *id.* at 176:9-19, 177:3-178:1 (Mr. Axt testified for Epic about the stress on back-end services that spikes of players created); MAY 14, 2025 ROUGH TRANS. at 52:14-53:3, 92:25-93:2 (Dr. Rosenberg testified that you cannot put 27 million players in one instance of a scene in a virtual world – nothing would work); MAY 16, 2025 ROUGH TRANS. at 20:20-21:6, 21:16-18, 22:21-23:1 (David Crane testified that the claimed inventions solved problems with bandwidth and processing power constraints); 23:2-13 (David Crane opined that the claims were patent eligible); *see also* MAY 15, 2025 ROUGH TRANS. at 142:8-17 (Mr. Ellinger admitted on cross examination that "overcrowding was a problem back in 2014" and "is certainly a problem [virtual world companies] have to deal with" and "account for" even today).

thereby obviating any need to consider the jury's advisory opinion that pertained only to step two. *C.f.* MAY 16, 2025 ROUGH TRANS. at 11:12-22 (Plaintiff's Rule 50 motion arguing "[n]either Mr. Ellinger nor any other Epic Games witness offered any testimony concerning the first step of the Alice test"; "Epic's defense fails on step one alone").

**B. The Court Should Find Claim 2 Valid Under *Alice* Step Two**

"If the claims are not directed to a patent ineligible concept at step one, [this Court] need not address step two of the inquiry." *Vanda Pharms. Inc. v. West-Ward Pharms. Int'l Ltd.*, 887 F.3d 1117, 1135 (Fed. Cir. 2018); *accord* MAY 16, 2025 ROUGH TRANS. at 11:17-18 (Plaintiff's Rule 50 motion arguing "step two of Alice does not need to be considered, because step one is not met"). The second *Alice* step nevertheless involves a consideration of "the elements of each claim both individually and 'as an ordered combination' to determine whether the additional elements 'transform the nature of the claim' into a patent-eligible application." *Alice*, 573 U.S. at 217 (internal quotations omitted). "This second step is a search for an 'inventive concept'—i.e., an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the ineligible concept itself." *Data Engine Techs. LLC v. Google LLC*, 906 F.3d 999, 1007 (Fed. Cir. 2018) (internal quotations omitted).

"The 'inventive concept' may arise in one or more of the individual claim limitations or in the ordered combination of the limitations." *Bascom Global Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1349 (Fed. Cir. 2016). "The question of whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *Berkheimer*, 881 F.3d at 1368. While the jury issued an advisory verdict as to the limitations of claim 2 being well-understood, routine, and conventional, that finding is not binding; the Court can and should reject it. *See Am. Calcar*, 651 F.3d at 1333 (noting an advisory jury verdict on inequitable conduct was non-binding and required the trial court to resolve the underlying factual issues).

Epic did not present evidence at trial that satisfied its burden of proving by clear and convincing evidence that the limitations of claim 2 were well-understood, routine, and conventional. The only evidence Epic proffered were unsubstantiated opinions from Mr. Ellinger.[4] But Mr. Ellinger also admitted at trial that he was ***not*** offering any opinions on patent eligibility. *See* MAY 15, 2025 ROUGH TRANS. at 138:22-139:3 (stating his only opinion was that the '605 Patent was obvious and otherwise confirming he was not advancing any other invalidity opinions); *see also id.* at 139:19-140:13, 142:18-21 (confirming the only invalidity opinion he was offering was obviousness based on Miura and Sony references).

Furthermore, the limitations must also be considered "as an ordered combination." *Alice*, 573 U.S. at 217. Epic elicited no testimony from any witness on this issue. There is insufficient evidence for the Court to find—as a matter of law—that claim 2 is patent ineligible under the two-step test of *Alice*. The jury's advisory opinion should be disregarded.

## IV. CONCLUSION

The Court can disregard the jury's advisory opinion as it pertains to claim 2 on Question 3 (patent ineligible subject matter). And the Court should disregard that advisory opinion. The Court should enter findings of fact and conclusions of law reflecting that Epic did not show by clear and convincing evidence that claim 2 of the '605 Patent was invalid under Section 101. The Court should find claim 2 of the '605 Patent as encompassing patent eligible subject matter under both prongs of the *Alice* test.

[4] Mr. Ellinger's testimony was nothing but conclusory acquiescence to counsel's leading general questions about concepts not in the claims of the '605 Patent: "were virtual environments routine and convention in 2014?"; "[w]ere large multiplayer online games routine and conventional as of 2014?"; and similar questions about "instancing" and "crowd control." MAY 15, 2025 ROUGH TRANS. at 44:8-20, 115:11-16, 116:16-117:15, 118:10-119:7.

DATED this 27th day of May, 2025

Respectfully submitted,

By: */s/ Emily C. McNally*

Emily McNally (WSBA No. 60710)
**POLSINELLI PC**
1000 Second Avenue, Suite 3500
Seattle, WA 98104
Tel: 206-393-5400
Fax: 206-393-5401
Email: emcnally@polsinelli.com

Melenie Van (*pro hac vice)*
**POLSINELLI LLP**
2049 Century Park East, Suite 2900
Los Angeles, CA 90067
Tel: (310) 229-1355
Fax: (415) 276-8959
Email: mvan@polsinelli.com

Colby B. Springer (*pro hac vice)*
Miya Yusa (*pro hac vice*)
**POLSINELLI LLP**
Three Embarcadero Center, Suite 2400
San Francisco, CA 94111
Tel: 415-248-2100
Fax: 415-248-2101
Email: cspringer@polsinelli.com
Email: myusa@polsineilli.com

Mark T. Deming (*pro hac vice*)
**POLSINELLI PC**
150 N. Riverside Place, Suite 3000
Chicago, IL 60606
Tel: 312-819-1900
Fax: 312-819-1901
Email: mdeming@polsinelli.com

Kathryn Gusmer Cole (*pro hac vice*)
J. Mark Wilson (*pro hac vice*)
**MOORE & VAN ALLEN LAW**
100 North Tryon Street, Ste. 4700
Charlotte, NC 28202
Tel: (704) 331-1045
Fax: (704) 409-5659
Email: katecole@mvalaw.com
Email: markwilson@mvalaw.com

**Attorneys for Plaintiff**
**UTHERVERSE GAMING LLC**