THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>                Plaintiff,<br><br>   v.<br><br>EPIC GAMES, INC.,<br><br>                Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**DEFENDANT EPIC GAMES, INC.'S BRIEF REGARDING QUESTION 3 OF VERDICT FORM** |

EPIC'S BRIEF RE: QUESTION 3 OF
VERDICT FORM
(CASE NO. 2:21-CV-00799-RSM)

1

**Morrison & Foerster LLP**,
425 Market Street, San Francisco, CA,
Tel: 415-268-7000

# TABLE OF CONTENTS

Page

I. INTRODUCTION ............................................................................................................. 1

II. LEGAL STANDARD ....................................................................................................... 2

III. The Jury's response to Question 3 establishes that Claim 2 is Patent Ineligible ................ 3

    A. The Court Already Concluded that the Asserted Claims Are Directed to an Abstract Idea at Step 1 .................................................................... 3

    B. The Jury Verdict Conclusively Establishes that Claim 2 Does Not Contain an Inventive Concept at Step Two ................................................................ 4

    C. The Jury's Verdict Regarding the Conventionality of Claim 2 Is Not Inconsistent with Its Verdict Regarding Claims 5 and 8 ................................. 6

IV. CONCLUSION .................................................................................................................. 6

EPIC'S BRIEF RE: QUESTION 3 OF
VERDICT FORM
(CASE NO. 2:21-CV-00799-RSM)

i

**Morrison & Foerster LLP**,
425 Market Street, San Francisco, CA,
Tel: 415-268-7000

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Aatrix Software, Inc. v. Green Shades Software, Inc.*,
　882 F.3d 1128 (Fed. Cir. 2018) ................................................................................................ 2

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*,
　573 U.S. 208 (2014) .......................................................................................... 1, 2, 3, 6

*Exergen Corp. v. Kaz USA, Inc.*,
　725 F. App'x 959 (Fed. Cir. 2018) ........................................................................................... 5

*Finjan, Inc. v. Blue Coat Sys., Inc.*,
　879 F.3d 1299 (Fed. Cir. 2018) ................................................................................................ 2

*Intellectual Ventures II LLC v. FedEx Corp.*,
　No. 2:16-CV-00980-JRG, 2019 WL 2297048 (E.D. Tex. Mar. 29, 2019) ................................. 3

*Savvy Dog Sys., LLC v. Pennsylvania Coin, LLC*,
　No. 3:19-CV-01470, 2022 WL 4349829 (M.D. Pa. Sept. 19, 2022) ......................................... 3

*Uniloc USA, Inc. v. LG Elecs. USA, Inc.*,
　957 F.3d 1303 (Fed. Cir. 2020) ................................................................................................ 2

*WBIP, LLC v. Kohler Co.*,
　829 F.3d 1317 (Fed. Cir. 2016) ................................................................................................ 5

*Yu v. Apple Inc.*,
　1 F.4th 1040 (Fed. Cir. 2021) ............................................................................................ 2, 3

**Statutes**

35 U.S.C. § 101 ............................................................................................................................ 3, 6

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 3

EPIC'S BRIEF RE: QUESTION 3 OF
VERDICT FORM
(CASE NO. 2:21-CV-00799-RSM)

ii

**Morrison & Foerster LLP**,
425 Market Street, San Francisco, CA,
Tel: 415-268-7000

## I. INTRODUCTION

The Court should enter judgment, consistent with the jury's response to Question 3 on the verdict form, that claim 2 of the '605 Patent is patent ineligible and therefore invalid under 35 U.S.C. § 101. As the Court previously recognized, the determination of patent eligibility is governed by the two-part test outlined in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208, 217 (2014). Dkt. 49 at 11; *see also* Dkt. 57. The Court applied the *Alice* framework to the asserted claims of the '605 Patent and found that factual questions regarding the second part of the two-part *Alice* test precluded a judgment of invalidity on the pleadings. Dkt. 49 at 23; *see also* Dkt 57. Specifically, the Court held that, as a matter of law, the asserted claims of the '605 Patent were directed to patent-ineligible subject matter under *Alice* step one but that there remained a question of fact whether, under *Alice* step two, the claims "contain[] an inventive concept because they establish non-conventional and non-generic arrangements of known computer components[.]" Dkt. 49 at 21, 23:14-23; *see also* Dkt. 57.

The jury's response to Question 3 conclusively answers (in the negative) that sole remaining question of whether claim 2 involved a "non-conventional" and "non-generic" arrangement of computer components. The jury found that Epic proved, by clear and convincing evidence, that the elements of claim 2, "taken individually or together, involved only technology that a person of ordinary skill in the art would consider to be well-understood, routine, and conventional" as of the priority date of the '605 Patent. Dkt. 473 at 4. This determination is supported by substantial evidence. *See infra* section III.B. The jury also found that Epic had not proved that the elements of claims 5 and 8 involved well-understood, routine and conventional technology. Dkt. 473 at 4. Because claims 5 and 8 contain requirements that claim 2 does not, this determination does not contradict the jury's determination regarding claim 2. *See* TX001 at 11:3-5, 11:11-12. As such, the Court should enter judgment consistent with the jury verdict that claim 2 is invalid under 35 U.S.C. § 101.

## II. LEGAL STANDARD

In *Alice*, the Supreme Court set out a two-step framework for determining whether the subject matter of a patent claim is patent-eligible under Section 101. 573 U.S. at 217. In step one, the court first determines whether the claim is directed to a "patent-ineligible concept[]" such as a law of nature, a natural phenomenon, or an abstract idea. *Id*. If so, the court proceeds to step two, determining whether the claim nonetheless includes an "inventive concept," additional elements sufficient to "transform the nature of the claim into a patent-eligible application." *Id*. (internal quotation marks omitted).

For *Alice* step one, a patent is "directed to … what[ever] the patent asserts to be the focus of the claimed advance over the prior art." *Yu v. Apple Inc.*, 1 F.4th 1040, 1043 (Fed. Cir. 2021). In software cases, "this inquiry often turns on whether the claims focus on specific asserted improvements in computer capabilities or instead on a process or system that qualifies [as] an abstract idea for which computers are invoked merely as a tool." *Uniloc USA, Inc. v. LG Elecs. USA, Inc.*, 957 F.3d 1303, 1306-07 (Fed. Cir. 2020).

*Alice* step two is "a search for an 'inventive concept'—*i.e.*, an element or combination of elements that is 'sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself.'" *Alice*, 573 U.S. at 217-18 (alteration in original). A "foundational patent law principle" underlying step two is "that a result, even an innovative result, is not itself patentable." *Finjan, Inc. v. Blue Coat Sys., Inc.*, 879 F.3d 1299, 1305 (Fed. Cir. 2018). For a patent to include an "inventive concept," the elements of its claims must go beyond "well-understood, routine, or conventional" activities known in the industry at the time of the invention. *Aatrix Software, Inc. v. Green Shades Software, Inc.*, 882 F.3d 1121, 1128 (Fed. Cir. 2018). Although "the ultimate determination of eligibility under § 101 is a question of law," whether "the claim elements or the claimed combination are well-understood, routine, conventional is a question of fact." *Id.*

### III. THE JURY'S RESPONSE TO QUESTION 3 ESTABLISHES THAT CLAIM 2 IS PATENT INELIGIBLE

#### A. The Court Already Concluded that the Asserted Claims Are Directed to an Abstract Idea at Step 1

At the outset of this litigation, Epic filed a motion to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) and 35 U.S.C. § 101 for failure to state a claim. Dkt. 34. In resolving that motion, the Court held that, as a matter of law under *Alice* step one, the asserted claims of the '605 Patent are directed to an abstract idea. Dkt. 49 at 21; *see also* Dkt. 57. Specifically, the Court held that "the claims in the '605 Patent are directed at the concept of using generic computer functions to record, transmit, and playback data, which is an abstract idea." Dkt. 49 at 21. In addition, "the alleged improvements from the '605 Patent are the ability to transport one or more avatars to the recorded instance." *Id.* The Court concluded that, because "the claims do not explain how this is done," the claims are directed to "an abstract idea which invokes a computer merely as a tool." *Id.*

The Court's determination regarding *Alice* step one was correct and is the "law of the case" that governs this issue. *See Savvy Dog Sys., LLC v. Pennsylvania Coin, LLC*, No. 3:19-CV-01470, 2022 WL 4349829, at *5 (M.D. Pa. Sept. 19, 2022) (declining to revisit the Court's prior decision on Alice step one due to "law of the case"); *Intell. Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980-JRG, 2019 WL 2297048, at *13 (E.D. Tex. Mar. 29, 2019) (similar). At summary judgment, the Court reaffirmed the conclusion from its motion to dismiss order that the claims failed Step 1 of *Alice* and thus separately addressed only Step 2. *See* Dkt. 368 at 1, 21-23 (recommending the Court hold that the '071 Patent claims invalid under 35 U.S.C. § 101 because the Court had already determined that its claims were directed to an abstract idea under step one and there was no genuine dispute of fact regarding "the second part of the test in Alice"); *see also* Dkt. 391 at 1 (adopting the recommendation). The Court's determination was based on its review of the claims and specification—which have not changed—and no developments in the factual record warrant reconsideration of this issue. *See* Dkt. 368 at 1, 21-23; *see also* Dkt. 391 at 1; *Yu*, 1 F.4th at 1043

("In conducting [the step one] inquiry, we must focus on the language of the asserted claims themselves, considered in light of the specification." (cleaned up)).

The only remaining questions regarding patent eligibility therefore pertain to *Alice* step two.

### B. The Jury Verdict Conclusively Establishes that Claim 2 Does Not Contain an Inventive Concept at Step Two

The jury's verdict answers the question of fact whether the asserted claims of the '605 Patent contained a patent-eligible inventive concept under *Alice* step two. *See* Dkt. 473 at 4. After Epic moved to dismiss, the Court held that Utherverse's complaint plausibly alleged that the "'605 Patent contains an inventive concept because [the asserted claims] establish non-conventional and non-generic arrangements of known computer components and virtual-reality environment components." Dkt. 49 at 23; *see also* Dkt. 57. The jury was asked to resolve the factual dispute concerning whether "limitations of the asserted claim(s), when taken individually and when taken as an ordered combination, involve only technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional as of August 12, 2014." Dkt. 472 (Final Jury Instructions) at 20. And so they did.

The jury found that Epic had proved by clear and convincing evidence that the elements of claim 2, taken alone or in combination, involved only technology that was well-understood, routine, and conventional by the '605 Patent's priority date. Dkt. 473 at 4. That finding is supported by the record. The technology involved in claim 1, from which claim 2 depends, includes processors, servers, memory, and client devices that are used to record and replay experiences in a virtual world and transport avatars to different instances of the virtual world when one instance fills up to maximum capacity. *See* TX001 at 10:37-59. Claim 2 adds another requirement that the movement of the avatars referred to in claim 1 is "limited by objects of the recorded experience." *Id.* at 10:59-62. Utherverse asserted that these claims elements were met by (1) Epic's Unreal Engine sequencer tool, which Epic's animators used to make the animations for the events; (2) Epic's dedicated servers, which allowed Epic to create different "instances" of

EPIC'S BRIEF RE: QUESTION 3 OF
VERDICT FORM
(CASE NO. 2:21-CV-00799-RSM)

-4-

MORRISON & FOERSTER LLP
425 Market Street, San Francisco, CA
Tel: 415-268-7000

the virtual environments where the animations were played; and (3) Epic's matchmaking service, which automatically connected players in a lobby to a different dedicated if one dedicated server hit maximum capacity. May 14, 2025, Day 3, Rough Trial Tr. at 39:14-22 (Rosenberg), 44:19-45:11 (Rosenberg), 53:13-54:15 (Rosenberg), 78:18-79:13 (Rosenberg).

The jury heard evidence that all of this technology was well-understood by 2014. May 15, 2024, Day 5, Rough Trial Tr. at 115:6-119:7 (Ellinger), 157:18-158:7 (Ellinger); *see also* 44:8-46:14 (Ellinger), 78:21-79:15 (Ellinger). Epic's expert, Benjamin Ellinger, testified that "processors, servers, memory, and client devices" were all well-understood, routine, and conventional by August 2014, and were used in claim 2 in conventional ways. *Id.* at 118:09-119:7. Mr. Ellinger also testified that "record and replay" functionality and the use of "instancing" to transport avatars to different copies of the virtual worlds with player limits was routine and conventional. *Id.* at 44:16-46:14, 78:21-79:15, 115:11-117:11. Mr. Ellinger further testified that the use of collision to limit movement in the virtual world was routine and conventional. *Id.* at 41:25-42:18, 44:8-15, 115:11-13, 118:23-24. Finally, Mr. Ellinger testified that the technology that Utherverse accused of infringement—including the "sequencer" tool used to create animations, the dedicated servers used for instancing, and the matchmaking service used to connect players to different instances when one server hits maximum capacity—used technology that was well-understood, routine, and conventional as of August 2014. *Id.* at 116:21-119:7, 135:14-136:3.

The evidence presented to the jury constitutes clear and convincing evidence that supports the jury's conclusion that the technology involved in claim 2 was well-understood, routine, and conventional as of the '605 Patent's priority date. *See WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1326, 1337 (Fed. Cir. 2016) (explaining that the jury's factfinding must be left "undisturbed if supported by substantial evidence" even under a standard of clear and convincing evidence); *see also Exergen Corp. v. Kaz USA, Inc.*, 725 F. App'x 959, 965 (Fed. Cir. 2018) ("The question of whether a claim element is well-understood, routine, and conventional to a skilled artisan in the relevant field is a question of fact and deference must be given to the determination made by the

EPIC'S BRIEF RE: QUESTION 3 OF
VERDICT FORM
(CASE NO. 2:21-CV-00799-RSM)

-5-

MORRISON & FOERSTER LLP
425 Market Street, San Francisco, CA
Tel: 415-268-7000

fact finder on this issue."). The jury found that claim 2 contains no "inventive concept" under step two of the *Alice* test. It is therefore invalid under 35 U.S.C. § 101.

### C. The Jury's Verdict Regarding the Conventionality of Claim 2 Is Not Inconsistent with Its Verdict Regarding Claims 5 and 8

The jury's findings that Epic did not prove the conventionality of the technology in claims 5 and 8 does not contradict its finding that Epic did so with respect to claim 2. Claims 5 and 8 recite additional elements that claim 2 does not require, including that "the recorded experience file is not modifiable by events occurring during playback" (claim 5) and "the new instance of the scene is three-dimensional" (claim 8). *See* TX001 at 11:3-5, 11:11-12. The jury was free to determine that Epic had not met its burden of clear and convincing evidence regarding the conventionality of these ***additional*** requirements. It did so, and its findings on these issues should not affect the Court's determinations with respect to the validity of claim 2.

### IV. CONCLUSION

The jury's response to Question 3 on the verdict form establishes that claim 2 is patent-ineligible under 35 U.S.C. § 101. It is supported by substantial evidence. It is consistent with the evidence, the jury's other findings, and the governing law. The Court should therefore enter judgment of invalidity of claim 2 of the '605 Patent.

Dated: May 27, 2025

By:   */s/ Daralyn J. Durie*
    Daralyn J. Durie (*pro hac vice*)
    DDurie@mofo.com
    Timothy C. Saulsbury (*pro hac vice*)
    TSaulsbury@mofo.com
    Eric C. Wiener (*pro have vice*)
    EWiener@mofo.com
    Ramsey Fisher (*Pro hac vice*)
    ramseyfisher@mofo.com
    Katherine E. McNutt (*pro hac vice*)
    KMcNutt@mofo.com
    Sara Doudar (*pro hac vice*)
    SDoudar@mofo.com
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105
    Telephone: 415-268-7000
    Facsimile: 415-268-7522

    Bethany D. Bengfort
    bengfort@turnerboyd.com
    Turner Boyd Seraphine LLP
    155 Bovet Road, Suite 600
    San Mateo, CA 94402
    Telephone: 650-529-4752

    Mark A. Lemley (*pro hac vice*)
    mlemley@lex-lumina.com
    LEX LUMINA PLLC
    745 Fifth Avenue, Suite 500
    New York, NY 10151
    Telephone: (646) 898-2055

Steven R. Stark (WSBA No. 39639)
astark@perkinscoie.com
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000

*Attorneys for Defendant Epic Games, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2025, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Daralyn Durie*
Daralyn Durie

EPIC'S BRIEF RE: QUESTION 3 OF VERDICT FORM
(CASE NO. 2:21-CV-00799-RSM)

-8-

**MORRISON & FOERSTER LLP**
425 Market Street, San Francisco, CA
Tel: 415-268-7000