UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>Plaintiff,<br><br>v.<br><br>EPIC GAMES INC.,<br><br>Defendant. | Case No. C21-799-RSM<br><br>ORDER ADDRESSING QUESTION 3 OF VERDICT FORM |

This matter comes before the Court on the parties' supplemental briefing with regard to Question 3 of the Verdict Form. *See* Dkts. #471, #476, and #477.

At the conclusion of trial, after the jurors were excused, the Court issued a ruling as to the question of patent invalidity for obviousness—Question 2 of the Verdict Form—based on an advisory jury opinion. The parties then indicated that the Court should issue a similar ruling as to Question 3 – patent eligibility. The Court requested supplemental briefing.

The determination of patent eligibility is governed by the two-part test outlined in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208, 217 (2014). Dkt. #49 ("Report and Recommendation") at 11. The Court has previously applied the *Alice* framework and found that 1) the asserted claims of the '605 Patent are directed to an abstract idea and 2) factual questions in the second part of the *Alice* test precluded a judgment of invalidity on the

ORDER ADDRESSING QUESTION 3 OF VERDICT FORM - 1

pleadings. Dkt. #49 at 21–23; *see also* Dkt #57 ("Order Adopting Report and Recommendation"). This is why the issue went to the jury.

The parties appear to disagree as to whether Question 3 resulted in an advisory jury opinion or simply a jury verdict answering a factual question that the Court can then plug into its prior legal rulings. *See* Dkts. #476 and #477. The Court finds that the outcome below would be the same either way, and any confusion about the advisory nature of the jury's verdict was harmless.

The jury found "yes" to the question of whether, by clear and convincing evidence, the elements of claim 2 of the '605 Patent "involved only technology that was well-understood, routine, and conventional as of August 12, 2014." Dkt. #473 at 4. For claims 5 and 8, the jury answered "no." *Id*.

The Court finds that the jury's response to Question 3 conclusively answers the above remaining *Alice* factual questions and that there is no basis in law or the record for the Court to come to different factual findings or to overturn any prior legal conclusions. The result is a finding that claim 2 is patent-ineligible under 35 U.S.C. § 101. That the jury answered differently for claims 5 and 8 is not inconsistent with the record.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that judgment should be entered consistent with the jury's verdict in this case.

DATED this 27th day of May, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE