THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>EPIC GAMES, INC.,<br><br>　　　　　　Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT EPIC GAMES, INC.'S MOTION FOR COSTS (ECF NO. 482)** |

I.  **INTRODUCTION**

Utherverse Gaming LLC ("Utherverse Gaming") submits this opposition to Defendant Epic Games, Inc.'s ("Epic") Motion for Costs (ECF No. 482) pursuant to Civil Local Rule 54(d)(2). Epic requests an award of costs after judgment was entered in its favor only on the issue of infringement and but one claim for one count of its 13 affirmative defenses and 9 counterclaims. ECF No. 287, 14-21, 22-37; ECF No. 479. Judgment was entered in favor of Utherverse Gaming on all other issues of invalidity presented to the jury. *See* ECF No. 479. Epic also forewent many of those causes of action and defenses at or up through trial—many within hours of witness testimony.[1] This mixed result—one where the issues decided or abandoned in Utherverse

---

[1] Epic notified the Court it was abandoning invalidity positions concerning indefiniteness, anticipation, written description, enablement, and certain obviousness combinations mid-trial.



1  Gaming's favor far outweigh those of Epic—does not meet the requirement that Epic be considered the "prevailing party" entitled to costs. Nor was there a declaration of a prevailing party. Even if Epic were found to claim that title, the complexity of issues in this case warrants that the Court exercise its discretion and deny Epic's request for costs. At the very least, Epic should be denied certain untaxable costs.

## II.  LEGAL STANDARD

Courts consider two steps in determining whether a party is entitled to an award of costs under Federal Rule 54(d): "(1) does that party meet the definition of a 'prevailing party' under Rule 54(d); and (2) should the Court exercise its broad discretion and award only low costs or no costs at all." *Multimedia Pat. Tr. v. Apple Inc.*, 2013 WL 12094820, at *3 (S.D. Cal. Feb. 6, 2013), *aff'd*, 571 F. App'x 955 (Fed. Cir. 2014). Federal Circuit law controls under the first step; the second step is a matter of regional circuit law. *Mformation Techs., Inc. v. Rsch. In Motion Ltd.*, 2012 WL 6025746, at *2 (N.D. Cal. Dec. 4, 2012).

The Federal Circuit has held that for a party to be a prevailing party, it must obtain relief that "materially alters the legal relationship between the parties." *Manildra Mill. Corp., v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182 (Fed. Cir. 1996). Courts have found that the legal relationship between a patentee (like Utherverse Gaming) and an accused infringer (Epic) has not been materially altered when—as is the case here—a partial judgment rendered the asserted patents not infringed and not invalid. *See, e.g., Lifescan Inc., v. Home Diagnostics, Inc.*, 2001 WL 1339405 (D. Del. 2001); *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 569 F. Supp. 2d 819, 833 (W.D. Wis. 2008), *aff'd,* 607 F.3d 784 (Fed. Cir. 2010); *Dentsply Int'l Inc. v. Hu-Friedy Mfg. Co.*, 2007 WL 2409739 (M.D. Pa. Aug. 20, 2007); *Senior Techs., Inc. v. R.F. Techs., Inc.,* 190 F.R.D. 642, 644 (D. Neb. 2000); *Compro-Frink Co. v. Valk Mfg. Co.,* 595 F. Supp. 302, 304 (E.D. Pa. 1982). In considering whether to deny or lower an award of costs, the Ninth Circuit has considered factors such as whether "the issues in the case were close and difficult," "the prevailing party's recovery was nominal or partial," and "the losing party litigated in good

faith." *Champion Produce, Inc. v. Ruby Robinson Co.,* 342 F.3d 1016, 1022 (9th Cir. 2003).

**III.   ARGUMENT**

    **A.     Epic Was Not the Prevailing Party**

Whether a party is the prevailing party is the threshold inquiry in awarding costs. *Manildra,* 76 F.3d at 1182.  Epic unilaterally declares it is the prevailing party.  *See* ECF No. 482.  But Epic does not provide any explanation or argument in support of its contention.  Nor did the Court issue an order or suggest that Epic (or Utherverse Gaming for that matter) prevailed.

Judgment was entered in favor of Epic on the issue of infringement of the asserted claims of the '605 Patent.  And but for one issue as to one other claim, judgment was entered in favor of Utherverse Gaming as to all other issues tried to the jury.  This included invalidity under Section 101 for patent ineligible subject matter and Section 103 for obviousness of the asserted claims of the '605 Patent.  *See* ECF No. 479.  Moreover, Epic—which had years to formulate its claims and defenses—waited not until the eve of trial, but during the *middle of trial* to abandon several causes of action, affirmative defenses, and prior art combinations.  *See, e.g.,* Trial Trans. (May 15), 4:14-5:9.  Utherverse Gaming spent significant resources and time leading up to and during trial to prepare for these defenses and claims that Epic abandoned at the eleventh hour.

Courts frequently find there to be no prevailing party with partial decisions such as the jury's verdict in this case.  In *Silicon Graphics*, the court found that "neither side prevailed and neither side lost"; the jury found non-infringement and no invalidity because "defendants learned that their products did not infringe the [asserted] patent but lost when they tried to prove invalidity of certain claims of the [asserted] patent."  569 F. Supp. 2d at 833.  "Under the circumstances, no reason exists to award fees and costs to either side."  *Id.*

In *Dentsply*, the court similarly found no prevailing party where judgment was entered for the defendant on a claim of infringement and for the plaintiffs on a counterclaim of patent invalidity.  "[B]oth parties benefitted from the judgment."  2007 WL 2409739, at *1 n.2.  The "[p]laintiffs have obtained a judicial declaration of the validity of their patent, and defendant has obtained a judicial

declaration that their product does not infringe plaintiffs' patent"; costs to a so-called prevailing party were not awarded. *Id.*

And in *Bally Technologies*, the court denied defendant's bill of costs given that it was "a mixed judgment case with no overall prevailing party." *Bally Technologies, Inc. v. Business Intelligence Systems Solutions, Inc.,* No. 2:10-cv-00440-PMP-GWF, ECF No. 214, 2 (D. Nev. March 11, 2013). The Court found while the defendant established its non-infringement of the patents, there were arguably other objectives at issue. *Id*. at p. 2-3. The Court did not award costs.

### B. Utherverse Gaming and Epic Both Prevailed on Issues Presented to the Jury

Epic raised invalidity as an affirmative defense and counterclaim in this action. *See* ECF No. 287, 15:23-16:2, 33:1-34:8. The jury's verdict found ***against*** Epic on every claim regarding invalidity for obviousness. ECF No. 473, 3. And this was with respect to the singular obviousness combination Epic ultimately presented to the jury. *See* Trial Trans. (May 15), 5:4-9. Epic previously indicated its intent to present no fewer than three obviousness combinations. EFC No. 287, 33:9-16; EFC No. 446, 5:17-6:3. Epic waited until the midst of trial testimony to abandon all but one of those combinations. Further, the jury found against Epic on claims 5 and 8 for ineligibility under Section 101. ECF No. 473, 4.

Epic also asserted counterclaims and affirmative defenses for anticipation, enablement, written description, and indefiniteness. ECF No. 287, 15:23-16:2, 33:1-34:8. Epic presented none of these counterclaims or defenses to the jury despite maintaining them throughout discovery and up to trial. Epic only abandoned those theories for certain given a Rule 50 motion by Utherverse Gaming. *See* Trial Trans. (May 16), 16:19-17:2. Because the jury made substantive determinations against invalidity (and Epic otherwise waived a substantial number of claims and defenses), there can be no dispute that Utherverse prevailed as to those claims and defenses.

The jury found in favor of both parties as to different issues. Epic waived any number of issues before they could be presented to the jury. Epic cannot be considered ***the*** "prevailing party." In this circumstance, Epic cannot and should not recover costs made available ***only*** to the prevailing

party under Rule 54(d).

### C. The Court May Also Exercise Discretion in Denying Costs

Courts may exercise their discretion to deny costs where "the issues in the case were close and difficult," "the prevailing party's recovery was nominal or partial," and "the losing party litigated in good faith." *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003). The complexity of the claims at issue in this case made the issues difficult for the jury to comprehend during the trial period. Trial Trans. (May 12) at 6:9-12, 7:21-22; Trial Trans. (May 15) at 72:18-22; Trial Trans. (May 16) at 94:4-6; Trial Trans. (May 19) at 8:24-9:2 (court repeatedly commenting on the complexity of the case). Neither Epic nor Utherverse Gaming's partial win in this difficult case should entitle either party to recover costs. Even if the Court finds Epic to be the prevailing party, the Court should exercise its discretion to deny an award of costs.

Epic recovered nothing through its partial judgment. And there was no indication from the Court during the litigation as to either party not proceeding in good faith. Nor did either party request relief or admonition from the Court that the other party litigated in such a fashion. The Court was, in fact, appreciative of the efforts and professionalism of both parties. Trial Trans. (May 19) at 8:21-9:12.

Should the Court award costs to Epic, any such award must be reduced from that set forth in Epic's requested bill. Epic is entitled to "fees for printed or electronically recorded transcripts" "necessarily obtained for use in this case." Civil Local Rule 54(d)(3)(D); *see also* 28 U.S.C. § 1920; *see Saevik v. Swedish Med. Ctr.*, 2022 WL 704136, at *2 (W.D. Wash. Mar. 9, 2022) (disallowing unnecessary costs including duplicative video recording of deposition); *City of Alameda, Cal. v. Nuveen Mun. High Income Opportunity Fund,* 2012 WL 177566, at *3 (N.D. Cal. Jan. 23, 2012) (disallowing additional cost of "expedited transcripts").

Epic requests reimbursement for expedited transcripts, real-time services, rough drafts, video recording, digitizing and transcript synchronization of video recordings, and hosting fees. Under Local Civil Rule 54(d), the party submitting a bill of costs must verify "that each requested

cost is correct and has been **necessarily incurred** in the case and that the services for which fees have been charged were actually and **necessarily performed**." Local Civil Rule 54(d)(1) (emphasis added). Epic does not provide any reason why these type of costs were necessary for the case. And *Saevik* and *City of Alameda* agree, finding such extraneous costs exempt and not taxable under 28 U.S.C. § 1920. Utherverse Gaming's calculated reductions are reflected in the attached **EXHIBIT A**.

IV.  **CONCLUSION**

Epic is not the prevailing party. Rather, both parties prevailed on causes of action brought before the Court and the jury. In such instances, neither party can be deemed *the* prevailing party. Utherverse Gaming respectfully requests the Court deny Epic's request for an award of costs. Alternatively, the Court should exercise discretion by eliminating billed costs not subject to taxation.

DATED this 11th day of July, 2025                    Respectfully submitted,

                                                     */s/ COLBY B. SPRINGER*

Colby B. Springer (*pro hac vice*)          By:     Emily McNally (WSBA No. 60710)
Miya Yusa (*pro hac vice*)                          **POLSINELLI PC**
**POLSINELLI LLP**                                  1000 Second Avenue, Suite 3500
Three Embarcadero Center, Suite 2400                Seattle, WA 98104
San Francisco, CA 94111                             Tel:  206-393-5400
Tel:  415-248-2100                                  Fax: 206-393-5401
Fax: 415-248-2101                                   Email:  emcnally@polsinelli.com
Email:  cspringer@polsinelli.com
Email:  myusa@polsineilli.com                       Melenie Van (*pro hac vice*)
                                                    **POLSINELLI LLP**
Mark T. Deming (*pro hac vice*)                     2049 Century Park East, Suite 2900
**POLSINELLI PC**                                   Los Angeles, CA 90067
150 N. Riverside Place, Suite 3000                  Tel:     (310) 229-1355
Chicago, IL 60606                                   Fax:     (415) 276-8959
Tel:  312-819-1900                                  Email:  mvan@polsinelli.com
Fax: 312-819-1901
Email:  mdeming@polsinelli.com
                                                    **Attorneys for Plaintiff**
Kathryn Gusmer Cole (*pro hac vice*)                **UTHERVERSE GAMING LLC**
J. Mark Wilson (*pro hac vice*)
**MOORE & VAN ALLEN LAW**
100 North Tryon Street, Ste. 4700
Charlotte, NC 28202
Tel: (704) 331-1045
Fax: (704) 409-5659
Email: katecole@mvalaw.com
Email: markwilson@mvalaw.com

*The signatory certifies that this memorandum contains 1811 words, in compliance with the Local Civil Rules.*