THE HONORABLE RICARDO S. MARTINEZ

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC,<br>Plaintiff,<br>v.<br>EPIC GAMES, INC.,<br>Defendant. | Case No. 2:21-cv-00799-RSM<br><br>**DEFENDANT EPIC GAMES, INC.'S REPLY IN SUPPORT OF MOTION FOR COSTS** |



**Morrison & Foerster LLP**,
425 Market Street, San Francisco, CA,
Tel: 415-268-7000

# TABLE OF CONTENTS

Page

I. INTRODUCTION .......... 1

II. EPIC IS THE PREVAILING PARTY .......... 1

III. UTHERVERSE CITES NO VALID REASON TO DENY EPIC'S COSTS .......... 3

IV. CONCLUSION .......... 6



**Morrison & Foerster LLP**, 425 Market Street, San Francisco, CA, Tel: 415-268-7000

## TABLE OF AUTHORITIES

**Cases**

*Ass'n of Mexican–American Educators v. California*, 231 F.3d 572 (9th Cir.2000) .......... 4

*Bally Technologies, Inc. v. Business Intelligence Systems Solutions, Inc.*, No. 2:10-cv-00440-PMP-GWF, ECF No. 214 (D. Nev. March 11, 2013) .......... 3

*Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc.*, 393 F.3d 1378 (Fed. Cir. 2005) .......... 2, 3

*Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016 (9th Cir. 2003) .......... 4

*City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C08–4575 SI, 2012 WL 177566 (N.D. Cal. Jan. 23, 2022) .......... 5

*Compro-Frink Co. v. Valk Mfg. Co.*, 595 F. Supp. 302 (E.D. Pa. 1982) .......... 3

*Crockett v. Shields*, F. App'x 604 (9th Cir. 2001) .......... 5

*Dentsply Int'l Inc. v. Hu-Friedy Mfg. Co.*, 2007 WL 2409739 (M.D. Pa. Aug. 20, 2007) .......... 3

*Emblaze Ltd. v. Apple Inc.*, No. 5:11–cv–01079–PSG, 2015 WL 1304779 (N.D. Cal. Mar. 20, 2015) .......... 2, 4

*Evanger v. Georgia-Pacific Gypsum, LLC*, No. 3:17-cv-05521-BJR, 2022 WL 2952408 (W.D. Wash. July 26, 2022) .......... 5

*Farrar v. Hobby*, 506 U.S. 103 (1992) .......... 1

*Genuine Enabling Tech. LLC v. Nintendo Co., Ltd.*, No. C19-00351-RSM, 2021 WL 211536 (W.D. Wash. Jan. 21, 2021) .......... 5

*In re Ricoh Co. Pat. Litig.*, 661 F.3d 1361 (9th Cir. 2011) .......... 5

*Kinzebaw v. Case LLC,* No. 05-1483, 2006 WL 1096683 (Fed. Cir. Apr. 26, 2006) .......... 2, 3

*Lifescan Inc., v. Home Diagnostics, Inc.*, WL 1339405 (D. Del. Oct. 30, 2001) .......... 3



**Morrison & Foerster LLP**,
425 Market Street, San Francisco, CA,
Tel: 415-268-7000

*Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178 (Fed. Cir. 1996) .......... 1, 2

*Mformation Techs., Inc. v. Research in Motion Ltd.*, No. C–08–4990 EMC, 2012 WL 6025746 (N.D. Cal. Dec. 4, 2012) .......... 4

*Miles v. California*, 320 F.3d 986 (9th Cir. 2003) .......... 3

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014) .......... 2

*Save Our Valley v. Sound Transit*, 335 F.3d 932 (9th Cir. 2003) .......... 3

*Senior Techns., Inc. v. R.F. Techs., Inc.*, 190 F.R.D. 642 (D. Neb. 2000) .......... 3

*Shum v. Intel Corp.*, 629 F.3d 1360 (Fed. Cir. 2010) .......... 1, 2

*Silicon Graphics, Inc. v. ATI Techs., Inc.*, 569 F. Supp. 2d 819 (W.D. Wis. 2008) .......... 3

*Wis. Alumni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364 (Fed. Cir. 2024) .......... 2

**Statutes**

28 U.S.C. § 1920(2) .......... 5



**Morrison & Foerster LLP**,
425 Market Street, San Francisco, CA,
Tel: 415-268-7000

## I. INTRODUCTION

Utherverse's opposition to awarding costs relies on the false premise that Epic is not the prevailing party. Epic won judgment of noninfringement of every asserted claim. Epic walked away with zero liability, and the judgments in this case limit Utherverse's future assertion of the asserted claims against Epic and others. Utherverse failed to achieve its (sole) objective of proving infringement and obtaining damages against Epic, and lost some of its patent claims to Epic's invalidity arguments in the process. As a backup, Utherverse argues that the Court should exercise discretion and decline to award ***any*** costs because the case was complex and was litigated in good faith. This argument fails to overcome the Ninth Circuit's strong presumption in favor of awarding costs to the prevailing party, particularly given Epic's clean sweep on liability; Utherverse sought $32 million at trial, and the jury awarded it $0. The Court should therefore award Epic its recoverable costs identified in Exhibit A1 hereto.

## II. EPIC IS THE PREVAILING PARTY

Federal Circuit law permits only one conclusion: Epic is the prevailing party.

A prevailing party is one who "received at least some relief on the merits" before or during trial that "materially alter[s] the legal relationship between the parties by modifying one party's behavior in a way that 'directly benefits' the opposing party." *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-13 (1992)). As a matter of law, "[a] judicial declaration that one is free from another's right to exclude alters the legal relationship between the parties." *Manildra Milling Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1183 (Fed. Cir. 1996). A judgment of noninfringement is exactly that—through res judicata, it "remov[es] the potential threat of the patentee instituting an infringement action," which "necessarily alters the patentee's subsequent behavior to [an accused infringer's] benefit." *Id.*; *Shum*, 629 F.3d at 1368 (res judicata effect of noninfringement judgment altered the parties' legal relationship).

Epic obtained judgment of noninfringement on *all* of Utherverse's asserted patent claims, and judgment of ineligibility of all asserted claims of the '071 patent and claim 2 of the '605

patent. Dkt. 179 at 3-4 (judgment of noninfringement of U.S. Patent Nos. 8,812,954 and 9,123,157); Dkt. 391 at 1 (judgment of no infringement and ineligibility of asserted claims of U.S. Patent No. 8,276,071); Dkt. 479 (judgment of noninfringement of all asserted claims and ineligibility of claim 2 of U.S. Patent No. 9,724,605). Epic's victory removes any threat of an infringement suit asserting these claims against Epic's accused events or any future events whose relevant features are "essentially the same." *Wis. Alumni Rsch. Found. v. Apple Inc.*, 112 F.4th 1364, 1379 (Fed. Cir. 2024) (citation omitted). Accordingly, Epic has altered Utherverse's behavior to Epic's benefit. *Shum*, 629 F.3d at 1368; *Manildra*, 76 F.3d at 1183. Utherverse, by contrast, failed to obtain any relief that would change Epic's behavior or alter the parties' legal relationship in Utherverse's favor. Any suggestion by Utherverse that both parties prevailed is incorrect: Epic was the only winner. *See* Dkt. 490 at 4.[1]

Under Federal Circuit law, a defendant who wins judgment of noninfringement is the prevailing party even if it does not prevail on its invalidity defenses or counterclaims. *Kinzebaw v. Case LLC* held that an accused infringer was the prevailing party when it achieved its objective to avoid liability, notwithstanding that it did not prevail on its invalidity counterclaim. No. 05-1483, 2006 WL 1096683, at *3 (Fed. Cir. Apr. 26, 2006). Similarly, *Brooks Furniture Mfg., Inc. v. Dutailier Int'l, Inc.* held that an accused infringer who obtained judgment of noninfringement was the prevailing party, notwithstanding that its "other defenses, such as invalidity of the patent, were unsuccessful or withdrawn," because that "d[id] not change the outcome in Brooks' favor." 393 F.3d at 1380-81; *accord Emblaze Ltd. v. Apple Inc.*, No. 5:11–cv–01079–PSG, 2015 WL 1304779, at *4 (N.D. Cal. Mar. 20, 2015) ("When the jury found non-infringement in Apple's

[1] Utherverse suggests that Epic did not prevail because it narrowed the case by dropping a "substantial number of claims and defenses" before presentation to the jury. Dkt. 490 at 4. This is irrelevant. The "[d]etermination of the prevailing party is based on the relation of the litigation result to the overall objective of the litigation, and not on a count of the number of claims and defenses." *Brooks Furniture Mfg., Inc. v. Dutailier Intern., Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005) (citation omitted), *abrogated on other grounds by Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014). Should Utherverse wish to count, however, it should do so accurately. Eight of the nine counterclaims in Epic's answer were either resolved in Epic's favor or mooted by merits judgments in Epic's favor, as were nine of Epic's thirteen affirmative defenses.

favor, Emblaze lost. . . . That Apple did not succeed in its additional objective–invalidating Emblaze's patent–does not change the fact that Apple did achieve its primary objective–avoiding liability. In short, Apple is the prevailing party."). Epic's goal was to prove it was not liable. Like the defendants in *Kinzenbaw*, *Brooks*, and *Emblaze*, "it achieved exactly that." *Kinzebaw*, 2006 WL 1096683, at *3.

Utherverse cites non-binding cases from outside this district to suggest that the defendant in mixed-judgment cases is not the prevailing party. These cases are unpersuasive. Several were decided before the Federal Circuit addressed prevailing party status in mixed-judgment cases in *Brooks* and *Kinzebaw*. *Lifescan Inc., v. Home Diagnostics, Inc.*, WL 1339405 (D. Del. Oct. 30, 2001); *Senior Techns., Inc. v. R.F. Techs., Inc.*, 190 F.R.D. 642 (D. Neb. 2000); *Compro-Frink Co. v. Valk Mfg. Co.*, 595 F. Supp. 302 (E.D. Pa. 1982). Two others failed to acknowledge *Brooks* or *Kinzebaw* or apply the relevant test articulated therein. *Silicon Graphics, Inc. v. ATI Techs., Inc.*, 569 F. Supp. 2d 819 (W.D. Wis. 2008); *Dentsply Int'l Inc. v. Hu-Friedy Mfg. Co.*, 2007 WL 2409739 (M.D. Pa. Aug. 20, 2007). And the patent plaintiff in *Bally Technologies, Inc. v. Business Intelligence Systems Solutions, Inc*., No. 2:10-cv-00440-PMP-GWF, ECF No. 214 (D. Nev. March 11, 2013), lost its infringement claims but received a judicial declaration of no liability on defendant's counterclaims for defamation and intentional interference with prospective economic advantage, thereby altering the parties' relationship in its favor. *Id.* at 3. Here, by contrast, Utherverse obtained no relief altering its relationship with Epic by defeating some of Epic's counterclaims: the end result was the same—Epic was not liable to Utherverse.

## III. UTHERVERSE CITES NO VALID REASON TO DENY EPIC'S COSTS

"Because Rule 54(d)(1) states that costs 'shall' be allowed 'as of course,'" the Ninth Circuit applies "a strong presumption in favor of awarding costs to the prevailing party." *Miles v. California*, 320 F.3d 986, 988 (9th Cir. 2003) (citation omitted). The "district court need not give affirmative reasons for awarding costs" because "[t]he presumption itself provides all the reason a court needs." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). Rather, the burden is on "the losing party [to] show why costs should not be awarded." *Id.* at 944-45. The district "court may refuse to order costs only if the losing party affirmatively


MORRISON & FOERSTER LLP
425 Market Street, San Francisco, CA
Tel: 415-268-7000

presents a valid reason to deny the prevailing party costs," but "there is no bright line test." *Mformation Techs., Inc. v. Research in Motion Ltd.*, No. C–08–4990 EMC, 2012 WL 6025746, at *2 (N.D. Cal. Dec. 4, 2012) (citation omitted). A court must provide reasons when declining costs to "explain why a case is not 'ordinary' and why, in the circumstances, it would be inappropriate or inequitable to award costs." *Ass'n of Mexican–American Educators v. California*, 231 F.3d 572, 592-93 (9th Cir.2000).

Utherverse fails this standard. Relying on *Champion Produce, Inc. v. Ruby Robinson Co.*, Utherverse argues that the Court should deny costs because the issues were "close and difficult," Epic's victory was "nominal or partial," and the parties litigated in good faith. Dkt. 490 at 5 (quoting 342 F.3d 1016, 1022 (9th Cir. 2003)). Compared to Utherverse's $32 million damages request, the jury's $0 verdict is hardly a "nominal or partial" victory for Epic. Utherverse's argument, then, rests solely on "close and difficult issues" and Utherverse's assertion of good faith. Those features alone are hardly extraordinary. Courts regularly award costs in hard-fought, mixed-judgment patent cases absent evidence of bad faith. *See, e.g.*, *Emblaze*, 2015 WL 1304779, at *4, *8. In any event, *Champion* was a contract action, and the court upheld an order denying costs due to a great disparity between the amount sought and the amount recovered—the "win" was almost a loss. *Id.* at 1023. The court's "approval of these reasons" for denying costs is also expressly "limited to contract actions." *Id.* The Court should therefore follow Rule 54 and award Epic its recoverable costs as of course.

Utherverse objects to most of Epic's costs with little or no explanation or justification. The only reductions for which Utherverse provides any justification are "duplicative video recording," "expedited transcripts," and "extra" deposition costs. Dkt. 490 at 5-6; Dkt. 490-1. All were necessary and are routinely used in modern high-stakes litigation. Indeed, Utherverse's attorneys used the services they now claim as unnecessary. Dkt. 490 at 5-6. That said, Epic will no longer seek reimbursement of costs for real-time depositions, draft deposition transcripts, and hosting fees, as the parties would likely spend more litigating these categories than they are worth. Epic maintains its remaining requests for costs, however, highlighted in Exhibit A1.

Utherverse's remaining reductions lack supporting authority, are inappropriate, and the Court should decline to reduce those costs.

**Deposition transcripts for witnesses who did not testify at trial.** Utherverse's naked request to exclude these costs fails to meet its burden. "[D]epositions need not have been used at trial to be 'necessarily obtained for use in the case.'" *Crockett v. Shields*, 8 F. App'x 604, 606 (9th Cir. 2001) (citing 28 U.S.C. § 1920(2)); *Evanger v. Georgia-Pacific Gypsum, LLC*, No. 3:17-cv-05521-BJR, 2022 WL 2952408, at *1 (W.D. Wash. July 26, 2022) (awarding costs). "When a deposition is not actually used at trial . . . whether its cost may be taxed generally is determined by deciding if the deposition reasonably seemed necessary at the time it was taken." *In re Ricoh Co. Pat. Litig.*, 661 F.3d 1361, 1369 (9th Cir. 2011) (citation omitted). These depositions were necessary when taken. Utherverse's CFO, Patrick Diaz, testified about Utherverse's business operations and records. Robert Flesch and William Andrew's testimony was cited extensively by both parties and the Court in summary judgment proceedings on the '071 Patent. *E.g.*, Dkt. 314 at 17-23 (Utherverse); Dkt. 340 at 14-23 (Epic); Dkt. 373 at 16-22 (Court).

**Deposition video and synchronization.** Utherverse seeks to exclude "duplicative" deposition video costs for all witnesses, including witnesses who appeared at trial by synchronized deposition video.[2] Dkt. 490 at 4. Utherverse made no contemporaneous objection to proceeding with videotaped depositions, and "it is 'the usual and customary practice of the Court' to award costs for conducting the deposition in the manner agreed to by the parties." *Genuine Enabling Tech. LLC v. Nintendo Co., Ltd.*, No. C19-00351-RSM, 2021 WL 211536, at *4 (W.D. Wash. Jan. 21, 2021) (citation omitted); *see also City of Alameda v. Nuveen Mun. High Income Opportunity Fund*, No. C08–4575 SI, 2012 WL 177566, at *2 (N.D. Cal. Jan. 23, 2022) (synchronization costs recoverable).

**Expedited trial transcripts.** Utherverse claims obtaining daily transcripts during trial was not "necessary." Dkt. 490 at 6. Daily transcripts were necessary. This case was complex.

[2] Utherverse seeks to exclude ***all*** video costs for Ami Shah and Brian Boyle, yet videos from ***both*** depositions were played at trial. Dkt. 490-1 at 1, 4.

The parties frequently disagreed about admissibility of witness testimony, exhibits, and demonstratives. The Court's oral rulings on these disputes influenced trial strategy and were recorded only in the transcript. *E.g.*, Trial Tr. 213:12-225:1 (demonstratives and impeachment); *id.* at 929:18-930:19 (Utherverse Rule 50 motion). And both parties used these transcripts in closing. *See, e.g.*, *id.* at 990:9-991:6 (Utherverse); *id.* at 1026:25-1027:24 & 1029:13-1030:6 (Epic).

**Trial exhibits.** Utherverse's request to exclude costs to prepare court-ordered trial exhibits is insufficient. The Court ordered the parties to deliver the original and one copy of "clearly marked" trial exhibits to chambers seven days before trial, thus necessitating the stamping costs. Dkt. 433 at 4.

**IV. CONCLUSION**

Epic is the prevailing party. Exhibit A1 lists costs for necessary transcripts, depositions, and trial exhibits. Epic respectfully requests that the Court award Epic $61,583.98.

Dated: July 22, 2025

The signatory certifies that this memorandum contains 2,093 words, in compliance with the Local Civil Rules.

By: */s/ Eric C. Wiener*

Daralyn J. Durie (*pro hac vice*)
DDurie@mofo.com
Timothy C. Saulsbury (*pro hac vice*)
TSaulsbury@mofo.com
Eric C. Wiener (*pro have vice)*
EWiener@mofo.com
Ramsey Fisher (*Pro hac vice*)
ramseyfisher@mofo.com
Katherine E. McNutt (*pro hac vice*)
KMcNutt@mofo.com
Sara Doudar (*pro hac vice*)
SDoudar@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Telephone: 415-268-7000
Facsimile: 415-268-7522

Bethany D. Bengfort (*pro hac vice*)
bengfort@turnerboyd.com
Turner Boyd Seraphine LLP
155 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: 650-529-4752

Mark A. Lemley (*pro hac vice*)
mlemley@lex-lumina.com
LEX LUMINA PLLC
745 Fifth Avenue, Suite 500
New York, NY 10151
Telephone: (646) 898-2055

Steven R. Stark (WSBA No. 39639)
astark@perkinscoie.com
Antoine M. McNamara (WSBA No. 41701)
AMcNamara@perkinscoie.com
Christina J. McCullough (WSBA No. 47147)
CMcCullough@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000

*Attorneys for Defendant Epic Games, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 22, 2025, the within document was filed with the Clerk of the Court using CM/ECF which will send notification of such filing to the attorneys of record in this case.

*/s/ Eric C. Wiener*
Eric C. Wiener