UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UTHERVERSE GAMING LLC, | Case No. C21-799-RSM |
| Plaintiff, | ORDER DENYING RULE 50(b) MOTION |
| v. | |
| EPIC GAMES INC., | |
| Defendant. | |

This matter comes before the Court on Plaintiff Utherverse Gaming LLC ("Utherverse")'s Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b), Dkt. #483. Defendant Epic Games, Inc. ("Epic") has filed an opposition, Dkt. #491. Neither party has requested oral argument.

A jury trial was held in this matter from May 12 to May 16, 2025. Utherverse brought a Rule 50(a)(2) motion on the last day of trial. Dkt. #469. That was denied, and the case went to the jury. *Id.* The jury returned a verdict answering "no" to the question of whether Epic Games infringed Utherverse's '605 patent and answered "no" to whether any of the asserted claims were invalid as obvious based on the prior art. Dkt. #473. Question 3 asked whether Epic had "proven by clear and convincing evidence that the elements of any of the asserted claims, taken

ORDER DENYING RULE 50(b) MOTION - 1

individually or together, involved only technology that a person of ordinary skill in the art would consider to be well-understood, routine, and conventional as of August 12, 2014." *Id.* at 4. The jury answered "yes" for claim 2 of the patent and "no" for claims 5 and 8. *Id.*

Utherverse now argues that the jury gave this "yes" answer "on legally insufficient evidence." Dkt. #483 at 1. More specifically, Utherverse contends that "Epic failed to present clear and convincing evidence that the limitations of asserted claim 2, when taken both individually or when taken as an ordered combination, involved only technology which a person of ordinary skill in the art would have considered to be well-understood, routine, and conventional," and instead "offered only conclusory affirmations concerning unasserted claim 1 or technology not recited in the asserted claims." *Id.* at 3. Later, Utherverse states "Epic offered only unsubstantiated conclusions from [expert witness Benjamin] Ellinger in response to counsel's leading, general questions." *Id.* at 10. Utherverse also maintains that the Court can revisit its earlier decision on step one of the test found in *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208 (2014). *See id.* at 4 ("…the Court's earlier Rule 12(b)(6) determination was not binding…").

When considering a Rule 50(b) motion, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150, 120 S. Ct. 2097, 147 L. Ed. 2d 105 (2000). The question is whether sufficient evidence was presented at trial that supports the verdict, not whether the jury could have come to a different conclusion. *Id.* "Judgment as a matter of law is appropriate when the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, which is contrary to the jury's verdict." *Omega Env't, Inc. v. Gilbarco, Inc.*, 127 F.3d 1157, 1161 (9th Cir. 1997).

ORDER DENYING RULE 50(b) MOTION - 2

When considering a motion for judgment as a matter of law under Rule 50(b), the Court must uphold the jury's verdict if it was supported by substantial evidence. *Wallace v. City of San Diego*, 479 F.3d 616, 624 (9th Cir. 2006). Evidence is substantial if it is adequate to support the jury's conclusions even if drawing a contrary conclusion from the evidence is possible. *Id*. Arguments that are not raised in the moving party's Rule 50(a) motion are waived and may not be raised in a post-trial Rule 50(b) motion. *E.E.O.C. v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) (citations omitted).

The determination of patent eligibility is governed by the two-part test outlined in *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208, 217 (2014). *See* Dkt. #49 at 11. The Court previously applied the *Alice* framework and found that 1) the asserted claims of the '605 Patent are directed to an abstract idea and 2) factual questions in the second part of the Alice test precluded a judgment of invalidity on the pleadings. Dkt. #49 at 21–23; *see also* Dkt. #57. The Court has already ruled post-trial that:

> …the jury's response to Question 3 conclusively answers the above remaining *Alice* factual questions and that there is no basis in law or the record for the Court to come to different factual findings or to overturn any prior legal conclusions. The result is a finding that claim 2 is patent-ineligible under 35 U.S.C. § 101. That the jury answered differently for claims 5 and 8 is not inconsistent with the record.

Dkt. #478 at 2.

Turning to the instant Motion, the Court first finds that Utherverse cannot raise *Alice* step one arguments now, having waived them by either failing to seek reconsideration earlier or certainly by accepting the jury instructions and verdict form. Epic had no reason to present *Alice* step one facts and argument to the jury because the Court had already ruled on that issue.

ORDER DENYING RULE 50(b) MOTION - 3

Utherverse raises no valid legal reason to revisit that decision and the Court would decline to do so if it had such discretion.

As for Utherverse's remaining arguments, the Court finds that substantial evidence was presented by expert witnesses *and* fact witnesses sufficient for the jury to answer yes to Question 3 for claim 2. *See, e.g.,* Dkt. #491 at 12–13 (citing testimony of expert witness Benjamin Ellinger and fact witness Peter Axt). The Court agrees with the following analysis from Epic's brief:

> Utherverse does not address Mr. Ellinger's thorough testimony, arguing instead that it is somehow "unsubstantiated" because Mr. Ellinger "unreservedly stated he was not offering any opinions on patent eligibility." Dkt. 483 at 10. Not only does this mischaracterize Mr. Ellinger's testimony—he stated unequivocally that he "would say [the '605 patent] would be ineligible," Trial Tr. at 826:19-25—it also is entirely irrelevant. The jury was not asked whether the claims of the '605 Patent were "patent ineligible"—a question of law—they were asked the subsidiary factual question of whether the claim elements involved technology that was "well-understood, routine, and conventional."
>
> …
>
> Mr. Ellinger indisputably offered opinions on the only question the jury was tasked with answering. *See, e.g.*, Trial Tr., 803:17-21; 847:12-17.

*Id*. at 14. The Court is tasked with looking at all the evidence at trial, not the conclusions of one expert witness. It is incorrect to say that Epic offered only "unsubstantiated conclusions from Mr. Ellinger;" Epic offered more from that witness and other witnesses. The jury was free to consider all of Mr. Ellinger's statements and the statements of other witnesses. It also is improper for Utherverse to try and convince the Court that *its* witnesses presented *stronger* evidence such that the jury should have answered "no" to this question. The Court cannot

ORDER DENYING RULE 50(b) MOTION - 4

make credibility determinations or weigh the evidence on a Rule 50(b) Motion. The Court concludes that the jury's verdict was supported by substantial evidence.

Accordingly, having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Utherverse's Renewed Motion for Judgment as a Matter of Law Pursuant to Rule 50(b), Dkt. #483, is DENIED.

DATED this 5th day of August, 2025.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER DENYING RULE 50(b) MOTION - 5